## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL | § | |
| SOL CITY TITLE, LLC, MAGNOLIA | § | |
| TITLE ARKANSAS, LTD., MAGNOLIA | § | |
| TITLE FLORIDA, LLC, THE PEABODY, | § | |
| BULLDOG LLC, AND JOHN MAGNESS | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:4:24-cv-2767 |
| | § | |
| TYRELL L. GARTH, PHILLIP H. | § | |
| CLAYTON, DEBBIE MERRITT A/K/A | § | |
| DEBORAH MERRITT, MATTHEW D. | § | |
| HILL, CHARLES BURNS, P. GARRETT | § | |
| CLAYTON, SCOTT M. REEVES, | § | |
| ARIANE E. YOUNG, | § | |
| TINGLEMERRITT, LLP, | § | |
| STARREX TITLE FLORIDA, LLC, | § | |
| LAURIE COOPER, MARKETSTREET | § | |
| CAPITAL PARTNERS, LLC, | § | |
| MARKETSTREET CAPITAL | § | |
| PARTNERS AR, LLC AND | § | |
| BRIAN A. BREWER | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT TINGLEMERRETT LLP'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2), AND, SUBJECT THERETO, MOTION TO DISMISS PURSUANT TO RULES 12(B)(6) AND 9(B)

Defendant TingleMerrett LLP ("TingleMerrett") files this Motion to Dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court does not

have personal jurisdiction over TingleMerrett in this matter.

1

**Table of Contents**

I.    Summary of the Argument....................................................................6

II.   Nature and Stage of the Proceeding.................................................6

III.   Statement of the Issues to Be Ruled On and the Applicable Standard of Review.......................................................................................................7

IV.  Background ........................................................................................8

   A.   Plaintiffs' Allegations ...................................................................8

   B.   TingleMerrett .................................................................................9

   C.   Plaintiffs' limited allegations against TingleMerrett ...............10

V.   Argument and Authorities...............................................................11

   A.   Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(2).............11

      a)   General jurisdiction.................................................................13

      b)   Specific jurisdiction ...............................................................14

   B.   This Court does not have specific jurisdiction over TingleMerrett. ..........16

   C.   Plaintiffs have not stated a claim against TingleMerrett. .........23

VI.  Conclusion .......................................................................................25

## Cases

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 114, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987).............................21

*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).....22

*Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 539 (S.D. Tex. 2017) ...........................................................................................................20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................................................................................................ 22, 24

*BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520, 529 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 2457, 216 L. Ed. 2d 431 (2023).........................22

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) ...................... 6, 12, 20

*Cloyd v. KBR, Inc.*, 536 F.Supp.3d 113, 119 ...........................................................7

*Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013)12

*Daimler AG v. Bauman*, 571 U.S. 117, 120, 134 S. Ct. 746, 750, (2014)........ 12, 13

*Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022) ................................................................................................... 10, 11

*Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 793 (5th Cir. 2007)..............................................................................................15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918, 131 S. Ct. 2846, 2850, (2011) ...................................................................................... 12, 13

*ICI Constr., Inc. v. Hufcor, Inc.,* No. CV H-22-3347, 2023 WL 2392738, at *6 (S.D. Tex. Mar. 7, 2023) ...................................................................................10

*ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012).................14

*Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 930 (Tex. 1996) 17, 23

*Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 615 (5th Cir. 2008).........21

3

*Jones v. Artists Rights Enf't Corp.*, 789 Fed. Appx. 423, 427 (5th Cir. 2019) ........14

*Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000) ........18

*Ledesma for Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993). ................................................................ 22, 23

*Lincoln v. Turner*, 874 F.3d 833, 839 .......................................................7

*M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 888 (Tex. 2017).................................................... 14, 19

*Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 138, 143 S.Ct. 2028, 2039 (2023) ...............................................................11

*Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007) ...14, 17

*Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 286 (5th Cir. 2019) ...............................................................7

*Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995)..................19

*Nguyen v. Phu Nguyen*, No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020) ...............................................................20

*Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024) .................... 11, 13

*Roberson v. Allstate Vehicle and Prop. Ins. Co.*, 2019 WL 2861287 ......................6

*Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018)6

*Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 573 (5th Cir. 2020)................................................................ 11, 13

