IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COAST TO COAST TITLE, LLC, SOL SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS § § § § § § § *Plaintiffs* § § v. § § TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER § § § § § § § § § § § § § § § § *Defendants.* § | CIVIL ACTION NO.:4:24-cv-2767 |

## DEFENDANT LAURIE COOPER'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2), AND, SUBJECT THERETO, MOTION TO DISMISS PURSUANT TO RULES 12(B)(6) AND 9(B)

Defendant Laurie Cooper ("Cooper") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court does not have personal jurisdiction over Cooper in this matter.

*Cooper's 12(b)(2) Motion - Page 1*

## SUMMARY

1.  No personal jurisdiction exists in Texas over Cooper, who does not live, work, transact business, own property, or bank in Texas. Cooper is not employed by a Texas entity and did not commit a tort in Texas. Plaintiffs have not pleaded or proven the necessary jurisdictional facts (nor can they), and, accordingly, this Court does not have personal jurisdiction over Cooper.

## MOTION TO DISMISS

2.  Cooper moves to dismiss the claims against her under Federal Rule of Civil Procedure 12(b)(2). A plaintiff bears the burden of establishing personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Unless there is an evidentiary hearing, the Plaintiff must plead and establish a *prima facie* case of personal jurisdiction. *See Sangha v. Navig8 Ship Management Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). A *prima facie* pleading of personal jurisdiction may be overcome if the defendant 'present[s] a compelling case that . . . render[s] jurisdiction unreasonable.'" *Scoggins v. Dubrow*, 2021 WL 4228609, at *1 (S.D. Tex. May 28, 2021) (Hittner) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

### Cooper lacks Texas contacts and connections

3.  Cooper was at all times relevant to this matter, and is currently, a Florida resident, domiciled in Florida. *See* Ex. A at ¶ 3; *see also Pls.* Pet., ¶ 19. In late 2021, Mag. Title AR and Mag. Title FL hired Cooper as an at-will employee to manage the

*Cooper's 12(b)(2) Motion - Page 2*

Mag. Title AR and Mag. Title FL entities in those states. All of the business conducted by Cooper was exclusively limited to those states as dictated by state operational and licensing requirements. Cooper has never had any clients in Texas. Cooper does not target Texas for advertising. Cooper never had any offices, bank accounts, or employees in Texas. Cooper is not registered or licensed to do business in Texas. Indeed, Cooper has no connection at all with Texas other than she is acquainted with a few people in Texas, including Magness who purportedly resides and operates his businesses in Texas.

### Plaintiffs make limited jurisdictional allegations against Cooper

4. The only allegations related to Texas are (i) that Cooper allegedly took data from her then employers (not Texas entities) while she was not in Texas, (ii) when not in Texas, she used that data for her new employer (also not in Texas) who made money from transactions, (iii) the data she accessed was allegedly "hosted" on a computer system in Texas which Plaintiffs claim makes these "Texas" trade secrets, and (iv) Cooper texted Magness on two occasions.  The chart in Exhibit B hereto tracks all occurrences of "Cooper" in the Petition. Next to each of Plaintiffs' allegations is noted whether the allegation is a characterization or contains any alleged facts.

## ARGUMENT AND AUTHORITIES

A. **Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(2)**

*Cooper's 12(b)(2) Motion - Page 3*

5. The plaintiff has the burden of pleading sufficient jurisdictional facts to bring the defendant within the Court's jurisdiction. *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022). The plaintiff must allege jurisdictional facts specific to each claim against each defendant. *Id.; see also ICI Constr., Inc. v. Hufcor, Inc.,* No. CV H-22-3347, 2023 WL 2392738, at *6 (S.D. Tex. Mar. 7, 2023). Even when a plaintiff has alleged a conspiracy among multiple defendants, a court may look only to the particular defendant's contacts with the forum—not the contacts of conspirators—in deciding whether jurisdiction exists. *Spurling v. Wright*, No. 4:22-CV-01794, 2022 WL 22287005, at *4 (S.D. Tex. Oct. 20, 2022).

6. A court may consider both pleadings and affidavits or declarations in deciding personal jurisdiction, or it may hold an evidentiary hearing. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Spurling v. Wright*, No. 4:22-CV-01794, 2022 WL 22287005, at *2 (S.D. Tex. Oct. 20, 2022). "Facts asserted by defendants in their affidavits that are undisputed by factually supported allegations in a plaintiff's affidavit are taken as true." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024).

