IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY | § | |
| TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS | § § § § § | |
| | § | CIVIL ACTION NO.:4:24-CV-2767 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL | § § § § § § § § § § | |

Defendants.

**DEFENDANT LAURIE COOPER'S MOTION TO STRIKE INADMISSIBLE STATEMENTS IN PLAINTIFFS' DECLARATION OF BRITT NAPONIC**

TO THE HONORABLE JUDGE ROSENTHAL,

1. Defendant Laurie Cooper files this Motion to Strike Inadmissible Statements in Plaintiffs' Declaration of Britt Naponic, which was filed in support of Plaintiffs' Response to Defendant Laurie Cooper's Motion to Dismiss Pursuant to Rule 12(b)(2), and would respectfully show the court as follows:

## I.      INTRODUCTION

2. On September 20, 2024, Plaintiffs filed their response to Defendant Laurie Cooper's Motion to Dismiss Pursuant to Rule 12(b)(2). In support of the response, Plaintiffs also filed a Declaration of Britt Naponic, which Plaintiffs claim provide evidence of Ms. Cooper's connections to Texas. The declaration, however, contains inadmissible evidence that is conclusory in nature, not derived from personal knowledge, and contains inadmissible hearsay.

3. Thus, Defendant objects to and moves to strike specific portions of the Declaration of Britt Naponic on two grounds:

(1) The Declaration of Britt Naponic contains conclusory allegations which do not meet the evidentiary standard of personal knowledge, and

(2) The Declaration of Britt Naponic contains statements that constitute hearsay.

## II. LEGAL STANDARD

*A.  Personal Knowledge Requirement under Fed. R. Evid. 602.*

4. The Federal Rules of Evidence require that testimony, whether oral or in an affidavit or declaration, must be based on personal knowledge. Fed. R. Evid. 602. Rule 602 of the Federal Rules of Evidence explicitly states that "a witness may testify to a matter only if evidence introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge means the declarant must have directly perceived the facts stated in the declaration. *See Hager v. Brinker Tex., Inc*., 102 F.4th 692, 695 (5th Cir. 2024).

5. The Fifth Circuit has held that an affidavit or declaration claiming to be made on "personal knowledge" cannot rely on "information and belief." *Casey v. State Farm Lloyds*, Civil Action No. 3:21-CV-346-L, 2022 U.S. Dist. LEXIS 153835, at *11-12, 2022 WL 3702024 (N.D. Tex. 2022). *See Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003). Statements made on "information and belief" do not meet the evidentiary standard of personal knowledge under Federal Rules of Civil Procedure. Fed. R. Evid. 602. The declarant must have been in a position to perceive and actually observed the facts stated. *See United States v. Collins*, 368 F. App'x 517, 525 (5th Cir. 2010). Fed. R. Evid. 602. "Information and belief" statements, however, suggest the declarant has obtained the information from another source and is not based on personal knowledge. *See Bolen v. Dengel (In re Dengel)*, 340 F.3d 300, 313 (5th Cir. 2003). The Fifth Circuit has been firm that such statements are not competent evidence and should not be considered. *See Obregon v. United States*, 791 F. App'x 458, 461 (5th Cir. 2019) (citing Bolen v. Dengel, 340 F.3d 300, 313 (5th Cir. 2003)).

   B.   *Hearsay Rule.*

6. Under the Federal Rules of Evidence, hearsay is defined as an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Generally, hearsay is inadmissible unless it falls within a recognized exception. Fed. R. Evid. 802. In order for testimony or evidence to be considered by the court, it must meet the requirements of personal knowledge and reliability. Fed. R. Evid. 602. Hearsay contained in an affidavit or declaration is not competent evidence unless an exception to hearsay applies. Thus, any portions of testimony or a declaration that consist of hearsay must excluded from the

court's consideration unless an exception applied under the Federal Rules of Evidence. *See Okoye v. University of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 510 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997); *see also* Fed. R. Evid. 803 (enumerating hearsay exceptions, such as present sense impression, excited utterance, and public records).

   *C.  Abuse of Discretion.*

   7. Evidentiary rulings are reviewed under an abuse of discretion standard. *United States v. Sharpe*, 193 F.3d 852, 867 (5th Cir. 1999).

