**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-CV-2767 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A/ DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER | § § § § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)

Defendants Charles Burns ("Burns") and Scott M. Reeves ("Reeves") (collectively, "Defendants") file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and will respectfully show that this Court does not have personal jurisdiction over them.

15581989

**TABLE OF CONTENTS**

**Page**

I.    Summary of the argument.................................................................................... 1

II.    BACKGROUND ................................................................................................. 1

    A.    Magnolia Plaintiffs' limited allegations against Defendant Charles Burns............ 1

    B.    Magnolia Plaintiffs' limited allegations against Defendant Scott Reeves............. 2

III.    STANDARD OF REVIEW .................................................................................. 3

    A.    Due Process Framework .................................................................................. 3

    B.    Plaintiff Bears the Initial Burden of Proof.......................................................... 4

IV.    ARGUMENT AND AUTHORITIES...................................................................... 4

    A.    The Court lacks general jurisdiction over Defendants Burns and Reeves.............. 5

    B.    This Court lacks specific jurisdiction over Defendants Burns and Reeves. ........... 6

        i.    There is no specific jurisdiction over Burns................................................. 6

        ii.    There is no specific jurisdiction over Reeves............................................... 8

    C.    Asserting jurisdiction over Burns and Reeves is not fair and reasonable............. 13

V.    CONCLUSION................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*,
    480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)..............................................14

*Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*,
    215 F. Supp. 3d 524 (S.D. Tex. 2017) (Harmon, M.J.) .......................................8, 13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...........................................................................................3, 13

*Clements v. McNamee*,
    615 F.3d 374 (5th Cir. 2010) ......................................................................................3

*Cunningham v. CBC Conglomerate, LLC*,
    359 F. Supp. 3d 471 (E.D. Tex. 2019)..............................................................7, 9, 11

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).............................................................................................5, 6

*Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*,
    255 Fed. Appx. 775 (5th Cir. 2007)............................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)...................................................................................................3

*Hotel Partners v. Craig*,
    993 S.W.2d 116 (Tex. App.—Dallas 1994, pet. denied) ..........................................12

*Johnson & Johnson Med., Inc. v. Sanchez*,
    924 S.W.2d 925 (Tex. 1996)....................................................................................10

*Johnston v. Multidata Sys. Intern. Corp.*,
    523 F.3d 602 (5th Cir. 2008) ............................................................................3, 4, 14

*Lonestar Livestock Equip. Co. Inc. v. Southern Livestock Sys., LLC*,
    2015 WL 3756501 (S.D. Tex. Jun. 16, 2015)............................................................4

*McNamara v. Bre-X Minerals Ltd.*,
    46 F. Supp. 2d 628 (E.D. Tex. 1999)..................................................................12, 13

*Michiana Easy Liniv' Country, Inc. v. Holten*,
    168 S.W.3d 777 (Tex. 2005).......................................................................................4

ii

*Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*,
No. CIV.A. H-10-1708, 2012 WL 590926 (S.D. Tex. Feb. 22, 2012)
(Rosenthal, C.J.)..........................................................................................................6

*Moncrief Oil Intern. Inc. v. OAO Gazprom*,
414 S.W.3d 142 (Tex. 2013)....................................................................................4, 10

*Nat'l Indus. Sand Ass'n v. Gibson*,
897 S.W.2d 769 (Tex. 1995).........................................................................................8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ........................................................................................3

*Sefton v. Jew*,
201 F. Supp. 2d 730 (W.D. Tex. 2001).........................................................................5

*Seiferth v. Helicopteros Atuneros, Inc.*,
472 F.3d 266 (5th Cir. 2006) ........................................................................................4

*Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.*,
249 F.3d 413 (5th Cir. 2001) ........................................................................................3

Texas. *M & F Worldwide*, 512 S.W.3d at 887, *cited by Nguyen v. Phu Nguyen*,
No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020) ...............8, 13

*Walden v. Fiore*,
134 S. Ct. 1115 (2014)..................................................................................................6

