**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-CV-2767 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A/ DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER | § § § § § § § § § § § § § § | |
| Defendants. | § § § | |

**DEFENDANTS CHARLES BURNS, P. GARRETT CLAYTON, MATTHEW D. HILL, DEBBIE MERRITT, AND SCOTT M. REEVES' MOTION TO DISMISS CLAIMS IN PLAINTIFFS' ORIGINAL PETITION, PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

15583108

## <u>TABLE OF CONTENTS</u>

Table of Authorities ..................................................................................................... iii

I.     NATURE AND STAGE OF THE PROCEEDING ................................................... 1

II.     SUMMARY OF THE ARGUMENTS ................................................................ 2

III.    ARGUMENT ............................................................................................. 5

     A.      The Legal Standard. ........................................................................ 5

     B.      The negligence claim against the Starrex Officers fails for absence of an independent duty owed to Magnolia Plaintiffs. ..........................................6

     C.      The negligence claim against the Starrex Directors fails for the absence of an independent duty owed to Magnolia Plaintiffs. ...................................9

     D.      The fraud-based claims are not sufficiently pled under Rule 9(b).......................10

         a.      There or no plausible allegations of facts, nor are facts pled with specificity, to support elements of a fraud by non-disclosure. ................. 10

         b.      Fraud based on common law forgery is not a proper civil claim under Texas law. ................................................................................ 12

     E.      Magnolia Plaintiffs' fail to state a claim for breach of contract against Hill, Merritt, and Reeves. ..........................................................................13

     F.      Magnolia Plaintiffs fail to plausibly allege that Hill, Reeves, and Merritt owe them fiduciary duties. ....................................................................14

     G.      The claim for tortious interference against Hill and Merritt fails to allege facts to support the required elements under Texas law. .......................16

     H.      The claim for conversion against Merritt should be dismissed for failure to allege facts necessary to support the claim. ..........................................17

     I.      The TUTSA claim should be dismissed for failure to identify any trade secrets or how they were used by Defendants Merritt and Hill.............................18

     J.      Magnolia Plaintiffs do not allege specific facts to support their claim for unjust enrichment and fail to meet the pleading standard.....................................19

     K.      Magnolia Companies do not allege specific facts to support their claim for common law misappropriation. ............................................................20

     L.      Magnolia Plaintiffs do not allege specific facts to support their claim for violation of the Lanham Act. ..............................................................21

i

M.    Magnolia Plaintiffs' claim for business disparagement should be dismissed because there are no allegations regarding malice...................................21

N.    Violations of Securities Law..................................................................................22

    a.    Magnolia Plaintiffs do not have standing to assert violations of securities law against Defendants Hill, Merritt, and Reeves. ..................................... 22

    b.    Magnolia Plaintiffs' securities law claim does not meet the heightened standard for securities claims alleging fraud. ........................................... 23

O.    Magnolia Plaintiffs do not allege facts to support their claim for conspiracy. ..................................................................................................24

IV.  CONCLUSION AND PRAYER ......................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1776 Energy Partners, LLC v. Marathon Oil EF, LLC*,
2023 WL 2669669 (Tex. App.—San Antonio Mar. 29, 2023, no pet.)...................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................5, 6, 19, 20

*Barclay v. Johnson*,
686 S.W.2d 334 (Tex. App.—Houston [1st Dist.] 1985, no writ)..........................................14

*Bates Energy Oil & Gas v. Complete Oilfield Services*,
361 F. Supp. 3d 633 (W.D. Tex. 2019)............................................................................3, 15

*Beardmore v. Jacobsen*,
131 F. Supp. 3d 656 (S.D. Tex. 2015) ...................................................................................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................5, 18, 24, 25

*U.S. ex rel. Bennett v. Medtronic, Inc.*,
747 F. Supp. 2d 745 (S.D. Tex. 2010) (Rosenthal, J.).............................................................10

*Blue Chip Stamps v. Manor Drug Stores*,
421 U.S. 723 (1975)................................................................................................................22

*Carson v. Dynegy, Inc.*,
344 F.3d 446 (5th Cir.2003) ...................................................................................................18

*Choctaw Constr. Services LLC v. Rail-Life R.R. Services, LLC*,
617 S.W.3d 143 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ..........................................22

*Cohen v. Tour Partners, Ltd.*,
2017 WL 1528776 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.)........................20

*Cole v. C.R. Bard, Inc.*,
No. 4:20-CV-01630, 2021 WL 784661, at *5 (S.D. Tex. Feb. 11, 2021), report
and recommendation adopted, No. 4:20-CV-01630, 2021 WL 784136 (S.D.
Tex. Feb. 26, 2021). ...............................................................................................................10

*Comcast Corp. v. Houston Baseball Partners LLC*,
627 S.W.3d 398 (Tex. App.—Houston [14th Dist.] 2021)....................................................11

*Davis v. Texas Farm Bur. Ins.*,
470 S.W.3d 97 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ............................................14

*Entm't Mktg. & Mgmt., Ltd. v. Fontenot*,
    No. CV H-24-1461, 2024 WL 3243487 (S.D. Tex. June 26, 2024) (Lake, S.) ......................12

*Exxon Mobil Corp. v. Rincones*,
    520 S.W.3d 572 (Tex. 2017)...............................................................................................16

*Freezia v. IS Storage Venture, LLC*,
    474 S.W.3d 379 (Tex. App.—Houston [14th Dist.] 2015, no pet.).......................................18

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ...............................................................................................8

*U.S. ex rel. Grubbs v. Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) ..............................................................................................24

*Hamilton v. Pechacek*,
    319 S.W.3d 801 (Tex. App.—Fort Worth 2010, no pet.) ......................................................13

*Heldenfels Bros., Inc. v. City of Corpus Christi*,
    832 S.W.2d 39 (Tex. 1992)..................................................................................................19

*Holland v. Gexa Corp.*,
    161 F. App'x 364 (5th Cir. 2005) ....................................................................................22, 23

*Holloway v. Skinner*,
    898 S.W.2d 793 (Tex.1995)..............................................................................................4, 17

*Humble Sand & Gravel, Inc. v. Gomez*,
    146 S.W.3d 170 (Tex. 2004)..................................................................................................7

*ICI Constr., Inc. v. Hufcor, Inc.*,
    2023 WL 2392738 (S.D. Tex. Mar. 7, 2023).........................................................................14

*Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*,
    537 F.3d 527 (5th Cir. 2008) ..............................................................................................23

*Ingalls v. Edgewater Priv. Equity Fund III, L.P.*,
    CIV.A. H-05-1392, 2005 WL 2647962 (S.D. Tex. Oct. 17, 2005) (Ellison, J.).....................15

*Kaddouri v. Merrill Lynch, Pierce, Fenner & Smith*,
    No. CIV.A. 304CV1456B, 2005 WL 283582 (N.D. Tex. Feb. 4, 2005)...........................10, 11

*Kinkler v. Jurica*,
    19 S.W. 359 (Tex. 1892).....................................................................................................14

*Leitch v. Hornsby*,
    935 S.W.2d 114 (Tex. 1996)..........................................................................................3, 7, 8, 9

iv

*Lesikar v. Rappeport*,
33 S.W.3d 282 (Tex. App.—Texarkana 2000, pet. denied) ...................................................10

