IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO.:4:24-cv-2767 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS CHARLES BURNS' AND SCOTT REEVES' MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)**

NOW COME Plaintiffs Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Florida, LLC, Magnolia Title Arkansas, Ltd., The Peabody Bulldog, LLC, and John Magness (collectively, "Plaintiffs"), and file this Response in Opposition to Defendant Charles Burns and Scott Reeves' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), and would respectfully show the Court as follows:

**INTRODUCTION**

Charles Burns ("Burns") and Scott Reeves ("Reeves") (collectively, "Defendants") seek to escape accountability for their deliberate and tortious actions that have caused substantial harm to Plaintiffs' business interests in Texas. Despite Reeves' attempts to characterize his contacts with

Texas as minimal, the evidence demonstrates that he purposefully directed his activities toward Texas, causing injury to Texas residents and businesses. This Court has personal jurisdiction over Reeves because his conduct satisfies both the Texas long-arm statute and federal due process requirements.

Plaintiffs have filed a Notice of Dismissal Without Prejudice of Charles Burns as of November 18, 2024. Plaintiffs oppose Reeve's Rule 12(b)(2) motion, as the claims arise directly from Reeve's purposeful contacts with Texas. Reeves solicited and engaged in business transactions within the state. Reeves directed numerous misrepresentations to John Magness, a Texas resident.

These activities give rise to the alleged harm, establishing a substantial connection between Defendant's conduct and the forum state. Therefore, the exercise of specific jurisdiction comports with due process and is proper under Texas law. The Declaration of John Magness, Manager for the Magnolia Entities, provides compelling evidence of Reeve's extensive Texas contacts and the harm caused to Texas-based business interests. As such, this Court should deny Reeve's motion to dismiss for lack of personal jurisdiction.

## NATURE AND STAGE OF THE PROCEEDING

This case arises from the negligence, breach of fiduciary duty, fraud, violation of securities laws, and participation in a conspiracy by Reeves. Plaintiffs filed their Original Petition on June 3, 2024, in the District Court of Harris County, Texas. The case was subsequently removed to this Court on July 25, 2024. Reeves filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) on October 28, 2024.  The present Response addresses Reeves' Motion to Dismiss.

## STATEMENT OF ISSUES

The Court must determine whether this Court has personal jurisdiction over Scott Reeves. In the event that the Court determines that personal jurisdiction should not be exercised over

Defendant Scott Reeves, the Court can determine that it will allow Plaintiffs leave to replead.

## STANDARD OF REVIEW

The Court's determination of personal jurisdiction over Reeves is reviewed de novo. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). The plaintiff bears the burden of establishing jurisdiction, but need only present prima facie evidence supporting jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996).

## SUMMARY OF THE ARGUMENT

Plaintiffs argue that this Court has personal jurisdiction over Reeves because he has sufficient minimum contacts with Texas, and Plaintiffs claims against each Defendant arise out of their contacts with Texas.

## FACTUAL BACKGROUND

### A. Reeves' Role and Connections to Texas

At all times during the events giving rise to this action. At all times during the events giving rise to this lawsuit, Reeves served as a Director, Audit Committee Member, Corporate Secretary, and General Counsel for Defendant Starrex. In this role, he was intimately involved with negotiating all transactions entered into by and between Defendant Starrex and Plaintiffs and the many engagements between them.  Likewise, he was very much involved in communicating to Magness in numerous meetings while he tirelessly performed years of work for Starrex.  Reeves made many misrepresentations to Plaintiff Magness, a Texas resident, during many meetings—all based in Texas—to induce Magness to perform years of work for Starrex for no or very little compensation and the Magnolias to rely on Starrex and their services and enter into services agreements with Starrex.  Those representations includes misrepresentations about Merritt's background, experience, and competency, including that she had the qualifications necessary to

perform crucial transactions involving Magness and the Texas-based Magnolias.  Much later, after

it was too late, Plaintiffs learned that Merritt had no college degrees, MBA, PhD, and CFA despite

Reeves constant representations to the contrary, which were made for the purpose of reliance by

Magness and the Texas-based Magnolias.  Reeves had represented and constantly touted.  Reeves

also tortiously interfered with critical service providers by sending a letter to Qualia and causing

it to remove Plaintiffs' access to their software, a maneuver which was instrumental in completing

the fraud which deprived Plaintiffs of their business entities in Arkansas and Florida and caused a

complete shut down of the Texas-based Magnolias.

