IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs*<br><br>V.<br><br>TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER<br>*Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.:4:24-cv-2767 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS
CHARLES BURNS, P. GARRETT CLAYTON, MATTHEW D.
HILL, DEBBIE MERRITT, AND SCOTT M. REEVES' MOTION TO DISMISS PURSUANT
TO RULES 12(B)(6) AND RULE 9(B)**

NOW COME Plaintiffs Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Florida, LLC, Magnolia Title Arkansas, Ltd., The Peabody Bulldog, LLC, and John Magness (collectively, "Plaintiffs"), and file this Response in Opposition to Defendant Charles Burns, Garrett Clayton, Matthew D. Hill, Debbie Merritt, and Scott Reeves' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), and would respectfully show the Court as follows:

**NATURE AND STAGE OF PROCEEDINGS**

1. Plaintiffs bring this action against Defendants asserting claims for negligence, fraud, breach of contract, breach of fiduciary duty, tortious interference, conversion, violations of the Texas Uniform Trade Secrets Act, unjust enrichment, violations of the Lanham Act, violations of securities laws,

and conspiracy. These claims stem from Defendants' alleged misconduct, including fraudulent representations, breaches of contractual and fiduciary obligations, interference with Plaintiffs' business relationships, and the misappropriation of Plaintiffs' trade secrets and proprietary information. Plaintiffs also allege that Defendants engaged in deceptive trade practices and unlawful activities under federal and state law, causing significant harm to Plaintiffs. Defendants have moved to dismiss under Rule 12(b)(6), arguing that Plaintiffs have failed to state claims upon which relief can be granted. Plaintiffs now respond, demonstrating that the Complaint contains detailed factual allegations that sufficiently support each of their claims under the Federal Rules of Civil Procedure.

2. Plaintiffs originally filed suit in state court, and Defendant Tyrrell Garth removed to this Court based upon Federal Question.

## STATEMENT OF ISSUES AND STANDARD OF REVIEW

3. Currently before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and whether Plaintiffs' claims for negligence, fraud, breach of contract, breach of fiduciary duty, tortious interference, conversion, violations of the Texas Uniform Trade Secrets act, unjust enrichment, violations of the Lanham Act, violations of Securities Law, and conspiracy state a claim on which relief can be granted.

4. "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 555 (2007).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

5. Importantly, the court should not evaluate the merits of the allegations but must satisfy itself only that the plaintiff has adequately pled a legally cognizable claim. *United States ex rel Riley v.*

*St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir. 2004). Motions to dismiss are viewed with disfavor and are rarely granted. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir. 2005).

## ARGUMENT AND AUTHORITIES

### PLAINTIFFS HAVE SUFFICIENTLY ALLEGED CLAIM FOR NEGLIGENCE AGAINST THE STARREX OFFICERS AND DIRECTORS

6. To prevail on a negligence claim, Plaintiffs must establish the existence of a legal duty owed by Defendants to Plaintiffs, a breach of that duty, and damages proximately caused by the breach. Defendants argue that Plaintiffs have failed to establish the existence of a duty; however, Plaintiffs' amended complaint clearly alleges facts demonstrating that Defendants owed such a duty.

7. Specifically, Plaintiff amends its pleadings to sufficiently allege this claim. *See* Plaintiffs' First Amended Complaint ("PAC"), at ¶¶ 363-372.

### PLAINTIFF HAVE SUFFICIENTLY PLED THEIR CLAIM FOR BREACH OF CONTRACT AGAINST HILL, MERRITT, AND REEVES

8. In Texas, "[t]he essential elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Acad. of Skills & Knowledge v. Charter Sch., USA,* 260 S.W.3d 529, 536 (Tex. App.—Tyler 2008).

9. Defendants argue that Plaintiffs' breach of contract claim should be dismissed on the grounds that Defendants were not parties to the contract. However, Plaintiffs' amended complaint includes detailed factual allegations demonstrating that Defendants were parties to, or otherwise bound by, the contract at issue.

10. Specifically, Plaintiffs have made it clear that the basis for holding the individual defendants liable for the breach by Starrex through Section 3.4 of the MSA, which states "Affiliates and Third Parties shall be subject to the same restrictions on STARREX hereunder…"

11. Additionally, Plaintiffs have filed amended pleadings. *See* PAC, ¶¶ 101 and 389-398. Hill, Merrit, and Reeves were all bound by the provision as agents and employees of Starrex.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST HILL, REEVES, AND MERRITT

12. Defendants argue that no fiduciary duty exists; however, Plaintiffs' amended complaint alleges facts showing that Defendants were subject to the same fiduciary duties imposed on Starrex.

13. Specifically, Plaintiffs have made it clear that Section 3.4 of the MSA, which states "Affiliates and Third Parties shall be subject to the same restrictions on STARREX hereunder…", imposed fiduciary duties on each of the individual defendants. Additionally, Plaintiffs have amended their pleadings. *See* PAC, ¶¶ 101, 389-402.

