IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | |
|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs*<br><br>V.<br><br>TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER<br>*Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§ <br><br>CIVIL ACTION NO.:4:24-cv-2767 |

**PLAINTIFFS' OBJECTIONS AND RESPONSE TO DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(6) AND 9(B)**

NOW COME Plaintiffs Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Florida, LLC, Magnolia Title Arkansas, Ltd., The Peabody Bulldog, LLC, and John Magness (collectively, "Plaintiffs"), and file this Response in Opposition to Defendant Tyrrell L. Garth and Phillip H. Clayton's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 9(b), and would respectfully show the Court as follows:

**NATURE AND STAGE OF PROCEEDINGS**

1.  Plaintiffs bring this action against Defendants asserting claims for common law fraud, fraudulent inducement, tortious interference, unjust enrichment, violations of the Texas Deceptive Trade Practices Act, and conspiracy. These claims stem from Defendants' alleged misconduct, including

fraudulent representations, breaches of contractual and fiduciary obligations, interference with Plaintiffs' business relationships, and the misappropriation of Plaintiffs' trade secrets and proprietary information. Plaintiffs also allege that Defendants engaged in deceptive trade practices and unlawful activities under federal and state law, causing significant harm to Plaintiffs. Defendants have moved to dismiss under Rule 12(b)(6), arguing that Plaintiffs have failed to state claims upon which relief can be granted and Rule 9(b), arguing that Plaintiffs have failed to plead fraud with the requisite particularity. Plaintiffs now respond, demonstrating that the Complaint contains detailed factual allegations that sufficiently support each of their claims under the Federal Rules of Civil Procedure.

2.      Plaintiffs originally filed suit in state court, and Defendant Garth removed to this Court based upon Federal Question.

## STATEMENT OF ISSUES AND STANDARD OF REVIEW

3.      Currently before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 9(b) and whether Plaintiffs' claims state a claim on which relief can be granted and meet the heightened pleading standard.

4.      Rule 12(b)(6) requires dismissal of a case if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

5.      To withstand a Rule 12(b)(6) dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

6. Importantly, the court should not evaluate the merits of the allegations but must satisfy itself only that the plaintiff has adequately pled a legally cognizable claim. *United States ex rel Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir. 2004). Motions to dismiss are viewed with disfavor and are rarely granted. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir. 2005).

## OBJECTIONS TO DEFENDANTS' MOTION AND EVIDENCE

7. The arguments presented by Defendants in which they claim Count 16 (Fraudulent Inducement) and Count 17 (Fraudulent Inducement/DTPA) should be dismissed with prejudice based on a disclaimer of reliance provision "improperly seeks relief" based on argument and evidence beyond the pleadings. Accordingly, Plaintiffs object to these arguments as premature and the introduction of this evidence. Alternatively, Defendants' Motion would need to be treated as one for summary judgment under Rule 56 meaning that the Court would need to convert Defendants' Motion to a summary judgment motion and allow all parties a chance to present relevant materials and evidence.

8. Further, Plaintiffs object to Exhibits A-G as they constitute evidence beyond the pleadings and to the extent that Exhibits E-G are unauthenticated. They should be struck.

## ARGUMENT AND AUTHORITIES

### *FRAUD BASED ON FORGERY*

9. Defendants complain that Plaintiffs' is not adequately plead. Defendants have dropped their claim for forgery against Garth and Clayton.

### *PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR TORTIOUS INTERFERENCE AGAINST GARTH AND CLAYTON*

10. In order to establish a tortious interference claim in Texas, a plaintiff (or counter-claimant) must show: "(1) a reasonable probability that the plaintiff would have entered into a business relationship;

(2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 775 (S.D. Tex. 2010) (Ellison, J.).

11. Defendants argue that Plaintiffs' pleadings fail to identify the contracts interfered with, the manner in which Merritt and Hill interfered, and the amount of damages caused. However, as amended, Plaintiffs' complaint sufficiently identifies each of these elements and sufficiently pleads the claim. *See* Plaintiffs' First Amended Petition ("PAC"), ¶¶ 420-431.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR CONSPIRACY

12. Defendants argue that Plaintiffs failed to allege the existence of an agreement or facts sufficient to meet the fraud standard. Plaintiffs' amended complaint sufficiently pleads a claim for conspiracy, including meeting the heightened Rule 9(b) pleading standard. *See* PAC, ¶¶ 481-486.

13. Taken as true, these allegations sufficiently state a claim for civil conspiracy. Accordingly, Defendants' motion to dismiss should be denied.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR FRAUDULENT INDUCEMENT

14. Plaintiffs have sufficiently plead this claim under Rules 12(b)(6) and 9(b) as now amended. *See* PAC, ¶¶ 487-500. Accordingly, Defendants' motion to dismiss should be denied.

### PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR CLAIM FOR VIOLATIONS OF THE DTPA

15. Plaintiffs' Amended Complaint satisfies this burden under Rules 12(b)(6) and 9(b) by sufficiently pleading this claim. *See* PAC, ¶¶ 501-512. Accordingly, Defendants' motion to dismiss should be denied.

## REQUEST FOR LEAVE TO AMEND

16. In the event that the Court determine that Plaintiffs' First Amended Complaint lacks a plausible and factually supported claim, Plaintiff requests leave to amend its complaint. Fed. R. Civ. P. 15(a)(2). A district court must possess a substantial reason to deny a request for leave to amend. *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004); *Lyn-Lea Travel Corp., v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir. 2002). Leave to amend would not be futile and leave to amend should be freely granted by the court when justice so requires. Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

17. Plaintiffs have adequately pled each of their causes of action. Defendants Motion to Dismiss should be denied as Plaintiffs' amended complaint addresses all deficiencies alleged in Defendants' Motion to Dismiss.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that this court deny Defendants' Motion to Dismiss, and for any other relief, both in equity and at law, to which Plaintiffs may show themselves justly entitled.

Dated: November 18, 2024.

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Philip D. Racusin*
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
PHILIP D. RACUSIN
SBN: 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
***ATTORNEYS FOR PLAINTIFFS COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC AND JOHN MAGNESS***

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 18, 2024, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

                                              */s/ Philip D. Racusin*
                                              Philip D. Racusin