## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs,* | § § § § § § § § § § | |
| V. | § § | CIVIL ACTION NO.: 4:24-cv-02767 |
| TYRRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER | § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to the Court's Order Scheduling the Rule 16 Conference With the Court and Setting Out the Court's Requirements for Initial Pretrial Work (Docket Entry No. 5), Plaintiffs Coast to Coast Title, LLC, SOL City Title, LLC, Magnolia Title Arkansas, Ltd., Magnolia Title Florida, LLC, The Peabody Bulldog LLC and John Magness, (collectively, "Plaintiffs"), and Defendants Tyrrell L. Garth, Phillip H. Clayton, Debbie Merritt, Matthew D. Hill, Charles Burns, P. Garrett Clayton, Scott M. Reeves, Ariane E. Young, Starrex Title Florida, LLC, Laurie Cooper, MarketStreet Capital Partners, LLC, MarketStreet Capital Partners AR, LLC, and Brian A. Brewer (collectively, "Defendants") respectfully submit the following Joint Discovery/Case Management Plan in accordance with Federal Rule of Civil Procedure 26(f).

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The Rule 26(f) conference was initially held on September 26, 2024 via videoconference. The following counsel participated:

   For Plaintiffs: Philip D. Racusin of Hendershot Cowart P.C.

   For Defendants Debbie Merritt, Matthew D. Hill, Charles Burns, P. Garrett Clayton, and Scott M. Reeves: Eric D. Wade of Porter Hedges LLP

   For Defendants Starrex Title Florida, LLC, Laurie Cooper, Marketstreet Capital Partners, LLC, Marketstreet Capital Partners AR, LLC, and Brian A. Brewer: Jim Graham of Stilwell, Earl & Apostolakis, L.L.P.

   For Defendant Ariane E. Young: Michelle E. Gray of Fogler, Brar, O'Neil & Gray, LLP

   For Defendants Tyrrell L. Garth and Phillip H. Clayton: Amy Parker Beeson of Beck Redden LLP

   A second Rule 26(f) conference was scheduled for November 26, 2024. Defense counsel appeared for the meeting, but Plaintiffs' counsel did not attend the meeting due to inadvertent technical/calendaring issue. Upon discovery of the same, Plaintiffs' counsel immediately followed up thereafter with all Defense counsel by email.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Cause No. 2023-85306; *Starrex International Ltd., et al. v. Coast to Coast Title, LLC, et al.*, Pending in the 11th Judicial District Court of Harris County, Texas.

   Cause No. 24DCCV0512; *Superior Am Cap Investments, LLC v. The Peabody Bulldog, LLC et al.*, Pending in the 172nd District Court of Jefferson County, Texas.

3. **Briefly describe what this case is about.**

   Plaintiffs: The Plaintiffs assert that the Defendants, including corporate entities and individuals in leadership positions, engaged in a coordinated effort to fraudulently induce the Plaintiffs into various business transactions and agreements, in connection with several events, including but not limited to, Starrex International Ltd.'s proposed acquisition of the Plaintiffs' businesses. Defendants committed acts of negligence and fraud, forged signatures on numerous checks drawn on Plaintiffs' accounts, made material misrepresentations, negligently or fraudulently, to induce investments and business decisions, misappropriated trade secrets and IP, misappropriated proprietary and confidential information, engaged in sham accounting and sham corporate governance, misappropriated monies, actively harmed the corporate Defendants

through their tortious actions and disparagement, breached their fiduciary duties imposed by contract which apply to all affiliates and third parties, and took over the Plaintiffs' business operations in Florida and Arkansas while attempting to usurp their business in Texas.  Plaintiffs knew or should have known of Debbie Merritt's completely false credentials of an accounting degree, MBA, PhD, CFA, none of which she possesses, but which was used to induce Plaintiffs into business and a Management Services Contract. The Plaintiffs' claims include but are not limited to varieties of fraud breach of contract, negligence and tortious interference. Plaintiff John Magness has also made Starrex International, Ltd. ("Starrex") aware of the potential for a derivative action against its board and officers, which prompted Starrex to appoint an independent director and investigate.  Investor HMH Title Investments, LLC and business partner HMH Lifestyles, L.P. d/b/a HistoryMaker Homes are anticipated to intervene against some Defendants.  The Plaintiffs seek, *inter alia*, monetary relief over $1,000,000, exemplary damages, and attorneys' fees.

