IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS | § § § § § § § | |
| *Plaintiffs* | § § | |
| v. | § § | CIVIL ACTION NO.:4:24-cv-2767 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC AND BRIAN A. BREWER | § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**DEFENDANT ARIANE YOUNG'S AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(B)(2), AND, SUBJECT THERETO, MOTION TO DISMISS PURSUANT TO RULES 12(B)(6) AND 9(B)**

Defendant Ariane Young ("Young") files this Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court does not

have personal jurisdiction over Young in this matter. In the absence of general jurisdiction—which does not exist against Young, a Canadian citizen and resident—Plaintiffs must allege and prove that (1) their claims against Young arise out of business Young conducted in Texas or (2) Young engaged in tortious activity in Texas that gives rise to Plaintiffs' claims. Plaintiffs have not pleaded or proven the necessary jurisdictional facts (nor can they), and, accordingly, this Court does not have personal jurisdiction over Young.

Subject to and without waiver of its Rule 12(b)(2) motion, Young also moves to dismiss for failure to state a claim pursuant to Rules 12(b)(6) and 9(b). Young filed her original Motion to Dismiss on November 15, 2024. Plaintiff then filed an Amended Complaint on November 18, 2024 making minor alterations to jurisdictional allegations and also removing a claim for fraud against Young. Accordingly, Young files this Amended Motion to address the Amended Complaint.

## I. BACKGROUND

### A. Plaintiffs' Allegations

This matter arises out of a complicated series of transactions and dealings between Plaintiffs on the one hand and Starrex International Ltd. ("Starrex Ltd.") and its subsidiaries on the other hand. The Canadian law firm in which Young is a partner, TingleMerrett LLP ("TingleMerrett"), represented Starrex Ltd. in a variety of corporate and transactional matters, including some matters related to the

allegations in this lawsuit. This lawsuit is not being brought by TingleMerrett's client Starrex Ltd., but, instead, the counterparties to transactions with Starrex Ltd. Plaintiffs allege that Starrex Ltd. and certain individuals associated with Starrex Ltd. defrauded Plaintiffs and stole their trade secrets. The only claim they have asserted against Young is for conspiracy.

### B.  Young

Young is a Canadian citizen residing in Calgary, Alberta, Canada. *See* Ex. 1 at ¶¶ 1-2; Am. Compl. ¶ 13. She is a partner in TingleMerrett, a Canadian law firm with its sole office in Calgary, Alberta, Canada. *See* Ex. 1 at 2. Young is licensed to practice law in Canada, not the U.S. *See* Ex. 1 at ¶ 3. Accordingly, Young's clients hire her to advise on Canadian law, not on U.S. law. *Id*. Young did not solicit the client at issue in this case. *Id*. at ¶ 4. Young does not have any real property in Texas; she does not own a bank account in Texas; she does not pay taxes in Texas; she does not have employees or a registered agent in Texas; and she does not have a home, office, mailing address, or telephone number in Texas. *Id*. at ¶ 6.

In this matter, Starrex Ltd., a company formed under Canadian law, hired TingleMerrett to advise it on Canadian law aspects of certain cross-border transactions involving Plaintiffs. *Id*. at ¶ 4. Young and Scott Reeves, who is also a defendant in this suit, are limited partners (but not the sole partners) in TingleMerrett, and their offices are in Calgary, Canada. *Id*. at ¶¶ 2, 4. Young did

3

not travel to Texas to perform work related to the issues in the Petition. *Id.* at ¶ 7. Moreover, she did not solicit Starrex Ltd. or any of its related entities as a client. *Id.* at ¶ 4. She was not directing the scope or direction of the work for Starrex Ltd.; rather, she performed limited work for Starrex Ltd. at the direction of Reeves. *Id.*

### C. Plaintiffs' limited allegations against Young

Plaintiffs admit that Young resides in Canada and have made no allegation that she resides in Texas. *See* Am. Compl. at ¶ 13. Their sole jurisdictional allegation against Young is that she "purposefully availed [herself] of the privileges and benefits of conducting business in Texas." *Id.* at ¶ 24. Notably, Plaintiffs do not allege that Young committed any tort in Texas. *Id.*

Plaintiffs have generally pleaded that jurisdiction is appropriate against all Defendants because Defendants' "contacts with Texas arise from the same nucleus of operative facts giving rise to this litigation regarding misappropriation of trade secrets and corporate opportunities belonging to Texas entities." Am. Compl. ¶ 64. They make the general allegation against all "out-of-state Defendants" that these Defendants "have routinely and purposefully reached into the state of Texas to conduct business, acquire trade secrets, solicit employment, and/or attend business-related meetings." *Id.* at ¶ 67. But they do not provide a single example of Young engaging in any of these activities. Nor have they pleaded any cause of action for

4

misappropriation of trade secrets or usurpation of corporate opportunities against Young.

