**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-CV-2767 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A/ DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER | § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT SCOTT REEVES' MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**

Plaintiffs filed a First Amended Petition ("FAP") on November 18, 2024, making inconsequential changes to jurisdictional allegations against Defendant Scott M. Reeves ("Reeves"). Reeves files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) in response to the FAP and will respectfully show that this Court does not have personal jurisdiction over him.

# TABLE OF CONTENTS

**Page**

I.     SUMMARY OF THE ARGUMENT ................................................................. 1

II.    BACKGROUND ................................................................................................ 1

    A.    Plaintiffs' limited allegations against Scott Reeves ...................................... 1

III.    STANDARD OF REVIEW ............................................................................... 2

    A.    Due Process Framework. .......................................................................... 2

    B.    Plaintiff Bears the Initial Burden of Proof. .............................................. 3

IV.    ARGUMENT AND AUTHORITIES ................................................................ 3

    A.    The Court lacks general jurisdiction over Defendant Reeves. .................... 4

    B.    This Court lacks specific jurisdiction over Defendant Reeves. ................... 5

        i.    Plaintiffs' limited factual allegations against Reeves in the First Amended Petition do not establish specific personal jurisdiction. .................... 5

        ii.    Plaintiffs' causes of actions against Reeves are insufficient to establish specific personal jurisdiction. ................................................................. 9

    C.    Asserting jurisdiction over Reeves is not fair and reasonable. ................... 13

V.    CONCLUSION ................................................................................................ 13

15674000

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACS Partners, LLC v. GFI Management Services, Inc.*,
   Civil Action No. H-15-1111, 2015 WL 9319235 (S.D. Tex. Dec. 23, 2015)...........................6

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*,
   480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)..........................13

*Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*,
   215 F. Supp. 3d 524 (S.D. Tex. 2017) (Harmon, M.J.) ..........................12

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..........................2, 13

*Clements v. McNamee*,
   615 F.3d 374 (5th Cir. 2010) ..........................2

*Cunningham v. CBC Conglomerate, LLC*,
   359 F. Supp. 3d 471 (E.D. Tex. 2019) ..........................6, 9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..........................4, 5

*Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*,
   255 Fed. Appx. 775 (5th Cir. 2007)..........................4

*Head v. Las Vegas Sands, LLC*,
   298 F. Supp. 3d 963 (S.D. Tex. 2018), *aff'd sub nom. Head v. Las Vegas
   Sands, Ltd. Liab. Corp.*, 760 Fed. Appx. 281 (5th Cir. 2019) ..........................8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)..........................2

*Holloway v. Skinner*,
   898 S.W.2d 793 (Tex.1995)..........................10

*Hotel Partners v. Craig*,
   993 S.W.2d 116 (Tex. App.—Dallas 1994, pet. denied)..........................10

*Johnson & Johnson Med., Inc. v. Sanchez*,
   924 S.W.2d 925 (Tex. 1996)..........................7

*Johnston v. Multidata Sys. Intern. Corp.*,
   523 F.3d 602 (5th Cir. 2008) ..........................2, 3, 13

15674000

*Lonestar Livestock Equip. Co. Inc. v. Southern Livestock Sys., LLC,*
  2015 WL 3756501 (S.D. Tex. Jun. 16, 2015).............................................................3

*M & F Worldwide,* 512 S.W.3d at 887.......................................................................12

*McNamara v. Bre-X Minerals Ltd.,*
  46 F. Supp. 2d 628 (E.D. Tex. 1999).......................................................................11

*Michiana Easy Liniv' Country, Inc. v. Holten,*
  168 S.W.3d 777 (Tex. 2005)......................................................................................3

*Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.,*
  No. CIV.A. H-10-1708, 2012 WL 590926 (S.D. Tex. Feb. 22, 2012)
  (Rosenthal, C.J.)........................................................................................................4

*Moncrief Oil Intern. Inc. v. OAO Gazprom,*
  414 S.W.3d 142 (Tex. 2013)...............................................................................3, 7, 8

