**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A/ DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER | § § § § § § § § § § § § § § | Civil Action No. 4:24-CV-2767 |
| Defendants. | § § | |

**DEFENDANTS P. GARRETT CLAYTON, MATTHEW D. HILL, DEBBIE MERRITT, AND SCOTT M. REEVES' MOTION TO DISMISS CLAIMS IN PLAINTIFFS' FIRST AMENDED PETITION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

## **TABLE OF CONTENTS**

Table of Authorities...............................................................................................................iii

I.     NATURE AND STAGE OF THE PROCEEDING ....................................................1

II.    SUMMARY OF THE ARGUMENTS.........................................................................2

III.   LEGAL STANDARD....................................................................................................3

IV.    ARGUMENT .................................................................................................................3

      A.     The negligence claims against the Starrex Officers and Directors fail for absence of an independent duty owed to Magnolia Plaintiffs. .........................................3

      B.     The fraud-based claims are not sufficiently pled under Rule 9(b)................................6

            a.     There are no plausible allegations of facts, nor are facts pled with specificity, to support elements of a fraud by non-disclosure claim. ...................................6

            b.     Magnolia Plaintiffs' claim for business disparagement against Hill and Merritt should be dismissed. .......................................................................8

            c.     Fraud based on common law forgery is not a proper civil claim under Texas law. ..............................................................................................................9

      C.     Magnolia Plaintiffs' fail to state a claim for breach of contract against Hill, Merritt, and Reeves..............................................................................................10

      D.     Magnolia Plaintiffs fail to plausibly allege that Hill, Reeves, and Merritt owe them fiduciary duties.................................................................................................11

      E.     The tortious interference claim against Hill, Merritt, and Reeves fails to allege facts to support the required elements under Texas law. ...............................12

      F.     The conversion claim against Merritt should be dismissed for failure to allege facts necessary to support the claim. .................................................................13

      G.     Magnolia Plaintiffs fail to meet the pleading standard on their claims for misappropriation of trade secrets.....................................................................15

            a.     Cause of Action No. 9.........................................................................................15

            b.     Cause of Action No. 21. .....................................................................................16

      H.     Magnolia Plaintiffs do not allege specific facts to support their claims for unjust enrichment and fail to meet the pleading standard............................................16

            a.     Cause of Action No. 10. .....................................................................................16

i

        b.     Cause of Action No. 19 ..........................................................................17

I.     Magnolia Plaintiffs do not allege specific facts to support their claim for common law misappropriation..........................................................................17

J.     Magnolia Plaintiffs do not allege specific facts to support their claim for violation of the Lanham Act. ..................................................................................18

K.    Violations of Securities Law.......................................................................19

        a.     Magness and Magnolia Plaintiffs do not have standing to assert violations of securities law claims. ...............................................................19

        b.     Magness and Magnolia Plaintiffs' securities law claim does not meet the heightened pleading standard for claims alleging fraud....................................20

L.     Magnolia Plaintiffs do not allege facts to support their claim for conspiracy. ............21

M.    Plaintiffs Magness and The Peabody Bulldog fail to plead a fraudulent inducement claim against Hill or Merritt. .....................................................22

N.    Magnolia Plaintiffs' common law fraud claim fails to allege sufficient facts. .............24

O.    Magnolia Plaintiffs do not allege facts to support their claim for Fraudulent Inducement into MSA. .................................................................................25

V.   CONCLUSION AND PRAYER ................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Admin. Review Bd.*,
  514 F.3d 468 (5th Cir. 2008) ........................................................................................20

*Anand Printing Mach. Inc. v. Alexander*,
  No. CV H-20-1249, 2021 WL 3616099 (S.D. Tex. Apr. 9, 2021) ..................................14

*APS Capital Corp. v. Mesa Air Group, Inc.*,
  580 F.3d 265 (5th Cir. 2009) ........................................................................................23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................3, 15, 16, 18

*Barclay v. Johnson*,
  686 S.W.2d 334 (Tex. App.—Houston [1st Dist.] 1985, no writ) ..................................10

*Bates Energy Oil & Gas v. Complete Oilfield Services*,
  361 F. Supp. 3d 633 (W.D. Tex. 2019) ........................................................................11

*Beardmore v. Jacobsen*,
  131 F. Supp. 3d 656 (S.D. Tex. 2015) ..........................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................3, 14, 22

*U.S. ex rel. Bennett v. Medtronic, Inc.*,
  747 F. Supp. 2d 745 (S.D. Tex. 2010) (Rosenthal, J.) ..........................................6, 22, 24

*Blue Chip Stamps v. Manor Drug Stores*,
  421 U.S. 723 (1975) ......................................................................................................19

*Carlton v. Cannon*,
  184 F. Supp. 3d 428 (S.D. Tex. 2016) (Rosenthal, J.) ..............................................6, 7

*Carson v. Dynegy, Inc.*,
  344 F.3d 446 (5th Cir.2003) ........................................................................................14

*Choctaw Constr. Services LLC v. Rail-Life R.R. Services, LLC*,
  617 S.W.3d 143 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ..................................9

*Coe v. Chesapeake Expl., L.L.C.*,
  695 F.3d 311 (5th Cir. 2012) ........................................................................................23

15673999

*Cohen v. Tour Partners, Ltd.*,
  2017 WL 1528776 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.)................................16

*Comcast Corp. v. Houston Baseball Partners LLC*,
  627 S.W.3d 398 (Tex. App.—Houston [14th Dist.] 2021) ......................................7

*Entm't Mktg. & Mgmt., Ltd. v. Fontenot*,
  No. CV H-24-1461, 2024 WL 3243487 (S.D. Tex. June 26, 2024) (Lake, S.)....................8

*Exxon Mobil Corp. v. Rincones*,
  520 S.W.3d 572 (Tex. 2017)..............................................................12

*Freezia v. IS Storage Venture, LLC*,
  474 S.W.3d 379 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ...........................13

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
  313 F.3d 305 (5th Cir. 2002)..............................................................4

*U.S. ex rel. Grubbs v. Kanneganti*,
  565 F.3d 180 (5th Cir. 2009)..............................................................21

*Haase v. Glazner*,
  62 S.W.3d 795 (Tex. 2001)......................................................... 22, 23

*Heldenfels Bros., Inc. v. City of Corpus Christi*,
  832 S.W.2d 39 (Tex. 1992).................................................................16

*Hoffman v. L & M Arts*,
  838 F.3d 568 (5th Cir. 2016)....................................................... 22, 25

*Holland v. Gexa Corp.*,
  161 F. App'x 364 (5th Cir. 2005) ........................................................19

*Holloway v. Skinner*,
  898 S.W.2d 793 (Tex. 1995).................................................................13

*ICI Constr., Inc. v. Hufcor, Inc.*,
  2023 WL 2392738 (S.D. Tex. Mar. 7, 2023)...............................................10

*Kaddouri v. Merrill Lynch, Pierce, Fenner & Smith*,
  No. CIV.A. 304CV1456B, 2005 WL 283582 (N.D. Tex. Feb. 4, 2005) ....................6

*Leitch v. Hornsby*,
  935 S.W.2d 114 (Tex. 1996)..............................................................4

*Lesikar v. Rappeport*,
  33 S.W.3d 282 (Tex. App.—Texarkana 2000, pet. denied).................................6

iv

*Mathis v. DCR Mortgage III Sub, I, LLC,*
  952 F. Supp. 2d 828 (W.D. Tex. 2013) ............................................................................10

*Meadows v. Hartford Life*
  Ins. Co., 492 F.3d 634, 640 (5th Cir. 2007) ....................................................................21

*Mora v. Univ. of Texas Sw. Med. Ctr.,*
  469 F. App'x 295 (5th Cir. 2012) .................................................................................3, 20

*Nabors Drilling, US.A., Inc. v. Escoto,*
  288 S.W.3d 401 (Tex. 2009) ............................................................................................4

*Pace v. Cirrus Design Corp.,*
  93 F.4th 879 (5th Cir. 2024) .............................................................................................8

*Palmer v. Wal-Mart Stores, Inc.,*
  65 F. Supp. 2d 564 (S.D. Tex. 1999) ................................................................................4

