# EXHIBIT K

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims (the "Agreement") is made between and among and entered into by John Magness ("Magness"), Britt Naponic ("Naponic"), and The Peabody Bulldog, LLC ("Peabody") (collectively with Magness and Naponic, the "Magness Parties"), and Bo and Sarah Blackburn (the "Blackburns"), #6 Metz Court ("Metz Court"), Sol City Title Managers, LLC ("Sol City Managers"), Rabbit Food, LLC ("Rabbit Food"), BS Title Team, LLC ("BS Title Team"), Pacific Waters Title, LLC ("1845 Title"), Blue Goose Title, LLC ("Noteworthy Title"), CSP Texas Joint Venture, LLC ("Key Title"), CSP Texas Joint Venture — San Antonio, LLC ("Key Title San Antonio"), Tall City Title, LLC ("Tall City Title"), Amarillo Title, LLC ("Amarillo Title"), Amarillo Title Managers, LLC ("Amarillo Managers"), Joy Title LLC ("Joy Title"), Joy Title Managers LLC ("Joy Managers"), Gateway City Title, LLC ("Gateway City Title"), Gateway City Title Managers, LLC ("Gateway City Managers"), Corpus Christi Title, LLC ("Corpus Christi Title"), and Corpus Christi Title Managers, LLC ("Corpus Christi Managers") (each a "BSpoke Party," and collectively with the Blackburns, the "BSpoke Parties"), and Tyrrell L. Garth ("Garth"), Phillip Clayton ("Clayton"), 405 Manhattan Investments, LLC ("405 Manhattan") and Alphabet Investments, LLC ("Alphabet") (collectively with Garth, Clayton and 405 Manhattan, the "the Alphabet Parties"), and Sol City Title, LLC ("Magnolia Houston"), Coast to Coast Title, LLC ("Magnolia Dallas"), Magnolia Title Florida, LLC ("Magnolia Florida"), and Magnolia Title Arkansas, LLC ("Magnolia Arkansas") (collectively, the "Magnolia Parties"), and Starrex International Ltd. ("Starrex"). Any of the above may be referred to from time to time as a "Party" and all may be referred to jointly as the "Parties."



1













7







14.     This Agreement and the agreements referenced herein and signed as part of the settlement contain the entire understanding and agreement between the Parties, and it supersedes any prior or contemporaneous agreements, promises, statements, understandings, and/or representations, oral or written, relating to the matters set forth herein, which shall be superseded, void and unenforceable. Each Party understands that such Party is precluded from bringing any fraud or similar claim against any other Party based on any such communications, promises, agreements, statements, inducements, understandings, or representations. No oral statements or other prior written material not specifically incorporated into this Agreement, or the agreements signed in connection with this Agreement shall be of any force and effect, and no changes in or additions to this Agreement shall be recognized, unless incorporated into this Agreement by written amendment, such amendment to become effective on the date stipulated in it. Any amendment to this Agreement must be signed by all Parties to this Agreement.

15.     Each of the Parties (only for himself, herself, or itself as the case may be) agrees, promises, warrants and represents that no promise, statement, agreement, representation, inducement, or condition which is not expressly set forth in writing in this Agreement has been made to any of the Parties in executing this Agreement and/or to induce any other Party to enter into this Agreement. To the extent any such statements have been made, each Party expressly disclaims reliance on any such statement not set forth in writing in this Agreement.

16.     The Parties acknowledge that they have been advised to consult with an attorney of their choice about the terms of this Agreement, and each Party represents that it has consulted with such an attorney.

17.     The Parties represent and warrant that this Agreement is entered into without fraud or duress, in good faith, and for sufficient and adequate good and valuable consideration.

18.     The Parties to this Agreement have been represented by counsel in connection with the execution and delivery of this Agreement. Accordingly, for the purpose of contract construction rules, which may require the interpretation of an agreement against its drafter, no party shall be deemed the author of this Agreement.



10



28.    Each Party promises and agrees: (a) that each covenant, agreement, representation, and warranty contained in this Agreement is negotiated, bargained for, and contractual—and is not a mere recital; (b) that each covenant, agreement, representation, and warranty contained in this Agreement survives the execution of this Agreement; and (c) that each covenant, agreement, representation, and warranty contained in this Agreement shall be forever binding on, enforceable against, and conclusive as to each Party.





