IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs*<br><br>V.<br><br>TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER<br>*Defendants.* | CIVIL ACTION NO.:4:24-cv-2767 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SCOTT REEVES'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii
TABLE OF REFERENCES ......................................................................................................... iii
INTRODUCTION .......................................................................................................................... 1
NATURE AND STAGE OF THE PROCEEDING ...................................................................... 1
STATEMENT OF ISSUES ........................................................................................................... 2
STANDARD OF REVIEW ........................................................................................................... 2
SUMMARY OF THE ARGUMENT ............................................................................................ 2
FACTUAL BACKGROUND ........................................................................................................ 3
   A.   Reeves' Role and Connections to Texas ............................................................................. 3
   B. Harm to Texas-Based Business Interests .......................................................................... 4
ARGUMENT AND AUTHORITIES ............................................................................................ 4
   A. Legal Standard for Personal Jurisdiction ........................................................................... 4
   B. This Court Has Specific Jurisdiction Over Reeves ........................................................... 5
      1.   Reeves Has Sufficient Minimum Contacts with Texas ............................................... 5
      2.   Plaintiffs' Claims Arise Out of Reeve's Forum-Related Contacts .............................. 7
      3.   Exercise of Jurisdiction Over Reeves Is Fair and Reasonable ..................................... 8
   C. Reeves' Alleged Lack of Physical Presence in Texas Is Not Dispositive ........................... 9
   D. The "Effects Test" Further Supports Personal Jurisdiction ................................................ 9
   E. Conspiracy Theory of Jurisdiction .................................................................................... 11
CONCLUSION ............................................................................................................................ 13

# TABLE OF REFERENCES

**Cases**

*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) ......................................... 2

*Bullion v. Gillespie*, 895 F.2d 213, 215-16 (5th Cir. 1990) ................................................................ 5

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) ....................................................... 9, 10

*Calder v. Jones*, 465 U.S. 783, 788-90 (1984) ............................................................................. 7, 11

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 451 (6th Cir. 2012) .......................................... 13

*Companhia Brasileira Carbureto de Calicio v Applied Indus. Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011) (Kavanaugh, J.) ......................................................................................... 13

*Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996) ............................... 2

*Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 794-95 (5th Cir. 2007) ................................................................................................................................................. 15

*Guidry v. U.S. Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999) .......................................................... 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ...................... 5

*In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ............. 13

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) .................................................................. 5

*J&M Assoc., Inc. v. Romero*, 488 F. App'x 373, 376 (11th Cir. 2012) ......................................... 13

*KPFF Inv., Inc. v. BASF Metals Ltd. (In re Platinum & Palladium Antitrust Litig.)*, 61 F.4th 242, 270 (2d Cir. 2023) ......................................................................................................................... 14

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) ................................................................. 5

*McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) .................................................................... 9

*Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007) .................................................. 13

*Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) ....................................................... 10

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) .......................................... 2

*Newsome v. Gallacher*, 722 F.3d 1257, 1265 (10th Cir. 2013) .................................................... 13

*O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342-43 (Tex. 1966) ........................................................ 8

*Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. (Schwab II)*, 22 F.4th 103, 110 (2d Cir. 2021), cert denied, 142 S. Ct. 2852 (2022) .......................................................................... 12

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) ................................... 5

*Textor v. Bd. of Regents*, 711 F.2d 1387, 1392-93 (7th Cir. 1983) ............................................... 13

*Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013) ........................................... 13

*Walden v. Fiore*, 571 U.S. 277, 285 (2014) ............................................................................... 6, 10

*Walden v. Fiore*, 571 U.S. 277, 285 (2014). .................................................................................... 7

*Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) ........................................................................... 3

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).................... 10

**Rules**

Fed. R. Civ. P. 12(b)(2)............................................................................................................. 1

NOW COME Plaintiffs Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Florida, LLC, Magnolia Title Arkansas, Ltd., The Peabody Bulldog, LLC, and John Magness (collectively, "Plaintiffs"), and file this Response in Opposition to Defendant Scott Reeves' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), and would respectfully show the Court as follows:

