# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-CV-2767 |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A/ DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER | § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT SCOTT REEVES' REPLY IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

17018448

Defendant Scott M. Reeves ("Reeves") respectfully submits this Reply in Support of his Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) and respectfully shows the Court as follows:

## INTRODUCTION

Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC ("Magnolia Plaintiffs")[1] and John Magness (collectively, the Magnolia Plaintiffs and John Magness are referred to as the "Plaintiffs") originally filed a Petition in the 11th Judicial District of Harris County, Texas (Cause No. 2024-34589) (the "Original Petition"), which was removed to this Court. Scott Reeves moved to dismiss the claims against him pursuant to Rule 12(b)(2) on October 28, 2024. Docket No. 18. Plaintiffs filed their First Amended Complaint[2] ("FAC") on November 18, 2024, making inconsequential changes to the personal jurisdiction allegations against Reeves. Docket No. 27. Following the amendment, Reeves filed a renewed Rule 12(b)(2) Motion to Dismiss ("MTD") seeking the dismissal of all claims against him because this Court lacks personal jurisdiction over him. Plaintiffs' only claim that this Court has specific personal jurisdiction. However, Plaintiff's FAC and Plaintiffs' Response ("PR") fail to establish personal jurisdiction because Plaintiffs cannot show: (1) that Reeves has sufficient minimum contacts with Texas; (2) how the controversy arises out of or is related to Reeves' alleged contacts with the forum state, and (3) that exercising jurisdiction over Reeves is reasonable or just. Additionally, Plaintiffs' alternative theories of jurisdiction—the *Calder* effects test and conspiracy theory of jurisdiction—are inapplicable.

---

[1] The Peabody Bulldog, LLC is also a Plaintiff in this case but did not bring claims against Reeves.
[2] Even though this filing is a First Amended Complaint, Plaintiffs titled it a Petition instead of a Complaint. Docket No. 27 is referred to as "FAP" in Defendants' Motion to Dismiss filed December 2, 2024, instead of "FAC" as it is here.

17018448

**I.      This court lacks jurisdiction over Reeves.**

   ***A.      Plaintiffs have failed to show that Reeves has sufficient minimum contacts with Texas, or how the controversy arises out of or is related to Reeves' alleged contacts with the forum state.***

"Vague," "overgeneralized," or "conclusory" statements are not sufficient evidence to support personal jurisdiction over a defendant. *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 973 (S.D. Tex. 2018), *aff'd sub nom. Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 Fed. Appx. 281 (5th Cir. 2019); see also *Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F. Supp. 2d 855, 859 (S.D. Tex. 2007) (Rosenthal, C.J.) (holding that the court is "not obligated to credit conclusory allegations, even if uncontroverted" when assessing a motion to dismiss for lack of personal jurisdiction). Plaintiffs make only such statements to support their jurisdictional arguments related to Reeves and fail to address the jurisdictional deficiencies identified in the MTD.

<u>First</u>, Plaintiffs fail to establish Reeves' minimum contacts with Texas for reasons stated in the MTD. MTD at 5-13. In the PR, Plaintiffs cite to several meetings, negotiations, and calls allegedly attended by Reeves, as well as a letter he allegedly sent. *See* PR at 5-6. The law is clear that "[a]n exchange of communications in the course of developing and carrying out a contract. . . does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law. Otherwise, jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (internal quotations omitted). For specific jurisdiction to exist over a non-resident, a tort must actually occur in the communications. *See, e.g., Moncrief Oil*, 481 F.3d at 314. Here, Plaintiffs fail to allege that Reeves *himself* (rather than another defendant) committed (rather than attempted to commit) any torts in whole or in part in Texas—participating in meetings

2

17018448

and negotiations is simply not sufficient. Similarly, the fact that Reeves emailed a letter directed to a company located in Texas or communicated via phone with a company in or resident of Texas is insufficient to establish jurisdiction. *Id.*

Second, even if Reeves has minimum contacts with Texas—which he does not—Plaintiffs have still failed to show how the "controversy arises out of or is related to the defendant's contacts with the forum state," as is required to establish specific jurisdiction. *Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F. Supp. 2d 855, 860 (S.D. Tex. 2007) (Rosenthal, C.J.). For example, the PR includes a section intended to support a *prima facie* case for how Plaintiffs' claims arise out of Reeves' forum-related contacts. *See* PR at 7. Absent from this section (and from the FAC), however, are any allegations showing the relationship between Reeves' alleged contacts and the claims at issue. For example, Plaintiffs state that "Plaintiffs' negligence and breach of fiduciary duty claims are based on Reeves' failure to exercise reasonable care in overseeing Starrex's operations and protecting the Magnolias' interests. Reeves' participation in negotiations and communications related to Texas-based acquisitions and operations, as well as his involvement in the Qualia matter, directly contributed to the harm suffered by the Magnolia entities in Texas." *Id.* These statements, in addition to being entirely conclusory, do not show how, for example, Reeves' alleged communications contributed to harm. Because Plaintiffs fail to show how the controversy arises out of Reeves' alleged contacts with the forum state, Plaintiffs have failed to establish this Court's jurisdiction over Reeves.

