# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A/ DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, AND BRIAN A. BREWER<br><br>　　　　Defendants. | Civil Action No. 4:24-CV-2767 |

**DEFENDANTS P. GARRETT CLAYTON, MATTHEW D. HILL, DEBBIE MERRITT, AND SCOTT M. REEVES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS CLAIMS IN PLAINTIFFS' FIRST AMENDED COMPLAINT <u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

17017773

Defendants P. Garrett Clayton ("P.G. Clayton"), Matthew D. Hill ("Hill"), Debbie Merritt ("Merritt"), and Scott Reeves ("Reeves")[1] (collectively, "Defendants") file this Reply in Support of their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "MTD") and respectfully show the Court as follows:

## INTRODUCTION

Plaintiffs[2] originally filed a Petition in the 11th Judicial District of Harris County, Texas (Cause No. 2024-34589) (the "Petition"), which was removed to this Court. Defendants then moved to dismiss the claims pursuant to Rule 12(b)(6). Docket No. 20. In response, Plaintiffs filed a First Amended Complaint ("FAC").[3] In the FAC, Plaintiffs fundamentally change their story regarding promissory notes central to their claims, abandoning prior allegations of forgery to now claim that promissory notes were "for papering purposes only" and entered into "for-the-auditor-only" with no expectation of repayment by Magnolia Plaintiffs. *See* FAC ¶¶ 168, 367. Defendants' Motion to Dismiss ("MTD"), filed on December 2, 2024 in response to the FAC, asks the Court to dismiss all claims against them. Most of the claims sound in fraud and should be dismissed because either because: (1) they are not properly or sufficiently pled under Rule 9(b); or (2) the new allegations, claiming the promissory notes were "fake" and "for-the-auditor-only" with no expectation of repayment, are intellectually dishonest and refuted *by allegations in the FAC and documents cited in the FAC*. The remaining claims should be dismissed either because Plaintiffs

---

[1] Defendant Reeves joins in this Reply and the 12(b)(6) Motion subject to and without waiver of his objection to this Court's exercise of personal jurisdiction as set forth in his Rule 12(b)(2) Motion filed on December 2, 2024 (Docket No. 35) and any Reply thereto.

[2] "Plaintiffs" refers collectively to Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC ("Magnolia Plaintiffs"), John Magness ("Magness"), and the The Peabody Bulldog, LLC ("The Peabody Bulldog").

[3] Even though this filing is a First Amended Complaint, Plaintiffs titled it a Petition instead of a Complaint. Docket No. 27 is referred to as "FAP" in Defendants' Motion to Dismiss filed December 2, 2024, instead of "FAC" as it is here.

1

fail to plead elements of a cause of action, plead conclusory allegations, or do not have standing to bring the claim.

## ARGUMENTS

I. **Plaintiffs' claims that rely on duties of Defendants as "Third Parties" under the MSA fail because such duties are not sufficiently pled.**

Plaintiffs' claims for: (1) negligence against Starrex Officers and Directors, (2) breach of contract, and (3) breach of fiduciary duty all rely on obligations imposed on Defendants as "Third Parties" under Section 3.4 of the MSA. Plaintiffs' Response ("PR") fails to address the fatal flaws with this reading of the MSA as set forth in the MTD. *See* MTD at 10-12.

Texas interprets contracts according to plain meaning. *In re Bird*, 565 B.R. 382, 394 (Bankr. S.D. Tex. 2017). "It is important to read the contract so that no provision is rendered meaningless." *Id.*, citing *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010). And, "a contract is not ambiguous simply because the parties advance conflicting interpretations." *Id.*, citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Here, Defendants cannot be "third parties" to the MSA. Section 3.4 authorizes Starrex to "utilize Affiliates or Third-Parties to assist Starrex in performing the Services…" The plain meaning of this provision clearly contemplates external support parties, not the Officers and Directors who run the business. Accordingly, Plaintiffs' claims are based upon an implausible and fatally flawed reading of Section 3.4 of the MSA and must be dismissed.

