IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LLC, MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| V. | § | CIVIL ACTION NO.: 4:24-cv-02767 |
| | § | |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRETT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC; MARKETSTREET CAPITAL PARTNERS, LLC AND BRIAN A. BREWER<br>*Plaintiffs.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**PLAINTIFFS' SUPPLEMENTAL AND RESTATED OBJECTIONS TO DEFENDANTS
TYRELL L. GARTH AND PHILLIP H. CLAYTON'S EXHIBITS
ATTACHED TO THEIR MOTION TO DISMISS AND REPLY IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd.,

Magnolia Title Florida, LLC, The Peabody Bulldog LLC, and John Magness (collectively,

"Plaintiffs") file these Supplemental and Restated Objections to the exhibits attached to

Defendants Tyrrell L. Garth and Phillip H. Clayton's Motion to Dismiss and Reply in Support

thereof and would respectfully show the Court as follows:

## I.  INTRODUCTION

This matter comes before the Court in an unusual posture that warrants particular scrutiny of Defendants' exhibits. Plaintiffs have alleged that certain promissory notes were created solely "for-the-auditor-only" as part of a broader scheme of fraudulent conduct. Yet Defendants now attempt to rely on security agreements that reference these very notes – while notably failing to produce the actual notes themselves. (In fact, the notes natively exist in an electronic format where one of the defendants or their agent(s) placed a picture of a signature on electronic documents— no one has ever produced the true, native copies of the notes.)  This attempt to authenticate and enforce security agreements through a motion to dismiss, while *withholding* the underlying documents they purport to secure—the Promissory Notes—epitomizes why courts strictly limit consideration of external documents at this stage.

Defendants improperly attach multiple exhibits to their Motion to Dismiss and Reply that are not properly before the Court at the Rule 12(b)(6) stage. While courts may consider certain documents on a motion to dismiss, this exception is narrow. The documents must be both (1) referred to in the complaint and (2) central to the plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Some of the documents attached by Defendants do not meet these criteria.

Moreover, the exhibits are not properly authenticated, lack foundation, and contain inadmissible hearsay. Defendants have made *no* effort to authenticate these documents through sworn affidavits or other means. The documents also contain out-of-court statements offered for the truth of the matter asserted, which constitute hearsay under Federal Rule of Evidence 801 and are inadmissible under Federal Rule of Evidence 802.

Further, Defendants have failed to provide complete copies of several alleged agreements, violating Federal Rule of Evidence 106. Again, the failure to attach the actual Promissory Notes referenced in the Security Agreements is a particularly egregious omission that renders those agreements incomplete and unreliable.

Finally, Defendants improperly introduced new evidence with their Reply, depriving Plaintiffs of a fair opportunity to respond.

## II. SPECIFIC OBJECTIONS TO EXHIBITS

**A.  Exhibit A (Letter of Intent).**  Plaintiffs object to Exhibit A on the following grounds:

1.     The Letter of Intent is not central to Plaintiffs' claims under the *Causey* test. While Plaintiffs allege fraudulent conduct and misrepresentations, their claims do not depend on the interpretation or enforcement of this document. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

2.     The document is not properly authenticated under Federal Rule of Evidence 901. No affidavit or other evidence establishes its authenticity or chain of custody.

3.     The document contains multiple layers of hearsay without applicable exceptions. The Letter of Intent itself is an out-of-court statement, and it contains additional embedded statements by various parties regarding future intentions and obligations. No hearsay exception under Federal Rules of Evidence 803 or 804 applies to these statements.

**B.  Exhibits B-E (Promissory Note Security Agreements).**  Plaintiffs object to Exhibits B-E on the following grounds:

1.     These purported security agreements reference and depend entirely upon promissory notes that Defendants have conspicuously failed to produce. The security agreement and promissory note should be considered together. *Bank One, Texas, N.A. v. Stewart*, 967 S.W.2d 419, 432 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

2.     The security agreements are not central to Plaintiffs' claims under the *Causey* test and thus should be not be considered in the context of a Rule 12(b) motion.

