**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | |
|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LLC, MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS<br>*Plaintiffs*<br><br>V.<br><br>TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRETT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC; MARKETSTREET CAPITAL PARTNERS, LLC AND BRIAN A. BREWER<br>*Plaintiffs.* | §§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO.: 4:24-cv-02767 |

**<u>ORDER</u>**

Before the Court are Plaintiffs' Supplemental and Restated Objections to the Exhibits attached to Defendants Tyrrell L. Garth and Phillip H. Clayton's Motion to Dismiss and Reply in Support. Having considered the objections, the response, the reply, the applicable law, and the arguments of counsel, the Court finds that the objections are well-taken and should be **SUSTAINED**.

It is therefore **ORDERED** that:

1. Plaintiffs' objection to **Exhibit A (Letter of Intent)** is **SUSTAINED**. The Court finds that the Letter of Intent is not properly authenticated and contains inadmissible hearsay.

2. Plaintiffs' objections to **Exhibits B-E and F-I (Promissory Note Security Agreements)** are **SUSTAINED**. The Court finds that these documents are not properly authenticated and contain inadmissible hearsay. The Court further finds that Defendants have failed to provide complete copies of the alleged agreements, as the referenced Promissory Notes are not attached. This omission violates Federal Rule of Evidence 106 and renders the Security Agreements incomplete and unreliable. The absence of the Notes also makes it impossible to verify the terms of the alleged debt.

3. Plaintiffs' objection to **Exhibit J (TPB Note)** is **SUSTAINED**. The Court finds that this document is not properly authenticated, contains inadmissible hearsay, and is not a complete copy of the alleged agreement.

4. Plaintiffs' objection to **Exhibit K (BSpoke Settlement Agreement - Original Version)** is **SUSTAINED**. The Court finds that this document is not properly authenticated, contains inadmissible hearsay, is not proper for consideration under Rule 12(b)(6), and is not a complete copy of the alleged agreement. The Court further finds that the very heavy redactions prevent a proper evaluation of the document's terms and context.

5. Plaintiffs' objection to **Exhibit L (Text Messages)** is **SUSTAINED**. The Court finds that these messages are not properly authenticated, lacks a proper foundation contain inadmissible hearsay, are not proper for consideration under Rule 12(b)(6), and are not complete copies of the alleged communications.

6. Plaintiffs' objection to **New Exhibit A to Reply (Less-Redacted BSpoke Settlement Agreement)** is **SUSTAINED**. The Court finds that this document is not properly authenticated, contains inadmissible hearsay, is not proper for consideration under Rule 12(b)(6), and is not a

complete copy of the alleged agreement. The Court further finds that this document was improperly submitted for the first time in Defendants' Reply, depriving Plaintiffs of a fair opportunity to respond.

**IT IS FURTHER ORDERED** that the Court will not consider Exhibits A, B-E, F-I, J, K, or L, or the new Exhibit A to Defendants' Reply in ruling on the Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is not converted to a motion for summary judgment at this time.

**SIGNED** this _____ day of _____, 2025.

_____
**UNITED STATES DISTRICT JUDGE**