IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, et al., | § § § | |
| Plaintiffs | § § | Civil Action No. 4:24-cv-02767 |
| v. | § § § | |
| TYRRELL L. GARTH, et al., | § § § | |
| Defendants. | § § § § | |

**DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBITS ATTACHED TO THEIR MOTION TO DISMISS AND REPLY IN SUPPORT**

Defendants Tyrrell L. Garth and Phillip H. Clayton ("Defendants") file this Response in Opposition to Plaintiffs' Objections to Defendants' Exhibits Attached to Their Motion to Dismiss and Reply in Support and would show the Court the following:

### INTRODUCTION

Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Rules 12(b)(6) and 9(b) on December 2, 2024. Dkt. No. 37. Plaintiffs responded to the Motion on December 23, 2024 and also objected to all of the exhibits attached to Defendants' Motion to Dismiss. Dkt. No. 41. They made objections to the BSpoke Settlement Agreement and also objected to all of the exhibits on authentication grounds. *Id.* Defendants responded to those objections and outlined why they should be overruled in their Reply.[1] Dkt. No. 44. Plaintiffs filed

---

[1] Defendants incorporate by reference their rebuttal arguments made in their Reply [Dkt. No. 44] to Plaintiffs' objections that were lodged in the Response. Dkt. No. 41.

2779758

additional "Objections" on Friday, January 31, 2025 to the exhibits attached to Defendants' Motion to Dismiss, which is set for hearing by the Court on Monday, February 3, 2025. Dkt. Nos. 52–53.

The newly asserted objections are largely more specific versions of the arguments presented in their response, which Defendants addressed in their Reply. Dkt. No. 44. For example, they now claim that all of the agreements attached as exhibits are not referenced in the complaint and/or are not central to the claims. Dkt. No. 53. That argument was previously made only as to the BSpoke Settlement Agreement and was rebutted in Defendants' Reply. *See* Dkt. No. 44. Because the argument is the same as to the other notes and contracts attached as exhibits, the same counterargument should dispose of them. *See id.* Plaintiffs' make multiple fraudulent inducement claims, which require them to allege that they have been fraudulently induced into entering a contract. *Id.* If none of the contracts attached as exhibits are referenced in the complaint or central to the claims, as Plaintiffs repeatedly state throughout their Objections, then the fraudulent inducement claims in Causes of Action 16 and 17 should be dismissed outright for Plaintiffs' failure to identify a contract. *Id.* This Response will only address the objections newly made or that were not addressed in Defendants' Reply.

**ARGUMENT**

**I.      Plaintiffs' hearsay objections are meritless.**

Plaintiffs lodge evidentiary objections to the exhibits, claiming they are hearsay. Dkt. No. 53. Exhibits A–K are all contracts or notes and not hearsay. *See Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay."). Moreover, the text messages that are attached as Exhibit L are not being provided for the truth of the statements asserted, but to demonstrate that Plaintiffs' claim relying on these specific text messages is implausible. The hearsay objections should be overruled.

2

**II.    Plaintiffs' objection to the Promissory Note Security Agreements on the basis of the Promissory Notes not being attached should be overruled.**

This argument is based entirely on the fact that Defendants inadvertently attached the Promissory Note Security Agreement for each of the Magnolia Companies instead of the Promissory Notes themselves. Plaintiffs attempt to cast this obvious oversight as an attempt to conceal the documents, but that could not be further from the truth. *See* Dkt. No. 53. It is clear from reading the Motion and exhibit names that Defendants intended to attach the Promissory Notes as exhibits. The inadvertent error has resulted in no prejudice or harm to Plaintiffs because they were on notice of such documents before this lawsuit was ever filed. The Promissory Notes form the basis of Plaintiffs' claims.  Moreover, now that Defendants are aware of the issue, they are promptly seeking to remedy it via a Motion for Leave to File the correct exhibits.

First, Plaintiffs were on notice that Defendants were indeed referencing and intending to attach the Promissory Notes as Exhibits B–E. Defendants' Motion to Dismiss includes a screen capture of the pertinent section of the Promissory Notes. Dkt. No. 37 at 13. The Motion explicitly references the Promissory Notes. *Id.* Moreover, the titles for the Exhibits also make clear that Exhibits B–E are intended to be the Promissory Notes, while Exhibits F–I are intended to be the Promissory Note Security Agreements, which are also quoted and clearly identified in the Motion. *Id.* at 14. There is no question that the Motion sets out exactly what should be attached as Exhibits B–E and even includes the necessary portion of those Promissory Notes within the Motion itself. There is no attempt to conceal the true contents of the Promissory Notes.

Second, Plaintiffs were also aware of and on notice of exactly what the Promissory Notes were. In fact, the Promissory Notes are the documents that form the basis for their original claim for fraud based on common law forgery. Dkt. No. 1-2 ¶ 373 ("The act of forging the alleged Promissory Notes that were referenced and presented as genuine and legitimate in numerous

3

contexts . . . ."). Plaintiffs admit they have been in possession of the Promissory Notes since they were "attached to Plaintiff's Original Petition as Exhibit Nos. 1 through 4." *Id.* ¶ 360. The Petition Plaintiffs refer to is the Petition filed by Starrex International, Ltd., Starrex Insurance Holdings, Inc., Starrex Holdings, Inc., and Starrex Insurance Services, Inc. against Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, LLC, and Magnolia Title Florida, LLC in Harris County District Court. *See* Exhibit A at 8–15. They even reference this specific lawsuit by style and case number in their Original Petition. Dkt. No. 1-2 ¶ 23. Moreover, Plaintiffs answered that lawsuit, and the same lawyers that represent them in this lawsuit represent them in that lawsuit as well. *See* Exhibit B.

Third, Defendants Garth and Clayton are contemporaneously filing their Motion for Leave to File Amended Exhibits B–E to Their Motion to Dismiss Plaintiffs' First Amended Complaint. As laid out in that Motion, allowing Defendants to amend these exhibits that were inadvertently omitted from the Motion to Dismiss is permissible because Plaintiffs have not been harmed by the delay or prejudiced in any way. *See Lim v. Metcalf & Associates, P.C.*, No. 22-CV-323-WMC, 2022 WL 17261402, at *2 (W.D. Wis. Nov. 29, 2022). Because Plaintiffs and their counsel were well aware of exactly what documents Defendants were referring to in their Motion to Dismiss and had access to the very same documents at all times, there will be no harm or prejudice in considering the Promissory Note Security Agreements or the Promissory Notes along with Defendants' Motion to Dismiss.

CONCLUSION

Defendants Tyrrell L. Garth and Phillip H. Clayton respectfully request the Court overrule Plaintiffs' Objections for the reasons outlined in their Reply [Dkt. No. 44], as well as within this Response.

2779758

Dated: February 3, 2025

Respectfully submitted,

**BECK REDDEN LLP**

By:  */s/ Fields Alexander*
Fields Alexander – *Attorney in Charge*
State Bar No. 00783528
Federal Bar No. 16427
falexander@beckredden.com
Amy Parker Beeson – *of Counsel*
State Bar No. 24051156
Federal Bar No. 626178
abeeson@beckredden.com
Kaitie Sorenson – *of Counsel*
State Bar No. 24128633
Federal Bar No. 3859186
ksorenson@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone No. (713) 951-3700
Facsimile No. (713) 951-3720

**ATTORNEYS FOR DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I served the foregoing notice via the CM/ECF system, which will provide notice to all parties of record.

By */s/ Kaitie Sorenson*
Kaitie Sorenson

2779758