# AMENDED EXHIBIT C

REVOLVING PROMISSORY NOTE

$1,300,000.00                          October 17, 2022                          Houston, Texas

      As hereinafter stipulated, for value received, without grace, the undersigned, Coast to Coast Title, LLC, a Texas limited liability company, ("Maker"), promises to pay to the order of Starrex Insurance Services, Inc., a Nevada corporation (the "Payee"), at 14701 Saint Mary's Lane, Suite 150, Houston, Texas 77079, or such other place as the Payee may designate in writing, up to the principal sum of One Million Three Hundred Thousand Dollars ($1,300,000.00), together with interest on the unpaid principal balance until maturity at the rate of six percent (6%) per annum. After maturity (whether by acceleration or otherwise), the unpaid balance of this Note, including any accrued interest, shall bear interest at the maximum nonusurious rate provided by applicable law.

      Principal amounts shall be advanced by Payee to Maker from time to time to meet the working capital and capital expenditure requirements of Maker, based upon the monthly financial statements submitted to Payee. Maker may from time to time make partial repayments of principal to Payee which may be readvanced by Payee to Maker during the term of this Note. Payee shall not be required to make advances in excess of the face amount of this Note.

      Interest shall be computed on a per annum basis of a year of three hundred sixty (360) days and for the actual number of days (including the first but excluding the last day) elapsed, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per annum basis of three hundred sixty-five (365) or three hundred sixty-six (366) days, as the case may be.

      This Note is due and payable as follows:

      All unpaid principal and accrued and unpaid interest due hereunder shall be due and payable in full on June 23, 2023 (the "Final Maturity Date").

      At the option of the holder of this Note, this Note shall become immediately due and payable, without presentment or demand or any notice to Maker or any other person obligated hereon, upon such default in the payment of any of the principal hereof or any interest hereon when due, or if any event or condition exists which authorizes the acceleration of maturity hereof under any agreement made by Maker. If this Note, or any installment hereon (whether principal or interest), is not paid at maturity, however such maturity may be brought about, and this Note is placed in the hands of an attorney for collection, or suit is filed hereon, or proceedings are had in probate, bankruptcy, receivership, reorganization, arrangement or other legal proceedings for collection hereof, Maker agrees to pay all expenses incurred, plus and including an additional fifteen percent (15%) of the amount of principal and interest then unpaid as reasonable attorney's fees, all of which shall become a part of the principal hereof if this Note is placed in the hands of an attorney for collection, or if collected by suit or through any probate, bankruptcy or other legal or judicial procedure, whether through formal probate court, bankruptcy court or any informal proceedings related thereto.

EXHIBIT 1

It is the intention of Maker and Payee to conform strictly to applicable usury laws. If the maturity of this Note is accelerated, for any reason, before the due date stated, earned interest shall never include more than the maximum amount permitted by law, computed from the date of this Note until payment, and any unearned interest included in the face amount of this Note or otherwise payable in excess of such maximum rate, shall in the event of acceleration of maturity, be automatically null and void as of the date of such acceleration. In the event it should be held that the interest payable under this Note, or otherwise, is in excess of the maximum permitted by law, the interest chargeable hereunder shall be reduced to the maximum amount permitted by law and any excess of said maximum amount permitted by law shall be automatically null and void and shall be credited to the principal amount of this Note, if any remains unpaid; otherwise, it shall be refunded to Maker if theretofore paid. Payee shall not be subject to any penalty provided for in the contracting for, charging or receiving interest in excess of such highest lawful rate, regardless of when or the circumstances under which such refund or application was made.

To the maximum extent permitted by applicable law, the makers, assignors, sureties, endorsers and guarantors hereof severally waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intention to accelerate maturity, notice of acceleration of maturity, and all other notices, filing of suit and diligence in collecting this Note, and do hereby consent to any and all renewals or extensions from time to time of this Note, or any part hereof, either before or after maturity, all without any notice thereof to any of them and without affecting or releasing the liability of any of them. The sureties, endorsers and guarantors of this Note do further agree that it will not be necessary for the holder hereof, in order to enforce payment by them of this Note, to first institute suit or exhaust its remedies against Maker or others liable herefor.

This Note is secured by the full faith and credit of Maker but is otherwise unsecured.

Maker hereby expressly agrees that venue for all purposes in and under this Note shall be in Harris County, Texas. ALL QUESTIONS OF LAW AND FACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS.

THE WRITTEN AGREEMENT FOR THIS LOAN OR OTHER EXTENSION OF CREDIT DESCRIBED ABOVE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

                                      COAST TO COAST TITLE, LLC

                              BY: _____
                                      JOHN MAGNESS
                            ITS:  MANAGER