# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY, BULLDOG LLC, AND JOHN MAGNESS<br>Plaintiffs,<br><br>v.<br><br>TYRELL L. GARTH, PHILLIP H. CLAYTON, DEBBIE MERRITT A/K/A DEBORAH MERRITT, MATTHEW D. HILL, CHARLES BURNS, P. GARRETT CLAYTON, SCOTT M. REEVES, ARIANE E. YOUNG, TINGLEMERRITT, LLP, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS, LLC, MARKETSTREET CAPITAL<br>Defendants. | CIVIL ACTION NO. 4:24-cv-2767 |

## DEFENDANT LAURIE COOPER'S AGREED UPON MOTION FOR LEAVE

TO THE HONORABLE JUDGE ROSENTHAL,

Defendant Laurie Cooper ("Cooper") files her Agreed Upon Motion for Leave to file responsive pleadings, including a motion to dismiss under Fed. R. Civ. P. 12(b)(2), pursuant to the direction of the Court that Plaintiffs' file an amended complaint by February 21, 2025.[1]

1.      Cooper filed a Motion to Dismiss under each of Fed. R. Civ. P. 12(b)(2), (6) and 9(b). [Dkt 4]. Plaintiffs responded [Dkt 7], to which Cooper filed objections [Dkt 15] and a

---

[1] On February 12, 2025, Plaintiffs filed an agreed/unopposed motion to extend the filing date of their amended petition from the original date set by the Court of February 17, 2025, to February 21, 2025. [Dkt. 61].

reply [Dkt 16]. Subsequently, Plaintiffs amended the petition. [Dkt. 27], and this Court dismissed as moot Cooper's motions, including her 12(b)(2) motion. [Dkt 38].

2. At the initial conference and motion hearing before this Court on February 3, 2025, the Court specifically addressed Cooper's 12(b)(2) motion and counsel confirmed that Cooper still seeks consideration and a ruling on the motion, stating that while Cooper agrees her 12(b)(6) and 9(b) motions should have been dismissed as moot, it was not anticipated that her 12(b)(2) motion would also be dismissed as Cooper believes the 12(b)(2) motion should survive as a threshold issue. Cooper is unclear at this time whether her 12(b)(2) motion is still live, but believes it may be dismissed. Plaintiffs' counsel intonated a belief that the 12(b)(2) was dismissed, but stated he was not opposed to leave being granted for Cooper to pursue the same, if needed.

3. The Court granted leave for Plaintiffs to file a second amended complaint, the same anticipated to be due by February 21, 2025. The Court further granted Defendants Garth and Clayton leave to file an amended motion to dismiss, due by March 14, 2025. These events were noticed in the Minutes Entry [Dkt 57] of the initial conference, but no mention of Cooper was included in the minutes.

4. Counsel for Cooper has conferred with Plaintiffs' attorney who stated that Plaintiffs require the full 21-day response period upon being served with Cooper's motion to dismiss, because Plaintiffs must also respond to Garth's and Clayton's anticipated motions.

5. Cooper seeks leave to file her responsive pleading and respectfully requests the Court allow the requisite 21 days for Plaintiffs to respond, and seven (7) days for Cooper to

reply before setting the motion for hearing.

## AUTHORITY

6.  Jurisdictional issues must be considered before addressing the merits of a case. Under well-established precedent, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Absent such jurisdiction, "the court cannot proceed at all in any cause." *Molzan v. Bellagreen Holdings, L.L.C.*, 112 F.4th 323, 336-37 (5th Cir. 2024).

7.  Regarding amendments to pleadings, USCS Fed Rules Civ. Proc. R. 15(a)(2) provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." USCS Fed Rules Civ Proc R 15. Leave to amend pleadings under Rule 15(a) should be freely given, "In the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, or futility of amendment…." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

## CONCLUSION

In an abundance of caution, Cooper being unclear whether her previously filed 12(b)(2) motion was dismissed, Cooper respectfully requests leave to file responsive pleadings to Plaintiffs' forthcoming amended petition, including a 12(b)(2) motion to dismiss, such responsive pleadings to be due by March 14, 2025.

Dated: February 12, 2025

Respectfully submitted,

STILWELL, EARL & APOSTOLAKIS, L.L.P.

By: <u>/s/Steven C. Earl</u>
    Steven C. Earl
    State Bar No. 24002028
    Fed. Bar No. 21893
    "Attorney in Charge"
    James E. Graham
    State Bar No. 24102973
    sFed. Bar No. 3860768
128 Vision Park Blvd. Suite 140
Shenandoah, Texas 77384
Telephone: (281) 419-6200
Telecopier: (281) 419-0250

## CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2025, the foregoing was served on counsel for all parties of record to this litigation via the Court's CM/ECF system.

<u>/s/    Steven C. Earl</u>
Steven C Earl