## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, SOL CITY TITLE, LLC, MAGNOLIA TITLE ARKANSAS, LTD., MAGNOLIA TITLE FLORIDA, LLC, THE PEABODY BULLDOG LLC, AND JOHN MAGNESS | § § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-2767 |
| | § | |
| TYRELL L. GARTH, PHILLIP H. CLAYTON, STARREX TITLE FLORIDA, LLC, LAURIE COOPER, MARKETSTREET CAPITAL PARTNERS AR, LLC, MARKETSTREET CAPITAL PARTNERS, LLC, AND BRIAN A. BREWER | § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE ROSENTHAL,

Defendants STARREX Title Florida, LLC ("STARREX FL"), Laurie Cooper ("Cooper"), Marketstreet Capital Partners AR, LLC ("MSCP, AR"), Marketstreet Capital Partners, LLC ("MSCP"), and Brian A. Brewer ("Brewer") (collectively "Defendants") file this Motion Dismiss Plaintiffs' Second Amended Complaint for Failure to Comply With Fed. R. Civ. P. 8, and would show as follows:

### SUMMARY OF THE ARGUMENT

1.     Plaintiffs have struck out. Despite being forewarned by the Court and given a third swing, Plaintiffs have failed to comply with the requirements to plead "a short and plain statement of the grounds for the court's jurisdiction," Fed R. Civ. P 8(a)(1), and "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P 8(a)(2). Their now 112 page, 377 paragraph tome fails to comply with Rule 8, and, while the length of a complaint is not by itself generally sufficient to justify dismissal, dismissal with prejudice may be warranted when, as is the case here, (i) the complaint is so verbose, confusing, redundant or otherwise murky so as to obfuscate its true substance,(ii) the plaintiff persists in noncompliance despite multiple opportunities to fix the complaint, and (iii) the amended complaint indicates a basic inability or unwillingness to comply with the court's orders. Accordingly, the complaint should be dismissed.

## NATURE AND STAGE OF THE PROCEEDING

2.      Despite having had three (3) chances to comply with the rules for presentation of federal pleadings, including a directive from this Court in a prior oral hearing to plead "a short and plain statement" of the facts and claims, Plaintiffs have failed every time to do so.

3.      Plaintiffs' original 136-page, 485 numbered paragraph petition [Dkt 1, Exhibit B], named 14 defendants and was so convoluted that it was impossible to even determine what claims were being made against which defendants.

4.      Plaintiff's second strike came in the form of Plaintiffs' First Amended Petition [Dkt. 27], which grew in size to 152 pages and 581 numbered paragraphs. At a hearing on February 3, 2025, this Court found the Plaintiffs' petition unwieldly, convoluted, and so burdensome as to obfuscate the facts and claims in a sea of verboseness. The Court granted Plaintiffs one last chance to properly plead the petition, directing them to also provide a summary organizational chart of the claims being asserted, showing which claims apply to which parties.

5. Even though the Court admonished Plaintiffs to provide a "short and plain statement" of the claims, Plaintiffs have now presented the Court and Defendants with another magnum tome. Plaintiff's Second Amended Complaint ("Complaint") [Dkt 67] is still 112 pages and 377 (incorrectly) numbered paragraphs[1], despite the fact that one-half of the defendants (7 out of 14) have been dismissed from the suit.

6. As shown *infra*, courts have held that repeated failure to comply with pleading requirements, including Rule 8 Fed. R. Civ. P., is grounds for dismissal. Here, Plaintiffs Complaint is another diatribe that unreasonably and unfairly burdens the Court and the Defendants; it necessitates they expend approximately 8-10 hours or more just to read and notate the complaint, and it will likely take at least two to three days per defendant to go through and prepare an answer that complies with the requirements of the rules.

7. For the reasons shown herein, Defendants move the Court to dismiss Plaintiff's complaint or, in the alternative, order the Plaintiffs to amend the complaint subject to a thirty (30) page limit, including exhibits.