*Scoggins v. Dubrow*, 2021 WL 4228609, at *1 (S.D. Tex. May 28, 2021) (Hittner) ................................................................6

*Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) ...................................15

*Spurling v. Wright*, No. 4:22-CV-01794, 2022 WL 22287005, at *4 (S.D. Tex. Oct. 20, 2022) ...............................................................11

4

*Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) ............................... 11, 14

*Walden v. Fiore*, 571 U.S. 277, 290, 134 S. Ct. 1115, 1125, (2014) .... 12, 13, 14, 16

*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) .................. 17, 22

*Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) ....................................................6

**Statutes**

Tex. Bus. Orgs. Code § 152.303 ............................................................................16

Tex. Civ. Prac. & Rem. Code § 17.042 ..................................................................14

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................................................6

Fed. R. Civ. P. 9(b) ................................................................................................23

## I.    SUMMARY OF THE ARGUMENT

In the absence of Tingle Merrett's consent to jurisdiction or general jurisdiction—neither of which exists as to TingleMerrett, a Canadian law firm that is a limited liability partnership—Plaintiffs must allege and prove that (1) their claims against TingleMerrett arise out of business TingleMerrett conducted in Texas or (2) TingleMerrett engaged in tortious activity in Texas that gives rise to Plaintiffs' claims. Plaintiffs have not pleaded or proven the necessary jurisdictional facts (nor can they), and, accordingly, this Court does not have personal jurisdiction over TingleMerrett.

Subject to and without waiver of its Rule 12(b)(2) motion, TingleMerrett also moves to dismiss for failure to state a claim pursuant to Rules 12(b)(6) and 9(b).

## II.    NATURE AND STAGE OF THE PROCEEDING

This lawsuit was filed in Texas state court, Harris County on June 3, 2024. Within thirty (30) days of service, several of the Defendants timely removed the case on July 25, 2024. This motion is timely pursuant to Rule 81(c)(2) because TingleMerrett LLP did not file a responsive pleading prior to removal and has filed this responsive pleading within 7 days after the notice of removal.

### III.   STATEMENT OF THE ISSUES TO BE RULED ON AND THE APPLICABLE STANDARD OF REVIEW

**Issue 1: Whether this Court has personal jurisdiction over TingleMerrett LLP.**

*Standard of Review:* Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). A plaintiff bears the burden of establishing personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Unless there is an evidentiary hearing, the Plaintiff must plead and establish a *prima facie* case of personal jurisdiction. *See Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). A *prima facie* pleading of personal jurisdiction may be overcome if the defendant 'present[s] a compelling case that . . . render[s] jurisdiction unreasonable.'" *Scoggins v. Dubrow*, 2021 WL 4228609, at *1 (S.D. Tex. May 28, 2021) (Hittner) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

**Issue 2:   If the Court determines that personal jurisdiction does exist, whether Plaintiffs have pleaded valid fraud and conspiracy claims against TingleMerrett, LLP that satisfy Rule 9(b)'s requirement to plead fraud with particularity or whether the claims against TingleMerrett should be dismissed pursuant to Rule 12(b)(6).**

*Standard of Review:* "Rule 12(b)(6) allows dismissal if a plaintiff fails 'to state a claim upon which relief can be granted.'" *Roberson v. Allstate Vehicle and Prop. Ins. Co.*, 2019 WL 2861287, at *2 (S.D. Tex. July 2, 2019) (Rosenthal) (quoting FED. R. CIV. PROC. 12(b)(6)). "To withstand a Rule 12(b)(6) motion a

complaint must include 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Cloyd v. KBR, Inc.*, 536 F.Supp.3d 113, 119 (S.D. Tex. May 4, 2021) (Rosenthal) (quoting *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017)). To state a claim based on fraud (or conspiracy to commit fraud), Rule 9(b)'s heightened pleading requirements must be met, which 'require[] that a plaintiff state an alleged fraud with particularity." *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 286 (5th Cir. 2019).