7. A federal court sitting in Texas has personal jurisdiction over a non-consenting defendant only if the requirements of the Fourteenth Amendment's due process clause and the Texas long-arm statute are satisfied. *Danziger,* 24 F.4th at 495.

8. Starting with the Texas statute, the defendant must have done business in Texas. TEX. CIV. PRAC. & REM. CODE § 17.042. The statute defines "doing business in Texas" as (1) contracting with a Texas resident where "either party is to perform the contract in whole or in part in this state," (2) committing a tort in whole or in part in Texas, and (3) recruiting Texas residents for employment. *Id*.

9. Cooper, however, is not registered to do business in Texas, *see* Ex. A at ¶ 4(h) and has not otherwise consented to jurisdiction in Texas

10. The United States Constitution requires: (1) minimum purposeful contacts with the state by the defendant and (2) compliance with traditional notions of fair play and substantial justice. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, (1985). Only purposeful acts by the defendant itself count - not the acts of the plaintiff or third parties. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 290, 134 S. Ct. 1115, 1125, (2014). Only the defendant's qualifying contacts with the forum state can give rise to general or specific jurisdiction. *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013)

11. In 2011 and 2014, the United States Supreme Court issued two key opinions on general jurisdiction, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918, 131 S. Ct. 2846, 2850, (2011) and *Daimler AG v. Bauman*, 571 U.S. 117, 120, 134 S. Ct. 746, 750, (2014). The Court in *Goodyear* held that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's

domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," meaning the corporation's domicile, place of incorporation, and principal place of business. *Goodyear*, 564 U.S. at 924, 131 S. Ct. at 2853–54, 180 L. Ed. 2d 796.

12. For specific jurisdiction, the defendant's contacts with the forum must give rise to the suit. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 900 (5th Cir. 2024). With respect to specific jurisdiction for intentional torts—the only claims alleged against Cooper—the plaintiff must demonstrate jurisdiction "based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. The defendant's contacts may not be attenuated, fortuitous, or based on a third party's unilateral activity. *Id.*; *see also Sayers*, 976 F.3d at 573–74.

13. Minimum contacts exist due to a action by the defendant (which is also a tort) only when that act gives rise to the cause of action. *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007); *see also ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012) (no jurisdiction because there was no injury flowing from the acts in the forum state). The tort must occur during the contact. *Jones v. Artists Rights Enf't Corp.*, 789 Fed. Appx. 423, 427 (5th Cir. 2019) (per curiam). Attempted, but uncompleted, torts fail. *See, e.g., M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 888 (Tex. 2017).

B. **Specific jurisdiction fails.**

14. Initially, Plaintiffs have not pleaded facts sufficient to establish jurisdiction over Cooper. As to specific jurisdiction, it is not enough to plead that *other defendants* committed torts in Texas. Plaintiffs must plead that Cooper committed specific tortious acts in Texas or did business in Texas specifically related to this dispute. *See Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 793 (5th Cir. 2007) (pleadings against defendants collectively are insufficient); *Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) (same).

15. Plaintiffs allege that Cooper, while in Florida, accessed information and data that Plaintiffs allege was, "…was hosted on computer systems in Texas and belonged to Texas entities."[1] However, the use of the word 'hosted' does not mean that the information that Cooper allegedly accessed was actually located in Texas or, if so, that Cooper had any idea it was located in Texas. Nor does it mean that Cooper had to be in Texas to access the information. "Hosted services are applications, IT infrastructure components or functions that organizations access from external service providers, typically through an internet connection." https://www.techtarget.com/searchitchannel/definition/hosted-services. Thus, the alleged 'hosted' connection to Texas merely alleges that Cooper could access the data from out of state and Plaintiffs could access data from within Texas.

16. The "hosted" data allegation is, in reality, no claim that Cooper took

---

[1] Petition at ¶ 32.

*Cooper's 12(b)(2) Motion - Page 7*

property located in Texas, directed activity towards Texas (versus say, India) or even any allegation about the location of the property itself. At best, this is an impermissible attenuated and fortuitous contact. Additionally, Plaintiffs have not pleaded that the actions (as opposed to the knowledge) of other Defendants may be imputed to Cooper.