## III. ARGUMENTS AND AUTHORITIES

   *A.  Plaintiffs' Declaration of Britt Naponic contains several assertions based on "information and belief," all of which do not meet the evidentiary requirement of personal knowledge.  Cooper objects to the same and moves to have the same stricken by the Court.*

   8. Naponic's declaration [DOC 7-1] is allegedly based on personal knowledge. Naponic Decl. [DOC 7-1] at ¶1. However, within the declaration, Naponic explicitly states that his conclusory assertions are based upon "information and belief." Naponic Decl. [DOC 7-1] at ¶¶ 8, 18, 21, 24, 26. In addition to those assertions based upon information and belief, Naponic also makes vague references to information that was collected "through an investigation," information that was "confirmed" to him, or information that he was "made aware" of. These kinds of assertions lack personal knowledge as well because declarant does not specify the origin of the information, which suggests the claims are second-hand knowledge. For these reasons, Cooper objects to the following statements as

the same do not meet the evidentiary standard of personal knowledge and should be stricken by the Court.

9. In paragraph 8 of the declaration, Britt Naponic states, "Likewise, the Magnolia Entities has a duty to protect non-public, private information in accordance with ALTA's best practices and CFPB regulations, yet on information and belief, Cooper and MarketStreet—using Cooper's special access as President—took all of this information away from Magnolia Entities without authorization. Naponic Decl. [DOC 7-1] at ¶8. Here, Naponic's assertion that Cooper took information from Magnolia Entities without authorization is based on information and belief, and not based on personal knowledge. Thus, the Court should exclude this statement from its analysis.

10. Similarly, in paragraph 18, Naponic states, "Cooper has an obligation to maintain the confidentiality of Magnolia Title's proprietary information and on information and belief, was put on notice that she would receive access to confidential and proprietary information and trade secrets, which includes the valuable customer lists and examination information discussed earlier." Naponic Decl. [DOC 7-1] at ¶18. Here, Naponic's assertion that Cooper was put on notice that she would receive access to confidential information is based on information and belief, and thus should not be considered by the Court.

11. In paragraph 19, the declaration continues, "In February 2024, I became aware that Cooper had facilitated the unauthorized transfer of the Magnolia Entities' proprietary data from the Texas-based Qualia serves to systems or a deployment belonging to MarketStreet Capital Partners, LP and MarketStreet Capital Partners AR, LP (collectively, "MarketStreet"). Naponic Decl. [DOC 7-1] at ¶19. Here, Naponic makes a vague reference

to having "become aware" of Cooper allegedly facilitating unauthorized transfer of proprietary data. However, such a statement does not demonstrate personal knowledge as required under Rule 602. This "became aware" expression indicates that Naponic did not personally observe or have firsthand knowledge of the assertion, but instead is relying on information obtained from another source. Therefore, this statement in paragraph 19 should not be excluded from the court's review.

12. Later in the paragraph, Naponic also states, "Additionally, it was then confirmed to me in February 2024 that Cooper was employed by the Texas-based MarketStreet Capital Partners, LP, which obtained an assumed name of "Magnolia Title Company" in Florida and has operated as though it is Magnolia Title Florida, LLC. Naponic Decl. [DOC 7-1] at ¶19. The statement, "it was then confirmed to me" is another expression that indicates Naponic did not personally observe the assertion regarding Ms. Cooper's employment. Therefore, this statement fails to meet evidentiary requirements and should not influence the Court's decision.

13. In paragraph 20, Naponic states, "Through my investigation, I discovered that Cooper continue to access the Qualia platform immediately after her resignation on February 2, 2024. Naponic Decl. [DOC 7-1] at ¶20. Here, the declarant refers to findings from an investigation, but Naponic fails to identify how or from whom the information was obtained or explain how this alleged evidence constitutes personal knowledge. Without further clarification, this statement is speculative and does not satisfy the personal knowledge requirement under the Federal Rules of Evidence. Therefore, this statement within paragraph 20 should not be considered by the Court.

14. In paragraph 21, Naponic states, "On information and belief, Cooper, along with MarketStreet, appear to be accessing the same deployment or a mirror image of our deployment of Qualia containing Magnolia Entities' proprietary information." Naponic Decl. [DOC 7-1] at ¶21. Because this assertion concerning Cooper appearing to access the same deployment of Qualia containing Magnolia Entities' proprietary information is based on information and belief instead of the declarant's personal knowledge, it should be disregarded by the Court.

15. Additionally, in paragraph 24 of the declaration, Naponic claims, "On information and belief, MarketStreet used the Qualia deployment for which the Magnolia Entities had already paid $33,374.75 in December 2023, which would cover usage through March 2024." Naponic Decl. [DOC 7-1] at ¶24. The same analysis applies here. Naponic's assertion against MarketStreet is based on information and belief and thus should be excluded from the Court's review.