*Walden v. Fiore*,
571 U.S. 277 (2014)..................................................................................................4, 12

*Williams v. WMX Techs., Inc.*,
112 F.3d 175 (5th Cir. 1997) ......................................................................................10

*Wolf v. Summers-Wood, L.P.*,
214 S.W.3d 783 (Tex. App.—Dallas 2007, no pet.)...................................................12

**Statutes**

TEX. CIV. PRAC. & REM. CODE §§ 17.041–.045..........................................................................3

**Other Authorities**

FED. R. CIV. P. § 12(b)(2) .............................................................................................1

United States Constitution ............................................................................................3

## I.    SUMMARY OF THE ARGUMENT

This Court should dismiss the claims against Defendants Burns and Reeves because it lacks personal jurisdiction over them. Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC ("Magnolia Plaintiffs")[1] brought Burns and Reeves into this lawsuit by virtue of them being an officer (Reeves) and directors (Burns and Reeves) of Starrex International Ltd., a Canadian company ("Starrex"). However, both Burns and Reeves are Canadian citizens and residents who do not live, work, transact business, own property, or bank in the state of Texas. Neither Burns nor Reeves are employed by a Texas entity, and they did not commit any torts in the state of Texas.

Defendants' 12(b)(2) Motion to Dismiss should be granted because neither Burns nor Reeves have substantial, systematic, or continuous contacts in Texas, the allegations in the Original Petition fail to show that Burns or Reeves have the requisite minimum contacts in Texas, and exercising jurisdiction over Defendants would be unreasonable.

## II.    BACKGROUND

### A.    *Magnolia Plaintiffs' limited allegations against Defendant Charles Burns.*

Burns is a long serving board member and since February 6, 2024, has also served as the CEO of Starrex. Pet. at ¶¶ 13, 43. Burns is a Canadian resident and Magnolia Plaintiffs have made no allegation that Burns resides in Texas. *See* Pet. at ¶ 13 (claiming that Burns may be served with process in Toronto, Ontario). Magnolia Plaintiffs do not allege that Burns does business in Texas, owns real or personal property in Texas or maintains any mailing addresses, phone numbers, bank accounts, or insurance policies in Texas. *See generally* Original Petition. Magnolia Plaintiffs pled two causes of action against Burns, including (1) negligence of the

---

[1] The Peabody Bulldog, LLC and John Magness are also Plaintiffs in this case but did not bring claims against Defendants Burns or Reeves.

Starrex's Directors, and (2) conspiracy. *See* Pet. at ¶¶ 347– 54 (alleging negligence of Starrex Directors); ¶¶ 437–40 (alleging conspiracy against "All Defendants"). Notably, however, ***every*** factual allegation in the Original Petition related to Burns solely *relates to his title* within Starrex (a Canadian company). *See e.g.* Pet. at ¶¶ 13, 42, 44, 291, 348-351.

### B.      *Magnolia Plaintiffs' limited allegations against Defendant Scott Reeves*

Reeves is a Director, the Corporate Secretary, Audit Committee Member, and informal General Counsel of Starrex. *See* Pet. at ¶¶ 15, 42, 44. Magnolia Plaintiffs admit that Reeves is a Canadian resident. *See* Pet. at ¶ 15.  Magnolia Plaintiffs have made no allegation that Reeves resides in Texas. Magnolia Plaintiffs do not allege that Reeves conducts business in Texas, that Reeves owns real or personal property in Texas or maintains any mailing addresses, phone numbers, bank accounts, or insurance policies in Texas. *See generally*, Original Petition.