*Mathis v. DCR Mortgage III Sub, I, LLC*,
952 F.Supp.2d 828 (W.D.Tex.2013)...................................................................................13

*Matta v. May*,
888 F. Supp. 808 (S.D. Tex. 1995) ..............................................................................5, 22

*Meadows v. Hartford Life*
Ins. Co., 492 F.3d 634, 640 (5th Cir. 2007).....................................................................24

*Nabors Drilling, US.A., Inc. v. Escoto*,
288 S.W.3d 401 (Tex. 2009)..............................................................................................6

*Neiman v. Bulmahn*,
854 F.3d 741 (5th Cir. 2017) .........................................................................................5, 6

*Palmer v. Wal-Mart Stores, Inc.*,
65 F. Supp. 2d 564 (S.D. Tex. 1999) .................................................................................8

*Penthol, LLC v. Vertex Energy Operating, LLC*,
No. 4:21-CV-416, 2024 WL 987568 (S.D. Tex. Mar. 7, 2024), amended, No.
4:21-CV-416, 2024 WL 3166936 (S.D. Tex. June 25, 2024)...............................................18

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
307 F. Supp. 3d 583 (S.D. Tex. 2018), aff'd on other grounds sub nom ...............................23

*Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*,
777 Fed. Appx. 726 (5th Cir. 2019)...................................................................................23

*Prindle v. Lewis*,
No. 3:10–CV–1217–B–BK, 2010 WL 4628077 (N.D. Tex. Oct. 8, 2010) ...........................13

*R.P. Small Corp. v. Land Dep't, Inc.*,
505 F. Supp. 3d 681 (S.D. Tex. 2020) (Miller, G.H.)..........................................................15

*Rodriguez v. Neeley*,
169 F.3d 220 (5th Cir. 1999) ...........................................................................................24

*Sanderson v. Allstate Fire & Cas. Ins. Co.*,
No, CV H-22-3536, 2023 WL 417478 (S.D. Tex. Jan. 25, 2023) (Rosenthal,
J.)................................................................................................................................10, 12

*Seale v. Baker*,
7 S.W. 742 (Tex. 1888)....................................................................................................14

v

*Shtaif v. Shoss*,
  No. CV H-06-2305, 2007 WL 9752787 (S.D. Tex. Feb. 12, 2007) ........................................22

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
  125 F.3d 899 (5th Cir. 1997) .........................................................................................10

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
  273 F. Supp. 3d 650 (N.D. Tex. 2017) ................................................................................23

*Tri v. J.T.T.*,
  162 S.W.3d 552 (Tex. 2005)...........................................................................................7, 8

*Van Duzer v. U.S. Bank Nat. Ass'n*,
  995 F. Supp. 2d 673 (S.D. Tex. 2014), aff'd, 582 Fed. Appx. 279 (5th Cir.
  2014) .........................................................................................................................3, 13

*Vertex Services, LLC v. Oceanwide Houston, Inc.*,
  583 S.W.3d 841 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ..........................................20

*Viacom Int'l v. IJR Capital Investments, L.L.C.*,
  891 F.3d 178 (5th Cir. 2018) .........................................................................................21

*Western lnvs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) .........................................................6

*Zhu v. Lam*,
  426 S.W.3d 333 (Tex. App.—Houston [14th Dist.] 2014, no pet.)........................................15

**Statutes**

15 U.S.C. § 78u-4(b)........................................................................................................5

15 U.S.C. § 78u-4(b)(1)......................................................................................................6

15 U.S.C. § 78u-4(b)(2)(A)...................................................................................................6

15 U.S.C. § 1114(1)...........................................................................................................21

Lanham Act......................................................................................................................4, 21

Private Securities Litigation Reform Act.............................................................................5

Private Securities Litigation Reform Act.............................................................................5

PSLRA .....................................................................................................................23, 24, 25

Sarbanes-Oxley Act of 2002.............................................................................................22

Securities Exchange Act of 1934......................................................................................22

15583108

TEX. CIV. P. AND REMEDIES CODE §16.103 ..................................................................20

TEXAS PENAL CODE § 32.21 ........................................................................................13

TEXAS UNIFORM TRADE SECRETS ACT ............................................................................4

Under the Lanham Act ..............................................................................................21

**Other Authorities**

FED. R. CIV. P. § 8(a) ..........................................................................................5, 15

FED. R. CIV. P. § 8(a)(2) .............................................................................................5

FED. R. CIV. P. § 9(b) ........................................................3, 5, 10, 12, 15, 24, 25

FED. R. CIV. P. § 10(b) .............................................................................................22

FED. R. CIV. P. § 10(b)(5) ........................................................................................22

FED. R. CIV. P. § 12(b)(2) .....................................................................................1, 5

FED. R. CIV. P. § 12(b)(6) ................................................................1, 3, 5, 6, 13, 25

15583108

Defendants P. Garrett Clayton ("Clayton"), Matthew D. Hill ("Hill"), and Debbie Merritt a/k/a Deborah Merritt ("Merritt") file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all of Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC's (the "Magnolia Plaintiffs") claims against them.[1]  Defendants Charles Burns ("Burns") and Scott M. Reeves ("Reeves") join in this Motion subject to and without waiver of their objection to this Court's exercise of personal jurisdiction as set forth in their Rule 12(b)(2) Motion filed on October 28, 2024 (Docket No. 019) (Defendants Clayton, Hill, Merritt, Burns, and Reeves collectively referred to herein as the "Defendants"). Defendants are the officers and directors of Starrex International Ltd, a Canadian public company, and are referred to as the Starrex Officers and Directors.

## I.      NATURE AND STAGE OF THE PROCEEDING

1.      The original dispute between the Parties began when Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd. And Magnolia Title Florida, LLC (collectively, the "Original Defendants" or the "Magnolia Entities") failed to repay almost $5,000,000 in borrowed funds—$4,000,000 memorialized in promissory notes and promissory note security agreements, and the remaining amount loaned with the clear expectation and promise of repayment—owed to Starrex International Ltd., Starrex Insurance Holdings, Inc., Starrex Holdings, Inc. and Starrex Insurance Services, Inc. (collectively, "Starrex").  Starrex sued the Magnolia Entities to collect the debt in Texas state court (the "State Court Action").[2]

2.      The Magnolia Entities alleged that the promissory notes and promissory note security agreements at issue in the State Court Action bear "forged" signatures of the Magnolia

---

[1] The Defendants agreed to waive service of process in exchange for an agreed deadline to respond to Plaintiffs' removed state court petition by November 1, 2024.

[2] Cause No. 2023-85306, currently pending in the 11th Judicial District Court in Harris County, Texas.

Entities' manager, John Magness.   In response, Starrex produced text messages from John Magness in which he authorized Debbie Merritt to affix his signature on the promissory notes and informed the Magnolia Entities' counsel that John Magness signed the promissory note security agreements in Starrex's offices.