### B. Harm to Texas-Based Business Interests

Reeves' actions have caused significant harm to Texas-based business interests.  First, his

negligence, breach of fiduciary duty, fraud, and conspiracy to commit the same have caused

significant harm to the Magnolia Entities. In conjunction with other actions taken against the

Magnolias by other parties, Reeves irreparably harmed Plaintiffs and the Texas-based Magnolias

(Sol City Title, LLC, and Coast to Coast Title, LLC) were irreparably harmed and forced to wind

down in accordance with insurance regulations and state law. (Magness Declaration ¶ 15).

In light of these facts, it is evident that Reeves has substantial connections to Texas, and

their actions have directly impacted Texas-based businesses and interests. As such, this Court has

personal jurisdiction over Burns and Reeves, and their motion to dismiss should be denied.

**ARGUMENT AND AUTHORITIES**

### A. Legal Standard for Personal Jurisdiction

Federal courts apply a two-step analysis to determine whether personal jurisdiction exists

over a nonresident defendant. First, the court must determine whether the forum state's long-arm

statute confers personal jurisdiction. Second, if the long-arm statute applies, the court must

determine whether the exercise of jurisdiction comports with due process. *Latshaw v. Johnston*,

167 F.3d 208, 211 (5th Cir. 1999).

Texas's long-arm statute extends to the limits of federal due process. Therefore, the two-step inquiry collapses into one federal due process analysis. *Bullion v. Gillespie*, 895 F.2d 213, 215-16 (5th Cir. 1990). To satisfy due process, the plaintiff must demonstrate that (1) the defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**B. This Court Has Specific Jurisdiction Over Reeves**

Specific jurisdiction exists when a defendant's contacts with the forum state arise from or relate to the cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The Fifth Circuit applies a three-prong test to determine specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

### 1. Reeves Has Sufficient Minimum Contacts with Texas

Reeve's contacts with Texas are sufficient to establish minimum contacts. The Supreme Court has held that a defendant's physical presence in the forum state is not necessary to establish personal jurisdiction if the defendant's out-of-state conduct is purposefully directed at residents of the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, Reeves purposefully directed his activities toward Texas in numerous ways:

   a. Specifically, in meetings held in Texas, wherein Reeves participated telephonically, Reeves actively participated in making fraudulent representations about Debbie Merritt's qualifications, specifically stating "Debbie can get that done" while referencing her purported expertise and educational credentials. Reeves specifically represented that Merritt possessed expertise in Canadian securities regulations due to her claimed educational background. These representations were made to Magness while he was

physically present in Texas, with the specific intent to induce him to commit his business resources, time, and relationships to Starrex's Texas operations and to forego other valuable opportunities in the title industry. Declaration of John Magness ¶5.

b.   Throughout 2021 and 2022, Reeves participated in multiple phone calls specifically regarding raising money and acquisitions targeting Texas-based operations. These calls involved detailed discussions about Texas-based business activities and were directed at expanding operations within Texas. Declaration of John Magness ¶8.

c.   Reeves served as Starrex counsel and personally negotiated with Nelson Mitchell and his counsel, Adam Fulkerson, both of whom were based in Texas, regarding his company's investment in our Texas-based operations. These negotiations occurred while Magness was present in Texas. Declaration of John Magness ¶9.