14. Hill, Merrit, and Reeves were all bound by the provision as agents and employees of Starrex.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR FRAUD BASED UPON COMMON LAW FORGERY AGAINST MERRITT, HILL, AND REEVES

15. Defendants argue that Plaintiffs' claim for fraud based upon common law forgery should be dismissed. However, Plaintiffs have amended their pleadings to sufficiently plead their claim. *See* PAC, ¶¶ 403-420. Plaintiffs make it clear that the numerous forgeries of John Magness' signature on Frost Bank Account checks without his authorization or permission is completely unacceptable. *Id.* Additionally, this claim is no longer asserted against Reeves. *Id.*

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR FRAUD BY NON-DISCLOSURE AGAINST MERRITT AND HILL

16. Fraud occurs when (a) a party fails to disclose a material fact within the knowledge of that party, (b) the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, (c) the party intends to induce the other party to take some action by failing to disclose the fact, and (d) the other party suffers injury as a result of acting without knowledge of the undisclosed fact. PJC 105.4 is based on the elements of fraud by nondisclosure set forth in *Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001). *See also New Process Steel Corp. v. Steel Corp. of Texas*, 703 S.W.2d 209, 214 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (court's charge adequately instructed jury on fraud, including nondisclosure). As to the reliance element, *see Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 181-82 (Tex. 1997); *Custom Leasing, Inc. v. Texas Bank & Cross-Plaintiff*

*Haque Co.*, 516 S.W.2d 138, 143 (Tex. 1974); *see also, e.g., Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[B]y failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting . . . .") (emphasis added); *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013, pet. denied) (same).

17. Plaintiffs' amended complaint meets this standard by alleging that Merritt and Hill failed to disclose the true purpose of the promissory notes that they compelled Magness to sign. These detailed allegations satisfy Rule 9(b)'s particular requirement by providing Defendants with fair notice of the fraud claims against them. Additionally, Plaintiffs have amended their pleadings to even more thoroughly meet this standard. *See* PAC, ¶¶ 382-388.

18. Defendants' argument that Plaintiffs failed to meet the heightened pleading standard is without merit. Plaintiffs have sufficiently pleaded the elements of fraud, especially when considering their amendments. Therefore, Defendants' motion to dismiss should be denied.

## *PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR TORTIOUS INTERFERENCE AGAINST MERRITT AND HILL*

19. In order to establish a tortious interference claim in Texas, a plaintiff (or counter-claimant) must show: "(1) a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 775 (S.D. Tex. 2010) (Ellison, J.).

20. Defendants argue that Plaintiffs' pleadings fail to identify the contracts interfered with, the manner in which Merritt and Hill interfered, and the amount of damages caused. However, as amended, Plaintiffs identify numerous specific contracts with which Merritt and Hill interfered; therefore, Plaintiffs' Amended Complaint sufficiently identifies each of these elements. *See* PAC ¶¶ 420-431.

### *PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR CONVERSION AGAINST MERRITT AND COOPER*

21.     The elements of conversion are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for the return of the property. *Huffmeyer v. Mann*, 49 S.W.3d 554, 558 (Tex. App.—Corpus Christi 2001, no pet.).

22.     Defendants argue Plaintiffs fail to identify the physical property that is the subject of this cause of action. However, Plaintiffs' amended complaint provides detailed allegations identifying the property as: valuable intellectual property, cash, furniture, and other tangible assets located within the Magnolia Arkansas and Magnolia Florida offices.  *See* PAC, ¶¶ 432-436.  These allegations, taken as true, are sufficient to establish a plausible claim for conversion. Defendants' motion to dismiss should therefore be denied.

### *PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR VIOLATIONS OF THE TEXAS UNIFORM TRADE SECRETS ACT AGAINST MERRITT AND HILL*

23.     Defendants argue that Plaintiffs claims for TUTSA violations should be dismissed because plaintiffs fail to identify with particularity the trade secrets misappropriated or how the trade secrets were used without authorization.

24.     "Trade secret" means (information, such as, business, scientific, technical, economic, or engineering, and any formula, design, prototype, pattern, plan, compilation, program device, program, code, device, method, technique, process, procedure, financial data, or list of actual or potential customers or suppliers) that both: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of reasonable measures by the owner under the circumstances to maintain its secrecy.  Trade secrets may be tangible or intangible, no matter how the trade secret is "stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing." Tex. Civ. Prac. & Rem. Code 134A.002(6). Plaintiffs' amended

complaint trade secrets misappropriated by Cooper, Hill, and Merritt as: customer lists, proprietary aggregation of information and title opinions, business strategies and plans. *See* PAC, ¶¶ 437-448.