Defendants:

Starrex International, Ltd. and certain of its subsidiaries loaned money to Plaintiffs Coast-to-Coast Title LLC, Sol City Title LLC, Magnolia Florida Title, LLC, and Magnolia Arkansas Title, LLC (collectively, the Magnolia Parties) as part of an effort to acquire the Magnolia Parties.  The acquisition did not close, and the Magnolia Plaintiffs defaulted on their payment obligations.  Starrex International sued the Magnolia Plaintiffs in Harris County District Court to collect the debt.  The Magnolia Parties are attempting to avoid payment, first alleging that the notes were forged. That excuse was abandoned, and the Magnolia Parties now claim that the notes were never designed for collection, but simply to satisfy Starrex International's audit requirements. The Magnolia Parties asserted counterclaims in the Harris County action. The Magnolia Parties then sued the officers and directors of Starrex International (Burns, Hill, Reeves, Clayton and Merritt) among other parties in an effort to cast blame on the Starrex officers and directors for the poor financial performance of the Magnolia Parties, which ultimately was the reason why the acquisition of the Magnolia Parties by Starrex did not close.

Defendants Tyrrell L. Garth and Philip H. Clayton invested in the Magnolia Companies to be run by John Magness. The Magnolia Companies failed under Magness's mismanagement, resulting in a number of attempts to right the sinking ship that also failed to make the companies profitable. As Defendants Garth and Clayton outlined in their Motion to Dismiss, Magness now makes a series of baseless claims against Garth and Clayton relating to these business dealings. Much of the petition is indecipherable and most if not all of the petition is a vast departure from reality.

Defendants Starrex Title Florida, LLC, Marketstreet Capital Partners, LLC, Marketstreet Capital Partners AR, LLC and Brian A. Brewer, (hereinafter "Brewer Defendants") were not involved in any of the dealings or complained of actions between Plaintiffs and the other defendants (Tyrell L. Garth, Phillip H. Clayton, Debbie Merritt A/K/A Deborah Merritt, Matthew D. Hill, Charles Burns, P. Garrett Clayton,

Scott M. Reeves, Ariane E. Young, and Tinglemerritt, LLP). Plaintiffs' assert groundless allegations against the Brewer Defendants for events taking place between April 2021 and approximately January 2024, that resulted in the disputes and lawsuits between the Plaintiff's and the other defendants.

Plaintiffs allege causes of action against the Brewer Defendants for events that took place in Florida and Arkansas after Plaintiff's business had already failed and Plaintiffs are seeking to recoup their losses by bringing claims against the entities that hired the employees terminated by the Plaintiffs and opened new companies in the same line of business. On or about December 7, 2023, Plaintiffs received noticed that they would lose their insurance underwriter and thus the ability to conduct business in Florida and Arkansas, effective January 7, 2024. Plaintiffs, being fully aware they would no longer be able to conduct business in Florida and Arkansas, directed the management of the Florida and Arkansas entities to alert the employees of the closing of the businesses and that they should seek new employment. Plaintiffs also directed management to take whatever actions were deemed necessary to transition the employees out and existing customers to other service providers. Contrary to Plaintiffs' allegations, any open and pending business was processed through Plaintiffs' entities. During this transition it was discovered that Plaintiffs had defaulted on paying employee health insurance premiums that had been collected from employees and Plaintiffs also failed to deposit monies collected from employees for deposit into the employees' retirement accounts.

Only after Plaintiffs' businesses had closed and defaulted on their obligations did the Brewer Defendants establish and open businesses in Florida and Arkansas that engaged in the business of offering title insurance products. The Brewer Defendant's new entities executed new agreements for the office spaces and with vendors in Florida and Arkansas. The Brewer Defendants have denied all allegations, demanded strict proof thereof, asserted the defenses of estoppel and waiver, pled limitations on exemplary damages and the right to a bifurcated trial.

4. **Specify the allegation of federal jurisdiction.**

Defendant Tyrrell L. Garth removed this case from the 11th Judicial District Court of Harris County, Texas, on July 25, 2024, asserting subject matter jurisdiction based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a) and supplemental jurisdiction under 28 U.S.C § 1367(a).

5. **Name the parties who disagree and the reasons.**

The parties do not currently disagree on issues of subject matter jurisdiction.

Defendant Laurie Cooper, on August 1, 2024, filed a Motion to Dismiss under Rule 12(b)(2), challenging personal jurisdiction. Cooper and Plaintiffs agreed on September 11, 2024, to extend the response deadline to September 20, 2024. Plaintiffs filed their Response to this Motion to Dismiss on September 20, 2024, and thereafter filed an Unopposed Motion for Leave of Court to file the Response, which was granted.