Rather, Plaintiffs have pleaded just one causes of action, for conspiracy, against Young. *See* Am. Compl. at ¶¶ 481-86 (alleging conspiracy against "All Defendants"). They have, however, failed to plead that Young *herself* committed any tort in whole or in part in Texas, as required to establish specific jurisdiction in these circumstances, or that she took any other action that would constitute doing business in Texas. For the same reasons, Plaintiffs have not sufficiently pleaded a cause of action against Young for conspiracy.

## II.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(2)

#### 1.   *The plaintiff's burden*

The plaintiff has the burden of pleading sufficient jurisdictional facts to bring the defendant within the Court's jurisdiction. *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022). The plaintiff must allege jurisdictional facts specific to each claim against each defendant. *Id.; see also ICI Constr., Inc. v. Hufcor, Inc.,* No. CV H-22-3347, 2023 WL 2392738, at *6 (S.D. Tex. Mar. 7, 2023). Even when a plaintiff has alleged a conspiracy among multiple defendants, a court may look only to the particular defendant's contacts with the forum—not the contacts of conspirators—in deciding whether jurisdiction exists.

5

*Spurling v. Wright*, No. 4:22-CV-01794, 2022 WL 22287005, at *4 (S.D. Tex. Oct. 20, 2022).

### 2. The law on personal jurisdiction

A federal court sitting in Texas has personal jurisdiction over a defendant who has otherwise not consented to jurisdiction in Texas, only if the requirements of both the Fourteenth Amendment's due process clause and the Texas long-arm statute are satisfied. *Danziger,* 24 F.4th at 495; *see also Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 573 (5th Cir. 2020). A court may consider both pleadings and affidavits or declarations in deciding personal jurisdiction, or it may hold an evidentiary hearing. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Spurling v. Wright*, No. 4:22-CV-01794, 2022 WL 22287005, at *2 (S.D. Tex. Oct. 20, 2022). "Facts asserted by defendants in their affidavits that are undisputed by factually supported allegations in a plaintiff's affidavit are taken as true." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024).

Starting with the Texas statute, the defendant must have done business in Texas. TEX. CIV. PRAC. & REM. CODE § 17.042. The statute defines "doing business in Texas" as (1) contracting with a Texas resident where "either party is to perform the contract in whole or in part in this state," (2) committing a tort in whole or in part in Texas, and (3) recruiting Texas residents for employment. *Id*.

6

The United States Constitution requires two components: (1) minimum purposeful contacts with the state by the defendant and (2) compliance with traditional notions of fair play and substantial justice. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, (1985). The Supreme Court has addressed these requirements on many occasions. It has emphasized that the only contacts that count toward personal jurisdiction are those which are purposeful acts **by the defendant itself** (not the acts of the plaintiff or third parties). *See, e.g., Walden v. Fiore*, 571 U.S. 277, 290, 134 S. Ct. 1115, 1125, (2014). In addition, if the defendant is acting as a lawyer for a client, the defendant's contacts cannot be attributed to the defendant personally. *See, e.g., Conveyor Aggregate Products Corp. v. Benitez*, No. PE:18-CV-20-DC-DF, 2019 WL 1921613, at *6 (W.D. Tex. Mar. 4, 2019); *Sussman v. Old Heidelburg, Inc.*, No. 14-06-00116-CV, 2006 WL 3072092, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no pet.). The defendant's qualifying contacts with the forum state can give rise to general or specific jurisdiction. *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

   a) *General jurisdiction*

In 2011 and 2014, the United States Supreme Court issued two key opinions on general jurisdiction, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918, 131 S. Ct. 2846, 2850, (2011) and *Daimler AG v. Bauman*, 571 U.S. 117,

120, 134 S. Ct. 746, 750, (2014), both of which were authored by Justice Ginsburg. The Court in *Goodyear* held that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," meaning the corporation's domicile, place of incorporation, and principal place of business. *Goodyear*, 564 U.S. at 924, 131 S. Ct. at 2853–54, 180 L. Ed. 2d 796. *Daimler* reiterated that holding and further emphasized that it is highly unlikely that general jurisdiction exists outside of a corporation's domicile, place of incorporation, or principal place of business. *Daimler*, 571 U.S. at 137–38, 134 S. Ct. at 760–61, 187 L. Ed. 2d 624. Even substantial, continuous business in a state does not confer general jurisdiction. *Id*.