*Nat'l Indus. Sand Ass'n v. Gibson,*
  897 S.W.2d 769 (Tex. 1995)....................................................................................11

*Nguyen v. Phu Nguyen,*
  No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020) ................12

*Panda Brandywine Corp. v. Potomac Elec. Power Co.,*
  253 F.3d 865 (5th Cir. 2001) .....................................................................................2

*Sefton v. Jew,*
  201 F. Supp. 2d 730 (W.D. Tex. 2001)......................................................................4

*Seiferth v. Helicopteros Atuneros, Inc.,*
  472 F.3d 266 (5th Cir. 2006) .....................................................................................3

*Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.,*
  249 F.3d 413 (5th Cir. 2001) .....................................................................................3

*Walden v. Fiore,*
  134 S. Ct. 1115 (2014)...............................................................................................5

*Walden v. Fiore,*
  571 U.S. 277 (2014)..............................................................................................3, 12

*Williams v. WMX Techs., Inc.,*
  112 F.3d 175 (5th Cir. 1997) .....................................................................................7

*Wolf v. Summers-Wood, L.P.,*
  214 S.W.3d 783 (Tex. App.—Dallas 2007, no pet.).................................................10

iii

**Statutes**

Tᴇх. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ §§ 17.041–.045 ............................................................................2

**Other Authorities**

United States Constitution ............................................................................................................2

iv

I.    **SUMMARY OF THE ARGUMENT**

This Court should dismiss the claims against Reeves because it lacks personal jurisdiction over him. Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC ("Magnolia Plaintiffs")[1] and John Magness (collectively, the Magnolia Plaintiffs and John Magness are referred to as the "Plaintiffs") sued Reeves, an officer and director of Starrex International Ltd., a Canadian company ("Starrex"). But Reeves is a Canadian citizen and resident who does not live, work, transact business, own property, or bank in the state of Texas. Reeves is not employed by a Texas entity, and he did not commit any torts in the state of Texas.

The Court does not have personal jurisdiction over Reeves because Reeves does not have substantial, systematic, or continuous contacts in Texas, or the requisite minimum contacts in Texas, and exercising jurisdiction over Reeves is unreasonable.

II.    **BACKGROUND**

A.    *Plaintiffs' limited allegations against Scott Reeves*

Reeves is a Director, the Corporate Secretary, Audit Committee Member, and informal General Counsel of Starrex. *See* FAP at ¶¶ 12, 69, 71. Plaintiffs admit that Reeves is a Canadian resident. *See* FAP at ¶ 12. Plaintiffs do not allege that Reeves resides in Texas, nor do they allege that Reeves conducts business in Texas, that Reeves owns real or personal property in Texas, or that he maintains any mailing addresses, phone numbers, bank accounts, or insurance policies in Texas. *See generally*, FAP.

Plaintiffs' limited factual allegations against Reeves in the FAP pertain to (1) his role and title within Starrex; (2) his alleged attempt to get Magnolia Plaintiffs to sign amended and restated promissory notes (*see* FAP at ¶¶ 133–148); (3) a letter he allegedly sent to Qualia; (4) alleged representations he made about Defendant Merritt's alleged credentials; and (5) his alleged signature and certification on Starrex

---

[1] The Peabody Bulldog, LLC is also a Plaintiff in this case but did not bring claims against Reeves.

filings made with the Canadian National Stock Exchange and through the SEDAR system for the Canadian Securities Administrators and Alberta Securities Commission. None of these allegations, either alone or in combination, give rise to personal jurisdiction over Reeves in this Court.

## III.    <u>STANDARD OF REVIEW</u>

### A.    *Due Process Framework.*

A federal court may only exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant, and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Clements v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citation omitted). In Texas, this two-step personal jurisdiction inquiry collapses into one federal due process analysis because the Texas long-arm statute extends to the limits of federal due process. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984)); *see also* TEX. CIV. PRAC. & REM. CODE §§ 17.041–.045. Due process requires Magnolia Plaintiffs to demonstrate that a defendant has "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, (1985); *see also Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quotation omitted).