*Pension Advisory Group, Ltd. v. Country Life Ins. Co.,*
  771 F. Supp. 2d 680 (S.D. Tex. 2011) ..............................................................................9

*Penthol, LLC v. Vertex Energy Operating, LLC,*
  No. 4:21-CV-416, 2024 WL 987568 (S.D. Tex. Mar. 7, 2024), amended, No.
  4:21-CV-416, 2024 WL 3166936 (S.D. Tex. June 25, 2024) ..........................................15

*Prindle v. Lewis,*
  No. 3:10–CV–1217–B–BK, 2010 WL 4628077 (N.D. Tex. Oct. 8, 2010) .......................9

*R.P. Small Corp. v. Land Dep't, Inc.,*
  505 F. Supp. 3d 681 (S.D. Tex. 2020) (Miller, G.H.) .............................................. 11, 23

*Rodriguez v. Gilead Scis., Inc.,*
  2015 WL 236621 (S.D. Tex. Jan. 16, 2015) .................................................................3, 20

*Rodriguez v. Neeley,*
  169 F.3d 220 (5th Cir. 1999).............................................................................................22

*Sanderson v. Allstate Fire & Cas. Ins. Co.,*
  No, CV H-22-3536, 2023 WL 417478 (S.D. Tex. Jan. 25, 2023) (Rosenthal, J.) ..............6

*Shtaif v. Shoss,*
  No. CV H-06-2305, 2007 WL 9752787 (S.D. Tex. Feb. 12, 2007)...................................19

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
  551 U.S. 308 (2007)............................................................................................... 8, 10, 11

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,*
  125 F.3d 899 (5th Cir. 1997)..............................................................................................6

*TM Boyce Feed & Grain, LLC v. nVenia, LLC,*
   2024 WL 4031501 (N.D. Tex. Sept. 3, 2024)...................................................................24

*Tri v. J.T.T.,*
   162 S.W.3d 552 (Tex. 2005).................................................................................................4

*Van Duzer v. U.S. Bank Nat. Ass'n,*
   995 F. Supp. 2d 673 (S.D. Tex. 2014), aff'd, 582 Fed. Appx. 279 (5th Cir. 2014) ........................10

*Vertex Services, LLC v. Oceanwide Houston, Inc.,*
   583 S.W.3d 841 (Tex. App.—Houston [1st Dist.] 2019, no pet.)............................... 17, 18

*Viacom Int'l v. IJR Capital Investments, L.L.C.,*
   891 F.3d 178 (5th Cir. 2018)...............................................................................................18

*Zhu v. Lam,*
   426 S.W.3d 333 (Tex. App.—Houston [14th Dist.] 2014, no pet.)...................................11

**Statutes**

Lanham Act .................................................................................................................... 18, 19

Private Securities Litigation Reform Act ....................................................................... 21, 25

Sarbanes-Oxley Act of 2002.............................................................................................19, 20

Securities Exchange Act of 1934.......................................................................................19, 20

Texas Penal Code § 32.21 ........................................................................................................9

**Other Authorities**

Fed. R. Civ. P. § 8(a) .............................................................................................................11

Fed. R. Civ. P. § 9(b)...................................................................2, 3, 6, 8, 9, 10, 11, 21, 23, 24, 25

Fed. R. Civ. P. § 12(b)(2)..........................................................................................................1

Fed. R. Civ. P. § 12(b)(6) ...........................................................................................1, 3, 8, 10

Defendants P. Garrett Clayton ("P.G. Clayton"), Matthew D. Hill ("Hill"), and Debbie Merritt a/k/a Deborah Merritt ("Merritt") file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., Magnolia Title Florida, LLC's (the "Magnolia Plaintiffs") Magness, and The Peabody Bulldog LLC's claims against them. Defendant Scott M. Reeves ("Reeves") joins in this Motion subject to and without waiver of his objection to this Court's exercise of personal jurisdiction as set forth in his Rule 12(b)(2) Motion filed on December 2, 2024 (Docket No. 35).[1]

## I.   NATURE AND STAGE OF THE PROCEEDING

This dispute began when Magnolia Plaintiffs failed to repay almost $5 million in borrowed funds—$4 million memorialized in promissory notes, promissory note security agreements, and a Letter of Intent, and the remaining amount loaned with the clear expectation and promise of repayment—owed to Starrex International Ltd., Starrex Insurance Holdings, Inc., Starrex Holdings, Inc. and Starrex Insurance Services, Inc. (collectively, "Starrex"). Starrex sued to collect the debt in Texas state court (the "State Court Action").[2] In that case, Magnolia Plaintiffs (then, defendants) claimed the promissory notes and promissory note security agreements bore "forged" signatures of the Magnolia Entities' manager, John Magness. In response, Starrex produced text messages from Magness in which he authorized Merritt to affix his signature on the promissory notes and informed the Magnolia Entities' counsel that he signed the promissory note security agreements in Starrex's offices. Magnolia Plaintiffs later changed their story, admitting the promissory note security agreements were in fact "wet signed" by Magness, not "forged." In discovery responses in the State Court Action, Magness said he "does not recall" authorizing his signature and could not verify the

---

[1] Defendants P.G. Clayton, Hill, Merritt, and Reeves are collectively referred to herein as the "Defendants." Defendants are officers and directors of Starrex International Ltd, a Canadian public company, and are referred to as the Starrex Officers and Directors.

[2] Cause No. 2023-85306, currently pending in the 11th Judicial District Court in Harris County, Texas.

authenticity of the text message authorizing his signature. Despite admitting the notes were not forged, Magnolia Plaintiffs based their initial claims in this Court on a false claim of forgery.

Magnolia Plaintiffs changed their story again in the First Amended Petition ("FAP")—abandoning their prior allegations of forgery, claiming instead the promissory notes were "for papering purposes only"[3] and entered into "for-the-auditor-only" with no expectation of repayment by Magnolia Plaintiffs.[4]

Plaintiffs filed a Petition in the 11th Judicial District of Harris County, Texas (Cause No. 2024-34589) (the "Original Petition"). The Original Petition was removed to this Court on July 25, 2024. The Starrex Officers and Directors moved to dismiss the claims in the Original Petition on October 28, 2024. Docket Nos. 20 and 21. Plaintiffs filed their FAP on November 18, 2024. Docket No. 27.

## II.    SUMMARY OF THE ARGUMENTS

Defendants disagree with the factual allegations in the FAP. However, even viewing the factual allegations in the light most favorable to Plaintiffs, the FAP fails to sufficiently allege facts supporting claims for which relief may be granted.

The majority of the claims sound in fraud and should be dismissed for two reasons. First, because the claims are not properly or sufficiently pled under Rule 9(b), and second, the new allegations claiming the promissory notes were "fake" and "for-the-auditor-only" with no expectation of repayment is intellectually dishonest and refuted *by allegations in the FAP*. Thus, all claims based on or sounded in this alleged fraud should be dismissed.

The remaining claims should be dismissed because Plaintiffs fail to plead elements of a cause of action, plead conclusory allegations, or do not have standing to bring the claim. For example, the claims for negligence and breach of fiduciary duty against Starrex's Officers and Directors should be

---

[3] *See* FAP at ¶ 168 (Docket No. 27).
[4] *See* FAP at ¶ 367.

2

dismissed because Magnolia Plaintiffs have not alleged an independent duty owed to any Plaintiff, and the breach of contract claim should be dismissed because Plaintiffs do not allege facts showing how the Starrex Officers and Directors can be held liable for breaching a contract to which they are not parties.

### III.    LEGAL STANDARD

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when alleging fraud, the heightened pleading standards require a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

A motion to dismiss for failure to state a claim upon which relief can be granted "can be based not only on an omission in a plaintiff's claims, but also on the inclusion of factual assertions that contradict a claim or support an affirmative defense[.]" *Rodriguez v. Gilead Scis., Inc.*, 2015 WL 236621, at *2 (S.D. Tex. Jan. 16, 2015); *see also Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012) (granting motion to dismiss where plaintiff's claim was "contradicted by other facts alleged in the complaint, making the claim implausible on its face").