Signature Page 1 to Confidiental Settlement Agreement and Release of Claims

_____
John Magness

_____
Britt Naponic


The Peabody Bulldog, LLC

BY:_____
John Magness, Manager


_____
Bo Blackburn


_____
Sarah Blackburn


#6 Metz Court, LLC.

BY:_____
Sarah Blackburn, Manager


Sol City Title Manager, LLC.

BY:_____
Sarah Blackburn, Manager


Rabbit Food, LLC

BY:_____
Sarah Blackburn, Manager


BS Title Team, LLC.

BY:_____
Sarah Blackburn, Manager


13

Signature Page 1 to Confidential Settlement Agreement and Release of Claims

_____

John Magness

_____

Britt Naponic

The Peabody Bulldog, LLC

BY: _____

      John Magness, Manager

*Bo Blackburn*

Bo Blackburn

_____

Sarah Blackburn

#6 Metz Court, LLC.

BY: _____

      Sarah Blackburn, Manager

Sol City Title Manager, LLC.

BY: _____

      Sarah Blackburn, Manager

Rabbit Food, LLC

BY: _____

      Sarah Blackburn, Manager

BS Title Team, LLC.

BY: _____

      Sarah Blackburn, Manager

13

Signature Page 2 to Confidential Settlement Agreement and Release of Claims

Pacific Waters Title, LLC.

By: _____

Blue Goose Title, LLC

By: _____

CSP Texas Joint Venture, LLC.

By: _____

CSP Texas Joint Venture-San Antonio, LLC

By: _____

Tall City Title, LLC

By: _____

Amarillo Title, LLC.

By: _____

Amarillo Title Managers, LLC.

By: *Bo Blackburn* _____

Joy Title, LLC.

By: _____

Gateway City Title, LLC.

By: _____

Gateway City Title Mangers, LLC

By: _____

14

Signature Page 3 to Confidential Settlement Agreement and Release of Claims

Corpus Christi Title, LLC.

By:

Corpus Christi Title Managers, LLC.

By:

_____

Tyrrell L. Garth

_____

Phillip Clayton

405 Manhattan Investments, LLC.

By:_____
　　　Alyse Draughon, Manager

Alphabet Investments, LLC.

By:_____
　　　Clayton Hill, Manager

Sol City Title, LLC.

By:_____
　　　John Magness, Manager

Coast to Coast Title, LLC.

By:_____
　　　John Magness, Manager

Magnolia Title Florida, LLC.

By:_____
　　　John Magness, Manager

15

DocuSign Envelope ID: 107C0C69-F40F-405D-B5F2-C6542BB5A336

Signature Page 3 to Confidential Settlement Agreement and Release of Claims

Corpus Christi Title, LLC.

By:_____

Corpus Christi Title Managers, LLC.

By:_____


_____

Tyrrell L. Garth


_____

Phillip Clayton

405 Manhattan Investments, LLC.

By:_____
        Alysa Draughon, Manager

Alphabet Investments, LLC.

By:_____
        Clayton Hill, Manager


Sol City Title, LLC.

By:_____
        John Magness, Manager


Coast to Coast Title, LLC.

By:_____
        John Magness, Manager


Magnolia Title Florida, LLC.

By:_____
        John Magness, Manager


15

Signature Page 3 to Confidential Settlement Agreement and Release of Claims

Corpus Christi Title, LLC.

By:_____

Corpus Christi Title Managers, LLC.

By:_____

_____
Tyrrell L. Garth

_____
Phillip Clayton

405 Manhattan Investments, LLC.

By:_____
        Alyse Draughon, Manager

Alphabet Investments, LLC.

By: _____
        Clayton Hill, Manager

Sol City Title, LLC.

By:_____
        John Magness, Manager

Coast to Coast Title, LLC.

By:_____
        John Magness, Manager

Magnolia Title Florida, LLC.

By:_____
        John Magness, Manager

15

Signature Page 4 to Confidiental Settlement Agreement and Release of Claims

Magnolia Title Arkansas, LLC

By: _____
    John Magness, Manager

Starrex International, Ltd.

By: _____
    Matt Hill, CEO

16