## INTRODUCTION

Plaintiffs Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Florida, LLC, Magnolia Title Arkansas, Ltd., The Peabody Bulldog, LLC, and John Magness (collectively, "Plaintiffs"), file this Response in Opposition to Defendant Scott Reeves' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) . Plaintiffs assert claims against Reeves for negligence, breach of contract, breach of fiduciary duty, tortious interference, violations of securities laws, conspiracy, and common law fraud. Defendant Scott Reeves ("Reeves") seeks to escape accountability for his deliberate and tortious actions that have caused substantial harm to Plaintiffs' business interests in Texas. Despite Reeves' attempts to characterize his contacts with Texas as minimal, the evidence demonstrates that he purposefully directed his activities toward Texas, causing injury to Texas residents and businesses.

This Court has personal jurisdiction over Reeves because his conduct satisfies both the Texas long-arm statute and federal due process requirements. As such, this Court should deny Reeve's motion to dismiss for lack of personal jurisdiction.

## NATURE AND STAGE OF THE PROCEEDING

This case arises from negligence, breach of fiduciary duty, fraud, violation of securities laws, and participation in a conspiracy by Reeves. Plaintiffs filed their Original Petition on June 3, 2024, in the Harris County District Court of Texas. The case was subsequently removed to this Court on July 25, 2024.  Dkt. 2. Reeves filed a Motion to Dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(2) on October 28, 2024. Dkt. 18. Plaintiffs filed their First Amended Complaint on November 18, 2024. Dkt.   On December 2, 2024, Reeves filed a new Motion to Dismiss Pursuant to Rule 12(b)(2). Dkt 35.  On December 9, 2024, the Court dismissed Reeves' original Motion to Dismiss (Dkt. 18) as moot. Dkt. 38.

The present Response addresses Reeves' Motion to Dismiss (Dkt. 35).

## STATEMENT OF ISSUES

(1) The Court must determine whether this Court has personal jurisdiction over Scott Reeves.

(2) In the event that the Court determines that personal jurisdiction does not currently exist over Defendant Scott Reeves, the Court must determine whether to grant Plaintiff leave to replead.

## STANDARD OF REVIEW

The Court's determination of personal jurisdiction over Reeves is reviewed de novo. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). The plaintiff bears the burden of establishing jurisdiction, but need only present prima facie evidence supporting jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996).

The court may consider pleadings, affidavits, and other materials in the record when determining whether a prima facie case of personal jurisdiction exists. The court must accept as true uncontroverted allegations in the plaintiff's complaint and resolve factual disputes in the plaintiff's favor. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

## SUMMARY OF THE ARGUMENT

Plaintiffs argue that this Court has personal jurisdiction over Reeves because he has sufficient minimum contacts with Texas, and Plaintiffs' claims against each Defendant arise out

of their contacts with Texas. Reeves purposefully directed his actions toward Texas, including making fraudulent misrepresentations to a Texas resident and taking actions that directly harmed Texas businesses. These contacts satisfy the "effects test" established in *Calder v. Jones*, and support a finding of specific jurisdiction. Furthermore, Reeves' participation in a conspiracy that caused harm in Texas provides an additional basis for jurisdiction. The exercise of jurisdiction is fair and reasonable given Reeves's deliberate actions and their impact on Texas.

## FACTUAL BACKGROUND

### A. Reeves' Role and Connections to Texas

At all times during the events giving rise to this action, Reeves served as a Director, Audit Committee Member, Corporate Secretary, and General Counsel for Defendant Starrex. (First Amended Complaint (hereinafter "FAC"), ¶ 12; Magness Declaration (hereinafter "Magness Decl."), ¶ 9; Exhibit A). In this role, he was intimately involved with negotiating all transactions entered into by and between Defendant Starrex and Plaintiffs and the many engagements between them. (FAC ¶ 52). Likewise, he was very much involved in communicating to Magness in numerous meetings while he tirelessly performed years of work for Starrex. (FAC ¶¶ 47-50, 52; Magness Decl., ¶¶ 4-9, 16-19)).