      i.    *Plaintiffs' argument that the Calder effects test supports this Court's jurisdiction over Reeves is wrong.*

Plaintiffs argue for the first time in the PR that the *Calder* effects test justifies the exercise of personal jurisdiction over Reeves. *See* PR at 9-11. The crux of Plaintiffs' argument is that jurisdiction exists under the *Calder* effects test because Reeves caused harm to Magnolia Plaintiffs

3

17018448

by: (1) sending a "termination letter" to Qualia[3] that was aimed at disrupting Magnolia Plaintiffs' Texas operations; (2) making false representations that were intended to impact Magnolia Plaintiffs' business dealings in Texas; and (3) misrepresenting Merritt's credentials to Texas resident Magness to induce reliance by him. PR at 11.

Plaintiffs' argument falls short because the *Calder* effects test is not the appropriate jurisdictional assessment based on Plaintiffs' assertions. This Court has explained that the *Calder* effects test is to be used for allegedly tortious activity that has "caused serious injury or death," not when "the only injury alleged is financial." *AllChem Performance Prods., Inc. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 792 (S.D. Tex. 2012) (Harmon, J.). Here, Plaintiffs' reliance on the *Calder* effects test is based solely on allegations of financial harm to Texas-based Magnolia Plaintiffs and Texas resident Magness. PR at 11. Additionally, the Fifth Circuit has "expressly declined to allow jurisdiction ***for even an intentional tort*** where the only jurisdictional basis is the alleged harm to a Texas resident," emphasizing the rarity of jurisdiction under this test. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007) (emphasis added). And, the "*Calder* 's 'effects' test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (internal quotations omitted). Thus, Plaintiffs have not proven, and cannot prove, a valid basis for this Court to exercise personal jurisdiction over Reeves in this Court under the *Calder* effects test.

---

[3] Plaintiffs' mischaracterize Reeves' Letter as a "termination letter." Reeves did not request any type of termination, but instead simply informed Qualia that Plaintiff John Magness did not have authority to act on behalf of Starrex.

17018448

### ii. *The conspiracy theory of jurisdiction is not recognized in the Fifth Circuit and use of such theory to make prima facie showing of this Court's jurisdiction over Reeves is improper.*

Plaintiffs also alternatively argue that the conspiracy theory of jurisdiction provides an additional basis of exercising jurisdiction over Reeves, but Plaintiffs themselves recognize that such theory has not been adopted in the Fifth Circuit. PR at 11. The Fifth Circuit has made clear that a *prima facie* case of specific personal jurisdiction requires a plaintiff to show that a defendant "individually, and not as part of the conspiracy, had minimum contacts with Texas." *Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x 1, 6 (5th Cir. 2004). This Court has similarly held that "[e]ach defendant's contacts with the forum must be analyzed *individually*, and a defendant cannot be subject to personal jurisdiction solely because he [or she] participated in an alleged conspiracy with a co-conspirator who had contacts with Texas." *Logan Int'l Inc. v. 1556311 Alberta Ltd.*, 929 F. Supp. 2d 625, 630–31 (S.D. Tex. 2012) (Atlas, J.) (emphasis added).

Plaintiffs cite two Fifth Circuit cases to support the application of the conspiracy theory of jurisdiction. PR at 12-13. However, Plaintiffs' assertions that these cases support usage of the conspiracy theory of jurisdiction is wholly inaccurate. In the *Guidry* case, the Fifth Circuit reviewed *de novo* a motion to dismiss for lack of personal jurisdiction from the Western District of Louisiana. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The trial court originally analyzed personal jurisdiction of tobacco trade association defendants, dismissing the plaintiffs' claims for a lack of jurisdiction by erroneously analyzing "specific jurisdiction based upon a conspiracy [under Louisiana law] between the tobacco trade associations and the tobacco manufacturers and whether there was general jurisdiction over the trade associations." *Id.* The Fifth Circuit held, instead, that "[f]rom [its] review of the pleadings, depositions, affidavits and exhibits of record, […] the plaintiffs carried their burden of establishing a *prima facie* showing that **each** tobacco trade association defendant **individually had minimum contacts with the forum**

5

out of which the plaintiffs' causes of action arose." *Id.* (emphasis added). Similarly, while the *General Retail* case involves a claim of an alleged conspiracy, the jurisdictional analysis conducted by the Fifth Circuit was individual, and several defendants were dismissed for lack of "specific conduct or statements [ascribed] to these individuals" in the plaintiff's pleadings. *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007).

Accordingly, a conspiracy theory of jurisdiction is not a proper method for Defendants to show a *prima facie* case of specific personal jurisdiction over Reeves.