II. **Claims relying on the allegation that Defendants did not disclose the "true purpose" of promissory notes fail because this allegation is contradicted by other facts alleged in the FAC and documents cited in the FAC.**

In claims with elements of misrepresentation or failure to disclose, Plaintiffs rely on the allegation that Merritt and Hill failed to disclose the "true purpose" of the promissory notes, which they now claim were presented as "for-the-auditor-only" but were actually intended to secure a

2

debt owed by the Magnolia Entities to Starrex. FAC at ¶¶ 122 and 168. Defendants' MTD demonstrates how this conclusory allegation is contradicted by factual assertions in the FAC, including:

- Magness admits to signing promissory note security agreements for each of the notes. FAC at ¶ 145.
- The FAC references April 17, 2023 email exchanges between Merritt and Magness regarding the need for signed promissory notes, backdated to October 17, 2022, and the interest rate owed on the promissory notes. FAC at ¶ 120-128.
- The FAC admits that Starrex loaned the Magnolia Plaintiffs money and asserts that Magnolia Plaintiffs were aware that the loaned money was to be repaid. FAC at ¶ 496.
- The FAC references the April 30, 2023 Letter Agreement Regarding Proposed Acquisition of Magnolia Entities (the "LOI"), which states that consideration of the proposed acquisition of the Magnolia Plaintiffs by Starrex will be "reduced by the aggregate expected amount of promissory notes that will be outstanding at the Closing (as defined herein) of the Proposed Transaction in the aggregate amount of US$4 million (the 'Magnolia Debt'), which notes were recently issued by the Magnolias to Starrex Insurance Holdings, Inc."[4] The LOI is signed by Magness on behalf of the Magnolia Plaintiffs.

Defendants highlighted the discrepancies in the allegations in the FAC in the MTD, but Plaintiffs have not explained these discrepancies in the PR. Factual assertions that contradict a claim can be the basis for a motion to dismiss for failure to state a claim upon which relief can be granted. *Rodriguez v. Gilead Scis., Inc.*, 2015 WL 236621, at *2 (S.D. Tex. Jan. 16, 2015); *Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012). Accordingly, because Plaintiffs' central allegation regarding the "true purpose" of the promissory notes is contradicted by other facts in the FAC—a point which Plaintiffs did not refute—causes of action reliant on this allegation (*i.e.*, fraud by non-disclosure, business disparagement) must be dismissed.

---

[4] *See* **Exhibit A** to the Motion, the LOI. In deciding a Rule 12(b)(6) motion, a court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**III.     Plaintiffs' tortious interference claim is insufficiently pled and should be dismissed.**

Plaintiffs allege that Hill, Merritt, Reeves, and other co-defendants tortiously interfered with a number of contracts, including a contract between Starrex and Qualia. PR at 8-9. In their MTD, Defendants point out that a party to a contract cannot tortiously interfere with its own contract. *Holloway v. Skinner*, 898 S.W.2d 793, 795-796 (Tex. 1995). And, to hold an agent liable for tortious interference with its own company's contract, plaintiff must show the agent acted so contrary to the principal's best interests that his actions could only have been motivated by personal interests. *Id*. While Plaintiffs concede that the contract was between Starrex and Qualia, Plaintiffs fail to make allegations to support the contention that Defendants, as agents, tortiously interfered with Starrex contracts. PR at 8.

As for the other "contracts," Plaintiffs fail to allege that Hill, Merritt, or Reeves willfully and intentionally interfered with the contracts or that their conduct caused actual damages. Accordingly, the tortious interference cause of action against Hill, Merritt, and Reeves should be dismissed.

**IV.     Plaintiffs' conversion claim against Merritt should be dismissed for failure to plead facts to support all elements of the claim.**

The Magnolia Plaintiffs failed to address the fatal flaws identified in the MTD. *See* MTD at 13. Plaintiffs only make allegations against Merritt for conversion that are related to money. *See* PR at 10. However, Magnolia Plaintiffs failed to allege facts to support the elements of a claim for conversion of money as is required under Texas law, and therefore this claim should be dismissed.

**V.     Plaintiffs' misappropriation of trade secrets claims should be dismissed because the the acts of Merritt are not specified.**

A complaint "must specify the acts of the defendants individually, not collectively, to meet the pleading standards." *Shemwell v. Cannon*, 352 F. Supp. 3d 690, 697 (N.D. Tex. 2019); *see also Del Castillo v. PMI Holdings N. Am. Inc*, No. 4:14-CV-03435, 2016 WL 3745953, at *13 (S.D.

4

Tex. July 13, 2016) (Ellison, J.). The FAC, as well as PR, fail to distinguish which trade secrets were specifically misappropriated by Merritt, or how the trade secrets were used by her. The Magnolia Plaintiffs failed to address the pleading deficiencies and there the claim should be dismissed.

### VI. Plaintiffs' unjust enrichment claims should be dismissed because they are not specific to Defendants Hill or Merritt.