3.     The documents contain multiple levels of inadmissible hearsay, including:

   o   Statements regarding the existence and terms of underlying promissory notes

- o  Statements regarding the parties' rights and obligations

- o  Statements regarding the nature and extent of security interests.

No hearsay exception applies to these statements under Federal Rules of Evidence 801-804.

4.    The documents violate Federal Rule of Evidence 106's rule of completeness. The Supreme Court has emphasized that Rule 106 requires admission of the complete document when considering only a portion would be unfair or misleading.  *See* Fed. R. Evid. 106; *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988) ("The Federal Rules of Evidence have partially codified the doctrine of completeness in Rule 106."). Here, evaluating security agreements without the underlying promissory notes they purport to secure—especially the native format—would be inherently misleading.

**C.  Exhibits F-I (Duplicate Security Agreements).**

1.    Plaintiffs object to Exhibits F-I on the same grounds stated above regarding Exhibits B-E, as they appear to be duplicates of the same security agreements. The submission of multiple copies of the same unauthenticated, inadmissible documents does not cure their fundamental defects.

**D.  Exhibit J (TPB Note).**  Plaintiffs object to Exhibit J on the following grounds:

1.    The document contains multiple levels of hearsay without applicable exceptions:

- o  The note itself constitutes an out-of-court statement

- o  The document contains additional statements regarding obligations and agreements

- o  The merger clause contains statements about other agreements. No hearsay exception under Federal Rules of Evidence 803 or 804 applies to these statements.

2.    The document lacks proper authentication under Federal Rule of Evidence 901. No evidence establishes its genuineness, execution, or chain of custody.

**E.  Exhibit K (Original BSpoke Settlement Agreement).**  Plaintiffs object to Exhibit K on the following grounds:

1.    It is redacted in the extreme with 90% of the text completely obscured.  The Amended Complaint does not refer to a heavily redacted agreement.

2.    The extensive redactions render the document incomplete and potentially misleading under Federal Rule of Evidence 106.

3.    The document contains multiple layers of hearsay, including statements about settlement terms, obligations, and releases. No hearsay exception applies.

4.    The document lacks proper authentication. This deficiency is particularly significant given the redacted nature of the document, as there is no way to verify whether the redacted version accurately reflects the original agreement.

**F.  Exhibit L (Text Messages).**  Plaintiffs object to Exhibit L on the following grounds:

1.    The messages are not referenced in the First Amended Complaint nor central to Plaintiffs' claims under the *Collins* test.

2.    The messages contain inadmissible hearsay without applicable exceptions. While business records can sometimes qualify under Rule 803(6), no foundation has been laid for such an exception here.

3.    The messages lack proper authentication; in fact, there is no authentication.  The messages also lack a proper foundation. Electronic communications require evidence sufficient to demonstrate who authored them. *See United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009).

**G. New Exhibit A to Reply (Less-Redacted BSpoke Settlement Agreement).** Plaintiffs object to this exhibit on the following grounds:

1.    The document was improperly submitted for the first time in a reply brief, depriving Plaintiffs of any opportunity to respond.

2.    Even if timely submitted, the document suffers from the same defects as Exhibit K – it lacks authentication, is heavily redacted in the pages on which Defendants rely, and contains inadmissible hearsay.

**H. Global Authentication Objection**

None of the exhibits attached to Defendants' Motion to Dismiss or Reply have been properly authenticated through affidavits or other evidence as required by Federal Rule of Evidence 901. Authentication requires evidence sufficient to support a finding that each item is what its proponent claims. Fed. R. Evid. 901(a). The Fifth Circuit has consistently held that unauthenticated documents cannot be considered in ruling on dispositive motions. *See, e.g. King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

This authentication requirement serves a crucial purpose here, where Plaintiffs have specifically alleged that certain documents were created "for-the-auditor-only" and not intended to be binding obligations. In such circumstances, the need for proper authentication is particularly acute.