## REQUEST FOR ORAL ARGUMENT

8. Pursuant to Local Rule 7.5A and Section 16(b) of Judge Rosenthal's Court Procedures, Defendants request the opportunity to be heard on this motion to dismiss based on (1) the complexity of the case and (2) the Court's preference in granting oral hearings where doing so will allow young lawyers who contributed significantly to the motion to gain substantive speaking opportunities.

---

[1] Paragraph numbering in the Complaint goes from 42 to 232, 233 to 43, 44 to 234-248, then 45-361, duplicating 232-248.

## ISSUES TO BE RULED UPON AND STANDARDS OF REVIEW

9.    The issues to be ruled on are (1) whether Plaintiffs 112-page pleading is a "short and plain statement" of their jurisdictional grounds and claims under Rule 8(a)(1) and (2) respectively, (2) whether each allegation complies with Rule 8(d)(1) in that, "Each allegation must be simple, concise, and direct," (3) whether Plaintiffs have persisted in noncompliance with Rule 8 despite admonishment from the court and having been given multiple opportunities to fix the complaint, and (3) whether Plaintiffs amended complaint indicates a basic inability or unwillingness to comply with the court's orders.

> "But a district court need not have infinite patience. Persistent or vexatious refusal to follow the rules may warrant dismissal with prejudice. *Kuehl, 8 F.3d at 908*. So if a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate. *Plymale*, 1991 U.S. App. LEXIS 6996. 1991 WL 54882, at *1; *see also Garst*, 328 F.3d at 378; *Westinghouse*, 90 F.3d at 703. Likewise if the plaintiff's amended complaint indicates a basic inability or unwillingness to comply with the district court's orders. *See Mangan*, 848 F.2d at 910 (affirming dismissal after plaintiff reduced the total number [***10] of pages in the complaint primarily by making cosmetic changes such as to font size, spacing, and margins). All the more if the district court warns the plaintiff that a failure to comply will result in dismissal. *See Westinghouse*, 90 F.3d at 704."

*Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021).

## ARGUMENT AND AUTHORITIES

"The Pleadings: Gobbledygook" *Gordon v. Green*, 602 F.2d 743, 744 (5th Cir. 1979).

10.    How much is too much? It depends. Numerous courts have provided guidance as to what is *not* short, and it is not just quantity, but quality that must be considered in dismissing a complaint. "Our view that flagrant violations of Rule 8 should not be tolerated

is shared by Courts throughout the country. There are numerous cases in which complaints have been dismissed as being contrary to the letter and spirit of the Rule." *Id.* at 746. In *Gordon* the court cites to cases where the dismissed complaints had as few as 26 pages filled with "prolix, argumentative and conclusionary paragraphs," and 117 pages, because "the Court is unable to separate the various charges." *Id.*

11.    Numerous courts have echoed the holdings in Gordon.

> "The primary purpose of Rule 8 is to give the defendant fair notice of the claims against him. *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of" a valid [*5] claim); *see also Flayter v. Wis. Dep't of Corrs.*, 16 Fed. App'x. 507, 509 (7th Cir. 2001) (dismissing 116 page complaint pursuant to Rule 8(a)(2)); *Gordon v. Green*, 602 F.2d 743, 745-46 (5th Cir. 1979) (interpreting Rule 8's requirements). A complaint that is "prolix and/or confusing" should be dismissed because it "makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). Neither this Court nor Defendant is required to search through Plaintiff's single spaced, 189 page complaint, including the 200 pages of attached exhibits, to determine what claims Plaintiff is attempting to bring."

*Simmons v. Jackson*, No. 3:15-CV-01700-D, 2016 U.S. Dist. LEXIS 180852, at *4-5 (N.D. Tex. 2016).