## IV.  BACKGROUND

### A.    Plaintiffs' Allegations

This matter arises out of a complicated series of transactions and dealings between Plaintiffs on the one hand and Starrex International Ltd. ("Starrex Ltd.") and its subsidiaries on the other hand.  TingleMerrett represented Starrex Ltd. in a variety of corporate and transactional matters, including some matters related to the allegations in this lawsuit.  This lawsuit is not being brought by TingleMerrett's client Starrex Ltd., but, instead, the counterparties to transactions with Starrex Ltd. Plaintiffs allege that Starrex Ltd. and certain individuals associated with Starrex Ltd. defrauded Plaintiffs and stole their trade secrets. Although they have not made any specific factual allegations against TingleMerrett, they have asserted claims for

common-law fraud and conspiracy against TingleMerrett, apparently based on the actions of two TingleMerrett limited partners.[1]

### B.   TingleMerrett

TingleMerrett is a Canadian law firm with its sole office in Calgary, Alberta, Canada.  *See* Ex. A at ¶ 3; *see also* Orig. Pet., ¶ 17.  It is a limited liability partnership formed under Alberta law.  *Id*.  Its partners are all lawyers licensed in Canada, not the United States.  *Id*. at ¶ 5.  Accordingly, TingleMerrett's clients hire it to advise on Canadian law, not on U.S. law.  *Id*. at ¶ 10.   TingleMerrett does not solicit business in the U.S.  *Id*.  It does not have any real property in the U.S.; it does not own a bank account in the U.S.; it does not pay taxes in the U.S.; it does not have employees or a registered agent in the U.S.; and it does not have an office, mailing address, or telephone number in the U.S.  *Id*. at ¶ 4.    Further, it has never been registered to do business in Texas.  *Id.*

In this matter, Starrex Ltd., a company formed under Canadian law and listed on the Canadian Securities Exchange, hired TingleMerrett to advise it on Canadian law aspects of certain cross-border transactions involving Plaintiffs.  *Id*. at ¶ 6.  Scott Reeves and Ariane Young, who are also defendants in this suit, are limited partners (but not the sole partners) in TingleMerrett, and their offices are in Calgary, Canada.

---

[1]  The current pleading is Plaintiffs' Original Petition, which was filed in state court on June 3, 2024.  *See* Dkt. No.

*See id.* at ¶¶ 4, 9; *see also* Orig. Pet., ¶¶ 15, 16.    No partner or employee of TingleMerrett traveled to Texas to perform work for TingleMerrett related to the issues in the Petition.  Ex. A at ¶ 8.

### C.    Plaintiffs' limited allegations against TingleMerrett

Plaintiffs admit that TingleMerrett is a Canadian company and have made no allegation that TingleMerrett resides in Texas.  *See* Orig. Pet. at ¶ 17.  Their sole jurisdictional allegation against TingleMerrett is that the knowledge of two of its limited partners—Reeves and Young—can be imputed to TingleMerrett.  *Id.*  But Plaintiffs do not allege any specific actions of either Reeves or Young that subject either of them to personal jurisdiction with respect to this lawsuit, much less TingleMerrett.  Plaintiffs do not allege that TingleMerrett does business in Texas, committed any tort in Texas, or can have any allegedly tortious acts of its limited partners attributed to it.  *Id.*; *see generally* Orig. Pet.

Plaintiffs have generally pleaded that jurisdiction is appropriate against all Defendants because Defendants' "contacts with Texas arise from the same nucleus of operative facts giving rise to this litigation regarding misappropriation of trade secrets and corporate opportunities belonging to Texas entities" and because Defendants "recruited [Defendant Laurie] Cooper for employment and conspired to misappropriate trade secrets from Texas companies."  Orig. Pet. at ¶¶ 35, 36; *see also id.* at ¶ 38.  Plaintiffs have not, however, pleaded any cause of action for

10

misappropriation of trade secrets or usurpation of corporate opportunities against TingleMerrett.   Rather, Plaintiffs have pleaded just two causes of action, for common-law fraud and conspiracy, against TingleMerrett.  *See* Orig. Pet. at ¶¶ 372–81 (alleging common law fraud by forgery); ¶¶ 437–40 (alleging conspiracy against "All Defendants").  They have, however, failed to plead that TingleMerrett *itself* committed any tort in whole or in part in Texas, as required to establish specific jurisdiction in these circumstances.    For the same reasons, Plaintiffs have not sufficiently pleaded a cause of action against TingleMerrett either for fraud or conspiracy.