17. Moreover, the two texts alleged to have been made from Cooper to Magness have nothing to do with Texas or a tort in Texas. *See Pls. Pet.* at ¶¶219, 226. Paragraph 219 does not excerpt or identify the content of Cooper's text. Paragraph 226 footnote 14 refers to Cooper allegedly asking Magness for Magnolia Title Florida and Magnolia Title Arkansas to release out of state office leases.

18. The alleged Texas contacts are too attenuated to support jurisdiction. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (citations omitted).

### C.  General jurisdiction fails since Cooper does not have minimum contacts with Texas

19. Cooper does not have minimum contacts with Texas sufficiently related to Plaintiffs' claims against Cooper. Cooper does not live, work, transact business, own property, or bank in Texas, and, she is not employed by a Texas entity. *See* Ex. A.

20. Plaintiffs' conclusory allegations that Cooper participated in torts directed

*Cooper's 12(b)(2) Motion - Page 8*

by other Defendants who may have more contacts with Texas do not establish personal jurisdiction over Cooper. Plaintiffs must allege that Cooper herself took some actions in Texas. *Walden*, 571 U.S. at 290. Plaintiffs have made vague and conclusory allegations against the companies that Cooper works for, Marketstreet Capital Partners AR, LLC and Starrex Title Florida, LLC, but these allegations do not suffice to establish jurisdiction over Cooper who is an employee.

21. The sole factual allegations against Cooper are that Cooper accessed data available via the internet (but Plaintiffs did not plead where the actual servers are located) and texted Magness on two specific occasions about leases outside of Texas. But taking all of the alleged facts as true (which Cooper disputes), Cooper actions do not establish jurisdiction in Texas. *See, e.g., Moncrief Oil*, 481 F.3d at 314.

22. Plaintiffs, for example, allege a claim of conspiracy against Cooper, but they fail to allege any facts about Cooper's alleged participation in such a conspiracy or any actions in Texas. *See Pls. Pet.* at ¶¶ 33, 39. An allegation of conspiracy with a Texas resident does not establish jurisdiction under the Texas long-arm statute. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995). Rather, "the precise act giving rise to the tort" must be alleged to have occurred in Texas. *M & F Worldwide*, 512 S.W.3d at 887, *cited by Nguyen v. Phu Nguyen*, No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020). And that act must have been taken by Cooper; allegations against other parties cannot be imputed to her for jurisdictional

purposes. Therefore, allegations against other co-conspirators cannot suffice to establish jurisdiction over Cooper.

23. Even if Cooper has minimum contacts with Texas, which she does not, exercising jurisdiction over Cooper does not comport with "traditional notions of fair play and substantial justice." *See, e.g., Burger King Corp.*, 471 U.S. at 472. Although this prong of the jurisdictional standard rarely comes into play, it is of great importance when considering jurisdiction over a non-Texas party.

24. Cooper is a Florida resident. *See* Ex. A at ¶ 3. Defending a lawsuit in a Texas court based on allegations primarily directed at persons who held separate positions with other defendant companies (some of which are not even in the United States, but in Canada), and companies or persons that *are* in Texas and that are at the heart of this suit, would place a severe burden on Cooper. Moreover, Texas's interest in adjudicating the claims against Cooper is minimal. Accordingly, even if minimum contacts exist, this Court should *not* exercise jurisdiction over Cooper.

## CONCLUSION AND PRAYER

25. Plaintiffs have failed to articulate a basis upon which either general or specific jurisdiction arises in Texas over Cooper. Cooper has, at most, a few attenuated contacts with Texas. None alone or taken together are sufficient for due process concerns related to personal jurisdiction. Thus, Cooper prays that the Court dismiss the claims against her for lack of personal jurisdiction.

Respectfully submitted,

STILWELL, EARL & APOSTOLAKIS, L.L.P.

By:___/s/Steven C. Earl_____
Steven C. Earl
State Bar No. 24002028
Fed. Bar No. 21893
"Attorney in Charge"
James E. Graham
State Bar No. 24102973
Fed. Bar No. 3860768
128 Vision Park Blvd. Suite 140
Shenandoah, Texas  77384
Telephone: (281) 419-6200
Telecopier: (281) 419-0250

## CERTIFICATE OF SERVICE

I hereby certify that, on August 1, 2024, the foregoing was served on counsel for all parties of record to this litigation via the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　/s/     Steven C. Earl____
　　　　　　　　　　　　　　　　　　　　　Steven C Earl