16. Further, Paragraph 25 of the declaration states, "After Cooper's resignation, I discovered evidence that Cooper had directed the unauthorized transfer of a large amount of proprietary information from the Texas-based Qualia servers to a qualia deployment used by MarketStreet." Naponic Decl. [DOC 7-1] at ¶25. Naponic's vague reference to finding evidence but failing to state the source or how the information was obtained, makes the following assertion conclusory and suggests Naponic did not personally observe the alleged unauthorized transfer. Without further clarification, this statement in paragraph 25 does not satisfy the personal knowledge requirement under the Federal Rules of Evidence and thus, should not be considered by the Court.

17. In paragraph 26, Naponic states, "In fact, on information and belief, MarketStreet and Cooper represented to the public, customers, and others that they were Magnolia Title Florida, LLC and likewise continued the transactions in progress hosted on Qualia as though nothing at all has changed. Additionally, on information and belief, Cooper and MarketStreet took other valuable property from the Magnolia Entities, including but not limited to their social media accounts, web presence, good will, phone numbers, and logos." Naponic Decl. [DOC 7-1] at ¶26. Here, both of these assertions are based on information and belief, and thus, lack the evidentiary requirement of personal knowledge. As a result, the Court should not consider these assertions.

18. Throughout the affidavit, the declarant alternates between speculative statements made on "information and belief," and vague references to knowledge purportedly gained through an unspecified investigation. In these instances, Naponic fails to meet the standard for admissible testimony, as personal knowledge is required to render these assertions admissible. The inadmissible portions should be stricken.

   B. *Plaintiffs' Declaration of Britt Naponic contains several assertions which constitute hearsay, and thus, are inadmissible. The inadmissible material should be stricken.*

19. Not only does the declaration contain assertions that lack personal knowledge of the declarant, but in multiple instances, Naponic's declaration also contains statements that clearly constitute hearsay, as they involve out-of-court assertions offered for the truth of the matter asserted. Further, the declarant does not cite any applicable exceptions under Federal Rules of Evidence 803 or 804 to justify the admission of these hearsay statements. Cooper objects to the same and moves the same be stricken.

Page 8

20. Hearsay appears in paragraph 19, in which Naponic claims he became "aware" of an alleged proprietary data transfer. Naponic Decl. [DOC 7-1] at ¶19. In the last sentence of Paragraph 19, someone or something allegedly confirmed the information he recites. Naponic Decl. [DOC 7-1] at ¶19. In Paragraph 20, Naponic refers to an investigation he undertook, which would certainly involve documents or people. In the same paragraph, Naponic then opines that Ms. Cooper "facilitated" a mass resignation of out-of-state employees, but does not say he personally witnessed it. He claims that Cooper "caused them to achieve" uninterrupted access to data for the benefit of another; yet, again, Naponic does not say he witnessed any such actions. Naponic Decl. [DOC 7-1] at ¶20. In Paragraph 25, Naponic allegedly "discovered evidence" of data transfers and the remainder of the paragraph refers to the alleged discovery and an "ongoing" investigation. Naponic Decl. [DOC 7-1] at ¶25. Similarly, paragraph 26 similarly refers to a discovery related to the alleged use of data. Naponic Decl. [DOC 7-1] at ¶26.

21. For the reasons stated above, the hearsay statements contained within Plaintiffs' declaration are inadmissible under the Federal Rules of Evidence. These out of court assertions, offered for the truth of the matter they purport to establish, do not fall under any recognized exceptions to the hearsay rule. As such, they fail to meet the standard of admissible evidence and should be stricken by the Court.

## IV. CONCLUSION

22. For the foregoing reasons, the Defendant respectfully requests that this Court sustain her objections and grant her request to strike inadmissible statements in Plaintiffs' Declaration of Britt Naponic. The declaration is rife with impermissible conclusory

allegations and assertions based on information and belief, neither of which satisfy the personal knowledge requirement under the Federal Rules of Evidence. Additionally, the affidavit contains inadmissible hearsay that is not subject to any exception under the Federal Rules of Evidence.

23. Accordingly, the Defendant asks that the Court sustain her objections and strike the identified portions of the declaration, or in the alternative, disregard all improper statements and grant such further relief the Court deems just and proper.

Respectfully submitted,

STILWELL, EARL & APOSTOLAKIS, L.L.P.

By:___/s/Steven C. Earl_____
Steven C. Earl
State Bar No. 24002028
Fed. Bar No. 21893
"Attorney in Charge"
James E. Graham
State Bar No. 24102973
Fed. Bar No. 3860768
128 Vision Park Blvd. Suite 140
Shenandoah, Texas 77384
Telephone: (281) 419-6200
Telecopier: (281) 419-0250

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2024, the foregoing was served on counsel for all parties of record to this litigation via the Court's CM/ECF system.

*/s/     Steven C. Earl*_____
Steven C. Earl