Magnolia Plaintiffs pled seven causes of action against Reeves, including negligence of the Starrex Officers, negligence of the Starrex Directors, breach of contract, breach of fiduciary duty, fraud based on common law forgery, violation of securities laws, and conspiracy. *See* Pet. at ¶¶ 340-46 (alleging negligence of Starrex Officers; ¶¶ 347–54 (alleging negligence of Starrex Directors); ¶¶ 361-367 (alleging breach of contract); ¶¶ 368-71 (alleging breach of fiduciary duty); ¶¶ 372-381 (alleging fraud based on common law forgery); ¶¶ 431-36 (alleging violations of securities laws); ¶¶ 437–40 (alleging conspiracy against "All Defendants"). Magnolia Plaintiffs' limited factual allegations against Reeves pertain to (1) his role and title within Starrex; (2) his alleged attempt to get Magnolia Plaintiffs to sign amended and restated promissory notes (*see* Pet. at ¶¶ 133–148); and (3) his alleged signature and certification on Starrex filings made with the Canadian National Stock Exchange and through the SEDAR system for the Canadian Securities Administrators and Alberta Securities Commission (*see* Pet. at § I).

15581989

### III.   STANDARD OF REVIEW

#### A.   Due Process Framework.

A federal court may only exercise personal jurisdiction over a nonresident defendant if (1)

the long-arm statute of the forum state confers personal jurisdiction over that defendant, and (2)

the exercise of such jurisdiction by the forum state is consistent with due process under the United

States Constitution.  *Clements v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citation omitted).

In Texas, this two-step personal jurisdiction inquiry collapses into one federal due process analysis

because the Texas long-arm statute extends to the limits of federal due process.  *Id.*  (citing

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984)); *see also* TEX.

CIV. PRAC. & REM. CODE §§ 17.041–.045.   Due process requires Magnolia Plaintiffs to

demonstrate that a defendant has "purposefully availed" itself of the benefits and protections of

the forum state by establishing "minimum contacts" with the forum state, and that the exercise of

jurisdiction over the defendant does not offend "traditional notions of fair play and substantial

justice."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, (1985); *see also Johnston v.*

*Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quotation omitted).

Plaintiffs must establish either general or specific jurisdiction.  *Panda Brandywine Corp.*

*v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (citation omitted).   General

jurisdiction refers to a suit that does not arise from the nonresident defendant's contacts with the

forum, and may only be asserted over nonresident defendants who maintain "continuous and

systematic" contacts with the forum state.  *Helicopteros*, 466 U.S. at 415.  The continuous and

systematic test for general jurisdiction "is a difficult one to meet, requiring extensive contacts

between a defendant and a forum."  *Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.*,

249 F.3d 413, 419 (5th Cir. 2001) (citation omitted).

3

Proving specific jurisdiction requires plaintiffs to establish that each claim arises out of or relates to the defendant's contacts with the forum state. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) (requiring that specific jurisdiction exist with respect to "each claim"); *accord Moncrief Oil Intern. Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013) (analyzing specific jurisdiction on a "claim-by-claim basis"). When analyzing specific jurisdiction, a court's exclusive focus is on the defendant's contacts with the forum state that are specific to the cause of action, not on the plaintiff's contacts or the defendant's contacts which are unrelated to the cause of action. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### B.      Plaintiff Bears the Initial Burden of Proof.

"When a district court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must make a *prima facie* showing of jurisdiction." *Lonestar Livestock Equip. Co. Inc. v. Southern Livestock Sys., LLC*, 2015 WL 3756501, at *2 (S.D. Tex. Jun. 16, 2015). The initial burden is on the plaintiff to establish jurisdiction, not on the defendant to refute it. *Michiana Easy Liniv' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Only where a plaintiff makes the requisite *prima facie* showing does the burden then shift to the nonresident defendant to negate the second prong of the due-process test by showing "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615. Courts consider non-conclusory, uncontroverted allegations in the complaint as well as the entire contents of the record, including affidavits. *Lonestar*, 2015 WL 3756501, at *2.

### IV.      ARGUMENT AND AUTHORITIES

As set forth below, the Original Petition fails to plausibly allege that personal jurisdiction, specific or general, exists over Burns or Reeves with respect to the claims. It does not appear that Magnolia Plaintiffs intend to assert that this Court has general jurisdiction over Burns or Reeves (and if they do, their allegations are woefully insufficient). As to specific

4

jurisdiction, it is not enough to conclusory plead defendants committed torts in Texas or that other defendants committed torts in Texas. Rather, Magnolia Plaintiffs must plead that ***Burns and Reeves*, individually, committed specific tortious acts in Texas**. *See Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 793 (5th Cir. 2007) (pleadings against defendants collectively are insufficient); *Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) (same).