3.      The Magnolia Entities then changed their story and admitted that the promissory note security agreements were in fact "wet signed" by John Magness, not "forged." Discovery responses in the State Court Action stated that John Magness "does not recall" authorizing his signature and he could not verify the authenticity of the text message authorizing his signature. The Magnolia Entities also stated that Mr. Magness deletes his text messages each day, so he does not have copies of any text messages.   The Magnolia Entities have further departed from the original allegation of forgery to claim that John Magness could not have signed the promissory notes due to a letter agreement among the Magnolia Entity members—the owners of the Magnolia Entities.   Nevertheless, despite admitting that the notes were not forged, the Magnolia Entities based their Petition before this Court on a false claim of forgery.

4.      Plaintiffs Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., Magnolia Title Florida, LLC, The Peabody Bulldog, LLC, and John Magness[3] filed their Petition in the 11th Judicial District of Harris County, Texas (Cause No. 2024-34589) (the "Original Petition").   The Original Petition was removed to this Court on July 25, 2024.   The case is scheduled for an Initial Pretrial Conference on December 12, 2024 at 1:30 p.m.

## II.      SUMMARY OF THE ARGUMENTS

5.      Defendants disagree with Magnolia Plaintiffs' factual allegations. However, the factual allegations viewed in the light most favorable to Magnolia Plaintiffs as required under the

---

[3] The Peabody Bulldog, LLC and John Magness are also Plaintiffs in this case but did not bring claims against Defendants Clayton, Hill, Merritt, Burns, and Reeves.

15583108

Rule 12(b)(6) fail to sufficiently allege facts supporting claims for which the Court may grant relief. Magnolia Plaintiffs' causes of actions against Defendants are meritless, based on conclusory statements, and should be dismissed.

6.     Magnolia Plaintiffs' claims for negligence and breach of fiduciary duty against Starrex's Officers and Directors should be dismissed because Magnolia Plaintiffs have not alleged an independent duty owed by those individuals to any Plaintiff. Under Texas law, a showing of an independent duty owed to the plaintiff is required to hold individual employees personally liable for negligence causes of action apart from their employers. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Similarly, such a showing is required to determine a defendant's liability for a breach of fiduciary duty claim. *Bates Energy Oil & Gas v. Complete Oilfield Services*, 361 F. Supp. 3d 633, 674–75 (W.D. Tex. 2019).

7.     Magnolia Plaintiffs' fraud-based claims against the Starrex Officers and Directors should be dismissed because the claims are not properly or sufficiently pled under Federal Rule of Civil Procedure 9(b). Magnolia Plaintiffs' claim for fraud based on common law forgery should be dismissed because under Texas law, forgery is not a civil cause of action, and there is no recognized private right of action under the Texas forgery criminal statute. *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 699–700 (S.D. Tex. 2014), aff'd, 582 Fed. Appx. 279 (5th Cir. 2014).

8.     Magnolia Plaintiffs' claim for breach of contract should be dismissed because Plaintiffs do not allege facts to sufficiently show how the Starrex Officers and Directors can be held liable for the breach of a contract that they were not parties to.

9.     Magnolia Plaintiffs' claim for tortious interference should be dismissed because Plaintiffs fail to allege facts to show that the Starrex Officers and Directors acted contrary to

15583108

Starrex's best interests such that their actions could only have been motivated by personal interests, as is required under Texas law. *Holloway v. Skinner*, 898 S.W.2d 793, 795-796 (Tex.1995).

10.     Magnolia Plaintiffs' claim for conversion against Merritt should be dismissed because Plaintiffs do not allege critical elements of the claim, namely which property Merritt unlawfully exercised control over, or any facts to show that she refused Magnolia Plaintiffs' demand for return of such property.

11.     Magnolia Plaintiffs' claim for violation of the Texas Uniform Trade Secrets Act ("TUTSA") should be dismissed because Plaintiffs fail to specifically identify a trade secret that was taken by a Starrex officer or director, or how it was used without authorization.

12.     Magnolia Plaintiffs' claim for unjust enrichment should be dismissed because there are no specific allegations of what benefit was obtained, or how such benefit was obtained based on fraud or other wrongful actions.

13.     Magnolia Plaintiffs' claims for common law misappropriation, violation of the Lanham Act, and conspiracy should be dismissed because Plaintiffs fail to make any specific allegations regarding these claims.

14.     Magnolia Plaintiffs' claim for business disparagement should be dismissed because Plaintiffs fail to allege facts showing that false and disparaging information was published about Plaintiffs with malice.

15.     Magnolia Plaintiffs' claim for violations of securities law should be dismissed because Plaintiffs do not have standing to bring such a claim, and they do not allege facts for the required elements of the claim.

15583108

16.     Subject to and without waiver of the Federal Rule of Civil Procedure 12(b)(2) motion filed by Burns and Reeves, Defendants move to dismiss all claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.     ARGUMENT

#### A.     The Legal Standard.

17.     Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a claim if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

18.     To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the facts must provide "sufficient information to outline the elements of the pleader's claim." *Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995). And "[i]f a complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts." *Id.*

19.     The heightened pleading standards for fraud require that when alleging fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

20.     Pleadings in federal securities actions that allege fraud have a heightened pleading standard compared to general fraud claims, since such claims must also comply with the Private Securities Litigation Reform Act ("PSLRA"). *See* 15 U.S.C. § 78u-4(b). "The PSLRA has raised the pleading bar even higher and enhances Rule 9(b)'s particularity requirement for pleading fraud in two ways." *Neiman v. Bulmahn*, 854 F.3d 741, 746 (5th Cir. 2017) (quoting *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016)).

15583108

"First the plaintiff must specify each statement alleged to have been misleading." *Id.* (internal quotation marks and citation omitted); *see also* 15 U.S.C. § 78u-4(b)(1). "Second, for each act or omission alleged to be false or misleading, plaintiffs must state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." *Neiman*, 854 F.3d at 746 (internal quotation marks and citation omitted); *see also* 15 U.S.C. § 78u-4(b)(2)(A).

21.     In ruling on a Rule 12(b)(6) motion, the court must (1) identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth, and (2) consider the factual allegations to determine if they plausibly suggest a claim for relief. *Iqbal*, 556 U.S. at 679. The Court should dismiss Magnolia Plaintiffs' claims against the Starrex Officers and Directors under Rule 12(b)(6) because Magnolia Plaintiffs failed to provide fair notice of the nature of the claims and plausible factual allegations to support the claims. *Id.* at 678.

### B. The negligence claim against the Starrex Officers fails for absence of an independent duty owed to Magnolia Plaintiffs.

22.     Magnolia Plaintiffs assert a negligence claim against Hill, Merritt, and Reeves as "Senior Officers" of Starrex International, Ltd.  (the "Starrex Officers"). *See* Cause of Action No. 1.  This claim fails to allege how the Starrex Officers owe Magnolia Plaintiffs an independent duty of care that is separate and apart from any duties allegedly owed by Starrex International Ltd. Magnolia Plaintiffs have not alleged, nor is there legal precedent to establish, any independent legal duty running from Hill, Merritt, and Reeves as individuals, separate and apart from an officer position with Starrex International, Ltd. to Magnolia Plaintiffs.