d.   In early January 2024, Reeves took direct action to interfere with Plaintiffs' Texas-based operations by sending an official letter to Qualia—based in Texas—falsely stating that Starrex International, Ltd. owned the Magnolia Entities' software deployment. Declaration of John Magness ¶10.  Reeves knew or knew to a substantial certainty that this would cause, and it did cause, a complete shutdown of Magnolias' Texas based operations and lead to their demise, also interfering with Plaintiffs' active title insurance transactions, employment relationships, agency agreements, Texas real estate closings, Texas customers, Texas operations, and access to critical business data and systems for Texas operations.  *Id.* ¶12.

e.   Reeves specifically targeted Texas-based business relationships by: Participating in meetings and calls where false representations were made about the expected appreciation of Starrex stock for Texas acquisitions including the "wealth event"; Assisting in false representations about raising $50 million from "friends and family" for Texas acquisitions; and Supporting false claims about obtaining a $50 million credit facility for Texas business expansion. Declaration of John Magness ¶16.

f.   Reeves participated in numerous meetings between April 2021 and 2023 specifically aimed at recruiting John Magness and his Texas-based business connections, attempting to convince him to bring his Texas-based resources to Starrex.  *Id.* ¶¶17-18.  These misrepresentations concerned stock price increases, capital raises that never occurred and wealth generation opportunities specifically targeted at Texas-based businesses.  *Id.* ¶ 18.

These actions demonstrate that Reeves purposefully availed himself of the privilege of conducting activities in Texas, thus satisfying the minimum contacts requirement. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984) (finding personal jurisdiction where defendants' intentional conduct was calculated to cause injury in the forum state).

**2. Plaintiffs' Claims Arise Out of Reeve's Forum-Related Contacts**

Plaintiffs' claims for negligence, breach of fiduciary duty, fraud, and conspiracy Reeve's Texas-related activities. Reeves clearly was instrumental in facilitating the transactions between Starrex and the Magnolia entities giving rise to this suit. Therefore, there is a clear nexus between Reeve's contacts with Texas and the claims asserted in this lawsuit. *See O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342-43 (Tex. 1966) (finding personal jurisdiction where the cause of action arose from defendant's purposeful acts performed in Texas).

**3. Exercise of Jurisdiction Over Reeves Is Fair and Reasonable**

Once minimum contacts are established, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Courts consider five factors in this analysis: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* at 477. Here, these factors weigh in favor of exercising jurisdiction over Reeves:

a. <u>Burden on the defendant</u>: While Reeves may face some inconvenience in litigating in Texas, modern communication and transportation methods mitigate this burden. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957).

b. <u>Texas's interest</u>: Texas has a strong interest in adjudicating disputes involving harm to Texas businesses and residents to the tune of millions of dollars.

c. <u>Plaintiffs' interest</u>: Plaintiffs, including Texas residents and entities, have a significant interest in obtaining relief in their home forum. The Magnolia Entities' management and operations were largely based in Texas.

d. <u>Efficient resolution</u>: Litigating this case in Texas, where much of the evidence and witnesses are located, promotes judicial efficiency. The majority of management personnel and key witnesses are based in Texas.

    e. <u>Social policies</u>: Exercising jurisdiction furthers the shared interest in protecting Texas businesses and residents from harms perpetuated within the state.

Given these factors, the exercise of personal jurisdiction over Reeves is fair and reasonable.

## C. Reeves' Alleged Lack of Physical Presence in Texas Is Not Dispositive

Reeve's argument that he lacks sufficient contacts with Texas because he does not live, work, or own property in the state is unavailing. The Supreme Court has repeatedly held that physical presence in the forum state is not required to establish personal jurisdiction. *See Burger King*, 471 U.S. at 476; *Walden*, 571 U.S. at 285.

In the modern era of electronic commerce and communication, courts have recognized that defendants can establish minimum contacts with a forum state through their virtual presence and online activities. *See, e.g., Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (adopted by the Fifth Circuit in *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)).

## D. The "Effects Test" Further Supports Personal Jurisdiction

The "effects test" established in *Calder v. Jones* provides additional support for exercising personal jurisdiction over Reeves. Under this test, a court may exercise personal jurisdiction over a nonresident defendant whose intentional, and allegedly tortious, actions were expressly aimed at the forum state and caused harm that the defendant knew was likely to be suffered in the forum state. *Calder*, 465 U.S. at 788-90.