25. The amended complaint further Defendants Hill and Merrittt breached duties imposed on them by Section 3.4 of the Master Services Agreement and the Letter Agreement with the Magnolias. *Id.* ¶ 446. Defendants Cooper, Merrittt, and Hill, misappropriated and/or improperly disclosed trade secrets within a confidential relationship or under contract, including Non-Disclosure/Confidentiality Agreement, and along with Starrex Title Florida, LLC, conspired to work together to do so, as well as aid and abet the misappropriation and wrongful use of the trade secrets. *Id.* They also obtained the trade secrets by improper means; for instance, Cooper resigned from her role as President of Magnolia Title Arkansas and Magnolia Title Florida, and thereafter proceeded to download proprietary customer and other valuable trade secret data from the Magnolias' systems to which she still could obtain access. *Id.* MarketStreet and Brewer, with knowledge that the information constituted trade secrets, used the information to their advantage, obtaining profits thereby. *Id.*

26. Accordingly, the claim is sufficiently plead and the Motion should be denied.

### *PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR UNJUST ENRICHMENT*

27. Defendants argue that Plaintiffs' pleadings fail to identify the benefit obtained by the Defendants and how this was obtained by wrongful conduct.

28. Plaintiffs have amended their pleadings accordingly. *See* PAC, ¶¶ 449-452. Therefore, the Motion should be denied.

### *PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR VIOLATIONS OF THE TEXAS UNIFORM TRADE SECRETS ACT*

29. Defendants argue that Plaintiffs' pleadings merely recite the elements of a claim for common law misappropriation.

30. Plaintiffs have amended their pleadings accordingly. *See* PAC, ¶¶ 437-448. Therefore, the Motion should be denied.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR VIOLATIONS OF LANHAM ACT

31.  Defendants argue that Plaintiffs' pleadings fail to state facts showing the distinctiveness of their unregistered mark or how Merritt wrongfully used the mark.

32.  Plaintiffs have amended their pleadings to cure this alleged defect. *See* PAC, ¶¶ 453-457. Thus, the Motion should be denied.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR BUSINESS DISPARAGEMENT AGAINST MERRITT AND HILL

33.  Defendants argue that Plaintiffs' fail to show that Defendants acted with malice.

34.  Plaintiffs have amended their pleadings to cure this alleged defect. *See* PAC, ¶¶ 468-473. Thus, the Motion should be denied.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR VIOLATIONS OF SECURITIES LAW AGAINST MERRITT, HILL, AND REEVES

35.  Defendants argue that Plaintiffs lack standing and have failed to meet the heightened pleading standards for fraud under Rule 9(b). However, Plaintiffs' amended complaint alleges facts demonstrating standing. *See* PAC, ¶ 476.

36.  Further, the complaint meets Rule 9(b)'s particularity requirement by alleging specific facts showing the who, what, where typically required under this standard. *See* PAC, ¶¶

37.  These allegations are sufficient to state a plausible claim under applicable securities laws and to satisfy both Rule 9(b) and the standing requirement. Accordingly, Defendants' motion to dismiss Plaintiffs' securities law claims should be denied

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR CONSPIRACY

38.  Defendants argue that Plaintiffs failed to allege the existence of an agreement or facts sufficient to meet the fraud standard. Plaintiffs' amended complaint sufficiently pleads a claim for conspiracy, including meeting the heightened Rule 9(b) pleading standard. *See* PAC, ¶¶ 481-486.

39.  Taken as true, these allegations sufficiently state a claim for civil conspiracy. Accordingly, Defendants' motion to dismiss should be denied.

## REQUEST FOR LEAVE TO AMEND

40. In the event that the Court determine that Plaintiff's First Amended Complaint lacks a plausible and factually supported claim, Plaintiff requests leave to amend its complaint. Fed. R. Civ. P. 15(a)(2). A district court must possess a substantial reason to deny a request for leave to amend. *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004); *Lyn-Lea Travel Corp., v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir. 2002). Leave to amend would not be futile and leave to amend should be freely granted by the court when justice so requires. Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

41. Plaintiffs have adequately pled each of their causes of action. Defendants' Motion to Dismiss should be denied as Plaintiffs' amended complaint addresses all deficiencies alleged in Defendants' Motion to Dismiss.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that this court deny Defendants' Motion to Dismiss, and for any other relief, both in equity and at law, to which Plaintiffs may show themselves justly entitled.

Dated: November 18, 2024.

        Respectfully submitted,

        **HENDERSHOT COWART P.C.**

By: */s/ Philip D. Racusin*
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
PHILIP D. RACUSIN
SBN: 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
*ATTORNEYS FOR PLAINTIFFS COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LLC., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC AND JOHN MAGNESS*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 18, 2024, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

                                                    */s/ Philip D. Racusin*
                                                     Philip D. Racusin