Defendant Laurie Cooper, on October 14, 2024, timely filed a Motion to Strike Inadmissible Statements in Plaintiff's Declaration of Britt Naponic and also filed her Reply to Plaintiff's Response to Cooper's Motion to Dismiss. Said Reply was timely as the Clerk was notified of agreements between counsel to extend the deadline to October 14, 2024. Defendant Laurie Cooper has sought dismissal for lack of personal jurisdiction because she is and was at all times a resident of Florida and she has not lived, worked, transacted business, owned property, or banked in Texas. She was employed by a Florida entity that conducted business exclusively in Florida.

Defendant Scott Reeves and Charles Burns filed a Motion to Dismiss under Rule 12(b)(2), and subject thereto, Scott Reeves, Charles Burns, Matt Hill, Garrett Clayton and Debbie Merritt filed a Rule 12(b)(6) motion to dismiss. Defendant Ariane Young also filed a Motion to Dismiss under Rule 12(b)(2) and, subject thereto, a Rule 12(b)(6) Motion to Dismiss. Defendants Garth and Clayton filed a motion to dismiss pursuant to Rule 12(b)(6) and 9(b).

Plaintiffs filed a First Amended Petition in response to the motions to dismiss. Scott Reeves, Matt Hill, Garrett, Clayton, Debbie Merritt, Ariane Young, Tyrrell Garth, and Philip Clayton will file motions to dismiss to address the First Amended Petition on December 2, 2024. Charles Burns was non-suited from the case.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    Plaintiffs may add additional liable parties, such as Frost Bank.

    Defendants do not expect adding additional parties at this time.

7. **List anticipated interventions.**

    Plaintiffs anticipate that HMH Title Investments, LLC, HMH Lifestyles, L.P. and potentially, certain affiliates, will intervene to assert claims against certain Defendants.

    Defendants do not anticipate any interventions at this time.

8. **Describe class-action issues.**

    This case does not involve any class action or collective action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have not yet served Initial Disclosures.

       Defendants suggest that Rule 26(a) disclosures be exchanged thirty days after the Court rules on the pending or to be filed Rule 12 motions.

**10.  Describe the proposed agreed discovery plan, including:**

  **A.  Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

    a. Defendants object to proceeding with any discovery until the Rule 12 motions are addressed by the Court. The First Amended Petition is approximately 152 pages in length and includes twenty-one causes of action, which are subject to numerous motions to dismiss. The parties and claims, and ultimately the type of discovery necessary to address any claims that survive the motions to dismiss, will not be known until the motions to dismiss are decided by the Court.

    b. The Defendants suggest that the Court set a scheduling conference after deciding the Rule 12 motions, at which time the Court can enter a Scheduling Order.

    c. The Parties have conferred regarding the agreed discovery plan and were not able to reach an agreement. Plaintiffs want to proceed with discovery now, while Defendants believe discovery should be stayed until the Court rules on the pending or soon to be filed Rule 12 motions.

    d. The Parties conferred regarding electronic discovery and were able to reach an agreement as follows:

       i. If discovery proceeds, the parties will meet and confer regarding appropriate search terms and custodians for electronically stored information (ESI).

       ii. If discovery proceeds, the parties agree to produce ESI in native format or single-page TIFF images with corresponding load files containing metadata fields.

       iii. The parties agree to meet and confer regarding any issues with inaccessible or unduly burdensome ESI before seeking court intervention.

    e. Plaintiffs anticipate seeking broad email and electronic document production from key custodians at the Defendant companies. Defendants are likely to object to the scope and argue for more limited custodians and date ranges.

    f. The parties may disagree on the extent of metadata fields to be produced and protocols for handling privileged information.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

    a. Plaintiffs anticipate that they will send interrogatories to Defendants.

    b. Plaintiffs anticipate sending such interrogatories after the Court permits discovery to commence.