### b) *Specific jurisdiction*

For specific jurisdiction, the defendant's contacts with the forum must give rise to the suit. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 900 (5th Cir. 2024). Even substantial contacts that the defendant has with the jurisdiction are insufficient if the suit arises out of <u>other</u> acts unconnected with the forum state. *Id*. With respect to specific jurisdiction for intentional torts—the only claim alleged against Young— the plaintiff must demonstrate jurisdiction "based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. The defendant's contacts may not be attenuated, fortuitous, or based on a third

party's unilateral activity. *Id*.; *see also Sayers*, 976 F.3d at 573–74. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290.

When a plaintiff alleges that the minimum contacts exist because a defendant committed a tort in a phone call or email sent from another jurisdiction to Texas, pursuant to the Texas long-arm statute, the content of that communication must actually give rise to the cause of action. Where the plaintiff fails to state a claim for a tort based on the actions that allegedly took place in Texas, the plaintiff does not establish jurisdiction over the non-resident defendant. *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007); *see also ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012) (no jurisdiction because there was no injury flowing from the acts in the forum state). The tort must actually occur during the contact with Texas. *Jones v. Artists Rights Enf't Corp.*, 789 Fed. Appx. 423, 427 (5th Cir. 2019) (per curiam). This is consistent with the language of the long-arm statute, which permits jurisdiction over a defendant who has "commit[ed] a tort in whole or in part in Texas." TEX. CIV. PRAC. & REM. CODE § 17.042. The statute does not confer jurisdiction over attempted, but uncompleted, torts. *See, e.g., M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878,

888 (Tex. 2017) (planning a tort in Texas but doing it elsewhere does not create jurisdiction in Texas).

### B. This Court does not have specific jurisdiction over Young.

#### 1. *Plaintiffs have not pleaded sufficient jurisdictional facts.*

Plaintiffs have not pleaded facts sufficient to establish jurisdiction over Young. It does not appear that Plaintiffs intend to assert that this Court has general jurisdiction over Young (and if they do, their allegations are woefully insufficient). As to specific jurisdiction, it is not enough to plead that *other defendants* committed torts in Texas. Plaintiffs must plead that **Young** committed specific tortious acts **in Texas** or did business **in Texas specifically related to this dispute**. *See Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 793 (5th Cir. 2007) (pleadings against defendants collectively are insufficient); *Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) (same). Plaintiffs' pleadings must also show that any contacts Young had with Texas were on her own behalf, rather than as a lawyer representing a client. *See, e.g., Conveyor Aggregate Products Corp. v. Benitez*, No. PE:18-CV-20-DC-DF, 2019 WL 1921613, at *6 (W.D. Tex. Mar. 4, 2019). Likewise, because Young was acting in her capacity as a partner/employee of TingleMerrett with respect to all facts pleaded against her, she is protected by the fiduciary shield doctrine, and the alleged actions she took cannot be attributed to her

10

individually for purposes of personal jurisdiction. *Bell v. Moawad Group, LLC*, No. A-17-CA-00073-SS, 2017 WL 2841679, at *7 (W.D. Tex. June 30, 2017).

Plaintiffs have not pleaded that Young herself took any actions in Texas on her own behalf, or that she purposefully directed her actions at anyone in Texas. She was simply assisting another lawyer in her firm with Canada-based work for a firm client that she did not solicit. *See* Ex. 1 at ¶ 4. She did not enter into a contract with anyone in Texas, visit Texas, or commit a tort in Texas. Further, all of Young's actions were taken as a lawyer for Starrex Ltd., not on her own behalf or on behalf of TingleMerrett. Accordingly, her actions must be attributed to Starrex Ltd., not to her individually.

> 2. *Young does not have minimum contacts with Texas related to Plaintiffs' claims against Young.*

Second, Young does not have minimum contacts with Texas sufficiently related to Plaintiffs' claims against Young. Plaintiffs' conclusory allegations that Young participated in torts directed by other Defendants who may have more contacts with Texas do not establish personal jurisdiction over Young. **Plaintiffs must allege that Young herself took some actions in Texas on her own behalf and not as a lawyer for her client**. *Walden*, 571 U.S. at 290.

The sole factual allegations against Young relate to amended and restated promissory notes (not alleged to have been drafted by her) that she sent to John Fulkerson, a lawyer for certain Plaintiffs who had an office in Texas, with a request

11

for his clients to sign them. *See* Am. Compl. at ¶¶ 159-173. But taking all of the alleged facts as true (which Young disputes), even Ms. Young's calls, emails, and attempts to have the amended and restated promissory notes signed in Texas do not establish jurisdiction. This is because—as alleged—Ms. Young did not commit a tort, she merely *tried* to commit one, according to the Plaintiffs.