Plaintiffs must establish either general or specific jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (citation omitted). General jurisdiction may only be asserted over nonresident defendants who maintain "continuous and systematic" contacts with the forum state. *Helicopteros*, 466 U.S. at 415. The continuous and systematic test for general jurisdiction "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted).

2

Proving specific jurisdiction requires plaintiffs to establish that each claim against a defendant arises out of or relates to the defendant's contacts with the forum state. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) (requiring that specific jurisdiction exist with respect to "each claim"); *accord Moncrief Oil Intern. Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013) (analyzing specific jurisdiction on a "claim-by-claim basis"). When analyzing specific jurisdiction, a court's exclusive focus is on the defendant's contacts with the forum state that are specific to the cause of action, not on the plaintiff's contacts or the defendant's contacts which are unrelated to the cause of action. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### B.    *Plaintiff Bears the Initial Burden of Proof.*

"When a district court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must make a *prima facie* showing of jurisdiction." *Lonestar Livestock Equip. Co. Inc. v. Southern Livestock Sys., LLC*, 2015 WL 3756501, at *2 (S.D. Tex. Jun. 16, 2015). The initial burden is on the plaintiff to establish jurisdiction, not on the defendant to refute it. *Michiana Easy Liviv' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Only where a plaintiff makes the requisite *prima facie* showing does the burden shift to the nonresident defendant to negate the second prong of the due-process test by showing "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615. Courts consider non-conclusory, uncontroverted allegations in the complaint as well as the entire contents of the record, including affidavits. *Lonestar*, 2015 WL 3756501, at *2.

### IV.    ARGUMENT AND AUTHORITIES

The FAP fails to plausibly allege that this Court has personal jurisdiction, specific or general, exists over Reeves. It does not appear that Plaintiffs intend to assert that this Court has general jurisdiction over Reeves (and if they do, their allegations are woefully insufficient). As to specific jurisdiction, it is not enough to offer conclusory pleadings that a defendant committed torts in Texas

3

or that other defendants committed torts in Texas. Rather, Plaintiffs must plead that **Reeves, individually, committed specific tortious acts in Texas**. *See Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 793 (5th Cir. 2007) (pleadings against defendants collectively are insufficient); *Sefton v. Jew*, 201 F. Supp. 2d 730, 742 (W.D. Tex. 2001) (same).

A.    The Court lacks general jurisdiction over Defendant Reeves.

A court cannot exercise general jurisdiction over a nonresident defendant unless the nonresident defendant has contacts with the forum state that are so continuous and systematic as to render the nonresident defendant essentially "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014). No basis exists to exercise general jurisdiction over Reeves because he does have not have continuous or systematic contacts that render him at home in Texas.

As Plaintiffs acknowledge, Reeves is an individual residing in Alberta, Canada. FAP at ¶ 15; Exhibit A, Reeves Declaration at ¶¶ 1, 2. Reeves does not work in Texas. *Id.* at ¶ 4. Reeves does not own real or personal property in Texas or pay taxes in Texas. *Id.* Reeves does not maintain any mailing addresses, phone numbers, bank accounts, or insurance policies in Texas. *Id.* Reeves has only traveled to Texas on one occasion, which was a business trip on November 17, 2021 that was entirely unrelated to any of the allegations in this case. *Id.* at ¶ 5. Reeves has not consented to jurisdiction in Texas.

This Court does not have general jurisdiction over Reeves on these facts. *See Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, No. CIV.A. H-10-1708, 2012 WL 590926, at *4 (S.D. Tex. Feb. 22, 2012) (Rosenthal, C.J.) (holding that a nonresident defendant's contacts with Texas were not sufficient to justify the exercise of general jurisdiction where the defendant did not "have offices, bank accounts, employees, or business records in Texas; [did] not own real property in Texas; [did] not regularly travel to Texas for business; [did] not regularly solicit business in Texas; and [did] not derive substantial revenue from services rendered in this state.").