### IV.    ARGUMENT

**A.    The negligence claims against the Starrex Officers and Directors fail for absence of an independent duty owed to Magnolia Plaintiffs.**

Magnolia Plaintiffs assert negligence claims against Hill, Merritt, and Reeves as "Senior Officers" of Starrex International (the "Starrex Officers") and against P.G. Clayton, Hill, and Reeves as "Directors" of Starrex International (the "Starrex Directors") (*see* Cause of Action Nos. 1 and 2). The FAP fails to allege how the Starrex Officers and Directors owe Magnolia Plaintiffs an independent

3

duty of care that is separate from any duties allegedly owed by Starrex International. Magnolia Plaintiffs have not alleged any independent legal duty owed by the Starrex Officers and Directors **as individuals** to Magnolia Plaintiffs.

Among other elements, a cause of action for negligence requires that the defendant owed a legal duty to the plaintiff. *Nabors Drilling, US.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "[A] negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Under Texas law, corporate employees can be individually liable for negligent acts committed in the course of their employment **only if they owe "an independent duty of reasonable care to the injured party apart from the employer's duty."** *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added).

The Fifth Circuit has held that when an employee's only alleged conduct is on behalf of his employer and there is no showing that the employee owed plaintiff any "relevant independent duty," there is "no possibility of recovering against [the individual employees] based on ... negligence causes of action." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 315 (5th Cir. 2002); *see also Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999) (dismissing claims against corporate employee where "[t]here are no allegations that [the employee] owed Plaintiff any *independent* duty of reasonable care, apart from that which his employer owed").

Here, Magnolia Plaintiffs have not alleged the Starrex Officers owed them an independent legal duty. Instead, Magnolia Plaintiffs admit the allegations against the Starrex Officers derive solely from their positions as officers of Starrex International. *See* FAP at ¶ 366, claiming that "*[a]s senior officers of Starrex International, Ltd.…*[the Starrex Officers] owed duties to Magnolia under common law and by virtue of the [MSA]." (emphasis added). Specifically, for Hill and Reeves, Magnolia Plaintiffs' claim is limited to the allegation that "Hill was the CEO of Starrex until …

15673999

February 6, 2024, and Reeves has been the corporate secretary of Starrex since at least June 20, 2020." FAP at ¶ 364. As for Merritt, Plaintiffs allege that Merritt represented herself to third parties as the Magnolia Plaintiffs' CFO (FAP at ¶ 364) but fail to base any negligence claims on that allegation. Rather, the claim hangs on her status as a Senior Officer of Starrex International.

In a conclusory manner, Magnolia Plaintiffs allege that Hill, Merritt, and Reeves "owed a legal duty to Magnolia Companies through the [MSA] and because [they] made representations to the Magnolias which [they] intended that [the Magnolias] rely upon when they did not have an equal opportunity to discover the facts and/or [they] failed to make disclosures when [they] learned the representations [they] made were not true." FAP at ¶ 367-369. However, the Magnolia Plaintiffs failed to plead any independent duty owed to them. Thus, the negligence claim against the Starrex Officers should be dismissed.

Magnolia Plaintiffs' claim against the Starrex Directors also fails because Magnolia Plaintiffs admit the allegations against the Starrex Directors are derived solely from their position as directors of Starrex International. *See* FAP at ¶ 376 "***As directors of Starrex***, Hill, P.G. Clayton, Reeves owed duties to the Magnolia Companies arising from, but not limited to, the following…" (emphasis added). The duties Magnolia Plaintiffs attempt to attribute to the Starrex Directors include ***alleged contractual duties*** owed by Starrex International. *See* FAP at ¶ 376.[5]

Magnolia Plaintiffs make the conclusory (and nonsensical) allegation that "Hill, [P.G.] Clayton and Reeves owed a legal duty to Magnolia companies through the [MSA] and because he (*sic*) had made representations to the Magnolia which he (*sic*) intended to rely upon when they did not have an equal opportunity to discover the facts and/or he (*sic*) failed to make disclosures when he (*sic*) learned

---

[5] Claiming the duties owed by the Starrex Directors include duties from "[t]he contracted management services relationship between Starrex and the Magnolia Companies," and the "fiduciary status as directors of Starrex International" and "constructive knowledge" of services provided by subsidiaries to Magnolia Plaintiffs.

15673999

the representations he (*sic*) made were not true." FAP at ¶ 377. Other than conclusory assertions and

legal conclusions, Plaintiffs do not identify or describe any independent duty owed by the Starrex

Directors or differentiate any duty from any duties (if any) owed by Starrex. Accordingly, the Court

should dismiss the negligence claim against the Starrex Directors.

**B.      The fraud-based claims are not sufficiently pled under Rule 9(b).**

Magnolia Plaintiffs fail to allege fraud by non-disclosure and fraud based on common law

forgery theories (Cause of Action Nos. 3 and 6) with the requisite specificity under Rule 9(b). Further,

the claim for business disparagement (Cause of Action No. 13) sounds in fraud and is also subject to

the heightened pleading standards under Rule 9(b).

"Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the

alleged fraud." *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 761 (S.D. Tex. 2010) (Rosenthal,

J.) (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when

and where the statements were made, and explain why the statements were fraudulent." *Id.* "Anything

less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Sanderson

v. Allstate Fire & Cas. Ins. Co.*, No, CV H-22-3536, 2023 WL 417478, at *2 (S.D. Tex. Jan. 25, 2023)

(Rosenthal, J.).[6]

**a.      There are no plausible allegations of facts, nor are facts pled with specificity, to support elements of a fraud by non-disclosure claim.**

Failing to disclose a fact is typically not actionable as fraud unless there is a duty to

disclose. *Kaddouri v. Merrill Lynch, Pierce, Fenner & Smith*, No. CIV.A. 304CV1456B, 2005 WL 283582,

at *4 (N.D. Tex. Feb. 4, 2005) (citing *Lesikar v. Rappeport*, 33 S.W.3d 282, 299 (Tex. App.—Texarkana

---

[6] "The Fifth Circuit applies Rule 9(b) to fraud complaints with bite and without apology." *Carlton v. Cannon*, 184 F. Supp. 3d 428, 456 (S.D. Tex. 2016) (Rosenthal, J.) (internal quotations omitted).

2000, pet. denied)).[7] If a plaintiff establishes a defendant had a duty to disclose, plaintiff must further prove that (1) defendant deliberately failed to disclose material facts the defendant had a duty to disclose, (2) defendant knew plaintiff was ignorant of the facts and did not have an equal opportunity to discover them, (3) by failing to disclose facts, defendant intended to induce plaintiff to take some action or refrain from acting, and (4) plaintiff relied on the nondisclosure and suffered injury as a result. *Comcast Corp. v. Houston Baseball Partners LLC*, 627 S.W.3d 398, 419 (Tex. App.—Houston [14th Dist.] 2021).

Magnolia Plaintiffs allege that Merritt and Hill failed to disclose the "true purpose" of the promissory notes.  FAP at ¶ 387 (emphasis added). This allegation is illogical, conclusory, and contradicted by factual assertions in the FAP. The only support for the allegation that the promissory notes were "for-the-auditor-only" is an alleged email from Merritt where she writes to Garth, copying Magness, that "[t]he auditors are pushing now for the signed promissory notes" (FAP at ¶ 120), and the "auditors need some type of paper to support the 'line' Starrex provided to each of the Magnolias." FAP at ¶ 122. The FAP does not allege that Merritt and Hill (or any of the Starrex Officers and Directors) represented that the promissory notes were fake[8] and *solely* "for-the-auditor-only" with no expectation of repayment.