As a note, although Starrex is a Canadian company, it has minimal connections with Canada. The majority of Starrex's primary decision makers are in Texas and a substantial part of its operations are in Texas. (FAC ¶ 19). Reeves made many misrepresentations to Plaintiff Magness, a Texas resident, during many meetings—all based in Texas—to induce Magness to perform years of work for Starrex for no or very little compensation and the Magnolias to rely on Starrex and their services and enter into services agreements with Starrex. (FAC ¶¶ 74, 75, 77, 83; Magness Decl. ¶¶ 4-6, 7-9, 16-19). Those representations include misrepresentations about Merritt's background, experience, and competency, including that she had the qualifications necessary to perform crucial transactions involving Magness and the Texas-based Magnolias. (FAC ¶ 48; Magness Decl. ¶¶ 4-5).

Much later, after it was too late, Plaintiffs learned that Merritt had no college degrees, MBA, PhD, and CFA despite Reeves' constant representations to the contrary, which were made

for the purpose of reliance by Magness and the Texas-based Magnolias. (FAC ¶ 49; Magness Decl. ¶ 6). Reeves also tortiously interfered with critical service providers by sending a letter to Qualia and causing it to remove Plaintiffs' access to their software, a maneuver which was instrumental in completing the fraud which deprived Plaintiffs of their business entities in Arkansas and Florida and caused a complete shut down of the Texas-based Magnolias. (FAC ¶ 53; Magness Decl. ¶¶ 10-15).

### B. Harm to Texas-Based Business Interests

Reeves' actions have caused significant harm to Texas-based business interests. First, his negligence, breach of fiduciary duty, fraud, and conspiracy to commit the same have caused significant harm to the Magnolia Entities. In conjunction with other actions taken against the Magnolias by other parties, Reeves irreparably harmed Plaintiffs and the Texas-based Magnolias (Sol City Title, LLC, and Coast to Coast Title, LLC) were irreparably harmed and forced to wind down in accordance with insurance regulations and state law. (Magness Decl. ¶ 15).

In light of these facts, it is evident that Reeves has substantial connections to Texas, and his actions have directly impacted Texas-based businesses and interests. As such, this Court has personal jurisdiction over Reeves, and his motion to dismiss should be denied.

### ARGUMENT AND AUTHORITIES

### A. Legal Standard for Personal Jurisdiction

Federal courts apply a two-step analysis to determine whether personal jurisdiction exists over a nonresident defendant. First, the court must determine whether the forum state's long-arm statute confers personal jurisdiction. Second, if the long-arm statute applies, the court must determine whether the exercise of jurisdiction comports with due process. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

Texas's long-arm statute extends to the limits of federal due process. Therefore, the two-step inquiry collapses into one federal due process analysis. *Bullion v. Gillespie*, 895 F.2d 213,

215-16 (5th Cir. 1990). To satisfy due process, the plaintiff must demonstrate that (1) the defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### B. This Court Has Specific Jurisdiction Over Reeves

Specific jurisdiction exists when a defendant's contacts with the forum state arise from or relate to the cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The Fifth Circuit applies a three-prong test to determine specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

#### 1. Reeves Has Sufficient Minimum Contacts with Texas

Reeves's contacts with Texas are sufficient to establish minimum contacts. The Supreme Court has held that a defendant's physical presence in the forum state is not necessary to establish personal jurisdiction if the defendant's out-of-state conduct is purposefully directed at residents of the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). While physical presence in the forum state is not required, Reeves' conduct demonstrates a clear pattern of purposefully directing activities toward Texas, causing harm within the state.

   a. **Fraudulent Misrepresentations:** In meetings held in Texas, Reeves actively participated in making fraudulent representations about Debbie Merritt's qualifications. Specifically, he stated, "Debbie can get that done" while referencing her purported expertise and educational credentials. (FAC ¶ 48; Magness Decl. ¶ 5). These representations were made to Magness while he was physically present in Texas, with the specific intent to induce him to commit his business resources, time, and relationships to Starrex's Texas operations. (FAC ¶ 50). Reeves' deliberate misstatements about Merritt's credentials, made during meetings in Texas, directly relate to the fraud claims asserted by Plaintiffs. (FAC ¶¶ 48-50, 52).