### B. Exercising Personal Jurisdiction Over Reeves Would Offend Traditional Notions of Fair Play and Substantial Justice.

Plaintiffs argue that once they establish minimum contacts, the burden shifts to Reeves to refute the reasonableness of this Court's jurisdiction over him. PR at 8. Plaintiffs have not sufficiently established minimum contacts, making the exercise of personal jurisdiction over Reeves offensive to traditional notions of fair play and substantial justice. Indeed, Plaintiffs concede that Reeves would face inconvenience in litigating in Texas. *Id.*

Plaintiffs argue that the exercise of jurisdiction over Reeves is reasonable because "Texas has a strong interest in adjudicating disputes involving harm to its residents and businesses." PR at 8. However, as previously mentioned, the Fifth Circuit does not allow jurisdiction for an intentional tort where the only jurisdictional basis is alleged harm to a Texas resident. *Moncrief Oil Int'l, Inc.*, 481 F.3d at 314. Accordingly, this reasoning is insufficient to justify the exercise of personal jurisdiction over Reeves as fair or just.

Plaintiffs also claim that "[e]xercising jurisdiction over Reeves furthers the shared interest of the states in protecting their residents from fraud and other tortious conduct." PR at 9. This statement, however, is unrelated to due process obligations.

17018448

## II. Plaintiffs' alternative request for leave to amend their Complaint would be futile and should be denied.

Plaintiffs request, as alternative relief, "leave to amend their Complaint to address any…deficiencies and further demonstrate the Court's jurisdiction over Reeves." PR at 13. This is after Plaintiffs have already amended their Complaint once as a matter of right in response to Reeve's original Motion to Dismiss filed on October 28, 2024.

The Fifth Circuit recognizes futility of amendment as a valid reason to deny a motion for leave to amend. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016). An amendment is futile if such amendment "would not withstand a motion to dismiss." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019).

Here, Reeves does not have sufficient minimum contacts with Texas as a matter of law, and Plaintiffs' attempts to assert alternate jurisdictional tests and theories (i.e., the *Calder* effects test and conspiracy theory of jurisdiction) are improper. Accordingly, any further attempts at amendments to address facts related to this Court's personal jurisdiction over Reeves would be futile.

### III. PRAYER

Because Plaintiffs have failed to bear their burden in proving a sufficient basis for the exercise of personal jurisdiction over Reeves, Defendant Reeves respectfully asks that this Court grant his Motion to Dismiss.

Dated: December 30, 2024.

        Respectfully submitted,

        By: _/s/ Eric D. Wade_
            Eric D. Wade
            ***Attorney in Charge***
            State Bar No. 00794802
            Federal Bar ID: 21401

    Stephen H. Lee
    State Bar No. 791092
    Federal Bar ID: 18313
    Mary Anna H. Rutledge
    State Bar No. 24096149
    Federal Bar ID: 3399718
    Nabeela K. Arshi
    State Bar No. 24134422
    Federal Bar ID: 3872081
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, TX 77002-6336
    Telephone: 713-226-6655
    Facsimile: 713-226-6255

    EWade@porterhedges.com
    SLee@porterhedges.com
    MRutledge@porterhedges.com
    NArshi@porterhedges.com

    **ATTORNEYS FOR DEFENDANTS P. GARRETT CLAYTON, MATTHEW D. HILL, DEBBIE MERRITT, AND SCOTT M. REEVES**

8

17018448

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF.

Simon W. Hendershot, III
Ian F. McNeil
Philip D. Racusin
**HENDERSHOT COWARD P.C.**
1800 Bering Drive, Suite 600
Houston, TX 77057
Trey@hchlawyers.com
IMcNeil@hchlawyers.com
Pracusin@hchlawyers.com

**ATTORNEYS FOR MAGNOLIA PLAINTIFFS**

Steven C. Earl
James E. Graham
**STILWELL, EARL & APOSTOLAKIS, LLP**
128 Vision Park Blvd., Suite 140
Shenandoah, Texas 77384
steven@woodlandstxlawfirm.com
jim@woodlandstxlawfirm.com

**ATTORNEYS FOR DEFENDANTS, STARREX TITLE FLORIDA, LLC, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, BRIAN A. BREWER AND LAURIE COOPER**

Michelle E. Gray
**FOGLER BRAR O'NEIL GRAY, LLP**
2 Houston Center
909 Fannin, Suite 1640
Houston, TX 77010
Mgray@foglerbrar.com

**ATTORNEY FOR DEFENDANT TINGLEMERRETT, LLP**

Fields Alexander
Amy Parker Beeson
Kaitie Sorenson
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010
falexander@beckredden.com
abeeson@beckredden.com
ksorenson@beckredden.com

**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON**

　　　　　　　　　*/s/ Eric D. Wade*　　　　　　
　　　　　　　　　　Eric D. Wade

9

17018448