Similar to the misappropriation of trade secrets claims, in the FAC and PR, Plaintiffs fail to specify allegations identifying ***how Merritt and Hill*** obtained alleged benefits based on fraud or any other wrongful actions. There are no allegations that Merritt or Hill personally were unjustly enriched. Further, the FAC fails to differentiate Merritt and Hill from any of the other defendants included in their claim. Such lack of differentiation between defendants fails to meet pleading standards. *Del Castillo*, 4:14-CV-03435, 2016 WL 3745953, at *13 (Court dismissed claims due to improper pleading because "lumping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6)."). The Magnolia Plaintiffs failed to address the pleading deficiencies in the PR and the claims for unjust enrichment should be dismissed.

### VII. Plaintiffs' common law misappropriation claim should be dismissed because Plaintiffs do not include any allegations against Hill related to the claim, and fail to assert Merritt's (or Hill's) use of the logo or branding products.

Plaintiffs have not addressed flaws in the pleading of this claim identified in the MTD. MTD at 17. Plaintiffs sue Merritt and Hill in their individual capacity, but fail to make any specific allegations regarding any elements of this claim against Hill. *See* FAC ¶ 455-456; PR at 14. Further, Plaintiffs fail to assert Merritt's or Hill's ***use*** of the logo or branding products, as required by the elements of the claim. *Vertex Services, LLC v. Oceanwide Houston, Inc.*, 583 S.W.3d 841, 849 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Due to the insufficiency of Magnolia

5

Plaintiffs' allegations against Merritt, and the lack of any allegations against Hill, this claim must be dismissed.

### VIII. Plaintiffs' Lanham Act claim should also be dismissed because of a lack of allegations regarding how Merritt or Hill personally used the mark.

Magnolia Plaintiffs do not allege any facts regarding how Merritt or Hill personally used the alleged mark, and instead only make general allegations against all defendants. FAP at ¶ 462; PR at 15. Because the claim does not specify the acts of defendants individually, it fails to meet pleading standards and must be dismissed. *Del Castillo*, 4:14-CV-03435, 2016 WL 3745953, at *13.

### IX. Plaintiffs' securities law claims should be dismissed because Plaintiffs lack standing to assert the claims, and the claims do not meet heightened pleading standards.

#### A. Plaintiffs lack standing to assert the claims.

Plaintiffs do not have standing to bring securities law claims. In their MTD, Defendants point out that "in an action for private damages pursuant to Section 10(b) and Rule 10b-5, standing is restricted to plaintiffs who are defrauded in connection with the ***purchase or sale*** of securities." *See* MTD at 19, citing *Shtaif v. Shoss*, No. CV H-06-2305, 2007 WL 9752787, at *3 (S.D. Tex. Feb. 12, 2007).

Plaintiffs responded in the PR by claiming—without any factual allegations to support—that there is a connection with purchase or sale of securities. *See* PR at 17 ("The misrepresentations and omissions were made in connection with the proposed acquisition of the Magnolia entities, which involved the issuance of Starrex stock as consideration. (FAC ¶ 488). Magness was induced to enter into agreements and transactions based on the understanding that he would receive valuable Starrex stock. (FAC ¶ 489).") A proposed purchase or sale of a security—like in the non-binding LOI—is insufficient to confer standing. And, despite Plaintiffs' unsupported claims, no

6

factual allegations have been asserted that show an ***actual*** purchase or sale of a security. Without such purchase or sale, Plaintiffs do not have standing to bring a securities law violation claim.

Next, Plaintiffs allege standing to assert a claim for violation of the Sarbanes-Oxley Act of 2002 ("SOX"). (FAC ¶ 480). They are wrong. The SEC primarily brings claims for violations of reporting requirements. *Sec. & Exch. Comm'n v. Blackburn*, 431 F. Supp. 3d 774, 815 (E.D. La. 2019), *aff'd*, 15 F.4th 676 (5th Cir. 2021). And, "[t]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009). Courts have held that plaintiffs cannot rely on the SOX to avoid pleading requirements under Section 10(b) and Rule 10b-5. *In re Intelligroup Sec. Litig.*, 468 F. Supp. 2d 670, 706 (D.N.J. 2006). Accordingly, Plaintiffs do not have standing to bring a securities law violation claim under the SOX.