### III.    CONVERSION TO SUMMARY JUDGMENT

If the Court considers any of these exhibits, the Motion to Dismiss must be converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d). Rule 12(d) requires that all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Additionally, "after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for

consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence." *Clark v. Tarrant County, Texas*, 798 F.2d 736 , 746 (5th Cir. 1986); *see also* Rule 56(f).

Such conversion would be premature at this stage. Further, the Federal Rules of Procedure recognize the importance of discovery by providing a nonmovant with the opportunity to move for a discovery period under Rule 56(e)(1) after receiving notice that the Court is converting a Motion to Dismiss into a Motion for Summary Judgment.  In this matter, discovery is essential before summary judgment can be properly considered. Here, Plaintiffs have had no opportunity to conduct discovery from Garth and Clayton regarding a variety of matters germane to the merits of the case and their ability to respond to any potential Motion for Summary Judgment, including:

- The authenticity of various documents

- The circumstances of the creation of the missing Promissory Notes

- The circumstances of the creation and performance of the Letter of Intent documents, where Garth was on both sides of the transaction (Starrex and Plaintiffs).

- What accounts for the unusual circumstances of the missing Promissory Notes

- Each version of the Promissory Note, including each version in its native format.  Photos of signatures were placed on electronic copies of alleged Promissory Notes, which necessitates an examination of these notes in their native format.

- The parties' understanding of these documents' purpose and effect

- The broader context of the alleged fraudulent scheme

- The secret discussions underlying the fraudulent misrepresentations

- The conversations between Garth and Clayton and Merritt and Hill, who handled Plaintiffs' finances and transferred a third-party's entire $1 million investment into Plaintiffs to Garth and Clayton within a couple of weeks

- The communications between Garth and Clayton providing the context for the alleged fraudulent schemes

Thus, if the Court is inclined to convert the Motion to Dismiss into a Summary Judgment and provides notice of the same, Plaintiffs should be granted the opportunity conduct adequate discovery in order to submit evidence in opposition to a motion converted under Rule 56.

## IV.    CONCLUSION

The exhibits attached to Defendants' Motion to Dismiss and Reply suffer from multiple, independent defects that preclude their consideration at this stage. Many of these documents are not truly referenced and certainly not central to Plaintiffs' First Amended Complaint as required by Fifth Circuit precedent. None have been properly authenticated. All contain inadmissible hearsay. The security agreements are particularly problematic as they reference promissory notes that Defendants have failed to produce – notes that Plaintiffs allege were created solely "for-the-auditor-only" as part of a broader fraudulent scheme.

The Court should decline to consider these exhibits in ruling on the Motion to Dismiss. If the Court is inclined to consider any of them, the motion must be converted to one for summary judgment, notice must be provided, and Plaintiffs must then be afforded an adequate opportunity for discovery.

## V. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court:

1.  Sustain their objections to Defendants' exhibits;

2.  Decline to consider such exhibits in ruling on the Motion to Dismiss;

3.  In the alternative, if the Court provides notice that it will consider the exhibits attached to the Motion to Dismiss and convert the Motion to Dismiss to a motion for summary judgment and provide Plaintiffs a reasonable opportunity to conduct discovery and present pertinent material; and

4.  Grant Plaintiffs all other relief to which they may be entitled.

Dated: January 31, 2025

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Simon W. Hendershot, III*
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
Philip D. Racusin
SBN: 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the above and foregoing *Plaintiffs' Supplemental and Restated Objections to Defendants Tyrrell L. Garth and Phillip H. Clayton's Exhibits Attached to Their Motion to Dismiss and Reply* was served on January 31, 2025, on all counsel of record.