12.    The 5th Circuit Court of Appeals gives guidance as to when dismissal with prejudice is warranted because, "Enough is enough." *Jumonville v. Dep't of Treasury*, No. 94-30583, 1995 U.S. App. LEXIS 44086, at *6 (5th Cir. 1995). In *Jumonville*, the initial complaint was 65-pages, containing 215 paragraphs. *Id.* at *2. On defendant's motion to dismiss under Rule 8, the plaintiff amended the complaint to 54 pages and 128 paragraphs. *Id.* Defendants renewed their motion to dismiss under Rule 8 and the Court ruled the first

5

amended complaint, "still too repetitive and verbose to satisfy Rule 8. *Id.* The court allowed plaintiff to file a second amended complaint and admonished plaintiff that failure to comply with Rule 8 would result in dismissal. *Id.* Plaintiff's second amended complaint, filed seven (7) months after the original complaint, was 36 pages and 88 paragraphs, to which defendants again moved for dismissal. "Noting that Jumonville had "*twice* been given leave to amend and her successive pleadings remain prolix and unintelligible", and the seven (7) month delay caused by the plaintiff to repeatedly amend the complaint, the district court dismissed the action with prejudice. (Emphasis added.) *Id*. at *3.

13.    The Court affirmed the dismissal with prejudice on the facts that the plaintiff failed twice to amend the complaint to comply with Rule 8 as ordered by the district court. The Court found no abuse of discretion and, "In sum, there is a clear record of delay and refusal to comply with court orders; a lesser [*6] sanction would not serve the best interests of justice. Enough is enough." *Id*. at *5-6.[2]

14.    Cases providing guidance as to what constitutes a complaint that warrants dismissal for being violative of Rule 8 include *Allen v. Life Ins. Co. of N. Am.*, 267 F.R.D. 407 (N.D. Ga. 2009). In *Allen,* the court first cited cases dismissed for length, including *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 225-27 (D. Haw. 1971) (dismissing 100-plus page complaint that "represent[ed] a confusing and foggy mixture of evidentiary statements,

---

[2] The Court also affirmed the districts court's denial of leave for plaintiff to file a third amended complaint. "Although leave to amend "shall be freely given when justice so requires", Fed. R. Civ. P. 15, it "is by no means automatic". *Southern Constructors*, 2 F.3d at 612. Among the reasons that justify denial of permission to amend are the "repeated failure to cure deficiencies by amendments previously allowed", *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (5th Cir. 1981), and "futility of amendment". *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)." *Jumonville*, No. 94-30583, 1995 U.S. App. LEXIS 44086, at *6 (5th Cir. 1995).

arguments and conclusory matter" with numerous extraneous allegations).

15.    In *Allen* the court next cited to cases dismissed for "confusing or incoherent writing style, *see Ramos-Barrientos v. Bland*, 2008 U.S. Dist. LEXIS 12113, 2008 WL 474426, at *1-2 (noting concern for 68-page, 132 paragraph complaint's excessive cross-referencing, incoherence, and circular and convoluted sentence structure as well as complaint's "page long sentences permeated with broken clauses and cross-references"); *Kleinschmidt v. Liberty Mut. Ins. Co*., 142 F.R.D. 502, 504-05 (S.D. Fla. 1992)(court struggled and failed to decipher incomprehensible complaint, noting that it could not determine "whether a valid claim [was] alleged and if so what it [was]" (quoting *Old Time Enters., Inc. v. Int'l Coffee Corp*., 862 F.2d 1213, 1218 (5th Cir. 1989))); *Metro. Theater Co. v. Warner Bros. Pictures, Inc*., 12 F.R.D. 516, 517-18 (S.D.N.Y. 1952) (dismissing 55-page complaint for being overly verbose and redundant and containing "characterizations, lectures, dissertations, unnecessary evidence and flights of literary fancy").