## V.    ARGUMENT AND AUTHORITIES

### A.    Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(2)

#### 1.    *The plaintiff's burden*

The plaintiff has the burden of pleading sufficient jurisdictional facts to bring the defendant within the Court's jurisdiction.  *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022).  The plaintiff must allege jurisdictional facts specific to each claim against each defendant.  *Id.; see also ICI Constr., Inc. v. Hufcor, Inc.,* No. CV H-22-3347, 2023 WL 2392738, at *6 (S.D. Tex. Mar. 7, 2023).  Even when a plaintiff has alleged a conspiracy among multiple defendants, a court may look only to the particular defendant's contacts with the forum—not the contacts of conspirators—in deciding whether jurisdiction exists.

*Spurling v. Wright*, No. 4:22-CV-01794, 2022 WL 22287005, at *4 (S.D. Tex. Oct. 20, 2022).

### 2.    *The law on personal jurisdiction*

A federal court sitting in Texas has personal jurisdiction over a defendant who has otherwise not consented to jurisdiction in Texas,[2] only if the requirements of both the Fourteenth Amendment's due process clause and the Texas long-arm statute are satisfied.   *Danziger,* 24 F.4th at 495; *see also Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 573 (5th Cir. 2020).   A court may consider both pleadings and affidavits or declarations in deciding personal jurisdiction, or it may hold an evidentiary hearing.   *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Spurling v. Wright*, No. 4:22-CV-01794, 2022 WL 22287005, at *2 (S.D. Tex. Oct. 20, 2022).   "Facts asserted by defendants in their affidavits that are undisputed by factually supported allegations in a plaintiff's affidavit are taken as true." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024)

Starting with the Texas statute, the defendant must have done business in Texas.   Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 17.042.   The statute defines "doing business

---

[2] In June 2023, the Supreme Court of the United States clarified that a defendant who has consented to jurisdiction in a state—in that case by registering to do business in a state that conditions registration on submission to jurisdiction—is, in fact, subject to jurisdiction without further analysis.   *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 138, 143 S.Ct. 2028, 2039 (2023).   TingleMerrett, however, is not registered to do business in Texas, *see* Ex. A at ¶ 4(h) and has not otherwise consented to jurisdiction in Texas.

in Texas" as (1) contracting with a Texas resident where "either party is to perform the contract in whole or in part in this state," (2) committing a tort in whole or in part in Texas, and (3) recruiting Texas residents for employment. *Id*.

The United States Constitution requires two components: (1) minimum purposeful contacts with the state by the defendant and (2) compliance with traditional notions of fair play and substantial justice. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, (1985). The Supreme Court has addressed these requirements on many occasions. It has emphasized that the only contacts that count toward personal jurisdiction are those which are purposeful acts **by the defendant itself** (not the acts of the plaintiff or third parties). *See, e.g., Walden v. Fiore*, 571 U.S. 277, 290, 134 S. Ct. 1115, 1125, (2014). The defendant's qualifying contacts with the forum state can give rise to general or specific jurisdiction. *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

### a)  General jurisdiction

In 2011 and 2014, the United States Supreme Court issued two key opinions on general jurisdiction, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918, 131 S. Ct. 2846, 2850, (2011) and *Daimler AG v. Bauman*, 571 U.S. 117, 120, 134 S. Ct. 746, 750, (2014), both of which were authored by Justice Ginsburg. The Court in *Goodyear* held that "[f]or an individual, the paradigm forum for the

exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," meaning the corporation's domicile, place of incorporation, and principal place of business. *Goodyear*, 564 U.S. at 924, 131 S. Ct. at 2853–54, 180 L. Ed. 2d 796. *Daimler* reiterated that holding and further emphasized that it is highly unlikely that general jurisdiction exists outside of a corporation's domicile, place of incorporation, or principal place of business. *Daimler*, 571 U.S. at 137–38, 134 S. Ct. at 760–61, 187 L. Ed. 2d 624. Even substantial, continuous business in a state does not confer general jurisdiction. *Id*.