### A.      *The Court lacks general jurisdiction over Defendants Burns and Reeves.*

A court cannot exercise general jurisdiction over a nonresident defendant unless the nonresident defendant has contacts with the forum state that are so continuous and systematic as to render the nonresident defendant essentially "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014).  No basis exists in the present case to exercise general jurisdiction over Burns and Reeves because they do have not have continuous or systematic contacts that render them at home in Texas.

Burns is a citizen of Canada and resides in Ontario, Canada.  Pet. at ¶ 13; Exhibit A, Burns Declaration at ¶¶ 1, 2.  Burns does not work in Texas.  *Id.* at ¶ 4.  Burns does not own real or personal property in Texas or pay taxes in Texas. *Id.* Burns does not maintain any mailing addresses, phone numbers, bank accounts, or insurance policies in the forum state.  *Id*.  Burns has not consented to jurisdiction in Texas.

As Magnolia Plaintiffs acknowledge, Reeves is an individual residing in Alberta, Canada. Pet. at ¶ 15; Exhibit B, Reeves Declaration at ¶¶ 1, 2.  Reeves does not work in Texas.  *Id*. at ¶ 4. Reeves does not own real or personal property in Texas or pay taxes in Texas. *Id.* Reeves does not maintain any mailing addresses, phone numbers, bank accounts, or insurance policies in the forum state.  *Id*.  Reeves has only traveled to Texas on one occasion, which was a business trip on

November 17, 2021, and the trip's purpose was unrelated to the allegations in this matter. *Id*. at ¶ 5.  Reeves has not consented to jurisdiction in Texas.

This Court does not have general jurisdiction over Burns or Reeves on these facts. *See Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, No. CIV.A. H-10-1708, 2012 WL 590926, at \*4 (S.D. Tex. Feb. 22, 2012) (Rosenthal, C.J.) (holding that a nonresident defendant's contacts with Texas were not sufficient to justify the exercise of general jurisdiction where the defendant did not "have offices, bank accounts, employees, or business records in Texas; [did] not own real property in Texas; [did] not regularly travel to Texas for business; [did] not regularly solicit business in Texas; and [did] not derive substantial revenue from services rendered in this state.").

**B.     This Court lacks specific jurisdiction over Defendants Burns and Reeves.**

The Original Petition also fails to establish that this Court has specific jurisdiction over Burns and Reeves.  Specific jurisdiction is claim-specific.  *Daimler*, 134 S. Ct. at 754–55.  It "focuses on the relationship among the defendant, the forum, and the litigation" and requires "the defendant's suit-related conduct [to] create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).  No basis exists in the present case to exercise specific jurisdiction over Burns and Reeves, and Magnolia Plaintiffs' conclusory allegations fail to establish specific personal jurisdiction.

**i.        There is no specific jurisdiction over Burns.**

Burns is named in two claims—for negligence against the Starrex Directors and conspiracy—and there is no specific allegation of jurisdiction over Burns.  Magnolia Plaintiffs generally plead that jurisdiction is appropriate against "all Defendants" because Defendants' "contacts with Texas arise from the same nucleus of operative facts giving rise to this litigation regarding misappropriation of trade secrets and corporate opportunities belonging to Texas

6

entities" and because Defendants "recruited [Defendant Laurie] Cooper for employment and conspired to misappropriate trade secrets from Texas companies." Pet. at ¶¶ 35, 36; *see also id.* at ¶ 38. Magnolia Plaintiffs have not, however, pled a cause of action for misappropriation of trade secrets or usurpation of corporate opportunities against Burns. Rather, Magnolia Plaintiffs plead just two causes of action against Burns, for (1) the alleged negligence of Starrex's Directors (Claim No. 2), and (2) conspiracy (Claim No. 8). *See* Pet. at ¶¶ 347–54 (alleging negligence of the Starrex Directors); ¶¶ 437–40 (alleging conspiracy against "All Defendants"). They have, however, failed to plead that Burns *himself* committed any tort in whole or in part in Texas, as required to establish specific jurisdiction in these circumstances.