23.     A cause of action for negligence requires that the defendant (1) owed a legal duty to the plaintiff, (2) breached that duty, and (3) the breach proximately caused the plaintiff's injury. *Nabors Drilling, US.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Western lnvs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). "[A] negligence finding against an individual does not

automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).  Under Texas law, corporate employees can be individually liable for negligent acts committed in the course of their employment **only if they owe "an independent duty of reasonable care to the injured party apart from the employer's duty."** *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). The existence of a legal duty is a question of law. *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 181 (Tex. 2004) ("It is firmly established in Texas that the existence and elements of a common law duty are ordinarily legal issues for the court to decide.").

24.     The plaintiff in *Leitch* was injured when he lifted a reel of cable, and there was evidence that his employer (through its officers and employees) had neglected to provide the plaintiff a lifting belt or dolly to perform the activity. *Id.* at 116. The jury found both the individuals and their employer negligent, and judgment was rendered for plaintiff. The Texas Supreme Court, reversed as to the individual employees, holding that they could not be held individually liable. *Id.* at 117-18. Recognizing that the actions or inactions of corporate officers were actions or inactions "within their capacities as officers" of the corporation, the Court held that such employees "had no individual duty as corporate officers to provide [plaintiff] with a safe workplace." *Id.* (emphasis added). The individual defendants were not legally responsible for their alleged negligence because they "did not breach any separate duty" to plaintiff. *Id.* Only their employer could be held legally responsible for negligence, because only their employer owed [plaintiff] a legal duty. *Id.*

25.     The Fifth Circuit has held that when an employee's only alleged conduct is on behalf of his employer and there is no showing that the employee owed plaintiff any "relevant independent duty," there is "no possibility of recovering against [the individual employees] based

on ... negligence causes of action." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 315 (5th Cir. 2002) (affirming the district court's finding that there was no reasonable possibility of recovery against an in-state defendant); *see also Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999) (dismissing claims against corporate employee where "[t]here are no allegations that [the employee] owed Plaintiff any *independent* duty of reasonable care, apart from that which his employer owed").

26.     Here, Magnolia Plaintiffs have not alleged any independent legal duty running from the Starrex Officers to them. By Magnolia Plaintiffs' own admission, the allegations against the Starrex Officers are derived solely from their position as officers of Starrex International, Ltd. *See* Pet. at ¶ 343, claiming that "*[a]s senior officers of Starrex International, Ltd....*[the Starrex Officers] owed duties to Magnolia under common law and by virtue of the [MSA]." (emphasis added). Absent any cogent pleading that the Starrex Officers owed Magnolia Plaintiffs an independent legal duty apart from the duties allegedly owed by Starrex International under the Master Services Agreement, the claim fails as a matter of law. *See, e.g., Great Plains Trust*, 313 F.3d at 315; *Palmer*, 65 F. Supp. 2d at 567; *Chon Tri*, 162 S.W.3d at 562-63; *Leitch*, 935 S.W.2d at 117-118.

27.     Specifically, for Defendants Hill and Reeves, Magnolia Plaintiffs claim only that "Hill was the CEO of Starrex until he was replaced…on February 6, 2024, and Reeves has been the corporate secretary of Starrex since at least June 20, 2020." Pet. at ¶ 341. There are no other allegations as to Hill and Reeves. As for Defendant Merritt, Plaintiffs allege that Merritt represented herself to third parties as the CFO of the Magnolias (Pet. at ¶ 341), but fail to base any negligence claims on that allegation.  Rather, the claim hangs on her status as a Senior Officer of Starrex International, Ltd.

28.     Because Magnolia Plaintiffs have not pled facts that show the Starrex Officers owe a duty independent duty them, Cause of Action No. 1 fails to plead a viable claim for negligence against the Starrex Officers.

**C.    The negligence claim against the Starrex Directors fails for the absence of an independent duty owed to Magnolia Plaintiffs.**

29.     Magnolia Plaintiffs assert a negligence claim against Burns, Clayton, Hill, and Reeves as "Directors" of Starrex International, Ltd. (the "Starrex Directors") (Cause of Action No. 2).  Magnolia Plaintiffs fail to allege a negligence claim against the Starrex Directors in their *individual* capacity. Magnolia Plaintiffs fail to demonstrate how the Starrex Directors owe them an independent duty of care that is separate and apart from any duties allegedly owed by Starrex International, Ltd. *See Leitch*, 935 S.W.2d at 117.

30.     By Magnolia Plaintiffs' own admission, the allegations against the Starrex Directors are derived solely from their position as directors of Starrex International, Ltd. *See* Pet. at ¶ 350 "***As directors of Starrex***, Hill, P.G. Clayton, Burns, and Reeves owed duties to the Magnolia Companies arising from, but not limited to, the following…" (emphasis added). The duties that Magnolia Plaintiffs attempt to attribute to the Starrex Directors include alleged contractual duties owed by Starrex International, Ltd. *See* Pet. at ¶ 350, claiming that the duties owed by the Starrex Directors include duties from "[t]he contracted management services relationship between Starrex and the Magnolia Companies," and the "fiduciary status as directors of Starrex International" and "constructive knowledge" of services provided by subsidiaries to Magnolia Plaintiffs.

31.     Other than conclusory assertions and legal conclusions, Plaintiffs do not set forth or describe any "independent duty" owed by the Starrex Directors or differentiate any alleged independent duty from any duties (if any) owed by Starrex International or a Starrex International

subsidiary. Because Magnolia Plaintiffs have not pled facts that would show the Starrex Directors

owe an independent duty, Cause of Action No. 2 fails to plead a viable cause of action against the

Starrex Directors.

> **D.    The fraud-based claims are not sufficiently pled under Rule 9(b).**

32.    Magnolia Plaintiffs fail to allege fraud by non-disclosure and fraud based on

common law forgery theories (Cause of Action Nos. 3 and 6) with the requisite specificity under

Rule 9(b). "Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of

the alleged fraud." *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 761 (S.D. Tex.

2010) (Rosenthal, J.) (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d

899, 903 (5th Cir. 1997)). To satisfy this requirement, the pleader must "specify the statements

contended to be fraudulent, identify the speaker, state when and where the statements were made,

and explain why the statements were fraudulent." *Id*. "Anything less fails to provide defendants

with adequate notice of the nature and grounds of the claim." *Sanderson v. Allstate Fire & Cas.

Ins. Co.*, No, CV H-22-3536, 2023 WL 417478, at *2 (S.D. Tex. Jan. 25, 2023) (Rosenthal, J.).

"The Fifth Circuit applies Rule 9(b) to fraud complaints with bite and without apology." *Cole v.

C.R. Bard, Inc.*, No. 4:20-CV-01630, 2021 WL 784661, at *5 (S.D. Tex. Feb. 11, 2021), report

and recommendation adopted, No. 4:20-CV-01630, 2021 WL 784136 (S.D. Tex. Feb. 26, 2021).

Neither claim is pled with such specificity.