Here, Reeve's participation in the scheme to defraud and harm the business of the Magnolia Entities satisfies the Calder effects test. Reeves knew or should have known that his actions would cause harm to Plaintiffs in Texas, the state where their significant business operations were conducted.

## E. Conspiracy Theory of Jurisdiction

Plaintiffs' allegations of conspiracy provide an additional basis for exercising personal jurisdiction over Reeves.

Seven federal circuit courts have explicitly addressed whether personal jurisdiction can arise from a defendant's involvement in a conspiracy with foreseeable connections to the forum. The Second, Fourth, Sixth, Seventh, Ninth, Tenth, and District of Columbia Circuits have all ruled that such involvement can indeed establish personal jurisdiction. *See Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. (Schwab II)*, 22 F.4th 103, 110 (2d Cir. 2021), cert denied, 142 S. Ct. 2852 (2022); *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013); *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 451 (6th Cir. 2012); *Textor v. Bd. of Regents*, 711 F.2d 1387, 1392-93 (7th Cir. 1983); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013); *Newsome v. Gallacher*, 722 F.3d 1257, 1265 (10th Cir. 2013); *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007); *Companhia Brasileira Carbureto de Calicio v Applied Indus. Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011) (Kavanaugh, J.); *accord J&M Assoc., Inc. v. Romero*, 488 F. App'x 373, 376 (11th Cir. 2012).

In *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999), the Fifth Circuit explained that it was not improper for a court to determine personal jurisdiction based on a party's participation in a conspiracy. *Id.* at 625, 631.

The Second Circuit has set forth a commonly accepted test to determine whether the minimum contacts of one co-conspirator can be imputed to another: "the plaintiff must allege that (1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." *KPFF Inv., Inc. v. BASF Metals Ltd. (In re Platinum & Palladium Antitrust Litig.)*, 61 F.4th 242, 270 (2d Cir. 2023).

Plaintiffs have alleged that Reeves conspired with other defendants, including Texas residents, to defraud Plaintiffs, including Texas-based Magnolia companies and Texas resident Magness, to their advantage and enrichment. These allegations, supported by the Declaration of

John Magness, are sufficient at this stage to support the exercise of personal jurisdiction over Reeves based on the conspiracy theory.

In conclusion, the Court should deny Reeve's motion to dismiss for lack of personal jurisdiction. The evidence presented, particularly through the Declaration of John Magness, demonstrates that Reeve's has sufficient minimum contacts with Texas, that Plaintiffs' claims arise from these contacts, and that the exercise of jurisdiction over Reeves is fair and reasonable.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendant Scott Reeves' Motion to Dismiss in its entirety. Plaintiffs have established a prima facie case for personal jurisdiction over Reeves based on his purposeful contacts with Texas and the relatedness of those contacts to the claims at issue. In the alternative, if the Court finds any deficiencies in Plaintiffs' pleadings, Plaintiffs respectfully request leave to amend their Complaint to address any such deficiencies.

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Philip D. Racusin*
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
PHILIP D. RACUSIN
SBN: 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:   (713) 783-2809
***ATTORNEYS FOR PLAINTIFFS COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC AND JOHN MAGNESS***

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2024, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Philip D. Racusin*
Philip D. Racusin

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS <br> *Plaintiffs* | § § § § § § § § § § § | |
| V. | § § | CIVIL ACTION NO.:4:24-cv-2767 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER <br> *Defendants.* | § § § § § § § § § § § § § | |

## ORDER DENYING DEFENDANT CHARLES BURNS AND SCOTT REEVES' MOTION TO DISMISS

After considering Charles Burns and Scott Reeves' Motion to Dismiss, the response, the

reply, if any, and the evidence presented, the Court DENIES the Motion.

As Charles Burns has already been voluntarily dismissed without prejudice by Plaintiffs,

the MOTION is MOOT as to Charles Burns.

It is so ORDERED.


SIGNED this _____ day of _____, 2024.