**C. When and to whom the defendant anticipates it may send interrogatories.**

    a. Defendants expect to serve interrogatories on all Plaintiffs.

    b. Defendants suggest that written discovery should not occur until after the Rule 12 motions are decided.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

    a. Plaintiffs anticipate that they will take the depositions of each Defendant (including certain employees) and corporate representative(s) of each corporate Defendant. These depositions include all of the Defendants and where applicable, their corporate representatives.

    b. Plaintiffs also anticipate taking depositions of third-party witnesses, including former employees and officers of Defendants and their affiliates and former employees of Plaintiffs, and witnesses disclosed by Defendants.

    c. Plaintiffs anticipate completing such depositions by **June 2, 2025.**

**E. Of whom and by when the defendant anticipates taking oral depositions.**

    a. Defendants anticipate deposing all of the Plaintiffs, as well as other witnesses disclosed by Plaintiffs.

    b. Given the serious questions about which Defendants and causes of action may remain in this case, Defendants request that the Court set a new scheduling conference after ruling on the Rule 12 motions so that the remaining parties (if any) can provide a more accurate description of the necessary discovery and timelines.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    a. Plaintiffs will be able to designate experts and provide the required reports by **August 1, 2025.**

    b. Given the serious questions about which Defendants and causes of action may remain in this case, Defendants request that the Court set a new scheduling conference after ruling on the Rule 12 motions so that the remaining parties can provide a more accurate description of the necessary discovery and timelines.

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate that they will require the deposition of any testifying experts of Defendants. Plaintiffs anticipate completing such depositions within 30 days of the close of discovery.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants anticipate that they will require the deposition of any testifying experts of Plaintiffs. Defendants anticipate completing such depositions within 30 days of the close of discovery.

**I.** **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

- Coast to Coast Title, LLC: All members are citizens of Texas

- Sol City Title, LLC: All members are citizens of Texas

- Magnolia Title Florida, LLC: All members are citizens of Texas

- Magnolia Title Arkansas, Ltd.: All members are citizens of Texas

- The Peabody Bulldog, LLC: All members are citizens of Texas

- MarketStreet Capital Partners, LLC: All members are citizens of Texas

- MarketStreet Capital Partners AR, LLC: All members are citizens of Texas

- STARREX Title Florida, LLC: All members are citizens of Texas

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Plaintiffs believe that a trial setting of **February 1, 2026**, will allow sufficient time to conduct discovery and conduct pre-trial tasks to effectively prepare for trial.

    Given the serious questions about which Defendants and causes of action may remain in this case, Defendants request that the Court set a new scheduling conference after ruling on the Rule 12 motions so that the remaining parties can provide a more accurate description of the necessary discovery and timelines.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Not applicable.

13. **State the date the planned discovery can reasonably be completed.**

    Plaintiffs believe that discovery can be completed by December 1, 2025.

    Defendants believe that the extent of discovery needed in this case will depend largely on the outcome of their respective motions to dismiss. It is currently undetermined when it can reasonably be completed.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiffs and the Starrex directors and officers attended mediation on October 29 and 30, 2024 with Gary McGowan as the mediator. An impasse was declared on October 30, 2024.

    Defendants Garth and Clayton ultimately did not attend the previous mediation because resolution was not feasible at the time given the preliminary stage of the case and the fact that discovery had not yet commenced. They would not be opposed to mediation in the future once the Court rules on the motions to dismiss and the parties have conducted key discovery.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation might become an option after motions to dismiss are decided and key discovery is completed.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiffs are opposed to proceeding before a magistrate judge.

Defendants are opposed to proceeding before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

Plaintiffs made a jury demand in the First Amended Complaint.

18. **Specify the number of hours it will take to present the evidence in this case.**

At this time, Plaintiffs anticipate that **15 days (120 hours)** will be required for trial.

Defendants anticipate that the number of parties and claims will be reduced from the current number and that will ultimately dictate the number of days necessary for trial. Defendants request that the Court set a new scheduling conference after ruling on the Rule 12 motions so that the remaining parties can provide a more accurate description of the time necessary to present evidence.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

While Defendants all have pending Rule 12(b) motions at this time, they all intend to file Motions to Dismiss Plaintiffs' First Amended Petition on December 2, 2024. Thus, these motions will not be ripe at the time of the conference.

20. **List other motions pending.**

Defendant Laurie Cooper has filed a Motion to Dismiss Under Rule 12(b)(2). Plaintiffs' Response and Defendant's Reply are pending. Defendant Cooper also has a pending Motion to Strike Inadmissible Statements from Plaintiffs' Declaration of Brett Naponic.

Plaintiffs have filed an Unopposed Motion for Leave of Court to Late File Their Response to Defendant Laurie Cooper's Motion to Dismiss, noting agreement as to the extension of a response date to September 20, 2024.

Defendant Ariane Young has filed a Motion to Dismiss Under Rules 12(b)(2), and Subject Thereto, Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b). She will file an amended motion on December 2, 2024 to address Plaintiffs' Amended Complaint.

Starrex directors and officers will file motions to dismiss under Rule 12(b)(2) and (6) on December 2, 2024. Those motions will not be ripe for ruling at the initial pretrial conference.