Plaintiffs claim that Young tried to mislead Plaintiffs by sending amended and restated promissory notes to a lawyer in Texas for some of the Plaintiffs to execute. But as the Plaintiffs admit in their petition, this was unsuccessful; they did not rely on any statements made by Young in these emails and did not sign the amended promissory notes. Am. Compl. at ¶¶ 159–173. In particular, Plaintiffs pleaded that "[t]he ruse was transparent" and "Fulkerson and others begin to realize that this was a lame attempt at ratification," pleadings that establish that Plaintiffs were in no way injured by any action by Young. *Id*. at ¶¶ 166, 171. They also specifically pleaded that they did not sign the amended notes. *Id*. at 178.

When a non-resident communicates via telephone or email with a resident, those actions do not establish personal jurisdiction over the non-resident unless the tort actually occurs in those conversations. *See, e.g., Moncrief Oil*, 481 F.3d at 314. As the Court knows, the elements of civil conspiracy are:

> (1) two or more persons;
> (2) an object to be accomplished;
> (3) a meeting of the minds on the object or course of action;
> (4) one or more unlawful, overt acts; and

12

(5) damages as a proximate result.

*Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

Plaintiffs have pleaded that "Defendants," not Young specifically, "engaged in a concerted action to commit the aforementioned wrongful acts including acts amounting to negligence, breach of fiduciary duty, fraud, and conversion against the Magnolias." Am. Comp. ¶ 483. They allege that "Defendants," not Young specifically, "had a meeting of the minds and acted to defraud the Magnolias by inducing the Magnolias to sign the promissory notes"—that is, the original notes, not the amended ones that are the subject of the allegations against Young. Am. Compl. ¶ 486. They further allege that Defendants conspired to commit trade-secret related torts. *Id*. But none of these allegations of conspiracy relate to the factual allegations against Young. Plaintiffs have not alleged any negligence, breach of fiduciary duty, fraud, or conversion against her, or alleged that she had a meeting of the minds with any other Defendant to commit such a tort. Plaintiffs allege a conspiracy to commit a fraud regarding the original promissory notes, but to the extent that constituted a tort, it was necessarily completed by the time Young allegedly tried to get Plaintiffs to sign amended promissory notes. And Plaintiffs have no allegations whatsoever against Young related to trade secrets or intellectual property.

Further, Plaintiffs' own pleadings establish that Young did not commit an "unlawful, overt act" and that they suffered no injury because they did not sign the amended promissory notes as allegedly requested by Young. Plaintiffs have specifically pleaded that they did not do what Young requested—sign new promissory notes—and so Young cannot have committed fraud, or any other unlawful act, by making that request. Moreover, Plaintiffs' claimed injuries do not arise out of Young's alleged contacts with a lawyer in Texas; they arise out of other actions by other people. Accordingly, the allegations specifically against Young cannot establish jurisdiction over her. *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (no jurisdiction where the claims did not arise out of forum contacts).

The fact that Plaintiffs have alleged Young conspired with other Defendants does not make Plaintiffs' case for jurisdiction any easier—they cannot rely on the contacts attributable to other alleged conspirators. An allegation of conspiracy with a Texas resident does not establish jurisdiction under the Texas long-arm statute. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995). Rather, "the precise act giving rise to the tort"—that is, the underlying tort, not the conspiracy— must be alleged to have occurred in Texas. *M & F Worldwide*, 512 S.W.3d at 887, *cited by Nguyen v. Phu Nguyen*, No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020). And that act must have been taken by the specific defendant;

allegations against other co-conspirators cannot be imputed to other defendants for jurisdictional purposes. "Allegations of conspiracy will not establish a prima facie case of personal jurisdiction; a plaintiff must show that each defendant individually, and not as part of a conspiracy, purposely established minimum contacts with Texas that would satisfy due process." *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 539 (S.D. Tex. 2017). Therefore, allegations against other co-conspirators cannot suffice to establish jurisdiction over Young, and Plaintiffs have failed to make any allegations showing that Young herself committed any tort in Texas.

Young's connections with Texas are simply too attenuated to constitute sufficient minimum contacts to establish personal jurisdiction. Nothing that she did, and nothing that Plaintiffs have alleged, shows that Young purposefully availed herself of the Texas forum.