### B.     This Court lacks specific jurisdiction over Defendant Reeves.

The FAP also fails to establish that this Court has specific jurisdiction over Reeves. Specific jurisdiction is claim-specific. *Daimler AG*, 134 S. Ct. at 754-55. It "focuses on the relationship among the defendant, the forum, and the litigation" and requires "the defendant's suit-related conduct [to] create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). No basis exists in the present case to exercise specific jurisdiction over Reeves, and Plaintiffs' conclusory allegations fail to establish specific personal jurisdiction.

Plaintiffs generally plead that jurisdiction is appropriate against "all Defendants" because Defendants' "contacts with Texas arise from the same nucleus of operative facts giving rise to this litigation regarding misappropriation of trade secrets and corporate opportunities belonging to Texas entities" and because Defendants "recruited Cooper for employment and conspired to misappropriate trade secrets from Texas companies." FAP at ¶¶ 64, 65; *see also id.* at ¶ 67. However, Plaintiffs did not plead a cause of action for misappropriation of trade secrets or usurpation of corporate opportunities against Reeves. Instead, Plaintiffs pleaded claims against Reeves for negligence as a Starrex Officer and Director, breach of contract, breach of fiduciary duty, tortious interference, violations of security laws, conspiracy, and common law fraud.[2] To establish specific jurisdiction regarding any cause of action, Plaintiffs must plead that Reeves *himself* (rather than another defendant) committed (rather than attempted to commit) a tort in whole or in part in Texas. Plaintiffs failed to do so.

### i.    Plaintiffs' limited factual allegations against Reeves in the First Amended Petition do not establish specific personal jurisdiction.

The allegations in the FAP fail to establish specific jurisdiction for several reasons.

---

[2] *See* FAP at ¶¶ 363-372 (alleging negligence of Starrex Officers; ¶¶ 373-381 (alleging negligence of Starrex Directors); ¶¶ 389-398 (alleging breach of contract); ¶¶ 399-402 (alleging breach of fiduciary duty); ¶¶ 420-431 (alleging tortious interference); ¶¶ 474-480 (alleging violations of securities laws); ¶¶ 481-486 (alleging conspiracy against "All Defendants"); and ¶¶ 513-533 (alleging common law fraud)

15674000

First, Reeves' status as an officer or director of Starrex is insufficient to support the exercise of personal jurisdiction. "An individual's status as an officer, director, or majority shareholder of a corporation alone is insufficient to support the exercise of personal jurisdiction." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 483 (E.D. Tex. 2019) (citing *ACS Partners, LLC v. GFI Management Services, Inc.*, Civil Action No. H-15-1111, 2015 WL 9319235, at *2 (S.D. Tex. Dec. 23, 2015).

Second, Plaintiffs' vague and conclusory factual allegations against Reeves related to the alleged attempt to get certain individuals associated with Plaintiffs to sign amended and restated promissory notes do not suffice to establish jurisdiction over Reeves. Plaintiffs claim that Reeves (1) was *copied* on emails that Defendant Young sent to Mr. Fulkerson (an individual associated with Magnolia Plaintiffs) in Texas, *see* FAP at ¶¶ 159–173; (2) that Reeves "wanted" Magnolia Plaintiffs to sign the amended and restated promissory notes, *see id.*; and (3) that Reeves sent an "Amending Letter Agreement to Plaintiff Magness," which "Magness refused to sign" and which Reeves later cancelled, *id.* at ¶ 180. Even taking all of the alleged facts as true (which Reeves disputes), they do not establish personal jurisdiction.