Factual assertions in the FAP contradict any claim that the promissory notes were "for-the-auditor-only." *First*, Magness admits to signing promissory note security agreements for each of the notes. *Id.* at ¶ 145.  It is illogical to claim the notes were "for-the-auditor-only" when Magness signed the security agreements for each promissory note. *Second*, the FAP references April 17, 2023 email exchanges between Merritt and Magness regarding the need for signed promissory notes, backdated

---

[7] Texas courts have recognized a duty to disclose in four situations: "(1) when there is a special or fiduciary relationship; (2) when a person voluntarily discloses partial information but fails to disclose the whole truth; (3) when a person makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; and (4) when a person makes a partial disclosure and conveys a false impression." *Id.*
[8] *See* FAP at ¶¶ 112(r), 186, 289, 308(a) and 308(g), claiming the promissory notes are "fake."

to October 17, 2022, and the interest rate owed on the promissory notes. FAP at ¶ 120-128. ***Third***, the FAP admits that Starrex loaned the Magnolia Plaintiffs money and asserts that Magnolia Plaintiffs were aware that the loaned money was to be repaid. Plaintiffs indicate that "[o]n April 19, 2023, Merritt stated that the 'funds sitting on the balance sheet for from (*sic*) Magnolia have been classified as a prepayment for the acquisition of the Magnolia entities.'" FAP at ¶ 496.[9] ***Fourth***, the FAP references the April 30, 2023 Letter Agreement Regarding Proposed Acquisition of Magnolia Entities (the "LOI"),[10] but does not claim the LOI was "fake" or fraudulent.[11] The LOI states that consideration (of the proposed acquisition of the Magnolia Plaintiffs by Starrex) will be "reduced by the aggregate expected amount of promissory notes that will be outstanding at the Closing (as defined herein) of the Proposed Transaction in the aggregate amount of US$4 million (the 'Magnolia Debt'), which notes were recently issued by the Magnolias to Starrex Insurance Holdings, Inc."[12] The LOI is signed by Magness on behalf of the Magnolia Plaintiffs.[13] These allegations (and the plain text of the LOI) refute the claim the promissory notes were "for-the-auditor-only," and proves Magness and Magnolia Plaintiffs had knowledge of the same. The claim for fraud by non-disclosure based on the "true purpose" of the promissory notes (Cause of Action No. 3) should be dismissed.[14]

### b. Magnolia Plaintiffs' claim for business disparagement against Hill and Merritt should be dismissed.

The heightened pleading requirements of Rule 9(b) apply when the claim "sounds in fraud," regardless of how the claim is named or otherwise identified. *Pace v. Cirrus Design Corp.*, 93 F.4th 879,

---

[9] *See also* FAP at ¶ 172, admitting that Starrex lent money to Magnolia Plaintiffs, claiming that after "the LOI expired, [Starrex] decided it had to create a paper trail to show its shareholders that it had sound business judgment and documented recourse for the monies it spent ***and lent*** [to the Magnolias]." (emphasis added).

[10] *See* **Exhibit A** to this Motion, the LOI. In deciding a Rule 12(b)(6) motion, a court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[11] *See e.g.,* FAP at ¶ 145, claiming that Magness was told he "has to sign these security agreements or the LOI cannot be executed." *See also* FAP at ¶¶ 147-148 and ¶¶ 154-155 discussing purpose of LOI.

[12] *See* Exhibit A, ¶ 2.

[13] *See* Exhibit A, p. 9.

[14] *See*, for example, *Entm't Mktg. & Mgmt., Ltd. v. Fontenot*, No. CV H-24-1461, 2024 WL 3243487, at *10 (S.D. Tex. June 26, 2024) (Lake, S.) (holding that dismissal of a fraud by non-disclosure claim was appropriate where Plaintiffs failed "to allege facts capable of establishing that…any Plaintiff was ignorant of the allegedly concealed information".).

889 (5th Cir. 2024). The basis of the business disparagement claim relates to statements allegedly made about the Magnolia Entities' ability to repay monies owed under the "for-the-auditor-only" promissory notes.[15] As such, the business disparagement claim sounds in fraud and is subject to the heightened pleading standards of Rule 9(b).[16]

To plead business disparagement, plaintiff must allege the defendant published false and disparaging information about it. *Choctaw Constr. Services LLC v. Rail-Life R.R. Services, LLC*, 617 S.W.3d 143, 152 (Tex. App.—Houston [1st Dist.] 2020, no pet.). Here, the Magnolia Plaintiffs fail to adequately specify under Rule 9(b) the alleged false and disparaging statements made by Merritt and Hill giving rise to a claim for business disparagement claim. Further, as shown above (*see supra* § III (B)(a)), allegations in the FAP disprove Magnolia Plaintiffs' claims that the promissory notes were "for-the-auditor-only." Accordingly, Magnolia Plaintiffs' claim for business disparagement and injurious falsehood (Cause of Action No. 13) fails as a matter of law.

### c. Fraud based on common law forgery is not a proper civil claim under Texas law.

In Texas, forgery is not a civil cause of action, but is instead a criminal act defined in the Texas Penal Code.[17] Texas law is clear that "[i]n order for a private right of action to exist under a criminal statute, there must be 'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Prindle v. Lewis,* No. 3:10–CV–1217–B–BK, 2010 WL 4628077, at *2 (N.D. Tex. Oct. 8, 2010). Further, where "[p]laintiffs have not provided any statutory basis for inferring that they are entitled to bring a private cause of action on the basis of any criminal statute[,…] any attempt by

---

[15] *See* FAP at ¶ 47, claiming that "[Merritt and Hill] issued an injurious falsehood and disparaged Plaintiffs' business when they told the public and underwriters such as [ANTIC] and its subsequent purchase that the Magnolias were unable to pay Starrex was owed pursuant to the (***for-the-auditor-only) promissory notes***" (emphasis added); *id* at ¶ 472, stating the claim is based on dissemination of false information "about the Magnolias' ability to pay fabricated debts… evidenced by their deliberate creation and promotion of the "***for-the-auditor-only" promissory note***s[.]"(emphasis added)

[16] *See Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 702 (S.D. Tex. 2011) (Court applied Rule 9(b) pleading standard to a business disparagement claim that included allegations of fraud).

[17]*See* FAP at ¶ 404, stating "[u]nder Texas Penal Code § 32.21, the act of creating and utilizing for-the-auditor-only documents, representing them as genuine and binding upon Magnolia Companies, constitutes common law forgery."

Plaintiffs to assert a cause of action under a criminal statute fails as a matter of law." *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 699–700 (S.D. Tex. 2014), aff'd, 582 Fed. Appx. 279 (5th Cir. 2014). Here, Magnolia Plaintiffs do not allege any facts supporting a contention they are entitled to a private cause of action for an alleged forgery. Accordingly, this claim should be dismissed. *See Mathis v. DCR Mortgage III Sub, I, LLC,* 952 F. Supp. 2d 828, 836 (W.D. Tex. 2013) (dismissing claim for forgery because Texas Penal Code does not create a private cause of action).[18] Consequently, the claim for fraud by common law forgery (Cause of Action No. 6) must be dismissed.

### C.    Magnolia Plaintiffs' fail to state a claim for breach of contract against Hill, Merritt, and Reeves.

It is undisputed that there is no contract between Magnolia Plaintiffs and Hill, Merritt, or Reeves. Instead, Magnolia Plaintiffs assert a breach of contract claim based upon alleged breaches of the MSA *between Starrex International and Magnolia Plaintiffs*.[19] Plaintiffs admit "[t]he [MSA] is a valid and enforceable contract *between the Magnolias and Starrex International, Ltd.*" *See* FAP at ¶ 390 (emphasis added). Under Texas law, a breach of a corporate contractual obligation will not render a corporate agent *personally* liable.[20] Magnolia Plaintiffs admit that "ordinarily corporate agents of an entity would not be liable for any breach of the entity's contract…" (FAP ¶ 390) but then claim that Hill, Merritt, and Reeves are bound by the MSA as "third parties" under Section 3.4 of the MSA.  FAP ¶ 390-391. Hill, Merritt, and Reeves are not "third parties" to the MSA. Section 3.4 authorizes Starrex to "utilize[e] Affiliates or Third-Parties to assist Starrex in performing the

---

[18] Further, because Texas law does not recognize a standalone civil forgery claim,[18] a civil claim based on alleged forgery must instead be asserted as a fraud claim.[18] Fraud claims are subject to Rule 9(b)'s pleading standard.[18] Thus, to the extent Plaintiffs claim they asserted a civil fraud claim based on alleged forgery of the "for-the-auditor-only" promissory notes[18] (which they did not), such claim would fail as a matter of law since the allegations set forth in the FAP contradict the elements of a fraud claim. *See supra* § III (B)(a).

[19] The MSA is attached to this Motion as **Exhibit B**. In deciding a Rule 12(b)(6) motion, a court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc.*, 551 U.S. at 322.

[20] *See Barclay v. Johnson,* 686 S.W.2d 334, 336-37 (Tex. App.—Houston [1st Dist.] 1985, no writ) (internal citations omitted); *ICI Constr., Inc. v. Hufcor, Inc.*, 2023 WL 2392738, at *4 (S.D. Tex. Mar. 7, 2023).