   b. **Targeting Texas-Based Operations:** Throughout 2021 and 2022, Reeves participated in

multiple phone calls specifically regarding raising money and acquisitions targeting Texas-based operations. (FAC ¶ 51; Magness Decl. ¶ 8). These calls involved detailed discussions about Texas-based business activities and were directed at expanding operations within Texas. Reeves' active involvement in these calls demonstrates a purposeful effort to engage with the Texas market and directly relates to the claims of negligence and breach of fiduciary duty regarding the mismanagement of Texas-based operations.

c. **Negotiations with Texas Residents:** Reeves served as Starrex's counsel and personally negotiated with Nelson Mitchell and his counsel, Adam Fulkerson, both of whom were based in Texas, regarding Mitchell's company's investment in Texas-based operations. (FAC ¶ 52). These negotiations occurred while Magness was present in Texas. (*Id.*; Magness Decl. ¶ 9). Reeves' direct involvement in these negotiations demonstrates a purposeful availment of the benefits and protections of Texas law and relates to the claims of fraud and breach of fiduciary duty.

d. **Interference with Texas Operations:** In early January 2024, Reeves took direct action to interfere with Plaintiffs' Texas-based operations by sending an official letter to Qualia, which is based in Texas, falsely stating that Starrex International, Ltd. owned the Magnolia Entities' software deployment. (FAC ¶ 53; Magness Decl. ¶ 10). This action, taken with the knowledge and intent that it would disrupt the Magnolias' Texas operations, directly relates to the claims of tortious interference and conversion. (Magness Decl. ¶¶ 12-15).

e. **Targeting Texas Business Relationships:** Reeves specifically targeted Texas-based business relationships by participating in meetings and calls where false representations were made about the expected appreciation of Starrex stock for Texas acquisitions. (FAC ¶ 59; Magness Decl. ¶ 16). He assisted in making false representations about raising $50 million from "friends and family" for Texas acquisitions and supported false claims about obtaining a $50 million credit facility for Texas business expansion. (FAC ¶ 59; Magness Decl. ¶ 16). These actions were aimed at inducing Plaintiffs to enter into business relationships in Texas and directly relate to the fraud and fraudulent inducement claims. (Magness ¶¶ 16-19).

f. **Recruitment Efforts:** Reeves participated in numerous meetings between April 2021 and 2023 specifically aimed at recruiting John Magness and his Texas-based business connections. (FAC ¶ 60; Magness Decl. ¶¶ 17-18). These efforts were intended to convince Magness to bring his business resources to Starrex, with repeated misrepresentations about stock price increases, capital raises, and wealth generation opportunities specifically targeted at Texas-based operations. (FAC ¶ 60; Magness Decl. ¶ 18). These recruitment efforts directly relate to the fraud and fraudulent inducement claims.

These contacts demonstrate that Reeves purposefully availed himself of the privilege of conducting activities in Texas. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984) (finding personal jurisdiction where defendants' intentional conduct was calculated to cause injury in the forum state). The Supreme Court has held that a defendant's physical presence in the forum state is not

necessary to establish personal jurisdiction if the defendant's out-of-state conduct is purposefully directed at residents of the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Reeves' actions, including making fraudulent misrepresentations, negotiating with Texas residents, and interfering with Texas-based operations, were purposefully directed at Texas and caused harm within the state.

### 2. Plaintiffs' Claims Arise Out of Reeve's Forum-Related Contacts

Plaintiffs' claims for negligence, breach of fiduciary duty, fraud, and conspiracy directly arise from Reeve's Texas-related activities. Each of these claims is connected to Reeve's actions in Texas and his interactions with Texas residents and businesses. Therefore, there is a clear nexus between Reeve's contacts with Texas and the claims asserted in this lawsuit. *See O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342-43 (Tex. 1966) (finding personal jurisdiction where the cause of action arose from defendant's purposeful acts performed in Texas).