Plaintiffs also allege violation of Canadian securities laws. *See* PR at 17. Plaintiffs do not have standing to bring such claims without an assertion of standing under a statute, such as the Alien Torts Statute. Even under the Alien Torts Statute (which Plaintiffs have not asserted standing under), there is a presumption against extraterritoriality that Plaintiffs would have to rebut. *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124 (2013) ("We therefore conclude that the presumption against extraterritoriality applies to claims under the ATS."). And, the Alien Torts Statute does not apply to conduct that took place outside of the United States. *Id.* Accordingly, Plaintiffs do not have standing to assert a violation of Canadian securities law, or any other securities law.

**B.  Plaintiffs' securities law claim also does not meet the heightened pleading standard for claims alleging fraud.**

Aside from standing, Magnolia Plaintiffs do not meet pleading standards in the violation of securities law claims as articulated in the MTD. *See* MTD at 20. Plaintiffs do not plead with

particularity the material misrepresentations or omissions, as well as Plaintiffs' reliance on such representations. Accordingly, Plaintiffs' violation of securities laws claim should be dismissed.

**X.    Plaintiffs' claim of civil conspiracy should be dismissed because the underlying tort claims are not sufficiently pled and the conspiracy claim itself is not sufficiently pled.**

Magnolia Plaintiffs assert a claim of civil conspiracy against "all Defendants." FAP at ¶¶ 481-486. Since civil conspiracy is a "derivative tort" requiring a plaintiff to "state a separate underlying claim in which the court may grant relief," Magnolia Plaintiffs' conspiracy claim must be dismissed with the underlying torts of negligence, breach of fiduciary duty, fraud, and conversion. *Meadows v. Hartford Life* Ins. Co., 492 F.3d 634, 640 (5th Cir. 2007).

Additionally, allegations of conspiracy to commit fraud are subject to Rule 9(b)'s heightened pleading requirements. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009). As articulated in the MTD, the FAC fails to do so. MTD at 21. The FAC also fails to assert grounds to "infer an agreement" related to a conspiracy, as required in *Twombly* and its prodigy. *Id.* Accordingly, Magnolia Plaintiffs' claim for conspiracy against Hill, Merritt, and Reeves should be dismissed.

**XI.   Plaintiffs' fraudulent inducement claims should be dismissed because they fail as a matter of law.**

**A.    Plaintiffs' fraudulent inducement claim against Hill and Merritt fails because there is no binding agreement, and because allegations related to execution of the promissory notes are contradicted elsewhere in the FAC.**

A fraudulent inducement claim is subject to Rule 9(b). *R.P. Small Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 713–14 (S.D. Tex. 2020). Moreover, as Defendants pointed out in their MTD, Texas law holds that "[w]ithout a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim.." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). In the PR, Plaintiffs do not support their allegations regarding promise of stock with any binding contract

between Magness, The Peabody Bulldog, and Defendants. *See* PR at 19-21. Accordingly, a fraudulent inducement claim without a binding agreement fails.

The allegations regarding the misrepresentations made to induce execution of the supposed "for-the-auditor-only" promissory notes has been discussed at length (*see supra* § II). The FAC includes factual assertions that directly contradict Plaintiffs' claims regarding Plaintiffs' concocted story that the promissory notes were "for-the-auditor-only."

Accordingly, because Plaintiffs' claims are unsupported and/or contradicted by other allegations, the claim for fraudulent inducement against Merritt and Hill fails as a matter of law.

### B. Plaintiffs' claim for fraudulent inducement into the MSA against Hill fails because Plaintiffs do not adequately allege reliance or damages.

Magnolia Plaintiffs assert that they were fraudulently induced into the MSA by Hill (along with other defendants). Plaintiffs fail to allege in the FAC, however, how Magnolia Plaintiffs relied on any of Hill's alleged misrepresentations, and how such alleged reliance on Hill's representations caused them damages. *See* MTD at 25. Plaintiffs' do not cure this deficiency in the PR. *See* PR at 20-21. Accordingly, the claim for fraudulent inducement to the MSA against Hill should be dismissed.