*s/Philip Racusin*
Philip Racusin

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| COAST TO COAST TITLE, LLC, SOL §<br>CITY TITLE, LLC, MAGNOLIA §<br>TITLE ARKANSAS, LLC, MAGNOLIA §<br>TITLE FLORIDA, LLC, THE §<br>PEABODY BULLDOG LLC, AND §<br>JOHN MAGNESS §<br>    *Plaintiffs* §<br> §<br> §<br> §<br>V. §<br> §<br>TYRELL L. GARTH, PHILLIP H. §<br>CLAYTON, DEBBIE MERRITT A/K/A §<br>DEBORAH MERRITT, MATTHEW D. §<br>HILL, CHARLES BURNS, P. §<br>GARRETT CLAYTON, SCOTT M. §<br>REEVES, ARIANE E. YOUNG, §<br>TINGLEMERRETT, LLP, STARREX §<br>TITLE FLORIDA, LLC, LAURIE §<br>COOPER, MARKETSTREET §<br>CAPITAL PARTNERS AR, LLC; §<br>MARKETSTREET CAPITAL §<br>PARTNERS, LLC AND BRIAN A. §<br>BREWER §<br>    *Plaintiffs.* §| <br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.: 4:24-cv-02767 |

## <u>ORDER</u>

Before the Court are Plaintiffs' Supplemental and Restated Objections to the Exhibits attached to Defendants Tyrrell L. Garth and Phillip H. Clayton's Motion to Dismiss and Reply in Support. Having considered the objections, the response, the reply, the applicable law, and the arguments of counsel, the Court finds that the objections are well-taken and should be **SUSTAINED**.

It is therefore **ORDERED** that:

1.      Plaintiffs' objection to **Exhibit A (Letter of Intent)** is **SUSTAINED**. The Court finds that the Letter of Intent is not properly authenticated and contains inadmissible hearsay.

2.      Plaintiffs' objections to **Exhibits B-E and F-I (Promissory Note Security Agreements)** are **SUSTAINED**. The Court finds that these documents are not properly authenticated and contain inadmissible hearsay. The Court further finds that Defendants have failed to provide complete copies of the alleged agreements, as the referenced Promissory Notes are not attached. This omission violates Federal Rule of Evidence 106 and renders the Security Agreements incomplete and unreliable. The absence of the Notes also makes it impossible to verify the terms of the alleged debt.

3.      Plaintiffs' objection to **Exhibit J (TPB Note)** is **SUSTAINED**. The Court finds that this document is not properly authenticated, contains inadmissible hearsay, and is not a complete copy of the alleged agreement.

4.      Plaintiffs' objection to **Exhibit K (BSpoke Settlement Agreement - Original Version)** is **SUSTAINED**. The Court finds that this document is not properly authenticated, contains inadmissible hearsay, is not proper for consideration under Rule 12(b)(6), and is not a complete copy of the alleged agreement. The Court further finds that the very heavy redactions prevent a proper evaluation of the document's terms and context.

5.      Plaintiffs' objection to **Exhibit L (Text Messages)** is **SUSTAINED**. The Court finds that these messages are not properly authenticated, lacks a proper foundation contain inadmissible hearsay, are not proper for consideration under Rule 12(b)(6), and are not complete copies of the alleged communications.

6.      Plaintiffs' objection to **New Exhibit A to Reply (Less-Redacted BSpoke Settlement Agreement)** is **SUSTAINED**. The Court finds that this document is not properly authenticated, contains inadmissible hearsay, is not proper for consideration under Rule 12(b)(6), and is not a

complete copy of the alleged agreement. The Court further finds that this document was improperly submitted for the first time in Defendants' Reply, depriving Plaintiffs of a fair opportunity to respond.

**IT IS FURTHER ORDERED** that the Court will not consider Exhibits A, B-E, F-I, J, K, or L, or the new Exhibit A to Defendants' Reply in ruling on the Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is not converted to a motion for summary judgment at this time.

**SIGNED** this _____ day of _____, 2025.


_____
**UNITED STATES DISTRICT JUDGE**