16.    In its third category, the court in *Allen* cited, "complaints which evidenced the plaintiff's inability to follow previous directives from the court concerning amendments to its pleadings, *see Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993), (after court dismissed plaintiff's 43-page, 358-paragraph complaint alleging 36 counts against 28 defendants, plaintiff filed new 43-page complaint with same number of counts and two additional defendants; in response, court authorized dismissal with prejudice based on pattern of noncompliance with Federal Rules) *Benner v. Phila. Musical Soc'y*, 32 F.R.D. 197, 198 (E.D. Pa. 1963) (even after ordering plaintiff to amend his complaint, amended complaint's

paragraphs pleaded evidence, failed to allege facts, contained multiple allegations, or were otherwise so "prolix, argumentative and conclusionary" that it would be impossible for defendant to answer them intelligently)." *Allen*, 267 F.R.D. 407, 413.

17.    Here, as in *Jumonville*, the Plaintiffs have had three swings and were admonished by the Court that allowing them to file a second amended complaint was their last chance to comply with the "short and plain statement" requirements of Rule 8. Yet, Plaintiffs still filed a 112 page, 377 paragraph diatribe filled with a confusing and foggy mixture of evidentiary statements, arguments, and conclusory matter  that requires hours to decipher and days to answer properly.

18.    Only after wading through 49 pages and approximately 175 paragraphs are the first of the twenty-two (22) alleged causes of action finally found. The alleged claims are spread across another 48 pages and 186 paragraphs for an average of over two pages and 8.5 paragraphs per count. Count Three alone spans 19 paragraphs over five (5) pages [Dkt. at 196], with counts 1-5, 9, 11, 15, and 17 each exceeding ten (10) paragraphs and at least three (3) pages. This cannot reasonably be found to be "a short and plain statement…" as required under Rule 8.

19.    Further, upon finally reaching the alleged causes of action, it is discovered that they are filled with overly verbose and redundant arguments and conclusions. The Court ordered organizational chart of claims is worthless because some of the claims as pled in the complaint cannot be matched to a specific defendant. E.g., Count Eight alleges tortious interference with contract by all Plaintiffs against all Defendants. [Dkt. at 246]. Yet, in this allegation Plaintiff refers to "MarketStreet," and it is not clear if this in fact includes "all

defendants" because Plaintiffs designate "MarketStreet" to refer only to ""MarketStreet AR" and with MarketStreet Capital Partners, (collectively "MarketStreet") is an Arkansas limited liability company…." [Dkt. at 13]. Further, there is no mention of defendant Starrex Title Florida, LLC, and MarketStreet Capital Partners, LLC, d/b/a Magnolia Title Company, is a Florida entity, not Arkansas. *Id.*

20.    In sum, Plaintiffs have repeatedly failed to comply with Rule 8, even after being offered an opportunity to amend coupled with a warning from the Court that the amended petition was expected to comply with Rule 8. Further, the law has established that it is unreasonable and neither the Court nor the Defendants should have to spend protracted numbers of hours and even days to make sense of the allegations and claims asserted in a complaint. Rule 8 demands "short and plain statements" and Plaintiffs are either unwilling or unable to comply with the Rule and the directions of this Court. Accordingly, dismissal is warranted and provided for under the law.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request the Court dismiss Plaintiffs Second Amended Complaint, or in the alternative, order Plaintiffs to file and serve a third amended complaint that complies with Rule 8 Fed. R. Civ. P., limited to twenty (20 pages) inclusive of all exhibits.

Dated: March 21, 2025

Respectfully submitted,

STILWELL, EARL & APOSTOLAKIS, L.L.P.

By:  /s/Steven C. Earl
     Steven C. Earl

State Bar No. 24002028
Fed. Bar No. 21893
"Attorney in Charge"
James E. Graham
State Bar No. 24102973
Fed. Bar No. 3860768
128 Vision Park Blvd. Suite 140
Shenandoah, Texas 77384
Telephone: (281) 419-6200
Telecopier: (281) 419-0250

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2025, the foregoing was served on counsel for all parties of record to this litigation via the Court's CM/ECF system.

/s/      Steven C. Earl
Steven C Earl