### b) *Specific jurisdiction*

For specific jurisdiction, the defendant's contacts with the forum must give rise to the suit. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 900 (5th Cir. 2024). Even substantial contacts that the defendant has with the jurisdiction are insufficient if the suit arises out of <u>other</u> acts unconnected with the forum state. *Id*. With respect to specific jurisdiction for intentional torts—the only claims alleged against TingleMerrett—the plaintiff must demonstrate jurisdiction "based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. The defendant's contacts may not be attenuated, fortuitous, or based on a third party's unilateral activity. *Id*.; *see also Sayers*, 976 F.3d at 573–74. "The proper question is not where the plaintiff experienced a

14

particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290.

When a plaintiff alleges that the minimum contacts exist because a defendant committed a tort in a phone call or email sent from another jurisdiction to Texas, pursuant to the Texas long-arm statute, the content of that communication must actually give rise to the cause of action. Where the plaintiff fails to state a claim for a tort based on the actions that allegedly took place in Texas, the plaintiff does not establish jurisdiction over the non-resident defendant. *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007); *see also ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012) (no jurisdiction because there was no injury flowing from the acts in the forum state). The tort must actually occur during the contact with Texas. *Jones v. Artists Rights Enf't Corp.*, 789 Fed. Appx. 423, 427 (5th Cir. 2019) (per curiam). This is consistent with the language of the long-arm statute, which permits jurisdiction over a defendant who has "commit[ed] a tort in whole or in part in Texas." TEX. CIV. PRAC. & REM. CODE § 17.042. The statute does not confer jurisdiction over attempted, but uncompleted, torts. *See, e.g., M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 888 (Tex. 2017) (planning a tort in Texas but doing it elsewhere does not create jurisdiction in Texas).

**B.**     **This Court does not have specific jurisdiction over TingleMerrett.**

        *1.*     *Plaintiffs have not pleaded sufficient jurisdictional facts.*

First, Plaintiffs have not pleaded facts sufficient to establish jurisdiction over TingleMerrett.  It does not appear that Plaintiffs intend to assert that this Court has general jurisdiction over TingleMerrett (and if they do, their allegations are woefully insufficient).  As to specific jurisdiction, it is not enough to plead that *other defendants* committed torts in Texas.  Plaintiffs must plead that **TingleMerrett** committed specific tortious acts **in Texas** or did business **in Texas specifically related to this dispute**.  *See Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 793 (5th Cir. 2007) (pleadings against defendants collectively are insufficient); *Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) (same).

Plaintiffs have not pleaded that TingleMerrett itself took any actions in Texas, nor have they pleaded that the **actions** (as opposed to the knowledge) of Reeves and Young may be imputed to TingleMerrett.

        *2.*     *TingleMerrett does not have minimum contacts with Texas related to Plaintiffs' claims against TingleMerrett.*

Second, TingleMerrett does not have minimum contacts with Texas sufficiently related to Plaintiffs' claims against TingleMerrett.  Plaintiffs' conclusory allegations that TingleMerrett participated in torts directed by other Defendants who may have more contacts with Texas do not establish personal jurisdiction over

16

TingleMerrett.  **Plaintiffs must allege that TingleMerrett itself took some actions in Texas**.  *Walden*, 571 U.S. at 290. In general, partnerships are not liable for acts of partners that are done outside the ordinary course of the partnership's business (such as on behalf of another entity or the partner individually) or without the authority of the partnership.  *See, e.g.*, TEX. BUS. ORGS. CODE § 152.303.[3]

Plaintiffs have made vague and conclusory allegations against two limited partners of TingleMerrett, Scott Reeves and Ariane Young.   But these allegations do not suffice to establish jurisdiction over TingleMerrett.

The allegations against Young do not even establish jurisdiction over her and so cannot establish jurisdiction over TingleMerrett based on her status as a limited partner.  The sole factual allegations against Young, a Canadian resident, relate to amended and restated promissory notes that she sent to John Fulkerson, a lawyer for certain Plaintiffs who had an office in Texas, with a request for his clients to sign them.  *See* Orig. Pet. at ¶¶ 133–148.  But taking all of the alleged facts as true (which TingleMerrett disputes), even Ms. Young's calls, emails, and attempts to have the amended and restated promissory notes signed in Texas do not establish jurisdiction. This is because—as alleged—Ms. Young did not commit a tort, she merely *tried* to commit one, fraud, according to the Plaintiffs.