As stated above, **every** factual allegation in the Original Petition related to Burns individually *relates solely to his titles* within Starrex. *See e.g.* Pet. at ¶¶ 13, 42, 44, 291, 348-351. However, "an individual's status as an officer, director, or majority shareholder of a corporation alone is insufficient to support the exercise of personal jurisdiction." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 483 (E.D. Tex. 2019) (citing *ACS Partners, LLC v. GFI Management Services, Inc.*, Civil Action No. H-15-1111, 2015 WL 9319235, at *2 (S.D. Tex. Dec. 23, 2015).

Magnolia Plaintiffs include Burns in the negligence claim leveled against the Starrex Directors, but they fail to allege a single fact about Burns' involvement in the alleged negligence. Pet. at ¶¶ 347–354. Instead, Magnolia Plaintiffs make conclusory allegations against the "Directors" of Starrex. *See id.* Magnolia Plaintiffs further fail to allege any negligent acts of Burns that occurred in Texas. *See id.*

7

Magnolia Plaintiffs also fail to allege any facts about Burns' alleged participation in such a conspiracy. Pet. at ¶¶ 437–440. An allegation of conspiracy with a Texas resident does not establish jurisdiction under the Texas long-arm statute. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995) ("we decline to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state."). Rather, "the precise act giving rise to the tort" must be alleged to have occurred in Texas. *M & F Worldwide*, 512 S.W.3d at 887, *cited by Nguyen v. Phu Nguyen*, No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020). And that act must have been taken by the ***specific defendant***. Allegations against other co-conspirators cannot be imputed to other defendants for jurisdictional purposes. "Allegations of conspiracy will not establish a prima facie case of personal jurisdiction; a plaintiff must show that each defendant individually, and not as part of a conspiracy, purposely established minimum contacts with Texas that would satisfy due process." *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 539 (S.D. Tex. 2017) (Harmon, M.J.). Therefore, allegations against other co-conspirators cannot suffice to establish jurisdiction over Burns, and Magnolia Plaintiffs have failed to make any allegations showing that Burns took any actions in Texas.

### ii.     There is no specific jurisdiction over Reeves.

As mentioned above, Magnolia Plaintiffs generally plead that jurisdiction is appropriate against "all Defendants" because Defendants' "contacts with Texas arise from the same nucleus of operative facts giving rise to this litigation regarding misappropriation of trade secrets and corporate opportunities belonging to Texas entities" and because Defendants "recruited Cooper for employment and conspired to misappropriate trade secrets from Texas companies." Pet. at ¶¶ 35, 36; *see also id.* at ¶ 38. Magnolia Plaintiffs have not, however, pled a cause of action for misappropriation of trade secrets or usurpation of corporate opportunities against Reeves. Instead,

8

15581989

Magnolia Plaintiffs have pled causes of action against Reeves for negligence as a Starrex Officer and Director, breach of contract, breach of fiduciary duty, fraud based on common law forgery, violations of security laws, and conspiracy. *See* Pet. at ¶¶ 340–46 (alleging negligence of Starrex Officers); ¶¶ 347–54 (alleging negligence of the Starrex Directors); ¶¶361–367 (alleging breach of contract of the Master Services Agreement ("MSA") between Magnolia Plaintiffs and Starrex), ¶¶ 368–71 (alleging breach of fiduciary duty); ¶¶ 372–81 (alleging fraud based on common law forgery); ¶¶ 431–36 (alleging violations of securities laws); ¶¶ 437–40 (alleging conspiracy against "All Defendants"). To establish specific jurisdiction regarding these causes of action, Magnolia Plaintiffs are required to plead that Reeves *himself* (rather than another defendant) committed (rather than attempted to commit) a tort in whole or in part in Texas, which they have failed to do.