> **a.    There or no plausible allegations of facts, nor are facts pled with
> specificity, to support elements of a fraud by non-disclosure.**

33.    Failing to disclose a fact is typically not actionable as fraud unless there is a duty

to disclose. *Kaddouri v. Merrill Lynch, Pierce, Fenner & Smith*, No. CIV.A. 304CV1456B, 2005

WL 283582, at *4 (N.D. Tex. Feb. 4, 2005) (citing *Lesikar v. Rappeport*, 33 S.W.3d 282, 299

(Tex. App.—Texarkana 2000, pet. denied)). Texas courts have recognized a duty to disclose in

15583108

four situations: "(1) when there is a special or fiduciary relationship; (2) when a person voluntarily discloses partial information but fails to disclose the whole truth; (3) when a person makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; and (4) when a person makes a partial disclosure and conveys a false impression." *Id.*

34.     Once a plaintiff establishes that a defendant had a duty to disclose, that plaintiff must further prove that "(1) the defendant deliberately failed to disclose material facts to the plaintiff that the defendant had a duty to disclose, (2) the defendant knew the plaintiff was ignorant of the facts and that the plaintiff did not have an equal opportunity to discover them, (3) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, and (4) the plaintiff relied on the nondisclosure and suffered injury as a result of that reliance." *See Comcast Corp. v. Houston Baseball Partners LLC*, 627 S.W.3d 398, 419 (Tex. App.—Houston [14th Dist.] 2021). Furthermore, fraud by nondisclosure requires that the claimant show that his damages were caused by the defendant's culpable acts. *See 1776 Energy Partners, LLC v. Marathon Oil EF, LLC*, 2023 WL 2669669, at *16 (Tex. App.—San Antonio Mar. 29, 2023, no pet.).

35.     Magnolia Plaintiffs' central allegation related to this claim is that "Defendants Merritt and Hill failed to disclose to the Magnolias the existence of the promissory notes attached to the Original Petition [in the state court action] as Exhibits Nos. 1 through 4." Pet. at ¶ 360. However, Magness admits to signing promissory note security agreements on or about April 29 or April 30, 2023, that specifically mention these promissory notes. *Id.* at ¶ 117. Magnolia Plaintiffs' Original Petition also references an April 17, 2023, email exchange between Merritt and Magness related to the need for signed promissory notes that are backdated to October 17, 2022. Pet. at ¶

91-99. This email exchange shows conclusively that Magness had knowledge of the existence of the promissory notes as early as at least April 17, 2023. *Id.* Magnolia Plaintiffs' allegation on its face is that they might not have received copies of the fully executed notes, but knowledge of the notes is clearly admitted, belying any claim premised on non-disclosure of the existence of the notes. The facts and allegations included in Magnolia Plaintiffs' own Original Petition fail to show that Magness did not have knowledge of the promissory notes, and accordingly the claim for fraud by non-disclosure based on such ignorance fails as a matter of law. *See*, for example, *Entm't Mktg. & Mgmt., Ltd. v. Fontenot*, No. CV H-24-1461, 2024 WL 3243487, at *10 (S.D. Tex. June 26, 2024) (Lake, S.) (holding that dismissal of a fraud by non-disclosure claim was appropriate where Plaintiffs failed "to allege facts capable of establishing that…any Plaintiff was ignorant of the allegedly concealed information".).

36.     In light of Magness' clear knowledge of the promissory notes, and his signature to documents acknowledging the existence of the promissory notes (the promissory note security agreements), Magnolia Plaintiffs have not only failed to allege facts to support any of the four necessary elements of a fraud by non-disclosure claim under Texas law, but they have also failed to fully "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" as required under Rule 9(b). *Sanderson*, 2023 WL 417478, at *2. The allegations instead show that the existence of the promissory notes was known by Magness. Accordingly, Magnolia Plaintiffs' claim for fraud by non-disclosure (Cause of Action No. 3) should be dismissed.

      **b.**    **Fraud based on common law forgery is not a proper civil claim under Texas law.**

37.     In Texas, forgery is not a civil cause of action, but is instead a criminal act defined in the Texas Penal Code—a fact that Plaintiffs themselves point out. *See* Pet. at ¶ 373 ("Under

12

Texas Penal Code § 32.21, the act of creating and utilizing forged documents, representing them as genuine and binding upon Magnolia Companies, constitutes common law forgery.").

38.     Texas law is clear that "[i]n order for a private right of action to exist under a criminal statute, there must be 'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Prindle v. Lewis,* No. 3:10–CV–1217–B–BK, 2010 WL 4628077, at *2 (N.D. Tex. Oct. 8, 2010). Further, where "[p]laintiffs have not provided any statutory basis for inferring that they are entitled to bring a private cause of action on the basis of any criminal statute[,…]any attempt by Plaintiffs to assert a cause of action under a criminal statute fails as a matter of law." *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 699–700 (S.D. Tex. 2014), aff'd, 582 Fed. Appx. 279 (5th Cir. 2014).

39.     More specifically, in a case where forgery in violation of the Texas Penal Code was alleged, the Court dismissed the claim on a Rule 12(b)(6) motion because the plaintiff did not have a private cause of action to bring such claim. *Mathis v. DCR Mortgage III Sub, I, LLC,* 952 F.Supp.2d 828, 836 (W.D.Tex.2013) (quoting *Hamilton v. Pechacek,* 319 S.W.3d 801, 813 (Tex. App.—Fort Worth 2010, no pet.)) ("[Plaintiff's] Amended Complaint labels forgery, in violation of the Texas Penal Code, as its third cause of action. Of course, 'the Texas Penal Code does not create a private cause of action.'").

40.     Here, Magnolia Plaintiffs have alleged no facts that support a contention that they are entitled to a private cause of action related to forgery as defined in the Texas Penal Code. Consequently, the claim for fraud by common law forgery (Cause of Action No. 6) must be dismissed for failure to state a claim upon which relief can be granted.

### E.     Magnolia Plaintiffs' fail to state a claim for breach of contract against Hill, Merritt, and Reeves.

41.     Magnolia Plaintiffs assert a breach of contract claim against Hill, Merritt, and

Reeves (Cause of Action No. 4). However, it is undisputed that there is no contract between Magnolia Plaintiffs and Hill, Merritt, or Reeves. Instead, Magnolia Plaintiffs assert a breach of contract claim against Hill, Merritt, and Reeves based upon alleged breaches of the MSA ***between Starrex International and Magnolia Plaintiffs***. Plaintiffs admit that "[t]he MSA is a valid and enforceable contract ***between the Magnolias and Starrex International, Ltd***." *See* Pet. at ¶ 362 (emphasis added). Plaintiffs then claim that "Starrex, Merritt, Hill and Reeves breached the MSA—specifically by Sections 3.3, 3.4, 9, and the Non-Disclosure Agreement attached as Exhibit B thereto…" *Id*.

42.    The elements of a breach of contract claim are: (1) a valid and enforceable contract; (2) the plaintiff performed its contractual obligation; (3) the defendant breached the contract; and (4) caused the plaintiff injury. *See Davis v. Texas Farm Bur. Ins*., 470 S.W.3d 97, 104 (Tex. App.—Houston [1st Dist.] 2015, no pet.).  Under Texas law, a breach of a corporate contractual obligation will not render a corporate agent *personally* liable. *See Barclay v. Johnson,* 686 S.W.2d 334, 336-37 (Tex. App.—Houston [1st Dist.] 1985, no writ) (citing *Seale v. Baker*, 7 S.W. 742 (Tex. 1888), and *Kinkler v. Jurica*, 19 S.W. 359 (Tex. 1892)); *ICI Constr., Inc. v. Hufcor, Inc.*, 2023 WL 2392738, at *4 (S.D. Tex. Mar. 7, 2023).