_____
UNITED STATES DISTRICT JUDGE


4873-8763-1335                                                                     Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO.:4:24-cv-27679 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS CHARLES BURNS AND SCOTT REEVES' MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)

## TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDING............................................................2

III.    STATEMENT OF ISSUES ...........................................................................................2

IV.     STANDARD OF REVIEW .............................................................................................3

V.      SUMMARY OF THE ARGUMENT ..............................................................................3

VI.     FACTUAL BACKGROUND ..........................................................................................3

    A. Reeves's Role and Connections to Texas....................**Error! Bookmark not defined.**

    B. Reeves's Access to and Use of Texas-Based Proprietary Information ........................ 3

    C. Misappropriation of Trade Secrets and Confidential Information ...**Error! Bookmark not defined.**

    D. Harm to Texas-Based Business Interests ................................................................... 4

VII.    ARGUMENT AND AUTHORITIES..............................................................................4

    A. Legal Standard for Personal Jurisdiction........................................................... 4

    B. This Court Has Specific Jurisdiction Over Reeves ......................................... 5

        1.   Reeves Has Sufficient Minimum Contacts with Texas.............................. 5
        2.   Plaintiffs' Claims Arise Out of Reeves's Forum-Related Contacts .............. 7
        3.   Exercise of Jurisdiction Over Reeves Is Fair and Reasonable ..................... 7

    C. Reeves's Alleged Lack of Physical Presence in Texas Is Not Dispositive ................. 8

    D. The "Effects Test" Further Supports Personal Jurisdiction......................................... 8

    E. Conspiracy Theory of Jurisdiction.............................................................................. 8

    F. Reeves's Rule 12(b)(6) and 9(b) Arguments Are Not Plead at All and are Premature ...................................................................**Error! Bookmark not defined.**

    G. Alternatively, Plaintiffs Respectfully Request Leave to Amend .....**Error! Bookmark not defined.**

VIII.   CONCLUSION........................................................................................................... 10

**Cases**

*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) ........................................ 3

*Bullion v. Gillespie*, 895 F.2d 213, 215-16 (5th Cir. 1990) ............................................... 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).................................................... 10, 11

*Calder v. Jones*, 465 U.S. 783, 788-90 (1984) .......................................................... 9, 12

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 451 (6th Cir. 2012)........................................... 13

*Companhia Brasileira Carbureto de Calicio v Applied Indus. Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011) (Kavanaugh, J.) ................................................................. 13

*Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996) ................................ 3

*Freuler v. Parker*, 803 F. Supp. 2d 630, 635 (S.D. Tex. 2011) ...................................................... 14

*Great Plains Trust Co v. Morgan Stanley Dean Witter Co.*, 313 F.3d 305, 329 (5th Cir. 2002).. 14

*Guidry v. U.S. Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999)........................................................ 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ...................... 8

*In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ............. 13

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)................................................................ 8

*J&M Assoc., Inc. v. Romero*, 488 F. App'x 373, 376 (11th Cir. 2012) ....................................... 13

*KPFF Inv., Inc. v. BASF Metals Ltd. (In re Platinum & Palladium Antitrust Litig.)*, 61 F.4th 242, 270 (2d Cir. 2023) .................................................................................. 13

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).................................................... 7

*McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)............................................................ 11

*Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007) ................................................ 13

*Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) ................................................. 12

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) ........................... 3

*Newsome v. Gallacher*, 722 F.3d 1257, 1265 (10th Cir. 2013) ..................................... 13

*O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342-43 (Tex. 1966) ..................................... 10

*Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. (Schwab II)*, 22 F.4th 103, 110 (2d Cir. 2021), cert denied, 142 S. Ct. 2852 (2022) ........................................ 13

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) .................................. 8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ................... 14

*Textor v. Bd. of Regents*, 711 F.2d 1387, 1392-93 (7th Cir. 1983) ............................... 13

*Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013) .......................... 13

*Walden v. Fiore*, 571 U.S. 277, 285 (2014) ............................................................ 8, 11

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ................... 12