Defendants Tyrrell Garth and Philip Clayton filed a Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b). They will file an amended motion to dismiss the First

Amended Petition on December 2, 2024, which will not be ripe at the initial pretrial conference.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   There are no matters that require special attention of the Court at the conference.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

   Plaintiffs filed their Disclosure of Interested Persons on September 25, 2024.

   Defendants plan to file their respective Disclosures of Interested Persons by the deadline.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

   **Counsel for Plaintiffs:**

   Simon W. Hendershot, III
   State Bar No.: 09417200
   trey@hchlawyers.com
   Philip D. Racusin
   State Bar No.: 24054267
   pracusin@hchlawyers.com

   *Of the law firm:*
   HENDERSHOT COWART P.C.
   1800 Bering Drive, Suite 600
   Houston, Texas 77057
   Telephone: (713) 783-3110
   Facsimile: (713) 783-2809
   **Counsel for Defendants Debbie Merritt, Matthew D. Hill, Charles Burns, P. Garrett Clayton, and Scott M. Reeves:**

   Eric D. Wade
   State Bar No. 00794802
   ewade@porterhedges.com
   Stephen H. Lee
   State Bar No. 00791092
   slee@porterhedges.com
   Mary Anna H. Rutledge
   State Bar No. 24096149
   mrutledge@porterhedges.com
   Nabeela K. Arshi

11

State Bar. No. 24134422
narshi@porterhedges.com

*Of the law firm:*
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, TX 77002-6336
Telephone: 713-226-6655
Facsimile: 713-226-6255

**Counsel for Defendants Starrex Title Florida, LLC, Laurie Cooper, Marketstreet Capital Partners, LLC, Marketstreet Capital Partners AR, LLC, and Brian A. Brewer:**

Steven C. Earl
State Bar No. 24002028
steven@woodlandstxlawfirm.com
James E. Graham
State Bar No. 24102973
jim@woodlandstxlawfirm.com

*Of the law firm:*
STILWELL, EARL & APOSTOLAKIS, L.L.P.
128 Vision Park Blvd., Suite 140
Shenandoah, Texas 77384
Telephone: (281) 419-6200
Facsimile: (281) 419-0250


**Counsel for Defendant Ariane E. Young:**

Michelle E. Gray
Attorney in charge
State Bar No. 24078586
S.D. Tex. Bar No. 892270
mgray@foglerbrar.com
Deborah C. Milner
State Bar No. 24065761
S.D. Tex. Bar No. 971677
cmilner@foglerbrar.com

*Of the law firm*:
FOGLER, BRAR, O'NEIL & GRAY, LLP
2 Houston Center
909 Fannin Street, Suite 1640
Houston, TX 77002

Telephone: (713) 481-1010
Facsimile: (713) 574-3224

**Counsel for Defendants Tyrrell L. Garth and Phillip H. Clayton:**

Fields Alexander
State Bar No. 00783528
falexander@beckredden.com
Amy Parker Beeson
State Bar No. 24051156
abeeson@beckredden.com
Kaitie Sorenson
State Bar No. 24128633
ksorenson@beckredden.com

*Of the law firm:*
BECK REDDEN LLP
1221 McKinney Street
Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-6234
Facsimile: (713) 951-3720