3. *Asserting jurisdiction over Young is not fair and reasonable.*

Even if Young has minimum contacts with Texas, exercising jurisdiction over Young does not comport with "traditional notions of fair play and substantial justice." *See, e.g., Burger King Corp.*, 471 U.S. at 472. Although this prong of the jurisdictional standard rarely comes into play, it is of great importance when considering jurisdiction over a non-U.S. party. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant

15

weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 114, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987); *see also Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 615 (5th Cir. 2008).

Young is a Canadian resident and citizen. *See* Ex. 1 at ¶ 2. She is licensed to practice law in Canada but not the U.S., and, accordingly, is hired to provide advice on Canadian law, not U.S. law. *Id*. at ¶ 3. Defending a lawsuit in a Texas court based on allegations primarily directed at another limited partner of her law firm *who held a separate position with another company* that is at the heart of this suit would place a severe burden on Young.

Moreover, as a matter of policy, this would subject foreign law firms to U.S. jurisdiction any time they advise a client on "their side of the border" in a cross-border transaction—and not just by their own clients but by any dissatisfied counterparty in the other country. That does not comport with traditional notions of fair play, and Canada, rather than Texas, has the most significant interest in regulating the conduct of Canadian lawyers in Canada. Canada also has the strongest interest in enforcing its own securities laws, which Plaintiffs admit are at issue. *See, e.g.*, Am. Comp. at ¶ 323. Texas's interest in adjudicating the claims *against Young*

is minimal. Accordingly, even if minimum contacts exist, this Court should not exercise jurisdiction over Young.

### C.   Plaintiffs have not stated a claim against Young.

Even if the Court finds that it has jurisdiction over Young, Plaintiffs have not plausibly stated a claim against Young for conspiracy and, accordingly, their claims should be dismissed pursuant to Rule 12(b)(6).

A plaintiff must "state a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although a court must generally accept the plaintiff's pleadings as true, a court need not accept conclusory allegations or allegations that do not lead to a conclusion of liability—that is, the plaintiff must do more than recite the elements of a claim and must allege facts that are more than "merely consistent with" liability. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must allege the "operative facts" of its claim, and if those facts are omitted, a court can assume that they do not exist. *Ledesma for Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993). If a plaintiff fails to plausibly allege any element of a claim, the plaintiff's claim must be dismissed. *See, e.g., BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520, 529 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 2457, 216 L. Ed. 2d 431 (2023) (failure to make plausible allegations of a single element of a claim was fatal).

Plaintiffs have pleaded no facts as to their conspiracy claim against **Young**. Their pleadings on this claim, found at paragraphs 481-486 of the Amended Complaint, do not mention Young; do not say when or how Young had a meeting of the minds with any other alleged conspirator; do not say what the agreement was among conspirators; or how Young allegedly participated in the conspiracy. This type of conclusory statement that "Defendants" participated in a conspiracy is not sufficient. *See, e.g., Ledesma*, 818 F. Supp. at 987 (pleading that a defendant "acted with malice" was insufficient because the pleading did not include facts leading to that conclusion). As explained above, the allegations of conspiracy to commit fraud and other torts are inconsistent with the factual allegations against Young regarding the amended promissory notes. The Supreme Court explained in *Twombly* that a plaintiff asserting a conspiracy claim must lay out "plausible grounds to infer an agreement." *Twombly*, 550 U.S. at 556–57. Plaintiffs have not done so, and their claim for conspiracy against Young should be dismissed for failure to state a claim.

### III.   CONCLUSION

Plaintiffs have not sufficiently alleged, and cannot prove, specific or general jurisdiction over Young in this Court. Young respectfully requests that the Court grant this Motion and dismiss Plaintiffs' claims against her for lack of jurisdiction.

In the alternative, Young respectfully requests that the Court dismiss the claims against her pursuant to Rule 12(b)(6) or order Plaintiffs to replead.

Dated: December 2, 2024               Respectfully submitted,

                            **FOGLER, BRAR, O'NEIL & GRAY, LLP**

By:  */s/ Michelle E. Gray*
      Michelle E. Gray
      State Bar No. 24078586
      mgray@foglerbrar.com
      Deborah C. Milner
      State Bar No. 24065761
      cmilner@foglerbrar.com
      2 Houston Center
      909 Fannin Street, Suite 1640
      Houston, TX  77002
      (713) 481-1010
      (713) 574-3224 (Fax)

      **ATTORNEYS FOR DEFENDANT ARIANE YOUNG**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 2, 2024, the foregoing was served on counsel for all parties of record to this litigation via the Court's CM/ECF system.

                            */s/     Michelle E. Gray*
                                Michelle E. Gray