The fact that Reeves was allegedly *copied* on emails regarding an alleged attempt to have the amended and restated promissory notes signed in Texas is insufficient to establish jurisdiction. Even as alleged, Reeves did not commit a tort. As Plaintiffs admit in their FAP, the alleged fraud was unsuccessful; they did not rely on any statements made in these emails and did not sign the amended promissory notes. FAP at ¶¶ 159–173. In particular, Plaintiffs plead that "[o]n information and belief, the ruse was transparent" and "Fulkerson and others begin to realize that this was a lame attempt at ratification," pleadings that establish non-reliance. *Id.* at ¶¶ 166, 171. They also specifically plead that they did not sign the amended notes, which further demonstrates lack of reliance and also a lack of any injury. *Id.* at 169. Moreover, when a non-resident communicates via telephone or email with a resident, those actions do not establish personal jurisdiction over the non-resident unless the tort actually occurs in those

6

conversations. *See, e.g., Moncrief Oil*, 481 F.3d at 314. As the Court knows, the elements of common-law fraud include reliance and injury. *See, e.g., Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 930 (Tex. 1996). Plaintiffs' pleading establishes that they did not rely on any statements made by Reeves and suffered no injury because they did not sign the amended promissory notes.

Third, Plaintiffs allege that Reeves "direct[ed] a tort to Texas by sending an official letter to Qualia stating that Starrex owned the deployment, depriving the Texas Magnolias of an essential software that they paid thousands of dollars to use." FAP at ¶ 46. However, the fact that Reeves emailed a letter directed to a company located in Texas is insufficient to establish jurisdiction—for specific jurisdiction to exist, a tort must actually occur in the communications. *See, e.g., Moncrief Oil*, 481 F.3d at 314. As Magnolia Plaintiffs admit, the Qualia contract referenced is between Starrex Technical Services and Qualia—not between a Magnolia entity and Qualia. FAP at ¶¶ 223, 228, 229, 231 (admitting that the Qualia for Enterprise Order Form was executed with "Starrex Technical Services" as the customer), and ¶ 423 ("[a]lthough the Qualia contract was between Starrex and Qualia."). The January 6, 2024 letter Reeves sent on behalf of Starrex, which is set forth on page 59 of the FAP, simply states that John Magness does not have authority to sign contracts on behalf of Starrex. *See id.* at pg. 59, (stating that "I confirm that Mr. Magness is NOT a director or officer of Starrex and, as such, he has no authority to bind Starrex in any contractual capacity"). Plaintiffs concur. *See id.* at ¶ 231, (stating that "Magness had no power to sign on behalf of Starrex Technical Services."). There is nothing in Reeves' January 6, 2024, letter to Qualia that demonstrates that Reeves committed a tort in Texas.

Plaintiffs falsely claim that "[i]n early January 2024, Reeves took direct action to interfere with Plaintiffs' Texas-based operations by sending an official letter to Qualia falsely stating that Starrex International, Ltd. owned Plaintiffs' software deployment." FAP at ¶ 53. Plaintiffs clearly misrepresent the contents of the letter. *See* January 6, 2024 letter, which is set forth on page 59 of the FAP. In that

15674000

letter, Reeves does not make any representations about Plaintiffs' software deployment or its ownership. *See id.*

Plaintiffs' conclusory allegations that "Reeves' letter to Qualia directly resulted in the shutdown of Plaintiffs' Texas operations" (FAP at ¶ 55) and that "Reeves' action [in sending the letter to Qualia] directly facilitated the demise of the Texas-based Magnolias" (FAP at ¶ 58) are contrary to the plain language of the letter and are insufficient to establish specific jurisdiction over Reeves.