Services…"[21] and simply does not provide that Hill, Merritt, and Reeves are contractually bound by the MSA or its attached Non-Disclosure Agreement. The claim is based upon an implausible and fatally flawed reading of Section 3.4 of the MSA and must be dismissed.

### D. Magnolia Plaintiffs fail to plausibly allege that Hill, Reeves, and Merritt owe them fiduciary duties.

Magnolia Plaintiffs fail to allege a breach of fiduciary duty claim against Hill, Reeves, and Merritt in their *individual* capacity. They claim that "[Starrex] Officers Hill, Merritt, and Reeves [have] a fiduciary duty to act in the best interest in the Magnolias…" *See* FAP at ¶ 400. However, the FAP fails to allege any independent fiduciary duties owed to Magnolia Plaintiffs by Hill or Reeves.

To prevail on a breach-of-fiduciary-duty claim, a plaintiff must prove that (1) there is a fiduciary relationship between the plaintiff and defendant, (2) the defendant breached his fiduciary duty to the plaintiff, and (3) the breach resulted in an injury to the plaintiff or benefit to the defendant. *See Zhu v. Lam*, 426 S.W.3d 333, 339 (Tex. App.—Houston [14th Dist.] 2014, no pet.). And "[w]hile generally breach of fiduciary duty claims must only meet the requirements of Rule 8(a), when the claim is predicated on fraudulent conduct, courts require Rule 9(b) specificity."[22] Here, Magnolia Plaintiffs fail to allege a fiduciary relationship with Hill or Reeves in their individual capacity. *See Bates Energy Oil & Gas v. Complete Oilfield Services*, 361 F. Supp. 3d 633, 674–75 (W.D. Tex. 2019) (explaining that a plaintiff must establish that a fiduciary duty arose as a matter of law as between an individual *individually* and the plaintiff, and whether such a duty is actionable *separate and apart from the duty owed by the company*).

Magnolia Plaintiffs claim that Hill, Merritt, and Reeves are bound by the MSA as "third parties" pursuant to Section 3.4 of the MSA, then further claim that that the MSA imposes "certain

---

[21] The MSA language is appropriate to consider at this stage, since a court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc.*, 551 U.S. at 322.

[22] *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 716 (S.D. Tex. 2020) (Miller, G.H.) (citing *B Choice Ltd. v. Epicentre Dev. Assocs.*, No. H-14-2096, 2015 WL 4586719, at *9 (S.D. Tex. Apr. 30, 2015) (Johnson, M.J.)).

fiduciary duties." FAP at ¶ 400. However, Hill, Merritt and Reeves are not third parties as defined in MSA Section 3.4 (*see supra* § III (C)) and the MSA does not create a fiduciary relationship between Magnolia Plaintiffs and Merritt, Hill, and Reeves in their individual capacity.[23]

The FAP fails to allege *any* fiduciary duties that arose as a matter of law between Hill and Reeves and Magnolia Plaintiffs—separate and apart from any duties allegedly owed by Starrex International—and they cannot be held individually liable for breach of fiduciary duties for actions taken in their capacity as principals for Starrex. The FAP alleges that Merritt "claimed and represented that she was the CFO of multiple Magnolia Entities" by signing tax returns (*see* FAP at ¶ 401) but does not allege she breached any fiduciary duty related to such filings. Thus, Cause of Action No. 5 must be dismissed.

E.    **The tortious interference claim against Hill, Merritt, and Reeves fails to allege facts to support the required elements under Texas law.**

Magnolia Plaintiffs assert a tortious interference claim against Hill, Merritt, Reeves, and other co-defendants. Under Texas law, plaintiffs must prove the existence of a contract subject to interference. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 588 (Tex. 2017). Here, Magnolia Plaintiffs allege "the contracts with which the Defendants interfered included software license agreements for which the Magnolias fully paid (including the Qualia), contracts with title insurance customers, earnest money contracts, contracts with brokers, contracts with underwriters, and contracts with landlords and vendors." FAP at ¶ 422. Magnolia Plaintiffs also list various other contracts that all of the "Defendants" allegedly interfered with.

---

[23] *See also supra* § III (C), discussing that neither Hill, Merritt, nor Reeves are contractually bound by the MSA and that Magnolia Plaintiffs argument is an unreasonable and implausible reading of Section 3.4 of the MSA.

15673999

First, as Magnolia Plaintiffs admit, the Qualia contract is between Starrex Technical Services and Qualia—not between a Magnolia entity and Qualia. FAP at ¶¶ 223, 228, 229, 231, 423. [24] It is a fundamental principle of law that a party to a contract cannot tortiously interfere with its own contract. *Holloway v. Skinner*, 898 S.W.2d 793, 795-796 (Tex. 1995). Because a corporation can only act through its agents, it is necessary to differentiate between the acts of an agent on behalf of the principal from those done in the agent's self-interest. To hold an agent liable for tortious interference with its own contract, plaintiff must show the agent acted so contrary to the principal's best interests that his actions could only have been motivated by personal interests. *Id.* Starrex (through Hill, Merritt, and Reeves) could not have tortiously interfered with its own contract. And, to the extent that Magnolia Plaintiffs allege Starrex interfered with its own contract, Magnolia Plaintiffs failed to allege that Merritt, Hill, and Reeves "acted so contrary to [Starrex's] best interests that [their] actions could only have been motivated by personal interests" as required to hold an agent liable for its tortious interference with its employers' contracts. *See id.*

As for the other "contracts," Magnolia Plaintiffs fail to allege any facts related to Merritt, Hill, or Reeves that state a claim. They fail to allege that Hill, Merritt, or Reeves willfully and intentionally interfered with the contracts or that their conduct caused actual damages. Accordingly, the tortious interference cause of action against Hill, Merritt, or Reeves should be dismissed.

### F.    The conversion claim against Merritt should be dismissed for failure to allege facts necessary to support the claim.

Under a conversion claim, Magnolia Plaintiffs must prove that defendant assumed and exercised dominion and control over property that plaintiff owned, had legal possession of, or was entitled to possession of in an unlawful and unauthorized manner, and that defendant refused the

---

[24] *See* FAP at ¶ 231, admitting that the Qualia Enterprise Order Form was executed with "Starrex Technical Services" as the customer, and that "Magness had no power to sign on behalf of Starrex Technical Services."); *id.* at ¶423 ("[a]lthough the Qualia contract was between Starrex and Qualia").

plaintiff's demand for return of the property. *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386–87 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The FAP fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The only threadbare allegation is that Starrex Title Florida, LLC, Cooper, and Merritt allegedly assumed and exercised dominion and control over Magnolia Plaintiffs' "valuable intellectual property, cash, furniture, and other tangible assets located within the Magnolia Arkansas and Magnolia Florida offices." FAP at ¶ 434.

*First*, claims for conversion of intellectual property are improper under Texas law. *Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 666 (S.D. Tex. 2015) (conversion concerns physical property, not intellectual property rights) (citing *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir.2003)). Additionally, in conversion claims based on money, plaintiff must establish the money was: "(1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper." *Anand Printing Mach. Inc. v. Alexander*, No. CV H-20-1249, 2021 WL 3616099, at *5 (S.D. Tex. Apr. 9, 2021). Here, Magnolia Plaintiffs cannot bring a claim for conversion of intellectual property rights, and Magnolia Plaintiffs failed to allege facts to support the elements of a claim for conversion of money as is required under Texas law. *Id.*

*Second*, there is no identification of what the "other tangible assets" are. There are also no allegations regarding what furniture is subject to Magnolia Plaintiffs' conversion claim or which defendant converted the furniture. There is no allegation of how Merritt allegedly converted them. By their own admission, the "furniture, and other tangible assets [are] located within the Magnolia Arkansas and Magnolia Florida offices," which Merritt neither resides in nor controls. FAP at ¶ 434. Further, there are no allegations that Merritt refused Magnolia Plaintiffs' demand for return of the "other tangible assets" (a required element of a conversion claim).