**Negligence and Breach of Fiduciary Duty:** Plaintiffs' negligence and breach of fiduciary duty claims are based on Reeves' failure to exercise reasonable care in overseeing Starrex's operations and protecting the Magnolias' interests. Reeves' participation in negotiations and communications related to Texas-based acquisitions and operations, as well as his involvement in the Qualia matter, directly contributed to the harm suffered by the Magnolia entities in Texas. These actions demonstrate a clear nexus between Reeves' forum-related contacts and the negligence and breach of fiduciary duty claims.

**Fraud and Fraudulent Inducement:** The fraud claims arise from Reeves' misrepresentations to John Magness in Texas regarding Merritt's qualifications, the financial benefits of joining Starrex, and the planned acquisition strategy. These misrepresentations were made during meetings and calls involving Texas-based operations and were intended to induce Magness to rely on them to his detriment. The fraudulent inducement claims are directly tied to Reeves' efforts to recruit Magness and his Texas-based business connections.

**Tortious Interference:** Reeves' act of sending a letter to Qualia, a company based in Texas, directly interfered with the Magnolia Entities' contracts and business relationships. This action was a but-for cause of the harm suffered by the Magnolia Entities' Texas operations.

**Conspiracy:** The conspiracy claim is based on Reeves' participation in a concerted effort to defraud and harm the Magnolia entities. His actions, including the misrepresentations made in Texas and the interference with Texas-based operations, were integral to the conspiracy's objectives and caused harm within the state.

These connections between Reeve's forum-related contacts and the causes of action asserted demonstrate that the claims arise from his purposeful activities in Texas.

### 3. Exercise of Jurisdiction Over Reeves Is Fair and Reasonable

Once minimum contacts are established, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Courts consider five factors in this analysis: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* at 477.

Exercising personal jurisdiction over Reeves is fair and reasonable under the circumstances. The five factors considered in this analysis, as outlined in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985) , weigh in favor of jurisdiction:

a. **Burden on the defendant:** While Reeves may face some inconvenience in litigating in Texas, this burden is not substantial enough to defeat jurisdiction. Modern communication and transportation methods mitigate any hardship, and Reeves has already retained counsel in Texas. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). Moreover, any inconvenience to Reeves is outweighed by the harm caused to Plaintiffs in Texas.

b. **Texas's interest:** Texas has a strong interest in adjudicating disputes involving harm to its residents and businesses. The Magnolia Entities were based in Texas, and the fraudulent activities orchestrated by Reeves directly impacted their operations and

      financial stability. Protecting Texas businesses and residents from such conduct is a significant state interest.

c. **Plaintiffs' interest:** Plaintiffs, including Texas residents and entities, have a strong interest in obtaining convenient and effective relief in their home forum. Litigating in Texas allows for the efficient resolution of claims arising from conduct that occurred in and was directed at Texas.

d. **Efficient resolution:** Litigating this case in Texas promotes judicial efficiency because a substantial amount of the evidence and many of the witnesses are located in Texas. The Magnolia Entities' operations were based in Texas, and many of the key transactions and communications occurred within the state.

e. **Social policies:** Exercising jurisdiction over Reeves furthers the shared interest of the states in protecting their residents from fraud and other tortious conduct. Holding individuals accountable for their actions, regardless of their physical location, promotes deterrence and upholds the integrity of the marketplace.

Given these factors, the exercise of personal jurisdiction over Reeves is both fair and reasonable.

## C. Reeves' Alleged Lack of Physical Presence in Texas Is Not Dispositive

Reeves' argument that he lacks sufficient contacts with Texas because he does not live, work, or own property in the state is unavailing. The Supreme Court has repeatedly held that physical presence in the forum state is not required to establish personal jurisdiction. *See Burger King*, 471 U.S. at 476; *Walden*, 571 U.S. at 285

In the modern era of electronic commerce and communication, courts have recognized that defendants can establish minimum contacts with a forum state through their virtual presence and online activities. *See, e.g., Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (adopted by the Fifth Circuit in *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)). Reeves' participation in phone calls, negotiations, and communications directed at Texas, along with his actions that caused harm within the state, are sufficient to establish minimum contacts even in the absence of physical presence.