### XII. Plaintiffs' claim for common law fraud against Defendants should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiffs fail to cure in the PR the deficiencies in their pleading as identified in the MTD. MTD at 24. No specific allegations against P.G. Clayton have been alleged related to this claim. Additionally, Magnolia Plaintiffs summarily allege that "Defendants either knew these representations were false or made them with reckless disregard for their truth." FAP at ¶ 526. However, this bare allegation is insufficient to satisfy the element of the claim under Texas law. *TM Boyce Feed & Grain, LLC v. nVenia, LLC*, 2024 WL 4031501, at *8 (N.D. Tex. Sept. 3, 2024). The FAC also fails to show how Magnolia Plaintiffs and Magness relied on the alleged

9

misrepresentations, or how such alleged reliance caused them damages. Further, fraud claims are subject to the pleading standards of Rule 9(b). *Medtronic, Inc.*, 747 F. Supp. 2d at 761. The FAC fails to allege the fraud with specificity. Because Magnolia Plaintiffs and Magness fail to plead the elements and do not plead their claim for common law fraud with the requisite particularity, this claim should be dismissed.

### XIII. Plaintiffs' alternative request for leave to amend their Complaint is futile and should be denied.

Plaintiffs request, as alternative relief, leave to amend the FAC to address deficiencies in the pleadings. PR at 24. However, the Fifth Circuit recognizes futility of amendment as a valid reason to deny a motion for leave to amend. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016). An amendment is futile if such amendment "would not withstand a motion to dismiss." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019).

Here, Plaintiffs cannot prove the elements of any of the claims that they have asserted. Plaintiffs have already amended their Complaint once as a matter of right in response to the Motions to Dismiss filed on October 28, 2024. They did not cure defects in their claims despite having notice. Thus, any amendment to Plaintiffs' FAC to address deficiencies would be futile and should be denied.

### XIV. CONCLUSION AND PRAYER

Magnolia Plaintiffs have not sufficiently alleged, and cannot prove, the elements of any of the claims that they have asserted against Defendants. Further, in claims alleging fraud and in those involving securities, Magnolia Plaintiffs do not meet the heightened standards required for such claims. For these reasons, Defendants P.G. Clayton, Hill, Merritt, and Reeves respectfully request that the Court grant their Motion to Dismiss.

Dated: December 30, 2024.

Respectfully submitted,

By: /s/ Eric D. Wade
    Eric D. Wade
    ***Attorney in Charge***
    State Bar No. 00794802
    Federal Bar ID: 21401
    Stephen H. Lee
    State Bar No. 791092
    Federal Bar ID: 18313
    Mary Anna H. Rutledge
    State Bar No. 24096149
    Federal Bar ID: 3399718
    Nabeela K. Arshi
    State Bar No. 24134422
    Federal Bar ID: 3872081
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, TX 77002-6336
    Telephone: 713-226-6655
    Facsimile: 713-226-6255

    EWade@porterhedges.com
    SLee@porterhedges.com
    MRutledge@porterhedges.com
    NArshi@porterhedges.com

**ATTORNEYS FOR DEFENDANTS P. GARRETT CLAYTON, MATTHEW D. HILL, DEBBIE MERRITT, AND SCOTT M. REEVES**

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 30, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF.

| | |
|---|---|
| Simon W. Hendershot, III<br>Ian F. McNeil<br>Philip D. Racusin<br>**HENDERSHOT COWARD P.C.**<br>1800 Bering Drive, Suite 600<br>Houston, TX 77057<br>Trey@hchlawyers.com<br>IMcNeil@hchlawyers.com<br>Pracusin@hchlawyers.com<br><br>**ATTORNEYS FOR PLAINTIFFS** | Steven C. Earl<br>James E. Graham<br>**STILWELL, EARL & APOSTOLAKIS, LLP**<br>128 Vision Park Blvd., Suite 140<br>Shenandoah, Texas 77384<br>steven@woodlandstxlawfirm.com<br>jim@woodlandstxlawfirm.com<br><br>**ATTORNEYS FOR DEFENDANTS, STARREX TITLE FLORIDA, LLC, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL PARTNERS AR, LLC, BRIAN A. BREWER AND LAURIE COOPER** |
| Michelle E. Gray<br>**FOGLER BRAR O'NEIL GRAY, LLP**<br>2 Houston Center<br>909 Fanin, Suite 1640<br>Houston, TX 77010<br>Mgray@foglerbrar.com<br><br>**ATTORNEY FOR DEFENDANT TINGLEMERRETT, LLP AND ARIANE YOUNG** | Fields Alexander<br>Amy Parker Beeson<br>Katie Sorenson<br>**BECK REDDEN LLP**<br>1221 McKinney Street, Suite 4500<br>Houston, TX 77010-2010<br>falexander@beckredden.com<br>abeeson@beckredden.com<br>ksorenson@beckredden.com<br><br>**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON** |

                                                    */s/ Eric D. Wade*
                                                     Eric D. Wade