---

[3]     TingleMerrett does not concede that Texas law applies to its internal operations or the circumstances under which it could be liable to third parties; this citation is merely an example.

Plaintiffs claim that Ms. Young (and therefore TingleMerrett, presumably), tried to commit fraud by sending amended and restated promissory notes to a lawyer in Texas for some of the Plaintiffs to execute.  But as the Plaintiffs admit in their petition, the alleged fraud was unsuccessful; they did not rely on any statements made by Young in these emails and did not sign the amended promissory notes. Orig. Pet. at ¶¶ 133–148.    In particular, Plaintiffs pleaded that "[t]he ruse was transparent" and "Fulkerson and others begin to realize that this was a lame attempt at ratification," pleadings that establish non-reliance.  *Id*. at ¶¶ 141, 146.  They also specifically pleaded that they did not sign the amended notes, which further demonstrates lack of reliance and also a lack of any injury.  *Id*. at 144.

When a non-resident communicates via telephone or email with a resident, those actions do not establish personal jurisdiction over the non-resident unless the tort actually occurs in those conversations.  *See, e.g., Moncrief Oil*, 481 F.3d at 314. As the Court knows, the elements of common-law fraud include reliance and injury. *See, e.g., Williams v. WMX Techs., Inc*., 112 F.3d 175, 177 (5th Cir. 1997); *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 930 (Tex. 1996).  Plaintiffs' own pleadings establish that they did not rely on any statements made by Young in these calls and that they suffered no injury because they did not sign the amended promissory notes as requested.  That is, Plaintiffs' claims do not arise out of Young's alleged contacts with a lawyer in Texas; they arise out of other actions by other

people.  Accordingly, the allegations against Young cannot establish jurisdiction over TingleMerrett.  *See Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000) (no jurisdiction where the claims did not arise out of forum contacts).

Plaintiffs also make vague allegations against Reeves, presumably in an attempt to hold TingleMerrett liable.  But Reeves is also a director of Starrex Ltd., a role that is separate from his limited partnership in TingleMerrett.  *See* Ex. A at ¶ 7; *see also* Ex. B at ¶¶ 5–6.  He was not acting as TingleMerrett's agent when he served as a director of Starrex Ltd. related to the events underlying this lawsuit, nor have Plaintiffs made that allegation.  Ex. B. at ¶¶ 5–7; *see also* Ex. A at ¶ 7.   Indeed, TingleMerrett does not bill Starrex Ltd. for work that Reeves does *purely* as a director of Starrex Ltd., nor does TingleMerrett pay Reeves for work done solely in his capacity as a director of Starrex Ltd.  Ex. A at ¶ 7; Ex. B at ¶6.  Instead, TingleMerrett only bills Starrex Ltd for legal work and legal advising that Reeves and other attorneys at TingleMerrett perform. Ex. A at ¶ 7.  TingleMerrett did not suggest or encourage Reeves to accept a director position with Starrex Ltd.  Ex. A at ¶ 7; Ex. B at ¶ 7.  Because Reeves has this dual role, even if specific allegations supporting jurisdiction against Reeves had been asserted (they have not), those allegations against him cannot automatically be attributed to TingleMerrett. Plaintiffs must allege facts showing that he was acting as an agent of TingleMerrett,

presumably in his role as an attorney to Starrex Ltd., to be able to attribute those allegations to TingleMerrett.   Plaintiffs fail to do this.

Instead, the only mention of Reeves's legal work for Starrex Ltd. is that (1) he was copied on the emails that Ms. Young sent to counsel in Texas and conclusory allegations that Mr. Reeves, too, wanted Plaintiffs to sign the amended and restated promissory notes, *see* Orig. Pet. at ¶¶ 133–148; (2) that Mr. Reeves sent an "Amending Letter Agreement to Plaintiff Magness, which Magness refused to sign and which Mr. Reeves cancelled, *id.* at ¶ 155; and (3) he was "General Counsel" of Starrex Ltd.   The first two general allegations fail for the same reasons that the allegations against Ms. Young fail; they allege a failed attempt at a tort, not a tort. The third allegation fails to establish jurisdiction because it is conclusory and does not identify any tortious action by Reeves, on behalf of TingleMerrett, that was directed to anyone in Texas.  Being "General Counsel" is not a tort.