Magnolia Plaintiffs' factual allegations against Reeves pertain to (1) his role and title within Starrex; (2) his alleged attempt to get Magnolia Plaintiffs to sign amended and restated promissory notes (*see* Original Petition at ¶¶ 133–148); and (3) his alleged signature and certification on Starrex filings made with the Canadian National Stock Exchange and through the SEDAR system for the Canadian Securities Administrators and Alberta Securities Commission (*see* Original Petition at Section I).

First, Reeves' alleged position as General Counsel, an Officer, and a Director of Starrex fails to establish personal jurisdiction because Reeves' status as an officer or director of Starrex is insufficient to support the exercise of personal jurisdiction. *See Cunningham*, 359 F. Supp. 3d at 483.

Second, Magnolia Plaintiffs' vague and conclusory factual allegations against Reeves related to the alleged attempt to get certain individuals associated with Magnolia Plaintiffs to sign amended and restated promissory notes do not suffice to establish jurisdiction over Reeves. Magnolia

9

Plaintiffs make conclusory allegations that Reeves (1) was *copied* on emails that Defendant Young sent to Mr. Fulkerson (an individual associated with Magnolia Plaintiffs) in Texas, *see* Pet. at ¶¶ 133–148; (2) that Reeves "wanted" Magnolia Plaintiffs to sign the amended and restated promissory notes, *see id*.; and (3) that Reeves sent an "Amending Letter Agreement to Plaintiff Magness," which "Magness refused to sign" and which Reeves later cancelled, *id.* at ¶ 155. Taking all of the alleged facts as true (which Reeves disputes), they do not establish personal jurisdiction.

The fact that Reeves was allegedly copied on emails regarding an alleged attempt to have the amended and restated promissory notes signed in Texas is insufficient to establish jurisdiction. Even as alleged, Reeves did not commit a tort—according to Magnolia Plaintiffs, he merely *tried* to commit a tort. As Magnolia Plaintiffs admit in their Original Petition, the alleged fraud was unsuccessful; they did not rely on any statements made in these emails and did not sign the amended promissory notes. Pet. at ¶¶ 133–148. In particular, Magnolia Plaintiffs plead that "[t]he ruse was transparent" and "Fulkerson and others begin to realize that this was a lame attempt at ratification," pleadings that establish non-reliance. *Id*. at ¶¶ 141, 146. They also specifically plead that they did not sign the amended notes, which further demonstrates lack of reliance and also a lack of any injury. *Id*. at 144. Moreover, when a non-resident communicates via telephone or email with a resident, those actions do not establish personal jurisdiction over the non-resident unless the tort actually occurs in those conversations. *See, e.g., Moncrief Oil*, 481 F.3d at 314.

As the Court knows, the elements of common-law fraud include reliance and injury. *See, e.g., Williams v. WMX Techs., Inc*., 112 F.3d 175, 177 (5th Cir. 1997); *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 930 (Tex. 1996). Magnolia Plaintiffs' pleadings establish that they did not rely on any statements made by Reeves and that they suffered no injury because they did not sign the amended promissory notes as requested.

Third, Magnolia Plaintiffs allege that Reeves signed and certified Starrex documents filed with the Canadian National Stock Exchange and through the SEDAR system for the Canadian Securities Administrators and Alberta Securities Commission (*see* Original Petition at Section I). However, there are no allegations that Reeves signed or made any certifications in the state of Texas or committed any tort in the state of Texas related to Starrex's Canadian securities filings.

In every cause of action pled against Reeves (including claims for (1) the alleged negligence of Starrex's Officers and Directors, (2), breach of contract (a contract that Reeves is not a party to), (3) breach of fiduciary duty, (4) fraud based on common law forgery, (5) violations of security laws, and (6) conspiracy),[2] Magnolia Plaintiffs have failed to plead that Reeves *himself* committed any tort in whole or in part in Texas, as required to establish specific jurisdiction in these circumstances. Instead, Magnolia Plaintiffs' allegations against Reeves are conclusory in nature.