43.    Simply put, Hill, Merritt and Reeves cannot be held liable for any alleged breaches of the MSA by Starrex International, Ltd., thus Cause of Action No. 4 must be dismissed for failure to state a claim upon which relief can be granted.

**F.    Magnolia Plaintiffs fail to plausibly allege that Hill, Reeves, and Merritt owe them fiduciary duties.**

44.    Magnolia Plaintiffs fail to allege a breach of fiduciary duty claim against Hill, Reeves, and Merritt in their *individual* capacity. They claim that "[Starrex] Officers Hill, Merritt, and Reeves [have] a fiduciary duty to act in the best interest in the Magnolias..." *See* Pet. at ¶ 369.

However, the Original Petition fails to allege any independent fiduciary duties owed to Plaintiffs by Hill or Reeves. Additionally, although the Original Petition alleges misrepresentations as a method in which Defendants breached their fiduciary duties, Plaintiffs fail to meet the heightened pleading standard associated with such allegations.

45.     To prevail in a breach-of-fiduciary-duty claim, a plaintiff must prove that (1) there is a fiduciary relationship between the plaintiff and defendant, (2) the defendant breached his fiduciary duty to the plaintiff, and (3) the breach resulted in an injury to the plaintiff or benefit to the defendant. *See Zhu v. Lam*, 426 S.W.3d 333, 339 (Tex. App.—Houston [14th Dist.] 2014, no pet.). And, "[w]hile generally breach of fiduciary duty claims must only meet the requirements of Rule 8(a), when the claim is predicated on fraudulent conduct, courts require Rule 9(b) specificity." *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 716 (S.D. Tex. 2020) (Miller, G.H.) (citing *B Choice Ltd. v. Epicentre Dev. Assocs.*, No. H-14-2096, 2015 WL 4586719, at *9 (S.D. Tex. Apr. 30, 2015) (Johnson, M.J.)).

46.     Here, Plaintiffs fail to allege a fiduciary relationship between Plaintiffs and Hill and Reeves in their individual capacity. *See Bates Energy Oil & Gas v. Complete Oilfield Services*, 361 F. Supp. 3d 633, 674–75 (W.D. Tex. 2019) (explaining that a plaintiff must establish that a fiduciary duty arose as a matter of law as between an individual ***individually*** and the plaintiff, and whether such a duty is actionable ***separate and apart from the duty owed by the company***). As such, Plaintiffs also necessarily fail to allege facts sufficient to show a breach of fiduciary duties of these individuals under Rule 9(b)'s heightened pleading standard. *See Ingalls v. Edgewater Priv. Equity Fund III, L.P.*, CIV.A. H-05-1392, 2005 WL 2647962, at *5-6 (S.D. Tex. Oct. 17, 2005) (Ellison, J.) (holding that a plaintiff did not meet the 9(b) standard with regard to a claim for breach

of fiduciary duty sounding in fraud where the plaintiff's allegations in the complaint grouped multiple defendants together).

47.     The Original Petition fails to allege *any* fiduciary duties that arose as a matter of law between Hill and Reeves and Magnolia Plaintiffs—separate and apart from any duties allegedly owed by Starrex International, Ltd.—and they cannot be held individually liable for breach of fiduciary duties for actions were taken in their capacity as principals for Starrex. Cause of Action No. 5 must be dismissed for failure to state a claim upon which relief can be granted.

### G.     The claim for tortious interference against Hill and Merritt fails to allege facts to support the required elements under Texas law.

48.     Magnolia Plaintiffs assert a tortious interference claim against Hill and Merritt and other co-defendants. Under Texas law, plaintiffs must prove: (1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) the willful and intentional interference caused damages; (4) actual damages. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 588 (Tex. 2017).

49.     Magnolia Plaintiffs allege that "the contracts with which the Defendants [Starrex Title Florida, LLC, Merritt, Hill, Garth, Clayton, Cooper MarketStreet and Brewer] interfered included software license agreements for which the Magnolias fully paid (including the Qualia), contracts with title insurance customers, earnest money contracts, contracts with brokers, contracts with underwriters, and contracts with landlords and vendors." Pet. at ¶ 384.

50.     The Qualia contract is between Starrex Technical Services and Qualia—not between a Magnolia entity and Qualia.  Pet. at ¶¶ 200. 204, 205, 206, and 207. Magnolia Plaintiffs admit this in their Original Petition. *Id.* at ¶¶ 208 (admitting that the Qualia for Enterprise Order Form was executed with "Starrex Technical Services" as the customer, and that "Magness had no power to sign on behalf of Starrex Technical Services.").

15583108

51.     It is a fundamental principle of law that a party to a contract cannot tortiously interfere with its own contract. *Holloway v. Skinner*, 898 S.W.2d 793, 795-796 (Tex.1995). Because a corporation can only act through its agents, it is necessary to differentiate between the acts of an agent on behalf of the principal from those done in the agent's self-interest. Consequently, to hold an agent liable for tortious interference with its own contract, the plaintiff must show that the agent acted so contrary to the principal's best interests that his actions could only have been motivated by personal interests. *Id*. Starrex (through Hill and Merritt) could not have tortiously interfered with Starrex's own contract (nor do Magnolia allege this). And, to the extent that Magnolia alleges Starrex interfered with its own contact (which caused Magnolia damages), Magnolia failed to allege that Merritt and Hill "acted so contrary to [Starrex's] best interests that [their] actions could only have been motivated by personal interests" as required to hold an agent liable for its tortious interference with its employers' contracts. *See id*.

52.     As for the other "contracts" that Starrex Title Florida, LLC, Merritt, Hill, Garth, Clayton, Cooper MarketStreet and Brewer collectively allegedly interfered with—Plaintiffs fail to allege any facts related to Merritt or Hill that state a claim. Plaintiffs fail to allege (1) the contract subject to interference by Hill or Merritt; (2) Hill and Merritt's alleged willful and intentional interference; (3) that Hill or Merritt's willful and intentional interference caused damages; (4) actual damages caused by Hill or Merritt's alleged interference. Plaintiffs failed to plead a tortious interference cause of action against Hill and Merritt, and the claim should be dismissed. Thus, Cause of Action No. 7 should be dismissed with respect to Defendants Hill and Merritt.

**H.     The claim for conversion against Merritt should be dismissed for failure to allege facts necessary to support the claim.**

53.     Under Texas law, Magnolia Plaintiffs must prove that "(1) the plaintiff owned, had legal possession of, or was entitled to possession of the property (2) the defendant assumed and

exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property." *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386–87 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

54.     The Original Petition fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The only specific allegation included in the Original Petition is that Merritt "had possession over their intellectual property and 'other assets'". Pet., at ¶ 393. There is no description of what the "other assets" are.