Dated: November 27, 2024　　　　　　　　Respectfully submitted,

| | |
|---|---|
| HENDERSHOT COWART P.C. | PORTER HEDGES LLP |
| | |
| By: _____ | By: _____ |
| Simon W. Hendershot, III | Eric D. Wade |
| State Bar No.: 09417200 | State Bar No. 00794802 |
| trey@hchlawyers.com | ewade@porterhedges.com |
| Philip D. Racusin | Stephen H. Lee |
| State Bar No.: 24054267 | State Bar No. 00791092 |
| pracusin@hchlawyers.com | slee@porterhedges.com |
| 1800 Bering Drive, Suite 600 | Mary Anna H. Rutledge |
| Houston, Texas 77057 | State Bar No. 24096149 |
| Telephone: (713) 783-3110 | mrutledge@porterhedges.com |
| Facsimile: (713) 783-2809 | Nabeela K. Arshi |
| **ATTORNEYS FOR PLAINTIFFS COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS** | State Bar. No. 24134422 |
| | narshi@porterhedges.com |
| | 1000 Main Street, 36th Floor |
| | Houston, TX 77002-6336 |
| | Telephone: 713-226-6655 |
| | Facsimile: 713-226-6255 |
| | **ATTORNEYS FOR DEFENDANTS DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES** |
| | |
| STILWELL, EARL & APOSTOLAKIS, L.L.P. | |
| | FOGLER, BRAR, O'NEIL & GRAY, LLP |
| By: _____ | |
| Steven C. Earl | By: _____ |
| State Bar No. 24002028 | Michelle E. Gray |
| steven@woodlandstxlawfirm.com | Attorney in charge |
| Jim Graham | State Bar No. 24078586 |
| State Bar No. 24102973 | S.D. Tex. Bar No. 892270 |
| jim@woodlandstxlawfirm.com | mgray@foglerbrar.com |
| 128 Vision Park Blvd., Suite 140 | Deborah C. Milner |
| Shenandoah, Texas 77384 | State Bar No. 24065761 |
| Telephone: (281) 419-6200 | S.D. Tex. Bar No. 971677 |
| Facsimile: (281) 419-0250 | cmilner@foglerbrar.com |
| **ATTORNEYS FOR DEFENDANTS STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER** | 2 Houston Center |
| | 909 Fannin Street, Suite 1640 |
| | Houston, TX 77002 |
| | Telephone: (713) 481-1010 |
| | Facsimile: (713) 574-3224 |
| | **ATTORNEYS FOR DEFENDANT ARIANE E. YOUNG** |

14

BECK REDDEN LLP


By: _____
Fields Alexander
State Bar No. 00783528
Federal Bar No. 16427
falexander@beckredden.com
Amy Parker Beeson
State Bar No. 24051156
Federal Bar No. 626178
abeeson@beckredden.com
Kaitie Sorenson
State Bar No. 24128633
Federal Bar No. 3859186
ksorenson@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-6234
Facsimile: (713) 951-3720
**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH, PHILLIP H. CLAYTON**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br><br>*Plaintiffs,*<br><br>V.<br><br>TYRRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 4:24-cv-02767 |

**PROPOSED SCHEDULING AND
DOCKET CONTROL ORDER**

Given the serious questions about which Defendants and causes of action may remain in this case, Defendants request that the Court set a new scheduling conference after ruling on the Rule 12 motions so that the remaining parties can provide a more accurate description of the necessary discovery and timelines, including submitting a Proposed Scheduling and Docket Control Order.

The disposition of this case will be controlled by the following schedule:

1.   <u>See Defs' Position Above</u>   **MOTIONS TO ADD NEW PARTIES**
       The attorney causing the addition of new parties will
       provide copies of this Order to new parties.

2.   See Defs' Position Above   **MOTIONS FOR LEAVE TO AMEND PLEADINGS**
Parties filing motions after this deadline must show good cause.

**EXPERTS ON MATTERS OTHER THAN ATTORNEY'S FEES**

3a.   See Defs' Position Above   The plaintiff (or the party with the burden of proof on an issue) will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

3b.   See Defs' Position Above   The opposing party will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

4.   See Defs' Position Above   **MEDIATION**
Mediation or other form of dispute resolution must be completed by this deadline.

5.   See Defs' Position Above   **COMPLETION OF DISCOVERY**
Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

6.   See Defs' Position Above   **PRETRIAL DISPOSITIVE MOTIONS DEADLINE**
No motion may be filed after this date except for good cause

7.   See Defs' Position Above   **JOINT PRETRIAL ORDER AND MOTION IN LIMINE DEADLINE**
The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to file a Joint Pretrial Order timely may lead to dismissal or other sanction in accordance with the applicable rules.

8.   See Defs' Position Above   **DOCKET CALL**
Docket Call will be held at 8:30 a.m. in Courtroom 11-B, United States Courthouse, 515 Rusk, Houston, Texas. No documents filed within 7 days of the Docket Call will be considered. Pending motions may be ruled on at docket call, and the case will be set for trial as close to the docket call as practicable.

- 3 -

9	Additional orders relating to disclosures, discovery, or pretrial motions:

Any party wishing to make any discovery motions should arrange for a pre-motion conference with the court before the preparation and submission of any motion papers. That includes a motion to compel, to quash, or for protection. Email Mrs. Eddins at Lisa_Eddins@txs.uscourts.gov or fax her at 713-250-5213 to arrange for a pre-motion conference. Notify your adversary of the date and time for the conference.

The parties agree to submit attorney's fees issues to the court by affidavit after liability and damages are resolved.

Other:

Signed on                   , at Houston, Texas.

                   Lee H. Rosenthal
         Chief United States District Judge