Fourth, Plaintiffs allege that Reeves by phone "actively participated in making fraudulent representations about Debbie Merritt's qualifications, specifically stating that Debbie can get that done" while referencing her purported expertise and education credentials [and] represented that Merritt possessed expertise in Canadian securities regulations due to her claimed educational background." FAP at ¶ 48. Not only are these allegations false and refuted by Reeves (*see* Ex. A at ¶ 6) but communicating via telephone does not establish personal jurisdiction over the non-resident unless the tort actually occurs during the conversation. *See, e.g., Moncrief Oil*, 481 F.3d at 314. Here, Plaintiffs do not allege that any statement attributed to Reeves constitutes a tort committed in Texas. Additionally, Plaintiffs' conclusory statements such as "Reeves was actively involved in communications with Texas-based personnel and operations"[3] (*see* FAP at ¶ 61) with no detail on any alleged communications are insufficient to establish personal jurisdiction. *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 973 (S.D. Tex. 2018), *aff'd sub nom. Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 Fed. Appx. 281 (5th Cir. 2019) (holding that "vague," "overgeneralized," or "conclusory" statements are not sufficient evidence to support personal jurisdiction over a defendant, especially where there are no details regarding who, when, or how often).

---

[3] Reeves specifically denies communicating with John Magness or any of the Magnolia Plaintiffs' employees or personnel. Ex. A at ¶ 6.

15674000

Fifth, Plaintiffs allege that Reeves signed and certified Starrex documents filed with the Canadian National Stock Exchange and through the SEDAR system for the Canadian Securities Administrators and Alberta Securities Commission (*see* FAP at Section I). However, there are no allegations that Reeves signed or made any certifications in the state of Texas or committed any tort in the state of Texas related to Starrex's Canadian securities filings. As such, signing and certifying documents filed in Canada do not give rise to personal jurisdiction in Texas.

ii.   *Plaintiffs' causes of actions against Reeves are insufficient to establish specific personal jurisdiction.*

In every claim against Reeves (including claims for (1) the alleged negligence of Starrex's Officers and Directors, (2), breach of contract (a contract that Reeves is not a party to), (3) breach of fiduciary duty, (4) tortious interference, (5) violations of security laws, (6) conspiracy, and (7) common law fraud), Plaintiffs failed to plead that Reeves *himself* committed any tort in whole or in part in Texas, as required to establish specific jurisdiction. Instead, Plaintiffs' allegations against Reeves are conclusory in nature.

For example, Plaintiffs allege "negligence of Starrex Officers and Directors" against Reeves, but they fail to allege a single fact related specifically to Reeves' alleged negligence, including any negligent acts of Reeves that occurred in Texas. FAP at ¶¶ 363–381. Reeves' status as an Officer or Director is not enough to establish personal jurisdiction of this Court. *See Cunningham*, 359 F. Supp. 3d at 483.

Similarly, Magnolia Plaintiffs allege that Reeves breached the MSA (a contract which he is not a party to), but provided no specific acts that Reeves undertook in Texas related to the formation of the contract or the alleged breach that would serve as the basis for this Court's jurisdiction. FAP at ¶¶389–398. *See Cunningham*, 359 F. Supp. 3d at 483 (holding that the execution of contracts between corporations cannot establish personal jurisdiction over individual defendants). Texas law makes clear that a person involved in entering or executing a contract on behalf of a corporation is not considered

9

a party to the contract individually and cannot be subject to jurisdiction based on actions he took on behalf of the company. *Wolf v. Summers-Wood, L.P.*, 214 S.W.3d 783, 792 (Tex. App.—Dallas 2007, no pet.); *see also Hotel Partners v. Craig,* 993 S.W.2d 116, 121 (Tex. App.—Dallas 1994, pet. denied) ("When an agent arrives in Texas to represent his principal, only the principal is doing business in Texas."). Accordingly, Magnolia Plaintiffs failed to allege sufficient facts that establish personal jurisdiction of this Court over a breach of contract claim against Reeves as an individual defendant.