Because the FAP does not make allegations regarding Merritt's conversion of any physical property, does not allege facts to support all elements of a conversion claim, improperly includes allegations related to conversion of unidentified intellectual property and does not meet the elements required for claims involving conversion of cash, Cause of Action No. 8 should be dismissed.

### G.  Magnolia Plaintiffs fail to meet the pleading standard on their claims for misappropriation of trade secrets.

Plaintiffs bring two claims for misappropriation of trade secrets (Cause of Action Nos. 9 and 21). A plaintiff asserting a TUTSA claim must prove that "(1) a trade secret existed, (2) the trade secret was acquired through breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff."[25]

The misappropriation claims are based upon "breaches of duties imposed upon [Defendants] by Section 3.4 of the MSA and the Letter Agreement with the Magnolias." FAP at ¶ 446; *see also* FAP at ¶ 556. As explained above, there are no duties owed by Merritt or Hill to Magnolia Plaintiffs via the MSA, and Merritt and Hill are not parties to the Letter Agreement.

### a.  Cause of Action No. 9.

Magnolia Plaintiffs allege that Merritt and Hill "proceeded to download proprietary customer and other valuable trade secret data from the Magnolias." FAP at ¶ 446. They further allege that "[t]he trade secrets misappropriated by Cooper, Hill, Merritt, and Starrex Title Florida, LLC include, but are not limited to: customer lists, proprietary aggregation of information and title opinions, business strategies and plans." *Id.* at ¶ 445. The FAP fails to distinguish which trade secrets were misappropriated by Hill or Merritt, and the only allegation regarding how the trade secrets were allegedly used is impermissibly conclusory: "the information [was used] to [Defendants'] advantage,

---

[25] *Penthol, LLC v. Vertex Energy Operating, LLC*, No. 4:21-CV-416, 2024 WL 987568, at *10 (S.D. Tex. Mar. 7, 2024), amended, No. 4:21-CV-416, 2024 WL 3166936 (S.D. Tex. June 25, 2024).

obtaining profits thereby." *Id.* This allegation is conclusory, contains no details, and fails the required pleading standard.[26] Accordingly, Cause of Action No. 9 should be dismissed.

### b.    Cause of Action No. 21.

Cause of Action No. 21 should be dismissed for failure to specify the trade secrets misappropriated by Merritt. The only allegation related to Merritt is that she "breached her contractual and fiduciary obligations by disclosing confidential information and facilitating its transfer to other Defendants." FAP at ¶ 556. The FAP fails to distinguish which trade secrets were specifically misappropriated by Merritt, or how the trade secrets were used, other than to generally allege that misappropriated trade secrets were used "for commercial gain." *Id.* at ¶ 557. Such bare allegations clearly fail the requisite pleading standard. *See Iqbal*, 556 U.S. at 678.

### H.    Magnolia Plaintiffs do not allege specific facts to support their claims for unjust enrichment and fail to meet the pleading standard.

Magnolia Plaintiffs bring two unjust enrichment claims against Merritt and Hill (Cause of Action Nos. 10 and 19). Both claims fail, as there are no allegations that Merritt or Hill were unjustly enriched. A party may recover under unjust enrichment when one person has obtained a benefit from another by fraud. *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 42 (Tex. 1992). The key element of unjust enrichment is that the person sought to be charged wrongly secured or passively received a benefit. *See Cohen v. Tour Partners, Ltd.*, 2017 WL 1528776, at *8 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.).

### a.    Cause of Action No. 10.

Magnolia Plaintiffs generally plead that all defendants "wrongfully secured a benefit or passively received benefits that would be unconscionable for them to retain." FAP at ¶ 450. They further claim that "[defendants Starrex Florida Title, LLC, MarketStreet, Cooper, Brewer, Merritt, and

---

[26] *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Hill] were unjustly enriched by their wrongful takeover of Magnolia Arkansas and Magnolia Florida wherein they wrongfully obtained profitable business along with the contracts, relationships, and goodwill associated with the Magnolias name." FAP at ¶ 451. Other than these conclusory assertions, there is no specific allegation identifying *how Merritt and Hill* obtained alleged benefits based on fraud or any other wrongful actions. Neither Merritt nor Hill work for Magnolia Arkansas or Magnolia Florida (and there are no allegations that they do). Further, there are no allegations that Merritt or Hill personally were unjustly enriched by the alleged "wrongful takeover of Magnolia Arkansas and Magnolia Florida," and there are no allegations that Merritt or Hill wrongly secured or passively received a benefit from the alleged "takeover." Further, the FAP fails to differentiate Merritt and Hill from any of the other defendants included in their claim.

> **b.    Cause of Action No. 19**

Magnolia Plaintiffs allege that "Defendants [Garth, Clayton, Hill, and Merritt] have been unjustly enriched through their wrongful misappropriation of funds from Magnolia's Frost Bank accounts through unauthorized withdrawals and forged signatures." FAP at ¶ 535. They claim that "these withdrawals were made to satisfy the personal antecedent of approximately $1 million that Defendants Clayton and Garth owed to Starrex[.]" FAP at ¶ 538. However, there is no allegation that defendants Merritt or Hill personally obtained a benefit by fraud or wrongly secured or passively received a benefit. Indeed, the allegation is that the funds were paid to Starrex, not Merritt or Hill.

> **I.    Magnolia Plaintiffs do not allege specific facts to support their claim for common law misappropriation.**

The elements of a common law misappropriation claim are "(1) the creation of plaintiff's product through extensive time, labor, skill, and money; (2) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff; and (3) commercial damage to the plaintiff." *Vertex Services, LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841,

849 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Regarding the first element of the claim, Magnolia Plaintiffs regurgitate the elements of the claim, stating that "[t]he Magnolias have developed distinctive and valuable trademarks through substantial investment of time, labor, skill, and financial resources in building their brand identity in the title insurance industry[,]" without any details regarding the particulars of such investments. *Id.* at ¶ 455. Such "[t]hreadbare recitals of the elements of a cause of action" do not meet federal pleading standards. *Iqbal*, 556 U.S. at 678.

Magnolia Plaintiffs further allege that "Defendants Starrex Title Florida, LLC, MarketStreet, Cooper, and Brewer, jointly continue to use the logo and branding associated with the Magnolias, facilitated by Cooper and Merritt." FAP at ¶ 456. This allegation fails to assert Merritt's or Hill's **use** of the logo or branding products, as required by the elements of the claim. *Vertex Services, LLC*, 583 S.W.3d at 849. Regarding commercial damages, Magnolia Plaintiffs assert that Defendants are "diluting the Magnolias' inherently distinctive mark and engaging in unfair competition in commerce," again without specific allegations against Merritt or Hill. FAP at ¶ 455. Notably, Magnolia Plaintiffs fail to assert **any** allegations against Hill related to any of the elements of this claim. *See id.* at ¶ 455-456. Accordingly, due to the insufficiency of Magnolia Plaintiffs' allegations against Merritt, and the lack of any allegations against Hill, Cause of Action No. 11 should be dismissed.

### J.    Magnolia Plaintiffs do not allege specific facts to support their claim for violation of the Lanham Act.

Under the Lanham Act, "(1) [a]ny person who shall, without the consent of the registrant, (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is *likely to cause confusion,* or to cause mistake or to deceive…shall be liable in a civil action by the registrant for the remedies hereinafter provided." 15 U.S.C. § 1114(1). Although the Lanham Act specifically covers registered trademarks, relevant case law holds that qualifying unregistered marks can be protected under the Lanham Act where the Plaintiff

demonstrates the use and distinctiveness of the mark. *Viacom Int'l v. IJR Capital Investments, L.L.C.*, 891 F.3d 178, 185 (5th Cir. 2018).

Here, Magnolia Plaintiffs fail to allege any facts that might show why their unregistered mark qualifies for protection under the Lanham Act—they do not allege any facts regarding the use or distinctiveness of their mark. *See* FAP at ¶ 458-67. Further, Magnolia Plaintiffs do not allege any facts regarding how Merritt or Hill personally used the mark, and instead only make general allegations, which out any allegation of which defendants used the mark. *See id.* at ¶ 462. Because the pleading is void of facts to support elements of a violation of Lanham Act claim, Cause of Action No. 12 against Merritt and Hill should be dismissed.