## D. The "Effects Test" Further Supports Personal Jurisdiction

The "effects test" established in *Calder v. Jones* provides additional support for exercising

personal jurisdiction over Reeves. Under this test, a court may exercise personal jurisdiction over a nonresident defendant whose intentional, and allegedly tortious, actions were expressly aimed at the forum state and caused harm that the defendant knew was likely to be suffered in the forum state. *Calder*, 465 U.S. at 788-90.

Here, Reeves's participation in the scheme to defraud and harm the business of the Magnolia Entities satisfies the *Calder* effects test. Reeves participated in the scheme by: sending the termination letter to Qualia which led to the Magnolias losing access to a service critical for its operations when he knew John Magness had signed the Qualia contract, the data belonged to Plaintiffs, Plaintiffs were an intended beneficiary, and Plaintiffs had already paid for another three months of service. (Magness Decl. ¶¶ 10-15; Exhibit A). Reeves also knew that Starrex International Ltd. had <u>NOT</u> signed any contract with Qualia but intended to confuse Qualia and cause it to erroneously believe that Starrex International was the same as Starrex Technical Services, LLC, a company listed on the Qualia contract but actually signed by John Magness. (Exhibit A, Exhibit B, Exhibit C; Magness Decl. ¶¶ 10-15). Reeves also participated in the scheme of intentionally or recklessly misrepresenting the credentials of Merritt to Magness (Magness Decl. ¶¶ 4-6). Reeves participated in a scheme of fraudulent misrepresentations to obtain Texas relationships and Magness's commitment. (Magness Decl. ¶¶ 7-9, 16-19). Reeves knew or should have known that his actions would cause harm to Plaintiffs in Texas, the state where their significant business operations were conducted.

The "effects test" established in *Calder v. Jones*, 465 U.S. 783 (1984) provides additional support for exercising personal jurisdiction over Reeves. Under this test, a court may exercise personal jurisdiction over a nonresident defendant whose intentional, and allegedly tortious, actions were expressly aimed at the forum state and caused harm that the defendant knew was likely to be suffered in the forum state. *Id*. at 788-90.

Here, Reeves' participation in the scheme to defraud and harm the business of the Magnolia Entities satisfies the *Calder* effects test. Reeves' actions, including:

1. **Sending the termination letter to Qualia:** This act was expressly aimed at disrupting the Magnolia Entities' Texas operations. (FAC ¶ 53; Magness Decl. ¶¶ 10-15).

2. **False representations:** These representations were intended to impact the Magnolia Entities' business dealings in Texas. (FAC ¶ 48; Magness Decl. ¶¶ 7-9, 16-19).

3. **Intentionally or recklessly misrepresenting Merritt's credentials to Magness:** These misrepresentations were made during meetings and communications in Texas and were aimed at inducing reliance by a Texas resident. (FAC ¶ 48; Magness Decl. ¶¶ 4-6).

Each of these actions were taken with the knowledge that the harm would be felt by the Magnolia Entities in Texas, where their primary operations and business relationships were located. (FAC ¶ 53). Therefore, the "effects test" supports the exercise of personal jurisdiction over Reeves.

### E. Conspiracy Theory of Jurisdiction

Plaintiffs' allegations of conspiracy provide an additional basis for exercising personal jurisdiction over Reeves. While the Fifth Circuit has not explicitly adopted the conspiracy theory of jurisdiction, several other federal circuits have recognized that personal jurisdiction can be established based on a defendant's involvement in a conspiracy that has foreseeable connections to the forum. *See, e.g. Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. (Schwab II)*, 22 F.4th 103, 110 (2d Cir. 2021), cert denied, 142 S. Ct. 2852 (2022); *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013); *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 451 (6th Cir. 2012); *Textor v. Bd. of Regents*, 711 F.2d 1387, 1392-93 (7th Cir. 1983); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013); *Newsome v. Gallacher*, 722 F.3d 1257, 1265 (10th Cir. 2013); *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007); *Companhia Brasileira Carbureto de Calicio v Applied Indus. Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011) (Kavanaugh, J.); *accord J&M Assoc., Inc. v. Romero*, 488 F. App'x 373, 376 (11th Cir. 2012).