Plaintiffs also allege a claim of conspiracy against TingleMerrett, but they fail to allege any facts about TingleMerrett's alleged participation in such a conspiracy. Orig. Pet. at ¶¶ 437–440.  An allegation of conspiracy with a Texas resident does not establish jurisdiction under the Texas long-arm statute.  *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995).  Rather, "the precise act giving rise to the tort" must be alleged to have occurred in Texas.  *M & F Worldwide*, 512 S.W.3d at 887, *cited by Nguyen v. Phu Nguyen*, No. 4:19-CV-2229, 2020 WL 709328, at *4

(S.D. Tex. Feb. 12, 2020).   And that act must have been taken by the specific defendant; allegations against other co-conspirators cannot be imputed to other defendants for jurisdictional purposes.   "Allegations of conspiracy will not establish a prima facie case of personal jurisdiction; a plaintiff must show that each defendant individually, and not as part of a conspiracy, purposely established minimum contacts with Texas that would satisfy due process." *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 539 (S.D. Tex. 2017).   Therefore, allegations against other co-conspirators cannot suffice to establish jurisdiction over TingleMerrett, and Plaintiffs have failed to make any allegations showing that TingleMerrett took any actions in Texas.

   3.   *Asserting jurisdiction over TingleMerrett is not fair and reasonable.*

   Even if TingleMerrett has minimum contacts with Texas, exercising jurisdiction over TingleMerrett does not comport with "traditional notions of fair play and substantial justice." *See, e.g., Burger King Corp.*, 471 U.S. at 472. Although this prong of the jurisdictional standard rarely comes into play, it is of great importance when considering jurisdiction over a non-U.S. party.   "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 114, 107 S. Ct. 1026, 1033, 94 L.

21

Ed. 2d 92 (1987); *see also Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 615 (5th Cir. 2008).

TingleMerrett is a Canadian limited partnership with its sole office in Calgary, Alberta, Canada. *See* Ex. A at ¶ 3. It does not have any U.S.-licensed lawyers, and, accordingly, is hired to provide advice on Canadian law, not U.S. law. *Id*. at ¶¶ 5,6, 10. Defending a lawsuit in a Texas court based on allegations primarily directed at a limited partner *who held a separate position with another company* that is at the heart of this suit would place a severe burden on TingleMerrett.

Moreover, as a matter of policy, this would subject foreign law firms to U.S. jurisdiction any time they advise a client on "their side of the border" in a cross-border transaction—and not just by their own clients but by any dissatisfied counterparty in the other country. That does not comport with traditional notions of fair play, and Canada, rather than Texas, has the most significant interest in regulating the conduct of Canadian lawyers in Canada. Canada also has the strongest interest in enforcing its own securities laws, which Plaintiffs admit are at issue. *See, e.g.*, Orig. Pet. at ¶¶ 300–327. Texas's interest in adjudicating the claims *against TingleMerrett* is minimal. Accordingly, even if minimum contacts exist, this Court should *not* exercise jurisdiction over TingleMerrett.

**C.      Plaintiffs have not stated a claim against TingleMerrett.**

Even if the Court finds that it has jurisdiction over TingleMerrett, Plaintiffs

have not plausibly stated a claim against TingleMerrett for fraud or conspiracy and,

accordingly, their claims should be dismissed pursuant to Rule 12(b)(6).

A plaintiff must "state a plausible claim for relief." *Ashcroft v. Iqbal*, 556

U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Although a court must

generally accept the plaintiff's pleadings as true, a court need not accept conclusory

allegations or allegations that do not lead to a conclusion of liability—that is, the

plaintiff must do more than recite the elements of a claim and must allege facts that

are more than "merely consistent with" liability.  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The plaintiff must allege

the "operative facts" of its claim, and if those facts are omitted, a court can assume

that they do not exist.  *Ledesma for Ledesma v. Dillard Dep't Stores, Inc*., 818 F.