For example, Magnolia Plaintiffs allege "negligence of Starrex Officers and Directors" against Reeves, but they fail to allege a single fact related specifically to Reeves' alleged negligence, including any negligent acts of Reeves that occurred in Texas. Pet. at ¶¶ 347–354. Reeves status as an Officer or Director is not enough to establish personal jurisdiction of this Court. *See Cunningham*, 359 F. Supp. 3d at 483.

Similarly, Magnolia Plaintiffs allege that Reeves breached the MSA (a contract which he is not a party to), but provided no specific acts that Reeves undertook in Texas related to the formation of the contract or the alleged breach that would serve as the basis for this Court's jurisdiction. Pet. at ¶¶361–367. *See Cunningham*, 359 F. Supp. 3d at 483 (holding that the execution of contracts between corporations cannot establish personal jurisdiction over individual defendants). Texas law

---

[2]*See* Original Petition at ¶¶ 340–46 (alleging negligence of Starrex Officers); ¶¶ 347– 54 (alleging negligence of Starrex Directors); ¶¶ 361– 67 (alleging breach of contract); ¶¶ 368– 71 (alleging breach of fiduciary duty); ¶¶ 372-81 (alleging common law forgery); ¶¶ 431-36 (alleging violations of security laws); ¶¶ 437–40 (alleging conspiracy against "All Defendants")

11

15581989

makes clear that a person involved in entering or executing a contract on behalf of a corporation is not considered a party to the contract individually and cannot be subject to jurisdiction based on actions it has taken on behalf of the company. *Wolf v. Summers-Wood, L.P.*, 214 S.W.3d 783, 792 (Tex. App.—Dallas 2007, no pet.); *see also Hotel Partners v. Craig,* 993 S.W.2d 116, 121 (Tex. App.—Dallas 1994, pet. denied) ("When an agent arrives in Texas to represent his principal, only the principal is doing business in Texas."). Accordingly, Magnolia Plaintiffs have failed to allege sufficient facts that would establish personal jurisdiction of this Court over a breach of contract claim against Reeves as an individual defendant.

For the Court to have jurisdiction over a defendant of a fraud claim, Magnolia Plaintiffs must allege "intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* There are no allegations in the Original Petition regarding intentional conduct by Reeves, let alone by Reeves within Texas. Pet. ¶¶ 372–81. Accordingly, Magnolia Plaintiffs have not established this personal jurisdiction over Reeves regarding the fraud claim.

To establish personal jurisdiction with respect to a violation of securities law claim, Magnolia Plaintiffs must allege that Reeves engaged in the requisite minimum contacts with the United States to support the Court's jurisdiction over him. *McNamara v. Bre-X Minerals Ltd.*, 46 F. Supp. 2d 628, 633 (E.D. Tex. 1999). "Due process requirements are satisfied if the foreign defendants either have engaged in continuous and systematic activities in the United States or if they have purposefully directed their activities at residents of the United States and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quotations omitted).

12

Here, Magnolia Plaintiffs only allege that Reeves falsified financial documents and incorporated them into official filings in Canada, which were passed through exemptions present in SEC regulations. Pet. ¶¶ 431–36. As Plaintiffs admit, Reeves filed the allegedly false financials in Canada, not in the United States and not in Texas. *Id.* Further, there are no allegations to establish a *prima facie* showing that Reeves directed activities at residents of the United States, or that the present "securities fraud action arose out of [the] allegedly fraudulent filings." *McNamara*, 46 F. Supp. 2d at 635. Accordingly, because Magnolia Plaintiffs have failed to allege facts to support Reeves' continuous and systematic activities in the United States, or to support a contention that Reeves purposefully directed activities at residents of the United States and the present litigation results from alleged injuries that arise out of those activities, they have failed to establish personal jurisdiction of this Court over the violation of securities law claim against Reeves.