55.     Under Texas law, "[w]hen an allegation involves only intellectual property rights ... rather than rights regarding physical property ... [it] is outside the scope of Texas conversion law, which concerns only physical property." *Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 666 (S.D. Tex. 2015) (internal quotations omitted) (citing *Carson v. Dynegy, Inc.,* 344 F.3d 446, 456 (5th Cir.2003)). Because the Original Petition does not make specific claims regarding conversion of any property assigned from unidentified intellectual property, Cause of Action No. 8 should be dismissed. *Id.*

**I.     The TUTSA claim should be dismissed for failure to identify any trade secrets or how they were used by Defendants Merritt and Hill.**

56.     On a claim for misappropriation of trade secrets under TUTSA, a plaintiff must prove that "(1) a trade secret existed, (2) the trade secret was acquired through breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *Penthol, LLC v. Vertex Energy Operating, LLC*, No. 4:21-CV-416, 2024 WL 987568, at *10 (S.D. Tex. Mar. 7, 2024), amended, No. 4:21-CV-416, 2024 WL 3166936 (S.D. Tex. June 25, 2024).

57.     Magnolia Plaintiffs' claim is based upon "breaches of duties imposed upon them by the Master Services Agreement and the Letter Agreement with the Magnolias."  Pet. at ¶ 404. As explained above, there are no duties owed by Merritt and Hill to Magnolia Plaintiffs via the Master Services Agreement between Starrex International, Ltd. and Magnolia Plaintiffs.  *See infra* Section D.

58.     Magnolia Plaintiffs allege that Merritt and Hill "proceeded to download proprietary customer and other valuable trade secret data from the Magnolias." Pet. at ¶ 404. Plaintiffs fail to describe the alleged trade secrets with specificity. Other than a conclusory statement that valuable trade secrets were taken, there simply are no allegations identifying with any degree of specificity the trade secrets at issue. Further, the only allegation regarding how the trade secrets were allegedly used also is impermissibly conclusory: "the information [was used] to [Defendants'] advantage, obtaining profits thereby." *Id.* This allegation is a mere conclusory statement with no details, and clearly fails the required pleading standard. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

59.     Accordingly, Cause of Action No. 9 should be dismissed for failure to specify the trade secret with specificity, or how the trade secret was used by Defendants Merritt and Hill without authorization.

**J.      Magnolia Plaintiffs do not allege specific facts to support their claim for unjust enrichment and fail to meet the pleading standard.**

60.     Magnolia Plaintiffs bring an unjust enrichment claim against Merritt. A party may recover under unjust enrichment when one person has obtained a benefit from another by fraud. *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 42 (Tex. 1992). The key element of unjust enrichment is that the person sought to be charged wrongly secured or passively received

a benefit. *See Cohen v. Tour Partners, Ltd.*, 2017 WL 1528776, at *8 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.).

61.     Magnolia Plaintiffs generally plead that "Defendants wrongfully secured a benefit or passively received benefits that would be unconscionable for them to retain." Pet. at ¶ 408. And that "Defendants were unjustly enriched by obtaining a benefit by at least taking of an undue advantage." Pet. at ¶ 409. Other than these conclusory assertion and legal conclusion, there is no specific allegation of what benefit Merritt obtained or how she obtained any alleged benefit based on fraud or any other wrongful actions. Further, the Original Petition fails to differentiate Merritt from any of the other defendants that they include in their claim for unjust enrichment. Magnolia Plaintiffs' conclusory unjust enrichment claim (Cause of Action No. 10) should be dismissed.

### K.     Magnolia Companies do not allege specific facts to support their claim for common law misappropriation.

62.     Under Texas law, the elements of a common law misappropriation claim are "(1) the creation of plaintiff's product through extensive time, labor, skill, and money; (2) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff; and (3) commercial damage to the plaintiff." *Vertex Services, LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841, 849 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

63.     The allegations related to this claim in the Original Petition are a regurgitation of the elements of the claim. *See* Pet. at ¶ 413-414.  The incorporated paragraphs do not establish any of the claims. *See* Pet. at ¶ 411.  Such "[t]hreadbare recitals of the elements of a cause of action" do not meet the pleading standards of this Court. *Iqbal*, 556 U.S. at 678. Notably, Plaintiffs cite to a violation of Section 16.103 of the Texas Civil Practice and Remedies Code, which does not exist.

64.     Accordingly, due to the insufficiency of Magnolia Plaintiffs' allegations, the claim for common law misappropriation against Merritt (Cause of Action No. 11) should be dismissed.

**L.      Magnolia Plaintiffs do not allege specific facts to support their claim for violation of the Lanham Act.**

65.     Under the Lanham Act,  "(1) [a]ny person who shall, without the consent of the registrant, (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is *likely to cause confusion,* or to cause mistake or to deceive…shall be liable in a civil action by the registrant for the remedies hereinafter provided." 15 U.S.C. § 1114(1). Although the Lanham Act specifically covers registered trademarks, relevant case law holds that qualifying unregistered marks can be protected under the Lanham Act where the Plaintiff demonstrates the use and distinctiveness of the mark. *Viacom Int'l v. IJR Capital Investments, L.L.C.*, 891 F.3d 178, 185 (5th Cir. 2018).

66.     Here, Magnolia Plaintiffs fail to allege any facts that might show why their unregistered mark qualifies for protection under the Lanham Act—they do not allege any facts regarding the use or distinctiveness of their mark. Further, Magnolia Plaintiffs do not allege any facts regarding how Defendant Merritt used the mark.

67.      Accordingly, because the pleading is void of facts to support elements of a violation of Lanham Act claim, Cause of Action No. 12 against Defendant Merritt should be dismissed.

**M.      Magnolia Plaintiffs' claim for business disparagement should be dismissed because there are no allegations regarding malice.**

68.     To prove business disparagement under Texas law, "a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without

privilege, (4) that led to special damages to the plaintiff." *Choctaw Constr. Services LLC v. Rail-Life R.R. Services, LLC*, 617 S.W.3d 143, 152 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

69.     Magnolia Plaintiffs do not allege that any published false and/or disparaging information by Defendants was done so with malice. Because no facts related to this element are alleged, the Court should assume that no such facts exist. *Matta*, 888 F. Supp. at 813. Accordingly, the court should dismiss the business disparagement claim (Cause of Action No. 13) for failure to state a claim upon which relief can be granted.

### N.      Violations of Securities Law.

#### a.      Magnolia Plaintiffs do not have standing to assert violations of securities law against Defendants Hill, Merritt, and Reeves.

70.     Magnolia Plaintiffs allege that actions of Hill, Merritt and Reeves constitute "a violation of the Securities Exchange Act of 1934, particularly Section 10(b) and Rule 10b-5, as well as relevant provisions of the Sarbanes-Oxley Act of 2002." Pet. at ¶ 432. Case law makes clear, however, that "in an action for private damages pursuant to Section 10(b) and Rule 10b-5, standing is restricted to plaintiffs who are defrauded in connection with the ***purchase or sale*** of securities." *Shtaif v. Shoss*, No. CV H-06-2305, 2007 WL 9752787, at *3 (S.D. Tex. Feb. 12, 2007) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 732 (1975)). "[A] plaintiff in a Section 10(b) action must demonstrate **"a nexus between the defendant's actions and plaintiff's purchase or sale**." *Id* (emphasis added). The Fifth Circuit holds that plaintiffs lack standing where no such nexus is pled. *See*, for example, *Holland v. Gexa Corp.*, 161 F. App'x 364, 365 (5th Cir. 2005) (holding that plaintiff lacked standing based on his failure to plead that he was a purchaser or seller of securities in connection with the stock exchange at issue).