Magnolia Plaintiffs allege that Reeves tortiously interfered with the Qualia contract through is January 6, 2024, letter. But, in addition to the reasons stated above, the letter does not establish jurisdiction because a party to a contract cannot tortiously interfere with its own contract. *Holloway v. Skinner*, 898 S.W.2d 793, 795-796 (Tex.1995). Because a corporation can only act through its agents, it is necessary to differentiate between the acts of an agent on behalf of the principal from those done in the agent's self-interest. Consequently, to hold an agent liable for tortious interference with its own contract, the plaintiff must show that the agent acted so contrary to the principal's best interests that his actions could only have been motivated by personal interests. *Id.* Starrex and Reeves cannot tortiously interfere with Starrex's own contract. Reeves did not commit a tort in the state of Texas by sending a letter to Starrex's contractual counter-party, Qualia. As for the other "contracts" that Defendants Starrex Title Florida, LLC, Merritt, Hill, Garth, Clayton, Reeves, Cooper MarketStreet and Brewer collectively allegedly interfered with—Plaintiffs fail to allege any specific facts related to Reeves that are sufficient to state a claim establishing that a tort was committed in Texas. Among other things, Plaintiffs fail to allege (1) Reeves' alleged willful and intentional interference with the contracts; (2) Reeves' willful and intentional interference caused damages; and (3) actual damages caused by Reeves' alleged interference.

To establish personal jurisdiction with respect to a violation of securities law claim, Magnolia Plaintiffs must allege that Reeves engaged in the requisite minimum contacts with the United States to

10

support the Court's jurisdiction over him. *McNamara v. Bre-X Minerals Ltd.*, 46 F. Supp. 2d 628, 633 (E.D. Tex. 1999). "Due process requirements are satisfied if the foreign defendants either have engaged in continuous and systematic activities in the United States or if they have purposefully directed their activities at residents of the United States and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quotations omitted). Here, Magnolia Plaintiffs only allege that Reeves falsified financial documents and incorporated them into official filings in Canada, which were passed through exemptions present in SEC regulations. FAP ¶¶ 474–480. As Plaintiffs admit, Reeves filed the allegedly false financials in Canada, not in the United States. *Id.* Further, there are no allegations to establish a *prima facie* showing that Reeves directed activities at residents of the United States, or that the present "securities fraud action arose out of [the] allegedly fraudulent filings." *McNamara*, 46 F. Supp. 2d at 635. There are no allegations that Reeves committed any violation within the state of Texas. Accordingly, because Plaintiffs have failed to allege facts to support Reeves' continuous and systematic activities in the United States or within Texas, or to support a contention that Reeves purposefully directed activities at residents of the United States or Texas and the present litigation results from alleged injuries that arise out of those activities, they have failed to establish personal jurisdiction over the alleged securities law claim against Reeves.

Magnolia Plaintiffs also allege a claim of conspiracy against Reeves but fail to allege any facts about his alleged participation in the conspiracy. FAP at ¶¶ 481-486. An allegation of conspiracy with a Texas resident does not establish jurisdiction under the Texas long-arm statute. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995) ("we decline to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state."). Rather, "the precise act giving rise to the tort" must be alleged to have occurred in Texas. *M & F Worldwide*, 512 S.W.3d at 887, *cited by Nguyen v. Phu Nguyen*, No. 4:19-CV-2229, 2020 WL 709328, at *4 (S.D. Tex. Feb. 12, 2020). And that act must have been taken by the ***specific***

11

*defendant*. Allegations against other co-conspirators cannot be imputed to other defendants for jurisdictional purposes. "Allegations of conspiracy will not establish a prima facie case of personal jurisdiction; a plaintiff must show that each defendant individually, and not as part of a conspiracy, purposely established minimum contacts with Texas that would satisfy due process." *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 539 (S.D. Tex. 2017) (Harmon, M.J.). Therefore, allegations against other co-conspirators cannot establish jurisdiction over Reeves, and Magnolia Plaintiffs have failed to make any allegations showing that Reeves took any actions in Texas. The **_only_** mention of Reeves in the conspiracy claim is a conclusory statement that "[Defendant Cooper] was able to conspire with Merritt, Hill, Garth, Clayton, **Reeves**, Brewer, MarketStreet and Starrex Title Florida to …" FAP at ¶ 484 (emphasis added). There are no allegations regarding Reeves' role in the alleged conspiracy, let alone in the state of Texas. The FAP is conclusory and does not establish jurisdiction over Reeves.