### K.    Violations of Securities Law.

#### a.    Magness and Magnolia Plaintiffs do not have standing to assert violations of securities law claims.

Magness and Magnolia Plaintiffs allege that the actions of Hill, Merritt and Reeves violated "Section 10(b) and Rule 10b-5 [of the Securities Exchange Act of 1934], as well as relevant provisions of the Sarbanes-Oxley Act of 2002." FAP at ¶ 475. However, Magness and Magnolia Plaintiffs do not have standing under Section 10(b) or 10b-5, or under the Sarbanes-Oxley Act.

"[I]n an action for private damages pursuant to Section 10(b) and Rule 10b-5, standing is restricted to plaintiffs who are defrauded in connection with the ***purchase or sale*** of securities." *Shtaif v. Shoss*, No. CV H-06-2305, 2007 WL 9752787, at *3 (S.D. Tex. Feb. 12, 2007) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 732 (1975)). "[A] plaintiff in a Section 10(b) action must demonstrate "**a nexus between the defendant's actions and plaintiff's <u>purchase or sale</u>**." *Id.* (emphasis added). The Fifth Circuit holds that plaintiffs lack standing where no such nexus is pled.[27] Here, Magnolia Plaintiffs and Magness do not plead any facts to establish the actions of Hill, Merritt and Reeves are

---

[27] *See*, for example, *Holland v. Gexa Corp.*, 161 F. App'x 364, 365 (5th Cir. 2005) (holding that plaintiff lacked standing based on his failure to plead that he was a purchaser or seller of securities in connection with the stock exchange at issue).

15673999

relevant to Magness or Magnolia Plaintiffs' purchase or sale of Starrex International shares (because they are not and have never been purchasers of Starrex shares). The alleged "promise" of compensation in Starrex stock (*see* FAP at ¶ 476)—without an allegation of a ***purchase or sale*** of securities—is insufficient to establish standing under Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934.

Plaintiffs also do not have standing under the Sarbanes-Oxley Act of 2002.[28] The Sarbanes-Oxley Act of 2002 only "creates a private cause of action for employees of publicly-traded companies who are retaliated against for engaging in certain protected activity," including filing claims related to fraud against shareholders. *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475 (5th Cir. 2008). Magness does not allege he is an employee of Starrex (he is not) and there are no allegations of any retaliation. Thus, standing under Sarbanes-Oxley Act of 2002 is inapplicable.

Because Magness and Magnolia Plaintiffs do not have standing to bring a claim for securities law violations against Merritt, Hill, and Reeves, it must be dismissed.

### b. Magness and Magnolia Plaintiffs' securities law claim does not meet the heightened pleading standard for claims alleging fraud.

Aside from standing, Magnolia Plaintiffs allege that "Defendants Merritt (as CFO), Hill (as CEO and Chairman), and Reeves (as Director) engaged in securities fraud by knowingly creating and certifying Starrex's regulatory filings that refer to the promissory notes.[29] Magnolia Plaintiffs do not allege false representations outside of those related to the promissory notes. However, as shown above (*see supra* § III (B)(a)), allegations related to the promissory notes being "for-the-auditor-only" with no expectation of repayment are refuted and contradicted by other allegations in the FAP. Thus, claims

---

[28] Without citing to any specific sections of the Act or any case law, Plaintiffs allege they "have standing to bring claims under the Sarbanes-Oxley Act of 2002 as Magness was induced to enter into the transactions giving rise to this suit as well as the Magnolias by the promise of being compensated in Starrex stock." FAP at ¶ 476.

[29] *See* FAP at ¶ 477, alleging that "[s]pecifically, in September 2022, Merritt and Hill fabricated unauthorized 'for-the-auditor-only' promissory notes purportedly payable to 'Starrex Insurance Services, Inc.' and then deliberately misrepresented these documents as legitimate obligations of the Magnolias in official filings and certifications."

based on this alleged fraud should be dismissed.[30] Further, Magnolia Plaintiffs' claim for violation of securities law is based on the premise of unauthorized "for-the-auditor-only" promissory notes sounds in fraud and does not meet the heightened pleading standards under Rule 9(b) or the Private Securities Litigation Reform Act. Magnolia Plaintiffs' claim for violation of securities law against Defendants Hill, Merritt, and Reeves (Cause of Action No. 14) should be dismissed.

### L.    Magnolia Plaintiffs do not allege facts to support their claim for conspiracy.

Magnolia Plaintiffs assert a claim of civil conspiracy against "all Defendants." FAP at ¶¶ 481-486. Civil conspiracy is a "derivative tort" under Texas law, requiring a plaintiff to "state a separate underlying claim in which the court may grant relief." *Meadows v. Hartford Life* Ins. Co., 492 F.3d 634, 640 (5th Cir. 2007). Whether a plaintiff states an actionable civil conspiracy claim necessarily depends on whether it states a viable claim for an underlying tort. *Id.* The FAP states that the conspiracy claim against the Directors and Officers is also based on the claims for negligence, breach of fiduciary duty, fraud, and conversion. Magnolia Plaintiffs' conspiracy claim must be dismissed for the same reasons that their claims for negligence, breach of fiduciary duty, fraud, and conversion should be dismissed.

The FAP alleges that its conspiracy claim was "bound by a common purpose to defraud [the Magnolias]." FAP at ¶ 484. Any allegations of conspiracy to commit fraud are subject to Rule 9(b)'s heightened pleading requirements and must be plead with particularity.[31] The FAP fails to plead conspiracy related to any alleged fraud with particularity. Moreover, the FAP claims that "Defendants had a meeting of the minds and acted to defraud the Magnolias by fraudulent inducing the Magnolias to sign the promissory notes…and forging Magness' signature without any authorization or permission on numerous checks drawn on Magnolias' bank accounts…" FAP at ¶ 486. Yet, there is

---

[30] *Gilead Scis., Inc.*, 2015 WL 236621 at *2; *Mora*, 469 F. App'x at 299.

[31] A plaintiff alleging a conspiracy to commit fraud must "plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009).

no allegation in the FAP that Magness was fraudulently induced to signing the promissory notes, and with respect to the "forging Magness' signature" allegations, Magnolia Plaintiffs fail to plead the 'who, what, when, where, and how' of the alleged fraud."[32]

The FAP also fails to assert grounds to "infer an agreement" related to a conspiracy, as required in *Twombly* and its prodigy, and fails to say when or how Hill, Merritt, or Reeves had a meeting of the minds with any other alleged conspirator; fails to allege what the agreement was among conspirators; or how Hill, Merritt, or Reeves allegedly participated in the conspiracy. Merely stating that "Defendants" participated in a conspiracy is not sufficient.[33] A plaintiff asserting a conspiracy claim must lay out "plausible grounds to infer an agreement." *Twombly*, 550 U.S. at 556–57. The FAP fails to do so, and Magnolia Plaintiffs' claim for conspiracy against Hill, Merritt, and Reeves should be dismissed.

### M.    Plaintiffs Magness and The Peabody Bulldog fail to plead a fraudulent inducement claim against Hill or Merritt.

The FAP alleges a fraudulent inducement claim against Hill and Merritt.[34] The only allegations against them are that "in numerous meeting (*sic*) from April 2021 through April 2023 with Garth, Clayton, Hill and Merritt, they discussed the shares of Starrex stock and the future wealth event in great detail. It was represented to Magness that he would receive millions of shares in exchange for bringing industry opportunities based on his connections to the industry and his leadership." FAP at ¶ 490. Then, "[i]n negotiating the sale of Peabody Bulldog to Starrex, Garth and Hill represented to Magness that if Magness relinquished the $2.2 million in Peabody Bulldog equity, Magness would

---

[32] *See Medtronic*, 747 F. Supp. 2d at 761.

[33] *See, e.g., Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) ("A conclusory allegation of conspiracy is insufficient.").

[34] "Under Texas law, the elements of fraudulent inducement are: a misrepresentation; that defendant knew the representation was false and intended [to] induce plaintiff to enter into the contract through that misrepresentation; that plaintiff actually relied on the misrepresentation in entering into the contract; and that plaintiff's reliance led plaintiff to suffer an injury through entering into the contract." *Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) (internal quotations omitted). Importantly, "[f]raudulent inducement . . . is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

receive millions of dollars' worth of Starrex stock when Starrex acquired the Magnolias." *Id.* at ¶ 494. And, "in April 2023, in meetings with Magness, Merritt and Hill both represented to Magness that the promissory notes were only for the audit and nothing else." *Id.* at ¶ 495.