In *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999), the Fifth Circuit explained that it was not improper for a court to determine personal jurisdiction based on a party's participation in a conspiracy. *Id.* at 625, 631.

The Second Circuit in *KPFF Inv., Inc. v. BASF Metals Ltd.*, articulated a commonly accepted test for establishing jurisdiction under this theory. The plaintiff must allege that: (1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state. 61 F.4th 242, 270 (2d Cir. 2023).

Here, Plaintiffs have alleged that Reeves conspired with other defendants, including Texas residents, to defraud and harm the Magnolia Entities. (FAC ¶¶ 481-486; Magness Decl.). These allegations, supported by the Declaration of John Magness, demonstrate that Reeves participated in a conspiracy that was aimed at causing harm in Texas. Specifically, the complaint alleges that Reeves conspired with other defendants to:

- Misappropriate Magnolia's trade secrets. (FAC ¶ 484; Magness Decl. ¶ 10; Exhibit A).

- Tortiously interfere with Magnolia's contracts. (FAC ¶ 484; Magness Decl. ¶¶ 10-15; Exhibits A-C).

- Engage in unfair competition. (FAC ¶ 484; Magness Decl. ¶¶ 14-19).

- Make fraudulent misrepresentations to induce Magness and the Magnolia Entities to enter into business relationships with Starrex. (FAC ¶ 484; Magness Decl. ¶¶ 7-9, 16-19).

Several overt acts in furtherance of this conspiracy occurred in Texas. For example, the fraudulent misrepresentations regarding Merritt's qualifications were made during meetings in Texas. (FAC ¶ 48; Magness Decl. ¶¶ 4-6). Additionally, the letter to Qualia, which disrupted the Magnolia Entities' operations, was sent to a Texas company. (FAC ¶ 53; Magness Decl. ¶ 10; Exhibit A). These actions, taken in furtherance of the conspiracy, had sufficient contacts with Texas to subject the co-conspirators to jurisdiction in this state.

While the Fifth Circuit has not explicitly adopted the conspiracy theory of jurisdiction, it has

indicated that jurisdiction may be proper where a conspiracy is aimed at causing harm in the forum state. *See, e.g., Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 794-95 (5th Cir. 2007). This Court should adopt the reasoning of the Second, Fourth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits and find that the conspiracy allegations against Reeves support the exercise of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiffs have established a prima facie case for personal jurisdiction over Reeves. Reeves' deliberate and purposeful contacts with Texas, including his participation in fraudulent misrepresentations, his involvement in negotiations targeting Texas businesses, and his interference with the Magnolia Entities' Texas operations, satisfy the minimum contacts requirement. Plaintiffs' claims directly arise from these forum-related contacts, and the exercise of jurisdiction over Reeves is fair and reasonable. Reeves' actions have caused substantial harm to Texas residents and businesses, and this Court has a strong interest in adjudicating this dispute. Therefore, Plaintiffs respectfully request that the Court deny Defendant Scott Reeves' Motion to Dismiss.

In the alternative, should the Court find any deficiencies in Plaintiffs' pleadings, Plaintiffs respectfully request leave to amend their Complaint to address any such deficiencies and further demonstrate the Court's jurisdiction over Reeves.

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Philip D. Racusin*
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
PHILIP D. RACUSIN

SBN: 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:   (713) 783-2809
**ATTORNEYS FOR PLAINTIFFS COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC AND JOHN MAGNESS**

### CERTIFICATE OF SERVICE

I hereby certify that on November December 23, 2024, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Philip D. Racusin*
Philip D. Racusin