Supp. 983, 984 (N.D. Tex. 1993).  If a plaintiff fails to plausibly allege any element

of a claim, the plaintiff's claim must be dismissed.  *See, e.g., BRFHH Shreveport,*

*LLC v. Willis-Knighton Med. Ctr*., 49 F.4th 520, 529 (5th Cir. 2022), *cert. denied*,

143 S. Ct. 2457, 216 L. Ed. 2d 431 (2023) (failure to make plausible allegations of

a single element of a claim was fatal).

As noted above, reliance and injury are elements of a common-law fraud

claim.  *See, e.g., Williams*, 112 F.3d at 177; *Johnson & Johnson Med*., 924 S.W.2d

23

at 930.  Because Plaintiffs' allegations against TingleMerrett are almost nonexistent, it is difficult to tell precisely what facts Plaintiffs intend to rely on.  However, it appears that Plaintiffs' fraud claim against TingleMerrett is based primarily on their allegations against Young.  But, as explained above, Plaintiffs' own pleadings establish that they did not rely on any statements made by Young and that they suffered no injury because they did not sign the amended promissory notes as Young requested.  Orig. Pet. at ¶¶ 133–148.  Plaintiffs have not, therefore, stated a claim against TingleMerrett for fraud, and their claim should be dismissed pursuant to Rule 12(b)(2), particularly in light of the heightened pleading standard for fraud claims under Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  Plaintiffs have also failed to plausibly allege that the actions of Young or Reeves can be attributed to TingleMerrett.

Plaintiffs have pleaded even fewer facts as to their conspiracy claim against TingleMerrett.  Their pleadings on this claim, found at paragraphs 43–440 of the Petition, do not mention TingleMerrett; do not say when or how TingleMerrett had a meeting of the minds with any other alleged conspirator; do not say what the agreement was among conspirators; or how TingleMerrett allegedly participated in the conspiracy.  This type of conclusory statement that "Defendants" participated in a conspiracy is not sufficient.  *See, e.g., Ledesma*, 818 F. Supp. at 987 (pleading that

a defendant "acted with malice" was insufficient because the pleading did not
include facts leading to that conclusion).  As the Supreme Court laid out in *Twombly*,
a plaintiff asserting a conspiracy claim must lay out "plausible grounds to infer an
agreement." *Twombly*, 550 U.S. at 556–57.  Plaintiffs have not done so, and their
claim for conspiracy against TingleMerrett should be dismissed for failure to state a
claim.

## VI.   CONCLUSION

Plaintiffs have not sufficiently alleged, and cannot prove, specific or general
jurisdiction over TingleMerrett in this Court.  TingleMerrett respectfully requests
that the Court grant this Motion and dismiss Plaintiffs' claims against it for lack of
jurisdiction.  To the extent that the Court finds that Plaintiffs have established
jurisdiction regarding some claims against TingleMerrett but not others,
TingleMerrett respectfully requests that the Court dismiss the claims for which it
finds no jurisdiction.  In the alternative, TingleMerrett respectfully requests that the
Court dismiss the claims against it pursuant to Rule 12(b)(6) or order Plaintiffs to
replead.

Dated: July 31, 2024                Respectfully submitted,

                                    **FOGLER, BRAR, O'NEIL & GRAY, LLP**

                                    By:    */s/ Michelle E. Gray*
                                           Michelle E. Gray
                                           ***Attorney in charge***
                                           State Bar No. 24078586
                                           S.D. Tex. Bar No. 892270
                                           mgray@foglerbrar.com\

                                           Deborah C. Milner
                                           State Bar No. 24065761
                                           cmilner@foglerbrar.com
                                           S.D. Tex. Bar No. 971677

                                           2 Houston Center
                                           909 Fannin Street, Suite 1640
                                           Houston, TX  77002
                                           (713) 481-1010
                                           (713) 574-3224 (Fax)

                                    **ATTORNEYS FOR DEFENDANT**
                                    **TINGLEMERRETT, LLP**


                          **<u>CERTIFICATE OF SERVICE</u>**

        I hereby certify that, on July 31, 2024, the foregoing was served on counsel
for all parties of record to this litigation via the Court's CM/ECF system.


                                    */s/     Michelle E. Gray*
                                           Michelle E. Gray