Magnolia Plaintiffs also allege a claim of conspiracy against Reeves but fail to allege any facts about Reeves' alleged participation in such a conspiracy. Pet. at ¶¶ 437–440. Jurisdiction is not established without a showing that Reeves ***individually*** purposely established minimum contacts with Texas. *Bar Group, LLC*, 215 F. Supp. 3d at 539. In fact, "the precise act giving rise to the tort" must be alleged to have occurred in Texas. *M & F Worldwide*, 512 S.W.3d at 887. And that act must have been taken by the ***specific defendant***. The Original Petition is conclusory and does not establish jurisdiction over Reeves.

### C. *Asserting jurisdiction over Burns and Reeves is not fair and reasonable.*

Even if Burns or Reeves have minimum contacts with Texas—which they do not— exercising jurisdiction over Burns and Reeves does not comport with "traditional notions of fair play and substantial justice." *See, e.g., Burger King Corp.*, 471 U.S. at 472. When considering jurisdiction over a non-U.S. party, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the

13

long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty*., 480 U.S. 102, 114, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987); *see also Johnston v. Multidata Sys. Intern. Corp*., 523 F.3d 602, 615 (5th Cir. 2008). In the present lawsuit, there is not a single allegation of acts that either Burns or Reeves took in the state of Texas related to any of the causes of action asserted against them. Because Magnolia Plaintiffs have failed to make a *prima facie* showing that the Court has personal jurisdiction over Burns and Reeves, it is neither fair nor reasonable to subject them to the jurisdiction of this Court.

## V.    CONCLUSION

Magnolia Plaintiffs have not sufficiently alleged, and cannot prove, specific or general jurisdiction over Defendants Burns and Reeves in this Court.  Defendants Burns and Reeves respectfully request that the Court grant this Motion and dismiss Magnolia Plaintiffs' claims against them for lack of jurisdiction.

Dated: October 28, 2024.

Respectfully submitted,

By: */s/ Eric D. Wade*
    Eric D. Wade
    ***Attorney in Charge***
    State Bar No. 00794802
    Federal Bar ID: 21401
    Stephen Lee
    State Bar No. 791092
    Federal Bar ID: 18313
    Mary Anna H. Rutledge
    State Bar No. 24096149
    Federal Bar ID: 3399718
    Nabeela Arshi
    State Bar No. 24134422
    Federal Bar ID: 3872081
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, TX  77002-6336
    Telephone: 713-226-6655

14

15581989

Facsimile:  713-226-6255

EWade@porterhedges.com
SLee@porterhedges.com
MRutledge@porterhedges.com
NArshi@porterhedges.com

**ATTORNEYS FOR DEFENDANTS
CHARLES BURNS, P. GARRETT CLAYTON,
MATTHEW D. HILL, DEBBIE MERRITT,
AND SCOTT M. REEVES**

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF.

Simon W. Hendershot, III
Ian F. McNeil
Philip D. Racusin
**HENDERSHOT COWARD P.C.**
1800 Bering Drive, Suite 600
Houston, TX 77057
Trey@hchlawyers.com
IMcNeil@hchlawyers.com
Pracusin@hchlawyers.com

**ATTORNEYS FOR MAGNOLIA PLAINTIFFS**

Steven C. Earl
James E. Graham
**STILWELL, EARL & APOSTOLAKIS, LLP**
128 Vision Park Blvd., Suite 140
Shenandoah, Texas 77384
steven@woodlandstxlawfirm.com
jim@woodlandstxlawfirm.com

**ATTORNEYS FOR DEFENDANTS, STARREX TITLE FLORIDA, LLC, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, BRIAN A. BREWER AND LAURIE COOPER**

Michelle E. Gray
**FOGLER BRAR O'NEIL GRAY, LLP**
2 Houston Center
909 Fanin, Suite 1640
Houston, TX 77010
Mgray@foglerbrar.com

**ATTORNEY FOR DEFENDANT TINGLEMERRETT, LLP**

Fields Alexander
Amy Parker Beeson
Katie Sorenson
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010
falexander@beckredden.com
abeeson@beckredden.com
ksorenson@beckredden.com

**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON**

*/s/ Mary Anna H. Rutledge*
Mary Anna H. Rutledge

16

15581989