71.      Here, Magnolia Plaintiffs do not plead any facts to establish that they are shareholders, or that the actions of Hill, Merritt and Reeves are relevant to Magnolia Plaintiffs'

purchase or sale of Starrex International, Ltd. shares. Accordingly, based on lack of standing precedent in *Holland*, Plaintiffs' claim against Defendants Merritt, Hill, and Reeves should be dismissed.

      **b.**      **Magnolia Plaintiffs' securities law claim does not meet the heightened standard for securities claims alleging fraud.**

72.      Under the heightened pleading standards for securities claims alleging fraud under PSLRA, Plaintiffs must "(1) specify...each statement alleged to have been misleading, i.e., contended to be fraudulent; (2) identify the speaker; (3) state when and where the statement was made; (4) plead with particularity the contents of the false representations; (5) plead with particularity what the person making the misrepresentation obtained thereby; and (6) explain the reason or reasons why the statement is misleading, i.e., why the statement is fraudulent." *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 273 F. Supp. 3d 650, 661 (N.D. Tex. 2017).

73.      Magnolia Plaintiffs do not allege facts that specify the alleged misleading statements made by Defendants Merritt, Hill, or Reeves. Not only does this lack of facts not meet the pleading standard, but case law makes clear that "The Fifth Circuit…[disapproves] of 'group pleading' in securities-fraud complaints." *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 614 (S.D. Tex. 2018), aff'd on other grounds sub nom. *Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 Fed. Appx. 726 (5th Cir. 2019). Where there are simply "[a]llegations that an undifferentiated group of 'defendants' made false or misleading statements[, such allegations] are insufficient." *Id.* Importantly, "plaintiffs cannot rely on or impute to individuals the collective knowledge of all or a group of persons associated with the defendant company." Id. at 614–615 (citing *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008)).

74.     In sum, because the Original Petition does not meet the heightened standards for securities claims alleging fraud imposed by PSLRA, Magnolia Plaintiffs' claim for violation of securities law against Defendants Hill, Merritt, and Reeves (Cause of Action No. 14) should be dismissed.

**O.     Magnolia Plaintiffs do not allege facts to support their claim for conspiracy.**

75.     Magnolia Plaintiffs assert a claim of civil conspiracy against "all Defendants." *See* Pet. at ¶¶ 437-440. Civil conspiracy is a "derivative tort" under Texas law, requiring a plaintiff to "state a separate underlying claim in which the court may grant relief." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007). Whether a plaintiff states an actionable civil conspiracy claim necessarily depends on whether it states a viable claim for an underlying tort. *Meadows*, 492 F.3d at 640. Moreover, any allegations of conspiracy to commit fraud are subject to FRCP Rule 9(b)'s heightened pleading requirements and must be plead with particularity. A plaintiff alleging a conspiracy to commit fraud must "plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (quotation omitted).  The Original Petition fails to plead conspiracy related to any alleged fraud with particularity.

76.     The Original Petition generally states that "Defendants" participated in a conspiracy, which is insufficient under Texas law. The Original Petition fails to assert grounds to "infer an agreement" related to a conspiracy, as required in *Twombly* and its prodigy. The claim also fails to mention Hill, Merritt, Burns, or Reeves by name; fails to say when or how Hill, Merritt, Burns, or Reeves had a meeting of the minds with any other alleged conspirator; fails say what the agreement was among conspirators; or how Hill, Merritt, Burns, or Reeves allegedly participated in the conspiracy. Types of conclusory statement such as merely stating that "Defendants" participated in a conspiracy is not sufficient. *See, e.g., Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th

24

Cir. 1999) ("A conclusory allegation of conspiracy is insufficient."). As the Supreme Court set forth in *Twombly*, a plaintiff asserting a conspiracy claim must lay out "plausible grounds to infer an agreement." *Twombly*, 550 U.S. at 556–57. The Original Petition fails to do so, and Magnolia Plaintiffs' claim for conspiracy against Hill, Merritt, Reeves, and Burns should be dismissed for failure to state a claim.

## IV.    CONCLUSION AND PRAYER

Magnolia Plaintiffs have not sufficiently alleged, and cannot prove, the elements of any of the claims that they have asserted against Defendants. Further, in claims alleging fraud and in those involving securities, Magnolia Plaintiffs do not meet the heighted standards required for such claims under Federal Rule of Civil Procedure 9(b) and/or the requirements under PSLRA.

For these reasons, Defendants Burns, Clayton, Hill, Merritt, and Reeves respectfully request that the Court grant this Motion and dismiss Magnolia Plaintiffs' claims against them. To the extent that the Court finds that Magnolia Plaintiffs have sufficiently pled some claims against Defendants but not others, or that Plaintiffs have sufficiently pled some claims for particular Defendants but not others, the Defendants respectfully request that the Court dismiss the claims for which it finds failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Dated: October 28, 2024.

Respectfully submitted,

By:  */s/ Eric D. Wade*
        Eric D. Wade
        ***Attorney in Charge***
        State Bar No. 00794802
        Federal Bar ID: 21401
        Stephen Lee
        State Bar No. 791092
        Federal Bar ID: 18313
        Mary Anna H. Rutledge
        State Bar No. 24096149
        Federal Bar ID: 3399718

Nabeela Arshi
State Bar No. 24134422
Federal Bar ID: 3872081
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, TX  77002-6336
Telephone: 713-226-6655
Facsimile:  713-226-6255

EWade@porterhedges.com
SLee@porterhedges.com
MRutledge@porterhedges.com
NArshi@porterhedges.com

**ATTORNEYS FOR DEFENDANTS
CHARLES BURNS, P. GARRETT CLAYTON,
MATTHEW D. HILL, DEBBIE MERRITT,
AND SCOTT M. REEVES**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF.

Simon W. Hendershot, III
Ian F. McNeil
Philip D. Racusin
**HENDERSHOT COWARD P.C.**
1800 Bering Drive, Suite 600
Houston, TX 77057
Trey@hchlawyers.com
IMcNeil@hchlawyers.com
Pracusin@hchlawyers.com

**ATTORNEYS FOR PLAINTIFFS**

Michelle E. Gray
**FOGLER BRAR O'NEIL GRAY, LLP**
2 Houston Center
909 Fanin, Suite 1640
Houston, TX 77010
Mgray@foglerbrar.com

**ATTORNEY FOR DEFENDANT**
**TINGLEMERRETT, LLP**

Steven C. Earl
James E. Graham
**STILWELL, EARL & APOSTOLAKIS, LLP**
128 Vision Park Blvd., Suite 140
Shenandoah, Texas 77384
steven@woodlandstxlawfirm.com
jim@woodlandstxlawfirm.com

**ATTORNEYS FOR DEFENDANTS, STARREX TITLE FLORIDA, LLC, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, BRIAN A. BREWER AND LAURIE COOPER**

Fields Alexander
Amy Parker Beeson
Katie Sorenson
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010
falexander@beckredden.com
abeeson@beckredden.com
ksorenson@beckredden.com

**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON**

*/s/ Mary Anna H. Rutledge*
Mary Anna H. Rutledge

15583108