For the Court to have jurisdiction over a defendant of a common law fraud claim, Plaintiffs must allege "intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* There are no allegations in the FAP regarding any intentional conduct by Reeves, let alone within Texas. *See* FAP ¶¶ 513-533. Plaintiffs only allege that Reeves "actively promoted Merritt's false credentials [over the phone]." FAP ¶ 520. However, there is no claim that Reeves had the requisite knowledge of Merritt's alleged false credentials, and Reeves denies making any misrepresentations about Merritt's credentials. Ex. A at ¶ 6. Magnolia Plaintiffs have not established personal jurisdiction over Reeves regarding any alleged fraud.

C.     *Asserting jurisdiction over Reeves is not fair and reasonable.*

Even if Reeves has minimum contacts with Texas—which he does not—exercising jurisdiction over him does not comport with "traditional notions of fair play and substantial justice." *See, e.g., Burger King Corp.*, 471 U.S. at 472. When considering jurisdiction over a non-U.S. party, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 114, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987); *see also Johnston*, 523 F.3d at 615. In the present lawsuit, there is not a single allegation of acts that Reeves took in the state of Texas related to any of the causes of action asserted against him. Because Plaintiffs have failed to make a *prima facie* showing that the Court has personal jurisdiction over Reeves, it is neither fair nor reasonable to subject him to the jurisdiction of this Court.

## V.     <u>CONCLUSION</u>

Plaintiffs have not sufficiently alleged, and cannot prove, specific or general jurisdiction over Reeves. As such, Reeves respectfully requests that the Court grant this Motion and dismiss Plaintiffs' claims against him for lack of jurisdiction.

Dated: December 2, 2024.

Respectfully submitted,

By: _ /s/ Eric D. Wade _____
Eric D. Wade
**Attorney in Charge**
State Bar No. 00794802
Federal Bar ID: 21401
Stephen H. Lee
State Bar No. 791092
Federal Bar ID: 18313
Mary Anna H. Rutledge
State Bar No. 24096149
Federal Bar ID: 3399718
Nabeela K. Arshi

13

State Bar No. 24134422
Federal Bar ID: 3872081
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, TX 77002-6336
Telephone: 713-226-6655
Facsimile: 713-226-6255

EWade@porterhedges.com
SLee@porterhedges.com
MRutledge@porterhedges.com
NArshi@porterhedges.com

**ATTORNEYS FOR DEFENDANTS
P. GARRETT CLAYTON, MATTHEW D.
HILL, DEBBIE MERRITT, AND SCOTT M.
REEVES**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF.

Simon W. Hendershot, III
Ian F. McNeil
Philip D. Racusin
**HENDERSHOT COWARD P.C.**
1800 Bering Drive, Suite 600
Houston, TX 77057
Trey@hchlawyers.com
IMcNeil@hchlawyers.com
Pracusin@hchlawyers.com

**ATTORNEYS FOR MAGNOLIA PLAINTIFFS**

Steven C. Earl
James E. Graham
**STILWELL, EARL & APOSTOLAKIS, LLP**
128 Vision Park Blvd., Suite 140
Shenandoah, Texas 77384
steven@woodlandstxlawfirm.com
jim@woodlandstxlawfirm.com

**ATTORNEYS FOR DEFENDANTS, STARREX TITLE FLORIDA, LLC, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, BRIAN A. BREWER AND LAURIE COOPER**

Michelle E. Gray
**FOGLER BRAR O'NEIL GRAY, LLP**
2 Houston Center
909 Fannin, Suite 1640
Houston, TX 77010
Mgray@foglerbrar.com

**ATTORNEY FOR DEFENDANT TINGLEMERRETT, LLP**

Fields Alexander
Amy Parker Beeson
Kaitie Sorenson
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010
falexander@beckredden.com
abeeson@beckredden.com
ksorenson@beckredden.com

**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON**

*/s/ Eric D. Wade*
Eric D. Wade

15674000