A fraudulent inducement claim is subject to Rule 9(b). *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 713–14 (S.D. Tex. 2020). Moreover, Texas law holds that "[w]ithout a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim. That is, when a party has not incurred a contractual obligation, it has not been induced to do anything." *Haase*, 62 S.W.3d at 798. A binding agreement, or an enforceable contract, "must be formed around the contours of sufficiently specific terms," such that "it resolves all essential terms and leaves no material matters open for future negotiation." *APS Capital Corp. v. Mesa Air Group, Inc.*, 580 F.3d 265, 272 (5th Cir. 2009). If material matters are not resolved, "it is not a binding contract but, rather, an unenforceable 'agreement to agree.'" *Id.*

Here, Magness and The Peabody Bulldog only allege the existence of vague terms of agreements such as "millions of shares" or "millions of dollars" which do not specify the obligations of each party and therefore are not enforceable agreements.[35] And, with no binding agreements relating to the first two allegations, Plaintiffs do not meet the third element of fraudulent inducement (*i.e.*, Plaintiffs cannot allege that they relied on a misrepresentation to enter a contract that is not enforceable). *Haase*, 62 S.W.3d at 798. Next, the allegations regarding the misrepresentations made to induce execution of the supposed "for-the-auditor-only" promissory notes have been discussed at length (*see supra* § III (B)(a)). The FAP includes factual assertions that directly contradict Plaintiffs' claims regarding their concocted story that the promissory notes were "for-the-auditor-only."

---

[35] "To be enforceable, the terms of an agreement must be sufficiently definite to enable the court to understand each party's obligations." *Coe v. Chesapeake Expl., L.L.C.*, 695 F.3d 311, 320 (5th Cir. 2012).

Accordingly, because Plaintiffs do not allege contractual obligations they incurred as a result of alleged misrepresentations made by Hill and/or Merritt, and because Plaintiffs' allegations related to the execution of the "for-the-auditor-only" promissory notes are contradicted by other allegations, the claim for fraudulent inducement (Cause of Action No. 16) against Merritt and Hill fails as a matter of law.

### N.    Magnolia Plaintiffs' common law fraud claim fails to allege sufficient facts.

Under Texas law, "common law fraud claims consist of five elements: (1) the defendant made a material misrepresentation; (2) the defendant knew at the time that the representation was false or lacked knowledge of its truth; (3) the defendant intended that the plaintiff should rely or act on the misrepresentation; (4) the plaintiff relied on the misrepresentation; and (5) the plaintiff's reliance on the misrepresentation caused injury." *TM Boyce Feed & Grain, LLC v. nVenia, LLC*, 2024 WL 4031501, at *8 (N.D. Tex. Sept. 3, 2024).

Magnolia Plaintiffs and Magness assert that Reeves, Hill, P.G. Clayton, and Merritt herself misrepresented her credentials during several meetings and communications with them. *See* FAP at ¶ 517-522. Notably, there are no specific allegations against P.G. Clayton. Magnolia Plaintiffs conclusory allege that "Defendants either knew these representations were false or made them with reckless disregard for their truth." *Id.* at ¶ 526. However, the bare allegation that Defendants either had knowledge or should have had knowledge is insufficient under Texas law. *TM Boyce*, 2024 WL 4031501 at *8. The FAP also fails to show Magnolia Plaintiffs and Magness relied on the alleged misrepresentations, and how such alleged reliance caused them damages.

Further, fraud claims are subject to the pleading standards of Rule 9(b), which "requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Medtronic, Inc.*, 747 F. Supp. 2d at 761. Here, the FAP fails to allege how the fraud worked, or how the alleged misrepresentations are related to their alleged damages. Because Magnolia Plaintiffs and Magness fail

24

to plead the elements and do not plead their claim for common law fraud with the requisite particularity, Cause of Action No. 18 should be dismissed.

### O. Magnolia Plaintiffs do not allege facts to support their claim for Fraudulent Inducement into MSA.

Magnolia Plaintiffs assert that they were fraudulently induced into the MSA against Hill (along with other defendants). Proof of fraudulent inducement requires a misrepresentation, knowledge of the falsity of the representation by defendant, reliance on the representation by plaintiff when entering into a contract, and damages. *Hoffman*, 838 F.3d at 576. Here, Magnolia Plaintiffs make general allegations that "Defendants made material misrepresentations regarding Merritt's qualifications…[and] emphasized Merritt's supposed credentials[.]" FAP ¶ 545.

The *only* mention of Hill is that he "emphasized Merritt's supposed credentials at multiple meetings at the Post Oak Grill…" FAP at ¶ 545. Not only does the FAP fail to adequately allege Hill's knowledge of any misrepresentation (*see* FAP at ¶ 547; *Hoffman*, 838 F.3d at 576), but it also fails to allege how Magnolia Plaintiffs relied on any of Hill's alleged misrepresentations, and how such alleged reliance on Hill's representation caused them damages. Moreover, this conclusory claim against Hill does not meet the heightened pleading standards of Rule 9(b). Accordingly, the claim for fraudulent inducement to the MSA (Cause of Action No. 20) against Hill should be dismissed.

## V.   CONCLUSION AND PRAYER

Magnolia Plaintiffs have not sufficiently alleged, and cannot prove, the elements of any of the claims that they have asserted against Defendants. Further, in claims alleging fraud and in those involving securities, Magnolia Plaintiffs do not meet the heighted standards required for such claims under Federal Rule of Civil Procedure 9(b) and/or the requirements under the Private Securities Litigation Reform Act. For these reasons, Defendants Clayton, Hill, Merritt, and Reeves respectfully request that the Court grant this Motion and dismiss Plaintiffs' claims against them.

15673999

Dated: December 2, 2024.

Respectfully submitted,

By: _/s/ Eric D. Wade_
  Eric D. Wade
  *Attorney in Charge*
  State Bar No. 00794802
  Federal Bar ID: 21401
  Stephen H. Lee
  State Bar No. 791092
  Federal Bar ID: 18313
  Mary Anna H. Rutledge
  State Bar No. 24096149
  Federal Bar ID: 3399718
  Nabeela K. Arshi
  State Bar No. 24134422
  Federal Bar ID: 3872081
  **PORTER HEDGES LLP**
  1000 Main Street, 36th Floor
  Houston, TX  77002-6336
  Telephone: 713-226-6655
  Facsimile:  713-226-6255

  EWade@porterhedges.com
  SLee@porterhedges.com
  MRutledge@porterhedges.com
  NArshi@porterhedges.com

**ATTORNEYS FOR DEFENDANTS
P. GARRETT CLAYTON, MATTHEW D.
HILL, DEBBIE MERRITT, AND SCOTT M.
REEVES**

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF.

Simon W. Hendershot, III
Ian F. McNeil
Philip D. Racusin
**HENDERSHOT COWARD P.C.**
1800 Bering Drive, Suite 600
Houston, TX 77057
Trey@hchlawyers.com
IMcNeil@hchlawyers.com
Pracusin@hchlawyers.com

**ATTORNEYS FOR PLAINTIFFS**

Steven C. Earl
James E. Graham
**STILWELL, EARL & APOSTOLAKIS, LLP**
128 Vision Park Blvd., Suite 140
Shenandoah, Texas 77384
steven@woodlandstxlawfirm.com
jim@woodlandstxlawfirm.com

**ATTORNEYS FOR DEFENDANTS, STARREX TITLE FLORIDA, LLC, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, BRIAN A. BREWER AND LAURIE COOPER**

Michelle E. Gray
**FOGLER BRAR O'NEIL GRAY, LLP**
2 Houston Center
909 Fanin, Suite 1640
Houston, TX 77010
Mgray@foglerbrar.com

**ATTORNEY FOR DEFENDANT TINGLEMERRETT, LLP AND ARIANE YOUNG**

Fields Alexander
Amy Parker Beeson
Katie Sorenson
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010
falexander@beckredden.com
abeeson@beckredden.com
ksorenson@beckredden.com

**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON**

*/s/ Eric D. Wade*
Eric D. Wade

27

15673999