# EXHIBIT A

6/7/2024 8:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88590355
By: D Burton
Filed: 6/7/2024 8:31 PM

**CAUSE NO. 2023-85306**

| | | |
|---|---|---|
| **STARREX INTERNATIONAL LTD.,** | § | **IN THE DISTRICT COURT OF** |
| **STARREX INSURANCE HOLDINGS,** | § | |
| **INC., STARREX HOLDINGS, INC.** | § | |
| **AND STARREX INSURANCE** | § | |
| **SERVICES, INC.,** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **COAST TO COAST TITLE, LLC, SOL** | § | |
| **CITY TITLE, LLC, MAGNOLIA** | § | **11TH JUDICIAL DISTRICT** |
| **TITLE ARKANSAS, LTD. AND** | § | |
| **MAGNOLIA TITLE FLORIDA, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## STARREX'S MOTION TO COMPEL

Plaintiffs Starrex International, Ltd., Starrex Insurance Holdings, Inc., Starrex Holdings, Inc. and Starrex Insurance Services, Inc. ("Plaintiffs") and Starrex Technical Services, LLC (together, "Starrex") file this Motion to Compel Defendants Coast to Coast Title, LCC ("Coast to Coast"), Sol City Title, LLC ("Sol City"), Magnolia Title Arkansas, Ltd. ("Magnolia Arkansas") and Magnolia Title Florida, LLC's ("Magnolia Florida") (collectively, the "Defendants" or "Magnolia Entities") to cure numerous discovery deficiencies.

### I.    INTRODUCTION

This case involves a straightforward breach of promissory notes and suit to recover borrowed funds. Throughout 2022 and 2023, Plaintiffs loaned Defendants almost $5,000,000—$4,000,000 is memorialized in promissory notes and security agreements, and the remaining amount was loaned with the clear expectation and promise of repayment—and Plaintiffs brought claims against Defendants for breach of contract, quantum meruit, and unjust enrichment when Defendants failed to pay the amount due.

15399959

In an attempt to avoid liability, Defendants brought a counterclaim against Plaintiffs, alleging (among other things) that the promissory notes and security agreements bear "forged" signatures of Defendants' manager, Mr. John Magness. Plaintiffs have repeatedly made Defendants aware of text messages from John Magness authorizing his signature on the promissory notes and attached such authorization as an exhibit to their discovery requests.

The validity and integrity of Defendants' counterclaims and defenses related to this alleged "forgery" can be resolved through Defendants' responses to Starrex's discovery requests. Plaintiffs propounded discovery requests relating to their own causes of action, as well as discovery requests relating to the Defendants' claims and defenses relating to this alleged "forgery." However, as set forth below, Defendants have refused to answer discovery requests to root out the basis for their defenses and claims. Instead, Defendants opted to respond by objecting to and evading Plaintiffs' straightforward and relevant discovery requests. Defendants' actions are intended to cloud an issue and generate chaos about how John Magness authorized his signature on promissory notes and the efficacy of his admitted signature on promissory note security agreements.

In accordance with TEX. R. CIV. P. 215.1(b), Plaintiffs file this motion to overrule certain of Defendants' objections and to compel complete answers to interrogatories, responses to requests for admissions, and production of documents.

## II.    EXHIBITS

| Exhibit 1: | Promissory Note executed between Starrex Insurance Services, Inc. and Coast to Coast Title, LLC on October 17, 2022. |
|---|---|
| Exhibit 2: | Promissory Note executed between Starrex Insurance Services, Inc. and Sol City Title, LLC on October 17, 2022. |
| Exhibit 3: | Promissory Note executed between Starrex Insurance Services, Inc. and Magnolia Title Arkansas, Ltd. on October 17, 2022. |

15399959

| | |
|---|---|
| **Exhibit 4:** | Promissory Note executed between Starrex Insurance Services, Inc. and Magnolia Title Florida, LLC on October 17, 2022. |
| **Exhibit 5:** | Declaration of Debbie Merritt with Attached Text message chain between John Magness and Debbie Merritt dated April 19, 2023. |
| **Exhibit 6:** | Defendants' First Amended Objections and Responses to Plaintiffs' First Set of Requests for Production and Requests for Admission ("Defendants' Amended Discovery Responses"). |
| **Exhibit 7:** | Defendants' Objection and Responses to Plaintiffs' First Set of Requests for Production, Requests for Admission, and Interrogatories ("Defendants' Original Discovery Responses"). |

### III.    FACTUAL BACKGROUND

On December 12, 2023, Starrex filed its Original Petition (the "Petition") against the Magnolia Entities[1]. In the Petition, Starrex brings four causes of action against the Magnolia Entities, all stemming from the Magnolia Entities' refusal to pay the amounts due to Starrex on the Promissory Notes and Supplemental Loans: (1) breach of contract on the Promissory Notes; (2) breach of contract for the Supplemental Loans; (3) Quantum Meruit; and (4) Unjust Enrichment.

As set forth in the Petition, in 2022, the Magnolia Entities were low on cash and borrowed almost $4,000,000.00 from Starrex. To evidence the debt, each Magnolia entity entered into a Revolving Promissory Note (collectively referred to as the "Promissory Notes") payable to Starrex. The Promissory Notes are attached as Exhibits 1, 2, 3, and 4 to this Motion. John Magness authorized his signature on the Promissory Notes as the Manager of each Magnolia Entity, and at all times had actual and/or constructive knowledge of the Promissory Notes. *See* Exhibit 5 to this

---

[1] Unless otherwise defined, all capitalized terms throughout this Motion to Compel should have the same meaning as set forth in Starrex's Original Petition.

15399959

Motion, evidencing John Magness' authorization to Starrex to affix his electronic signature on the Promissory Notes.[2] The Promissory Note Security Agreements (collectively referred to as the "Security Agreements") are attached as 5, 6, 7, 8 to Plaintiffs' Original Petition.  John Magness wet-signed each of the Security Agreements, which reference the Promissory Notes, as the Manager of each Magnolia Entity on May 1, 2023. Interestingly, contrary to the allegations in the Counterclaim, Defendants now admit in recent court filings[3] and their responses to Plaintiff's Requests for Admission that John Magness wet-signed the Security Agreements.

Throughout the term of the Promissory Notes, the Magnolia Entities needed additional cash and borrowed additional sums from Starrex International that are not covered by the Promissory Notes.  In total, the additional funds borrowed from Starrex was $921,244.17.

As of June 23, 2023, the Magnolia Entities defaulted on the Promissory Notes and failed to repay the amounts owed to Starrex under the Supplemental Loans, resulting in Starrex filing a Petition on December 12, 2023, to collect amounts due.  Presumably backed into a corner, the Magnolia Entities filed counterclaims in response to Starrex's Petition on January 19, 2024. These counterclaims included claims against Starrex for fraud by non-disclosure, forgery, and conspiracy amongst others.

Defendants' fraud cause of action states that "[Starrex] failed to disclose to [the Magnolia Entities] the existence of the promissory notes and security agreements attached to [Plaintiff's Original Petition]" and "[the Magnolia Entities] are being harmed by [Starrex's] forgery of the promissory notes and security agreements." *See* Defendants' Counterclaim. Defendants'

---

[2] *See* Ex. 5, evidencing that on April 19, 2023 at 12:50 p.m., John Magness texted Debbie Merritt "[g]o ahead and sign them[]" in response to Debbie Merritt's text message to John Magness that provides: "Morning! If you have questions on the promissory notes please let me know.  If you'd rather me put your signature on them I can.  Just let me know."
[3] *See e.g.*  Defendants' First Amended Counterclaim and Third-Party Petition filed as Exhibit A to the Motion for Leave at ¶ 88.

Unofficial Copy Office of Maily Burgess District Clerk

conspiracy cause of action is based on its fraud cause of action, asserting that "[Starrex] had a meeting of the minds and acted to defraud [the Defendants] by forging the promissory notes and security agreements…." *Id.*

Defendants also bring claims for breach of the parties' Management Services Agreement (the "MSA").  Under the MSA, Starrex International, Ltd.  provided certain services to the Magnolia Entities, including hosting the Magnolia Entities' servers.  The MSA was terminated (by Defendants) effective December 31, 2023. However, Defendants failed to migrate their servers prior to the MSA's termination. On March 8, 2024, Starrex turned the PST files over to the Magnolia Entities (the "PST Production"). The PST Production was ***not*** made as part of this lawsuit's discovery process. The PST Production occurred before Defendants served their first set of written discovery requests on Starrex on March 25, 2024.

On March 25, 2024, Plaintiffs served their First Requests for Production, Requests for Admission, and Interrogatories to Defendants ("Plaintiffs' Discovery Requests").  Starrex's focus was twofold; first, to obtain discovery in support of its claims against Defendants; and second, to seek information regarding the Defendants' conspiracy, forgery, and fraud allegations. Starrex narrowly tailored and described with reasonable particularity its requests to gather this information in accordance with the Texas Rules of Civil Procedure. Starrex specifically requested information directly relating to Defendants' claims and defenses of forgery—specifically about Defendants' claims that John Magness did not authorize his signature on the Promissory Notes.

On April 26, 2024, Defendants served their Original Objections and Responses to Plaintiff's First Set of Requests for Production, Requests for Admission, and Interrogatories ("Defendants' Original Discovery Responses"). *See* Exhibit 7. Defendants' Original Discovery

Responses were entirely inadequate, filled with boilerplate and unfounded objections. Where Defendants did answer, their responses were evasive.

Recognizing the deficiencies in Defendants' Original Discovery Responses and in the interest of judicial efficiency, Starrex attempted to confer with Defendants' counsel. After several weeks and many attempts to confer, Defendants finally served their Amended Discovery Responses, which amended their responses to Starrex's requests for production and requests for admissions but failed to amend any interrogatory answers.

Despite Starrex's counsel's clear communications on which items needed to be amended/revised, and why these items were deficient, Defendants' Discovery Responses remained inadequate. *See* Exhibit 6. The same issues that plagued Defendants' Original Discovery Responses were within Defendants' Amended Discovery Responses, including the failure to perform a reasonable inquiry for information unknown, evasion of responding to material issues (including those that would support Defendants' counterclaims of fraud and forgery), incomplete responses, failure to provide access to responsive documents known to be within their possession, and failure to amend or include a verification for the responses to Plaintiffs' Interrogatories.

## II. ARGUMENS AND AUTHORITIES

Texas Rule of Civil Procedure 192.3 provides that parties may obtain discovery of any matter which is "relevant to the subject matter" and "reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). Courts liberally construe this standard to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial. *Gutierrez v. Dallas Independent School Dist.*, 729 S.W.2d 691, 693 (Tex. 1987). If a party fails to comply with discovery, the party seeking discovery may file a motion to compel. TEX. R. CIV. P. 215.1; *Pace v. Jordan*, 999 S.W.2d 615, 622 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

15399959

The party resisting discovery bears the burden of producing evidence to support its objection. TEX. R. CIV. P. 193.4(a); *In re CI Host, Inc.*, 92 S.W.3d 514, 516 (Tex. 2002). The party may object "only if a good faith factual or legal basis exists at the time the objection is made." TEX. R. CIV. P. 193.2(c). And, the party "must state specifically the legal and factual basis for the objection." TEX. R. CIV. P. 193.2(a). Conclusory allegations are per se invalid. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding) ("A party resisting discovery, however, cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing."). Similarly, prophylactic, or general objections are prohibited. *In re Park Cities Bank*, 409 S.W.3d 859, 878 (Tex. App.—Tyler 2013, no pet.) (orig. proceeding).

Under TEX. R. CIV. P. 215.1, a trial court has the discretion to grant a motion to compel written discovery if the responding party fails to adequately respond. As will be detailed below, the Magnolia Entities entirely failed to comply with the Rules governing written discovery and thus must be compelled to do so.

### A. Defendants' Responses to Plaintiffs' Requests for Admission Are Deficient.

When responding to a request for admission, "[a] party must make an effort to ascertain the facts requested to be admitted." *Stewart v. Vaughn*, 504 S.W.2d 600, 602 (Tex. App.—Houston [14th Dist.] 1974, no writ); *see* TEX. R. CIV. P. 198.2(b). A party asserting it lacks information or knowledge to respond to the request for admission must therefore state that a reasonable inquiry was made to obtain such knowledge or information. *See Larrison v. Catalina Design*, 2011 WL 582730, at *4 (Tex. App.—Fort Worth Feb. 17, 2011, no pet.); TEX. R. CIV. P. 198.2(b). "A party may not evade the rule by merely saying that he does not have sufficient information to either admit or deny the matters requested when he, by resorting to means available to him, can secure

the facts inquired about." *McPeak v. Tex. Dep't of Pub. Safety*, 346 S.W.2d 138, 140 (Tex. App.—Dallas 1961, no writ) (discussing Texas Rule of Civil Procedure 169, the predecessor to Texas Rule of Civil Procedure 198.2(b)).

Defendants consistently fail to follow TEX. R. CIV. P. 198.2(b) in their responses to Plaintiffs' requests for admission. First, Defendants assert in several responses to Plaintiffs' requests for admission that Defendants lack sufficient information or knowledge to admit or deny, however, Defendants completely failed to perform their duty to make such an inquiry *or* to even state that the inquiry occurred. Plaintiffs' Requests for Admission No. 15 and 16 demonstrate Defendants' failure to adequately "admit" or "deny" each request:

> **REQUEST FOR ADMISSION NO. 15:** Admit that on April 19, 2023 at 12:50 p.m., John Magness texted Debbie Merritt "[g]o ahead and sign them[]" in response to Debbie Merritt's text message to John Magness that provides: "Morning! If you have questions on the promissory notes please let me know. If you'd rather me put your signature on them I can. Just let me know."
>
> **RESPONSE: Insufficient information to admit or deny because the answer will not be known until further discovery is conducted.**

> **REQUEST FOR ADMISSION NO. 16:** Admit that the screen shot attached to these discovery requests as Exhibit A is an accurate image of text messages exchanged between John Magness and Debbie Merritt on April 19, 2023.
>
> **RESPONSE: Insufficient information to admit or deny because the answer will not be known until further discovery is conducted.**

*See* Exhibit 6. In Request for Admissions Nos. 15 and 16, Starrex specifically requested that Defendants to admit or deny whether John Magness sent a text message to Debbie Merritt authorizing his signature on the Promissory Notes. Defendants have the express **duty to perform a reasonable inquiry** into whether or not John Magness sent the text message at issue. It is not an unduly burdensome or unreasonable request for Defendants to review their client's phone records or to verify whether John Magness sent a text message to Debbie Merritt authorizing his signature

on the Promissory Notes. Defendants simply do not want to answer this question. Evasive discovery responses are not permitted under the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 215.

It is unsurprising that the Magnolia Entities opted to evade answering these particular Requests for Admission. Admissions to these Requests would concede the causes of action raised in Defendants' counterclaims, and contradict their forgery, fraud, and conspiracy claims. This evasion cannot be permitted, and the responses for admission must be compelled. "If responses to requests for admissions are wholly evasive the trial court may deem the admitted." *Stewart v. Vaughn*, 504 S.W.2d 600, 602 (Tex. App.—Houston [14th Dist.] 1974, no writ).

Defendants similarly evade admitting or denying Requests for Admission Nos. 5-12. In Requests for Admissions Nos. 5-8, Starrex request the admission or denial of whether the Magnolia Entities "received funds" from Starrex. *See* Requests Nos. 5-8, requesting that Defendants "[a]dmit that [each Magnolia Entity] received funds from a Starrex Entity." In response, Defendants claim "[i]nsufficient information to admit or deny…" along with a narrative that has nothing to do with whether Defendants received money from Starrex. Defendants claim that they "cannot acquire personal knowledge until or unless they are able to review the bank statements, if they can access them." *See* Defendants Amended Responses to Requests for Admission Nos. 5-8. Defendants' narrative objection is improper, and Defendants should not be permitted to evade the simple request of whether they received funds from Starrex. Defendants Responses Requests for Admission Nos. 9-12 are equally improper and evasive. In Requests for Admissions Nos. 9-12, Starrex request the admission or denial of whether the Magnolia Entities has repaid all funds loaned by Starrex. *See* Requests Nos. 9-12, requesting that Defendants "[a]dmit that [each Magnolia Entity] has not repaid all funds loaned by a Starrex entity." In

response, Defendants object on the basis that the requests "are vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed." Their objections are followed by an improper narrative. *See* Defendants Amended Responses to Requests for Admission Nos. 9-12. Defendants should know, and have a duty to ascertain the facts requested to be admitted—here, whether or not they have repaid the loans to Starrex. Defendants should not be permitted to evade the simple request of whether they repaid all funds loaned by Starrex. Defendants should be order to admit or deny Requests, or the Requests should be deemed admitted.

### B. Defendants' Responses to Plaintiffs' Requests for Production Are Deficient.

Under TEX. R. CIV. P. 196.3(c), documents must be (1) produced as they are kept in the ordinary course of business or (2) organized and labeled to respond to each particular request. *Porretto v. Tex. Gen. Land Office*, 448 S.W.3d 393, 403 (Tex. 2014). The responding party must produce responsive documents after making a reasonable effort to locate such documents. *See id;* TEX. R. CIV. P. 196.3(c). Furthermore, "discovery requests will not result in an undue burden when the burdensomeness of responding to it is the result of the responding party's own 'conscious, discretionary decisions.'" *In re Bilfinger Westcon, Inc.*, No. 13-19-00466-CV, 2019 WL 6795870, at *13 (Tex. App.—Corpus Christi, Edinburg Dec. 12, 2019, no pet.) (citing *In re Whiteley*, 79 S.W.3d 729, 734–35 (Tex. App.—Corpus Christi, Edinburg 2002, orig. proceeding).

The majority of Defendants' responses refuse to produce documents and communications requested. Instead, Defendants direct Plaintiffs to refer to the documents Starrex provided to the Magnolia Entities in the PST Production Email:

15399959

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications referencing, concerning and/or relating to the Magnolia Florida Security Agreement.

**RESPONSE:** Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules. *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer*, _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" "the Magnolia Florida Security Agreement"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:

https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC

https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC

https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC

https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC

Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms

*See* Exhibit 6. Defendants' responses to Requests for Production Nos. 1-17, 22-32, and 35-43 all similarly direct Starrex to the PST Production. *Id.* This is improper. Defendants are obligated to produce responsive documents that are organized and respond to each particular request. TEX. R. CIV. P. 196.3(c); *see Porretto v. Tex. Gen. Land Office*, 448 S.W.3d 393, 403 (Tex. 2014). It is insufficient for Defendants to merely point Starrex in the direction of the PST Production as the PST Production was not part of any discovery response. It is also improper for Defendants to attempt to utilize the PST Production as a discovery response because Defendants are necessitated to provide **responsive** documents to Starrex. The PST Production contained a massive number of documents, emails, and electronic files; most of which are likely not responsive to Plaintiffs'

Discovery Requests. Under TEX. R. CIV. P. 196.3(c) Defendants had a duty to review their own files, and any other files in their possession, for responsive documents and provide these documents. Instead, Defendants dump unfiltered and unresponsive documents on Starrex. Accordingly, the production of responsive documents must be compelled. Moreover, Defendants' responses are filled with boilerplate objections, to which Starrex cannot determine which objections, if any, Defendants are actually withholding documents. Starrex requests that Defendants be ordered to remove all objections except those for which they are withholding documents.

### C. Defendants' Responses to Plaintiffs' Interrogatories are Deficient.

#### i. Failure to Verify Their Interrogatory Answers.

A responding party is required to verify interrogatories under oath. TEX. R. CIV. P. 197.2(d). Defendants failed to verify their interrogatory answers in their Defendants' Original Discovery Responses. Despite a request from Starrex's counsel to amend and verify their answers to Plaintiffs' Interrogatories, Defendants failed to both amend and verify their interrogatory answers. Defendants must be compelled to verify their interrogatory answers.

#### ii. Failure to Substantively Answer.

"Responses to written discovery must be complete based on all the information reasonably available to the responding party or its attorney at the time the response is made." TEX. R. CIV. P. 193.1. *W. Atlas Intern., Inc. v. Randolph, No*. 2005 WL 673483, at *6 (Tex. App.—Corpus Christi, Edinburg Mar. 24, 2005, no pet.). Furthermore, where the responding party lodges the same global, prophylactic string of objections to every written discovery request, the objections are unfounded. *See De Anda v. Jason C. Webster, P.C.,* 2018 WL 3580579, at *7 (Tex. App.—Houston [14th Dist.] July 26, 2018, pet. denied); TEX. R. CIV. P. 192.2(e). "An objection…that is obscured with

numerous unfounded objections, is waived unless the court excuses the waiver for good cause."
Tex. R. Civ. P. 192.2(e).

Defendants' answers to Plaintiffs' interrogatories are incomplete and riddled with global and unfounded objections. *See* Exhibit 7. By way of example, Defendants even refused to answer who assisted in the preparation of the interrogatory answers.

**INTERROGATORY NO. 1:**    Identify the person or persons who answered, provided information for, or assisted in answering or otherwise responding to these interrogatories, including their name, address, and their role, title, or position.

**ANSWER: OBJECTION. Defendants object to this interrogatory as overbroad, unduly burdensome and harassing to the extent it seeks information beyond identification of the individuals primarily responsible for answering the interrogatories.** *See Alford Chevrolet-Geo*, **997 S.W.2d 173 at 180-81 (Tex. 1999). Defendants further object that the request for the address of each individual is unnecessary and invades the individuals' right to privacy. Subject to and without waiving these objections, the interrogatories were prepared with the assistance of counsel and leadership of Defendants.**

Exhibit 7. This Interrogatory falls squarely within the scope of Tex. R. Civ. P. 197, making Defendants' objection to it disingenuous and unfounded. The duplicitous nature of this objection is made even more apparent by the fact that Defendants requested the same information from Starrex in their discovery requests to Starrex.

1.    Identify the persons answering these interrogatories, giving their full name, residence and business address, occupation and the office each holds with Plaintiffs.

**ANSWER:**

Moreover, Defendants consistently objected to Starrex's First Set of Interrogatories on the basis that the interrogatory "call[ed] for a legal analysis" or that it required Defendants to "marshal all their evidence or brief on legal issues," citing Tex. R. Civ. P. 197.1. However, "[r]ule 197.1 permits a party to serve contention interrogatories to 'inquire whether a party makes a specific legal or factual contention and may ask the responding party to state the legal theories and to

13

describe in general the factual bases for the party's claims or defenses.'" *In re Sting Soccer Group, LP*, 2017 WL 5897454, at *5 (Tex. App.—Dallas Nov. 30, 2017, no pet.). For example:

> **INTERROGATORY NO. 5:**    Describe in detail the factual and legal basis for your contention that Starrex was acting in a fiduciary capacity to Defendants.
>
> **ANSWER: Defendants object to this interrogatory as calling for a legal conclusion.** *See Hycarbex, Inc. v. Anglo-Suisse, Inc.*, **927 S.W.2d 103, 108 (Tex. App.—Houston [14th Dist.] 1996, no writ) (purely legal question regarding existence of fiduciary relationship was improper subject for interrogatory). Further, Defendants object to this interrogatory to the extent that it seeks mental impressions and work product that are protected by the work-product privilege. Defendants are only required to answer as to their general factual basis. Subject to and without waiving this objection, Defendants generally contend,** *inter alia,* **Starrex owed them fiduciary duties based on the language in Sections 3.3 and 3.4 of the MSA imposing obligations on Starrex to act in Defendants' best interests and not take actions detrimental to Defendants, as detailed in Defendants' Counterclaim. The existence of a fiduciary relationship is ultimately a question of law for the Court.** *See Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, **235 S.W.3d 695, 700 (Tex. 2007). Defendants also incorporate by reference their answer to Interrogatory No. 4 and its live pleadings on file with the Court.**

Exhibit 7. Other Interrogatory Answers mimic the response in Interrogatory No. 5 by asserting the same baseless objections for Interrogatory Answers 4, 6, 7, 9, 10, 11, 13. *See* Exhibit 7.

Defendants Answer to Interrogatory No. 10 is also deficient. In Interrogatory No. 10, Starrex requests Defendants to "[i]dentify the factual bases for Defendants' claim that a Starrex entity breached the [MSA] by 'trying to persuade [Defendants'] employees to either quit and/or work for Starrex' (including but not limited to the date(s), individuals involved, and communications made) as alleged in Paragraphs 19 and 24 of the Counterclaim." *See* Starrex's Interrogatory No. 10. This Interrogatory requests information regarding Defendants' Counterclaim for breach of contract, where Defendants claim that Starrex International Ltd. breached the MSA by "trying to persuade Counter-Plaintiffs' employees to either quit and/or work for Starrex." *See* Counterclaim at ¶ 24. Because Defendants failed to provide any factual whatsoever about this allegation, Starrex requested the date(s), individuals involved, and communications made. Instead

14

of providing any factual bases for their allegation, in its answer to Interrogatory No. 10, Defendants instead offered boilerplate objections, and refused to answer the date(s), individuals involved, and communications made by Debbie Merritt where she allegedly "tr[ied] to persuade [Defendants'] employees to either quit and/or work for Starrex." Defendants should be compelled to provide fully answer Interrogatory No. 10 so Starrex is given fair notice of Defendants' claim. Under Texas Rule of Civil Procedure 197.1, Defendants are obligated to answer all Interrogatories completely and without baseless objections. Because Defendants failed to do so, responses to written discovery must be compelled.

## CONCLUSION

In sum, the numerous failures by Defendants to comply with their discovery obligations necessitate Court intervention. Plaintiffs therefore respectfully request that the Court issue an order that:

(1) compels:

    a. Defendants to verify their Answers to Plaintiffs' First Set of Interrogatories;

    b. Defendants to perform a diligent inquiry where one is necessitated by Plaintiffs' Requests for Admission, and respond accordingly to Plaintiffs' Requests for Admission Nos. 15-12 and 15-16 in line with TEX. R. CIV. P. 198;

    c. Defendants to produce responsive documents to Plaintiffs' Requests for Productions Nos. 1-17, 2-23, and 35-43, or in the alternative, remove objections except for which the Defendants are holding objections;

    d. Defendants to answer Plaintiffs' First Interrogatories; and

(2) overrules Defendants' objections and compels the production of responsive documents.

Starrex also requests that the Court grant it all such other and further relief, at law or in equity, to which they may justly be entitled.

Dated: June 7, 2024.

Respectfully submitted,

**PORTER HEDGES LLP**

By:   */s/ Eric D. Wade*
       Eric D. Wade, SBN 00794802
       M. Harris Stamey, SBN 24060650
       Mary Anna H. Rutledge, SBN 24096149
       Sage L. Knapp, SBN 24137979
       1000 Main Street, 36th Floor
       Houston, TX  77002-6336
       Telephone: 713-226-6655
       Facsimile:  713-226-6255
       ewade@porterhedges.com
       hstamey@porterhedges.com
       mrutledge@porterhedges.com
       sknapp@porterhedges.com

**ATTORNEYS FOR STARREX INTERNATIONAL, LTD., STARREX INSURANCE HOLDINGS, INC., STARREX HOLDINGS, INC., STARREX INSURANCE SERVICES, INC., AND STARREX TECHNICAL SERVICES, LLC**

16

15399959

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ *Mary Anna H. Rutledge*
Mary Anna H. Rutledge

## CERTIFICATE OF CONFERENCE

From May 2, 2024 to when Defendants filed their First Amended Responses to Plaintiffs' Requests for Production and Requests for Admission on May 31, 2014, I conferred with Counsel for Defendants on numerous occasions about the issues raised in this Motion. Counsel were not able to resolve the issues raised in the Motion and are therefore opposed.

/s/ *Mary Anna H. Rutledge*
Mary Anna H. Rutledge

15399959

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brittany Shook on behalf of Eric Wade
Bar No. 794802
bshook@porterhedges.com
Envelope ID: 88590355
Filing Code Description: Motion (No Fee)
Filing Description: Starrex's Motion to Compel
Status as of 6/10/2024 9:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| M. Harris Stamey | | hstamey@porterhedges.com | 6/7/2024 8:31:32 PM | SENT |
| Eric D. Wade | 794802 | ewade@porterhedges.com | 6/7/2024 8:31:32 PM | SENT |
| Mary Anna Hill | | mrutledge@porterhedges.com | 6/7/2024 8:31:32 PM | SENT |
| Ian F.McNeill | | imcneill@hchlawyers.com | 6/7/2024 8:31:32 PM | SENT |
| Simon W.Hendershot | | trey@hchlawyers.com | 6/7/2024 8:31:32 PM | SENT |
| Sage LKnapp | | sknapp@porterhedges.com | 6/7/2024 8:31:32 PM | SENT |
| Carolyn Reed | | creed@porterhedges.com | 6/7/2024 8:31:32 PM | SENT |
| Paralegals &Assistants | | paralegals@hchlawyers.com | 6/7/2024 8:31:32 PM | SENT |
| Philip D.Racusin | | pracusin@hchlawyers.com | 6/7/2024 8:31:32 PM | SENT |

REVOLVING PROMISSORY NOTE

$1,300,000.00                         October 17, 2022                         Houston, Texas

As hereinafter stipulated, for value received, without grace, the undersigned, Coast to Coast Title, LLC, a Texas limited liability company,  ("Maker"), promises to pay to the order of Starrex Insurance Services, Inc., a Nevada corporation (the "Payee"), at 14701 Saint Mary's Lane, Suite 150, Houston, Texas 77079, or such other place as the Payee may designate in writing, up to the principal sum of One Million Three Hundred Thousand Dollars ($1,300,000.00), together with interest on the unpaid principal balance until maturity at the rate of six percent (6%) per annum.   After maturity (whether by acceleration or otherwise), the unpaid balance of this Note, including any accrued interest, shall bear interest at the maximum nonusurious rate provided by applicable law.

Principal amounts shall be advanced by Payee to Maker from time to time to meet the working capital and capital expenditure requirements of Maker, based upon the monthly financial statements submitted to Payee.   Maker may from time to time make partial repayments of principal to Payee which may be readvanced by Payee to Maker during the term of this Note. Payee shall not be required to make advances in excess of the face amount of this Note.

Interest shall be computed on a per annum basis of a year of three hundred sixty (360) days and for the actual number of days (including the first but excluding the last day) elapsed, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per annum basis of three hundred sixty-five (365) or three hundred sixty-six (366) days, as the case may be.

This Note is due and payable as follows:

All unpaid principal and accrued and unpaid interest due hereunder shall be due and payable in full on June 23, 2023 (the "Final Maturity Date").

At the option of the holder of this Note, this Note shall become immediately due and payable, without presentment or demand or any notice to Maker or any other person obligated hereon, upon such default in the payment of any of the principal hereof or any interest hereon when due, or if any event or condition exists which authorizes the acceleration of maturity hereof under any agreement made by Maker.  If this Note, or any installment hereon (whether principal or interest), is not paid at maturity, however such maturity may be brought about, and this Note is placed in the hands of an attorney for collection, or suit is filed hereon, or proceedings are had in probate, bankruptcy, receivership, reorganization, arrangement or other legal proceedings for collection hereof, Maker agrees to pay all expenses incurred, plus and including an additional fifteen percent (15%) of the amount of principal and interest then unpaid as reasonable attorney's fees, all of which shall become a part of the principal hereof if this Note is placed in the hands of an attorney for collection, or if collected by suit or through any probate, bankruptcy or other legal or judicial procedure, whether through formal probate court, bankruptcy court or any informal proceedings related thereto.

**EXHIBIT 1**

It is the intention of Maker and Payee to conform strictly to applicable usury laws. If the maturity of this Note is accelerated, for any reason, before the due date stated, earned interest shall never include more than the maximum amount permitted by law, computed from the date of this Note until payment, and any unearned interest included in the face amount of this Note or otherwise payable in excess of such maximum rate, shall in the event of acceleration of maturity, be automatically null and void as of the date of such acceleration. In the event it should be held that the interest payable under this Note, or otherwise, is in excess of the maximum permitted by law, the interest chargeable hereunder shall be reduced to the maximum amount permitted by law and any excess of said maximum amount permitted by law shall be automatically null and void and shall be credited to the principal amount of this Note, if any remains unpaid; otherwise, it shall be refunded to Maker if theretofore paid. Payee shall not be subject to any penalty provided for in the contracting for, charging or receiving interest in excess of such highest lawful rate, regardless of when or the circumstances under which such refund or application was made.

To the maximum extent permitted by applicable law, the makers, assignors, sureties, endorsers and guarantors hereof severally waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intention to accelerate maturity, notice of acceleration of maturity, and all other notices, filing of suit and diligence in collecting this Note, and do hereby consent to any and all renewals or extensions from time to time of this Note, or any part hereof, either before or after maturity, all without any notice thereof to any of them and without affecting or releasing the liability of any of them. The sureties, endorsers and guarantors of this Note do further agree that it will not be necessary for the holder hereof, in order to enforce payment by them of this Note, to first institute suit or exhaust its remedies against Maker or others liable herefor.

This Note is secured by the full faith and credit of Maker but is otherwise unsecured.

Maker hereby expressly agrees that venue for all purposes in and under this Note shall be in Harris County, Texas. ALL QUESTIONS OF LAW AND FACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS.

THE WRITTEN AGREEMENT FOR THIS LOAN OR OTHER EXTENSION OF CREDIT DESCRIBED ABOVE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

COAST TO COAST TITLE, LLC

BY: _____

JOHN MAGNESS

ITS:   MANAGER

2

## REVOLVING PROMISSORY NOTE

$750,000.00                                October 17, 2022                          Houston, Texas

As hereinafter stipulated, for value received, without grace, the undersigned, Sol City Title, LLC, a Texas limited liability company, ("Maker"), promises to pay to the order of Starrex Insurance Services, Inc., a Nevada corporation (the "Payee"), at 14701 Saint Mary's Lane, Suite 150, Houston, Texas 77079, or such other place as the Payee may designate in writing, up to the principal sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), together with interest on the unpaid principal balance until maturity at the rate of six percent (6%) per annum.    After maturity (whether by acceleration or otherwise), the unpaid balance of this Note, including any accrued interest, shall bear interest at the maximum nonusurious rate provided by applicable law.

Principal amounts shall be advanced by Payee to Maker from time to time to meet the working capital and capital expenditure requirements of Maker, based upon the monthly financial statements submitted to Payee.   Maker may from time to time make partial repayments of principal to Payee which may be readvanced by Payee to Maker during the term of this Note. Payee shall not be required to make advances in excess of the face amount of this Note.

Interest shall be computed on a per annum basis of a year of three hundred sixty (360) days and for the actual number of days (including the first but excluding the last day) elapsed, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per annum basis of three hundred sixty-five (365) or three hundred sixty-six (366) days, as the case may be.

This Note is due and payable as follows:

All unpaid principal and accrued and unpaid interest due hereunder shall be due and payable in full on June 23, 2023 (the "Final Maturity Date").

At the option of the holder of this Note, this Note shall become immediately due and payable, without presentment or demand or any notice to Maker or any other person obligated hereon, upon such default in the payment of any of the principal hereof or any interest hereon when due, or if any event or condition exists which authorizes the acceleration of maturity hereof under any agreement made by Maker.   If this Note, or any installment hereon (whether principal or interest), is not paid at maturity, however such maturity may be brought about, and this Note is placed in the hands of an attorney for collection, or suit is filed hereon, or proceedings are had in probate, bankruptcy, receivership, reorganization, arrangement or other legal proceedings for collection hereof, Maker agrees to pay all expenses incurred, plus and including an additional fifteen percent (15%) of the amount of principal and interest then unpaid as reasonable attorney's fees, all of which shall become a part of the principal hereof if this Note is placed in the hands of an attorney for collection, or if collected by suit or through any probate, bankruptcy or other legal or judicial procedure, whether through formal probate court, bankruptcy court or any informal proceedings related thereto.

EXHIBIT
2

It is the intention of Maker and Payee to conform strictly to applicable usury laws. If the maturity of this Note is accelerated, for any reason, before the due date stated, earned interest shall never include more than the maximum amount permitted by law, computed from the date of this Note until payment, and any unearned interest included in the face amount of this Note or otherwise payable in excess of such maximum rate, shall in the event of acceleration of maturity, be automatically null and void as of the date of such acceleration. In the event it should be held that the interest payable under this Note, or otherwise, is in excess of the maximum permitted by law, the interest chargeable hereunder shall be reduced to the maximum amount permitted by law and any excess of said maximum amount permitted by law shall be automatically null and void and shall be credited to the principal amount of this Note, if any remains unpaid; otherwise, it shall be refunded to Maker if theretofore paid. Payee shall not be subject to any penalty provided for in the contracting for, charging or receiving interest in excess of such highest lawful rate, regardless of when or the circumstances under which such refund or application was made.

To the maximum extent permitted by applicable law, the makers, assignors, sureties, endorsers and guarantors hereof severally waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intention to accelerate maturity, notice of acceleration of maturity, and all other notices, filing of suit and diligence in collecting this Note, and do hereby consent to any and all renewals or extensions from time to time of this Note, or any part hereof, either before or after maturity, all without any notice thereof to any of them and without affecting or releasing the liability of any of them. The sureties, endorsers and guarantors of this Note do further agree that it will not be necessary for the holder hereof, in order to enforce payment by them of this Note, to first institute suit or exhaust its remedies against Maker or others liable herefor.

This Note is secured by the full faith and credit of Maker but is otherwise unsecured.

Maker hereby expressly agrees that venue for all purposes in and under this Note shall be in Harris County, Texas. ALL QUESTIONS OF LAW AND FACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS.

THE WRITTEN AGREEMENT FOR THIS LOAN OR OTHER EXTENSION OF CREDIT DESCRIBED ABOVE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

SOL CITY TITLE, LLC.

BY: _____

JOHN MAGNESS

ITS:    MANAGER

2

REVOLVING ROMISSORY NOTE

$750,000.00                          October 17, 2022                          Houston, Texas

As hereinafter stipulated, for value received, without grace, the undersigned, Magnolia Title Arkansas, Ltd., a Arkansas limited liability company,  ("Maker"), promises to pay to the order of Starrex Insurance Services, Inc., a Nevada corporation (the "Payee"), at 14701 Saint Mary's Lane, Suite 150, Houston, Texas 77079, or such other place as the Payee may designate in writing, up to the principal sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), together with interest on the unpaid principal balance until maturity at the rate of six percent (6%) per annum.    After maturity (whether by acceleration or otherwise), the unpaid balance of this Note, including any accrued interest, shall bear interest at the maximum nonusurious rate provided by applicable law.

Principal amounts shall be advanced by Payee to Maker from time to time to meet the working capital and capital expenditure requirements of Maker, based upon the monthly financial statements submitted to Payee.   Maker may from time to time make partial repayments of principal to Payee which may be readvanced by Payee to Maker during the term of this Note. Payee shall not be required to make advances in excess of the face amount of this Note.

Interest shall be computed on a per annum basis of a year of three hundred sixty (360) days and for the actual number of days (including the first but excluding the last day) elapsed, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per annum basis of three hundred sixty-five (365) or three hundred sixty-six (366) days, as the case may be.

This Note is due and payable as follows:

All unpaid principal and accrued and unpaid interest due hereunder shall be due and payable in full on June 23, 2023 (the "Final Maturity Date").

At the option of the holder of this Note, this Note shall become immediately due and payable, without presentment or demand or any notice to Maker or any other person obligated hereon, upon such default in the payment of any of the principal hereof or any interest hereon when due, or if any event or condition exists which authorizes the acceleration of maturity hereof under any agreement made by Maker.   If this Note, or any installment hereon (whether principal or interest), is not paid at maturity, however such maturity may be brought about, and this Note is placed in the hands of an attorney for collection, or suit is filed hereon, or proceedings are had in probate, bankruptcy, receivership, reorganization, arrangement or other legal proceedings for collection hereof, Maker agrees to pay all expenses incurred, plus and including an additional fifteen percent (15%) of the amount of principal and interest then unpaid as reasonable attorney's fees, all of which shall become a part of the principal hereof if this Note is placed in the hands of an attorney for collection, or if collected by suit or through any probate, bankruptcy or other legal or judicial procedure, whether through formal probate court, bankruptcy court or any informal proceedings related thereto.

EXHIBIT
3

It is the intention of Maker and Payee to conform strictly to applicable usury laws.   If the maturity of this Note is accelerated, for any reason, before the due date stated, earned interest shall never include more than the maximum amount permitted by law, computed from the date of this Note until payment, and any unearned interest included in the face amount of this Note or otherwise payable in excess of such maximum rate, shall in the event of acceleration of maturity, be automatically null and void as of the date of such acceleration.   In the event it should be held that the interest payable under this Note, or otherwise, is in excess of the maximum permitted by law, the interest chargeable hereunder shall be reduced to the maximum amount permitted by law and any excess of said maximum amount permitted by law shall be automatically null and void and shall be credited to the principal amount of this Note, if any remains unpaid; otherwise, it shall be refunded to Maker if theretofore paid.  Payee shall not be subject to any penalty provided for in the contracting for, charging or receiving interest in excess of such highest lawful rate, regardless of when or the circumstances under which such refund or application was made.

To the maximum extent permitted by applicable law, the makers, assignors, sureties, endorsers and guarantors hereof severally waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intention to accelerate maturity, notice of acceleration of maturity, and all other notices, filing of suit and diligence in collecting this Note, and do hereby consent to any and all renewals or extensions from time to time of this Note, or any part hereof, either before or after maturity, all without any notice thereof to any of them and without affecting or releasing the liability of any of them.   The sureties, endorsers and guarantors of this Note do further agree that it will not be necessary for the holder hereof, in order to enforce payment by them of this Note, to first institute suit or exhaust its remedies against Maker or others liable herefor.

This Note is secured by the full faith and credit of Maker but is otherwise unsecured.

Maker hereby expressly agrees that venue for all purposes in and under this Note shall be in Harris County, Texas.  ALL QUESTIONS OF LAW AND FACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS.

THE WRITTEN AGREEMENT FOR THIS LOAN OR OTHER EXTENSION OF CREDIT DESCRIBED ABOVE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

MAGNOLIA TITLE ARKANSAS, LTD.

BY: _____

JOHN MAGNESS

ITS:   MANAGER

2

# REVOLVING PROMISSORY NOTE

$1,200,000.00                              October 17, 2022                              Houston, Texas

As hereinafter stipulated, for value received, without grace, the undersigned, Magnolia Title Florida, LLC, a Florida limited liability company,  ("Maker"), promises to pay to the order of Starrex Insurance Services, Inc.. a Nevada corporation (the "Payee"), at 14701 Saint Mary's Lane, Suite 150, Houston, Texas 77079, or such other place as the Payee may designate in writing, up to the principal sum of One Million Two Hundred Thousand Dollars ($1,200,000.00), together with interest on the unpaid principal balance until maturity at the rate of six percent (6%) per annum.    After maturity (whether by acceleration or otherwise), the unpaid balance of this Note, including any accrued interest, shall bear interest at the maximum nonusurious rate provided by applicable law.

Principal amounts shall be advanced by Payee to Maker from time to time to meet the working capital and capital expenditure requirements of Maker, based upon the monthly financial statements submitted to Payee.   Maker may from time to time make partial repayments of principal to Payee which may be readvanced by Payee to Maker during the term of this Note. Payee shall not be required to make advances in excess of the face amount of this Note.

Interest shall be computed on a per annum basis of a year of three hundred sixty (360) days and for the actual number of days (including the first but excluding the last day) elapsed, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per annum basis of three hundred sixty-five (365) or three hundred sixty-six (366) days, as the case may be.

This Note is due and payable as follows:

All unpaid principal and accrued and unpaid interest due hereunder shall be due and payable in full on June 23, 2023 (the "Final Maturity Date").

At the option of the holder of this Note, this Note shall become immediately due and payable, without presentment or demand or any notice to Maker or any other person obligated hereon, upon such default in the payment of any of the principal hereof or any interest hereon when due, or if any event or condition exists which authorizes the acceleration of maturity hereof under any agreement made by Maker.   If this Note, or any installment hereon (whether principal or interest), is not paid at maturity, however such maturity may be brought about, and this Note is placed in the hands of an attorney for collection, or suit is filed hereon, or proceedings are had in probate, bankruptcy, receivership, reorganization, arrangement or other legal proceedings for collection hereof, Maker agrees to pay all expenses incurred, plus and including an additional fifteen percent (15%) of the amount of principal and interest then unpaid as reasonable attorney's fees, all of which shall become a part of the principal hereof if this Note is placed in the hands of an attorney for collection, or if collected by suit or through any probate, bankruptcy or other legal or judicial procedure, whether through formal probate court, bankruptcy court or any informal proceedings related thereto.



EXHIBIT
4

It is the intention of Maker and Payee to conform strictly to applicable usury laws. If the maturity of this Note is accelerated, for any reason, before the due date stated, earned interest shall never include more than the maximum amount permitted by law, computed from the date of this Note until payment, and any unearned interest included in the face amount of this Note or otherwise payable in excess of such maximum rate, shall in the event of acceleration of maturity, be automatically null and void as of the date of such acceleration. In the event it should be held that the interest payable under this Note, or otherwise, is in excess of the maximum permitted by law, the interest chargeable hereunder shall be reduced to the maximum amount permitted by law and any excess of said maximum amount permitted by law shall be automatically null and void and shall be credited to the principal amount of this Note, if any remains unpaid; otherwise, it shall be refunded to Maker if theretofore paid. Payee shall not be subject to any penalty provided for in the contracting for, charging or receiving interest in excess of such highest lawful rate, regardless of when or the circumstances under which such refund or application was made.

To the maximum extent permitted by applicable law, the makers, assignors, sureties, endorsers and guarantors hereof severally waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intention to accelerate maturity, notice of acceleration of maturity, and all other notices, filing of suit and diligence in collecting this Note, and do hereby consent to any and all renewals or extensions from time to time of this Note, or any part hereof, either before or after maturity, all without any notice thereof to any of them and without affecting or releasing the liability of any of them. The sureties, endorsers and guarantors of this Note do further agree that it will not be necessary for the holder hereof, in order to enforce payment by them of this Note, to first institute suit or exhaust its remedies against Maker or others liable herefor.

This Note is secured by the full faith and credit of Maker but is otherwise unsecured.

Maker hereby expressly agrees that venue for all purposes in and under this Note shall be in Jefferson County, Texas. ALL QUESTIONS OF LAW AND FACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS.

THE WRITTEN AGREEMENT FOR THIS LOAN OR OTHER EXTENSION OF CREDIT DESCRIBED ABOVE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

MAGNOLIA TITLE FLORIDA, LLC

BY: _____

JOHN MAGNESS

ITS:   MANAGER

CAUSE NO. 2023-85306

| | | |
|---|---|---|
| STARREX INTERNATIONAL LTD., | § | IN THE DISTRICT COURT OF |
| STARREX INSURANCE HOLDINGS, | § | |
| INC., STARREX HOLDINGS, INC. | § | |
| AND STARREX INSURANCE | § | |
| SERVICES, INC., | § | |
| | § | HARRIS COUNTY, TEXAS |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| COAST TO COAST TITLE, LLC, SOL | § | |
| CITY TITLE, LLC, MAGNOLIA | § | 11TH JUDICIAL DISTRICT |
| TITLE ARKANSAS, LTD. AND | § | |
| MAGNOLIA TITLE FLORIDA, LLC, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF DEBBIE MERRITT

I, Debbie Merritt, declare the following:

1. My name is Debbie Merritt. My date of birth is May 20, 1968. I am over the age of 18 years. I have never been convicted of a felony or crime involving moral turpitude. I am fully competent to make this declaration. I have personal knowledge of all the facts stated herein, and the statements herein are true and correct. If called as a witness, I could and would testify competently to the statements herein.

2. I am the Chief Financial Officer of Starrex International, Ltd. ("Starrex"). My business address is 14701 Saint Mary's Lane. Suite 150, Houston, Texas 770879.

3. John Magness is the sole manager of Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC (collectively, the "Magnolia Entities").

4. John Magness and I frequently exchanged text messages related to business between Starrex and the Magnolia Entities.

5. On Wednesday April 19, 2023 at 10:13 a.m., I texted John Magness on his telephone number (713) 882-0936 the following message: "Morning! If you have questions on the promissory notes please let me know.  If you'd rather me put your signature on them I can. Just let me know."

6. On Wednesday April 19, 2023 at 12:50 p.m., in response to my text message, John Magness (from his telephone number of (713) 882-0936) replied: "Go ahead and sign them."

**EXHIBIT 5**

7. Exhibit A to this Declaration is a true and correct copy of the text messages between John Magness and myself identified within his Declaration.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in Harris County, Texas on this 6ᵗʰ day of June , 2024.


/s/ _____

Debbie Merritt

Unofficial Copy Office of Marilyn Burgess District Clerk

2

1:00



John >

Wed, Apr 19 at 10:13 AM

Morning!  If you have questions on the promissory notes please let me know.  If you'd rather me put your signature on them I can.  Just let me know.

Wed, Apr 19 at 12:59 PM

Go ahead and sign them.

Ok thanks.

The funds sitting on the balance sheet for from magnolia have been classified as a prepayment for the acquisition of the magnolia entities. If you needed any type of support on that end, that should help

Thu, Apr 20 at 7:00 PM

Did you get my text this morning? Need that information...

Thu, Apr 20 at 8:28 PM

I did and was on the phone.  I forgot about it with the million other texts.  I'll get it to you

iMessage



EXHIBIT
A

**CASE NO. 2023-85306**

| | | |
|---|---|---|
| STARREX INTERNATIONAL LTD., | § | IN THE DISTRICT COURT OF |
| STARREX INSURANCE HOLDINGS, INC., | § | |
| STARREX HOLDINGS, INC., AND | § | |
| STARREX INSURANCE SERVICES, INC. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| COAST TO COAST TITLE, LLC, SOL | § | |
| CITY TITLE, LLC, MAGNOLIA TITLE | § | |
| ARKANSAS, LTD., AND MAGNOLIA | § | |
| TITLE FLORIDA, LLC | § | 11TH JUDICIAL DISTRICT |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS**

Defendants Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC (collectively "Defendants"), serve their First Amended Objections and Responses to Plaintiffs' First Set of Requests for Production and Requests for Admissions pursuant to the Texas Rules of Civil Procedure. Defendants reserve the right to amend and supplement these responses throughout the course of the discovery period.



EXHIBIT
**6**

Respectfully submitted,

**HENDERSHOT COWART P.C.**

*/s/ Philip D. Racusin*
Simon W. Hendershot
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
SBN: 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809

**Pursuant to TRCP 21 & 21a, all documents should be served through the electronic filing manager and must include the following email addresses: trey@hchlawyers.com; pracusin@hchlawyers.com; paralegals@hchlawyers.com; netdocs@hchlawyers.com**

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all parties through counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure on May 31, 2024.

*/s/ Philip D. Racusin*
Philip D. Racusin

## GENERAL OBJECTIONS

Defendants Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC ("Defendants" or "Magnolias") respond to Starrex International Ltd., Starrex Insurance Holdings, Inc., Starrex Holdings, Inc., and Starrex Insurance Services, Inc.'s (collectively, "Plaintiffs" or "Starrex") (Joint) First Requests for Production, Requests for Admission, and Interrogatories to Defendants Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd. and Magnolia Title Florida, LLC, in conformity with the Texas Rules of Civil Procedure and the Texas Rules of Evidence. Insofar as Plaintiffs' discovery requests exceed the requirements of these rules, Defendants object.

These responses are made on the basis of information presently available to Defendants upon reasonable investigation. As discovery is an on-going process, there may be further facts and/or documents affecting Defendants' responses, of which Defendants are presently unaware despite reasonable investigation and inquiry. Defendants reserve the right to modify and supplement these responses with such relevant information as may subsequently be discovered. Defendants' responses are made without prejudice to it using or relying at trial on subsequently discovered information omitted from these responses as a result of good faith oversight, error, or mistake.

Defendants object to these requests to the extent that they seek information, materials, or documents which are proprietary, confidential, and/or contain trade secrets, such as strategic information, internal policies, procedures and manuals, financial information, personal information, marketing information, or other. The disclosure of such information, materials, or documents to third parties could cause Defendants competitive harm. For this reason, Defendants reserve the right to withhold any such information which is responsive to any discovery request pending entry of a mutually agreeable protective order.

Defendants object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. Defendants further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege.

Defendants do not, and do not intend to, waive the attorney-client privilege or the work-product doctrine in responding to discovery requests. Inadvertent disclosure, if any, of any information which is, or may be privileged, which constitutes attorney work-product and/or which is otherwise exempt from discovery shall not constitute a waiver of any privilege or applicable objection to the disclosure of such information or the subject matter thereof, or the information contained herein, or the right of Defendants to object to the use of any such information during subsequent proceedings in this matter.

Defendants object to these Requests to the extent that they seek to impose an obligation on Defendants to produce documents not subject to its possession, custody, or control under which these Requests were served.

4879-1115-4881                                                      Page 3 of 50

Defendants object to these Requests to the extent that they seek documents and information protected by medical privacy under the Health Insurance Portability and Accountability Act ("HIPAA"), Texas Rule of Evidence 509, and section 74.052(c) of the Texas Civil Practice and Remedies Code. *In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009).

Defendants further object to these Requests to the extent that they purport to require discovery which falls outside the scope of permissible discovery under the Texas Rules of Civil Procedure and/or common law of the State of Texas, and to the extent that they purport to require the discovery of documents which are not reasonably calculated to lead to the discovery of admissible evidence or because they are unduly burdensome and/or requested documents may be found in public records or are otherwise equally accessible to Plaintiffs as to Defendants.

These responses are made without waiver of any objections Defendants may have with respect to any subsequent attempted use of these responses, and Defendants specifically reserve all objections as to the competency, privilege, materiality and admissibility of these requests and the responses herein, including, without limitation, the right to object to the use of these responses in any subsequent proceedings in this matter or any other lawsuit, and the right to object on any and all proper grounds, at any time, to other discovery procedures relating to these responses.

Defendants also objects to the Plaintiffs' instructions regarding the production of documents in certain specified electronic forms, which are unreasonable in terms of their specificity and demands, particularly given the expedited nature of this discovery.

Defendants respond to each Request expressly subject to and conditioned upon each of the foregoing objections and privileges.

Defendants object to the time, place, and manner of production and will make production in a reasonable manner in accordance with the Texas Rules at a mutually convenient time and place.

Defendants reserve the right to amend or supplement these responses in accordance with Rule 193.5 of the Texas Rules of Civil Procedure.

## FIRST AMENDED RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and/or communications between Defendants and Starrex concerning or relating to the Management Services Agreement, including but not limited to the performance of or any obligation(s) under the Management Services Agreement.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **___ S.W.3d ___, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control, also including Plaintiffs' own account records which have never been shared with Defendants. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 2:** All documents and/or communications by and between Defendants referencing, concerning and/or relating to the Management Services Agreement.

**RESPONSE:  Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.  *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer*, _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b).  (For instance, "referencing", "concerning", "and/or" "relating to" "the Management Services Agreement.")**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control, also including Plaintiffs' own account records which have never been shared with Defendants.  Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Coast to Coast.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, "referencing", "concerning", "and/or" "relating to" "a loan from Starrex Insurance Services, Inc. to Coast to Coast.")**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control, also including Plaintiffs' own account records which have never been shared with Defendants. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Coast to Coast.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b).  (For instance, what might "relat[e] to" or what documents might "concern" or "reference" a "line of credit from any Starrex entity to Coast to Coast").  Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control, also including Plaintiffs' own account records which have never been shared with Defendants. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Coast to Coast to any Starrex entity.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b).  (For instance, what might "relat[e] to" or what documents might "concern" or "reference" a "debt that remains owed by Coast to Coast to any Starrex entity").   Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements.  Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control.   Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Sol City.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules. *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" a "a loan from Starrex Insurance Services, Inc. to Sol City"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Sol City.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" a "a line of credit from any Starrex entity to Sol City"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

Unofficial Copy Office of Marilyn Burgess District Clerk

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Sol City to any Starrex entity.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" "any debt that remains owed by Sol City to any Starrex entity"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Magnolia Arkansas.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" a "a loan from Starrex Insurance Services, Inc. to Magnolia Arkansas."). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Magnolia Arkansas.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **\_ S.W.3d \_, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" "a line of credit from any Starrex entity to Magnolia Arkansas.").  Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control.  Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Magnolia Arkansas to any Starrex entity.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" a "any debt that remains owed by Magnolia Arkansas to any Starrex entity"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Magnolia Florida.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" "a loan from Starrex Insurance Services, Inc. to Magnolia Florida"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Magnolia Florida.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b).  (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" a "a line of credit from any Starrex entity to Magnolia Florida").  Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control.  Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

Unofficial Copy Office of Marilyn Burgess District Clerk

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Magnolia Florida to Starrex.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" a "any debt that remains owed by Magnolia Florida to Starrex"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications referencing, concerning and/or relating to the Sol City Security Agreement.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" "the Sol City Security Agreement"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications referencing, concerning and/or relating to the Magnolia Arkansas Security Agreement.

**RESPONSE:  Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.  *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b).  (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" "the Magnolia Arkansas Security Agreement").  Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.  Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control.  Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications referencing, concerning and/or relating to the Magnolia Florida Security Agreement.

**RESPONSE:  Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.  *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b).  (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" "the Magnolia Florida Security Agreement").  Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.  Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control.  Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms**

Unofficial Copy of Marian Burgess Office of Harris County

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Coast to Coast Security Agreement.

**RESPONSE: Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid. Accordingly, no "collateral" exists. Further, the referenced alleged security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " 'Collateral' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing." The ambiguity derives especially from these numerous capitalized terms, all of which are not defined. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Subject to objections and without waiving same, none.**

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Sol City Security Agreement.

**RESPONSE: Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid. Accordingly, no "collateral" exists. Further, the referenced alleged security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " 'Collateral' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing." The ambiguity derives especially from these numerous capitalized terms, all of which are not defined. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Subject to objections and without waiving same, none.**

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Magnolia Arkansas Security Agreement.

**RESPONSE: Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid. Accordingly, no "collateral" exists. Further, the referenced alleged security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " 'Collateral' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing." The ambiguity derives especially from these numerous capitalized terms, all of which are not defined. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Subject to objections and without waiving same, none.**

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Magnolia Florida Security Agreement.

**RESPONSE: Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid. Accordingly, no "collateral" exists. Further, the referenced alleged security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " 'Collateral' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing." The ambiguity derives especially from these numerous capitalized terms, all of which are not defined. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Subject to objections and without waiving same, none.**

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications referencing, concerning and/or relating to any loan(s) from any Starrex entity to Defendants or any money that Defendants have (or previously had) an obligation to repay.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b).  (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" to "any loan(s) from any Starrex entity to Defendants" or "any money that Defendants have (or previously had) an obligation to repay").  Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute.  Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Subject to objections and without waiving same, there was no memorialized loan any Defendant was obligated to repay; for further answer, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control.  Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, the filings of Starrex available in the public record, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 23:** All documents and/or communications between Defendants and any Starrex entity concerning or relating to the Promissory Notes, including but not limited to the performance of or any obligation(s) under the Promissory Notes.

**RESPONSE: Defendants object because the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, there are no documents and/or communications concerning or relating to the "performance of or any obligation(s) under the Promissory Notes" because the alleged promissory notes did not legally require any performance or impose any obligation on Defendants—they were forged and ineffective. As to documents and/or communications between Defendants and any Starrex entity concerning or relating to the promissory note, see the following documents: Documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Also see supplemental production produced at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 24:** All documents and/or communications by and between Coast to Coast, Sol City, Magnolia Arkansas, and/or Magnolia Florida referencing, concerning and/or relating to the Promissory Notes.

**RESPONSE: Defendants object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. Defendants further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege. Defendants further object to the extent this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to objections and without waiving same, see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Also see supplemental production, if any, of non-privileged documents produced at a mutually convenient time.**

Unofficial Copy Office of Marilyn Burgess District Clerk

**REQUEST FOR PRODUCTION NO. 25:** All documents and/or communications by and between Coast to Coast, Sol City, Magnolia Arkansas, and/or Magnolia Florida referencing, concerning and/or relating to the Security Agreements.

**RESPONSE: Defendants object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. Defendants further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege. Defendants further object to the extent this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to objections and without waiving same, see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Also see supplemental production, if any, of non-privileged documents produced at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 26:** All documents and/or communications between Defendants and Starrex concerning or relating to any request for credit, money, or loans from any Starrex entity, including but not limited to emails between Defendants and Justin Ray.

**RESPONSE: Defendants object because the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, there are no documents and/or communications concerning or relating to the "performance of or any obligation(s) under the Promissory Notes" because the alleged promissory notes did not legally require any performance or impose any obligation on Defendants—they were forged and ineffective. As to documents and/or communications between Defendants and any Starrex entity concerning or relating to the promissory note, see the following non-privileged documents: Documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links, which include the emails between Defendants and Justin Ray and Defendants and Starrex:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Also see supplemental production, if any, produced at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 27:** All documents and/or communications between Defendants and any of the Defendants' Members concerning or relating to any request for credit, money, or loans from any Starrex entity.

**RESPONSE: Defendants object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. Defendants further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege. Defendants further object to the extent this request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents from third-parties outside the control of Defendants.**

**Subject to objections and without waiving same, see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Also see supplemental production, if any, of non-privileged documents produced at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 28:** All documents and/or communications between Defendants and Starrex concerning or relating to the "line of credit to be used for [Defendants] benefit" as alleged in Paragraph 17 of the Counterclaim, including but not limited to the negotiation of the "line of credit," any performance related to the "line of credit," and any payments made under the "line of credit."

**RESPONSE: Defendants object to this request to the extent that it seeks to require Defendants to marshal all evidence. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents, if any, will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 29:** All documents and communications referencing, concerning and/or relating to any capital and/or sum of money received by Defendants from any Starrex entity from January 1, 2022 to the present.

**RESPONSE: Defendants object to this request to the extent that it seeks to require Defendants to marshal all evidence. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Defendants object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. Defendants further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents, if any, will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 30:** All documents identifying any money loaned by any Starrex entity to any Defendants from January 1, 2022 to the present, including but not limited to any amounts loaned to Defendants by a Starrex entity under a loan or any line of credit.

**RESPONSE: Defendants object to this request to the extent that it seeks to require Defendants to marshal all evidence. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Defendants object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. Defendants further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity** – Sol City Title, LLC

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast** – Coast to Coast Title, LLC

**https://starrexintl.sharepoint.com/sites/MagnoliaAR** – Magnolia Title Arkansas, LLC

**https://starrexintl.sharepoint.com/sites/MagnoliaFL** – Magnolia Florida Arkansas, LLC

**Additionally, non-privileged, responsive documents, if any, will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 31:** All documents identifying or evidencing any amounts due and owing from Defendants to any Starrex entity, including but not limited to any financial statements, proformas, budgets, or other documents setting forth any amounts owed to Starrex by Defendants.

**RESPONSE: Defendants object to this request to the extent that it seeks to require Defendants to marshal all evidence. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Defendants object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. Defendants further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Within that above production will be various purported financial statements prepared by Debbie Merritt and Justin Ray, purported P&L statements prepared by Debbie Merritt and Justin Ray, spreadsheets purporting to show the use of funds prepared by Debbie Merrit and Jsutin Ray, Qualia Reports within John Magness' email. Additionally, non-privileged, responsive documents, if any, will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 32:** All documents and communications between Defendants and any third party, including but not limited to auditors, identifying, evidencing, and/or discussing any amounts due and owing from Defendants to any Starrex entity.

**RESPONSE:** Defendants object to the extent that all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements, budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession. Additionally, at all relevant times, Debbie Merritt and Justin Ray of Starrex were in full control of the books, accounting, financial transactions, bank accounts, and financial management of Defendants, including for more than three months after Starrex made a formal demand for payment, which Defendants dispute. Despite requests for an accounting, Starrex has refused to provide the relevant accounting records and statements. Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession; Defendants did not have access to any of the financial information, only Plaintiffs did. Also see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness and various purported financial statements prepared by Debbie Merritt and Justin Ray, purported P&L statements prepared by Debbie Merritt and Justin Ray, spreadsheets purporting to show the use of funds prepared by Debbie Merrit and Jsutin Ray, Qualia Reports within John Magness' email, all of which are accessible at the following links:

https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC

https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC

https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC

https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC

Also see Starrex' various filings and reports filed with the CSE and SEDAR, which are publicly available and may be produced as supplemental production at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 33:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and EssentVentures, LLC, identifying, evidencing, and/or discussing any amounts due and owing from Defendants to a Starrex entity.

**RESPONSE: Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Defendants further object to this request to the extent that it seeks documents from others outside of Defendants' possession, custody, or control. For instance, Nelson Mitchell does not act on behalf of Defendants and is not under the control of Defendants. Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession; none known to Defendants with EssentVentures, LLC regarding any alleged amounts allegedly due and owing from Defendants to a Starrex entity.**

**REQUEST FOR PRODUCTION NO. 34:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Agents National Title Insurance Company, identifying, evidencing, and/or discussing any amounts due and owing from Defendants to a Starrex entity.

**RESPONSE: Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Defendants further object to this request to the extent that it seeks documents from others outside of Defendants' possession, custody, or control. For instance, Nelson Mitchell does not act on behalf of Defendants and is not under the control of Defendants. Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession; none known to Defendants as to documents and communications between Defendants and with Agents National Title Insurance Company regarding any alleged amounts allegedly due and owing from Defendants to a Starrex entity.**

**REQUEST FOR PRODUCTION NO. 35:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Draycott Advisors, identifying, evidencing, or discussing any amounts due and owing from Defendants to a Starrex entity.

**RESPONSE: Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Defendants further object to this request to the extent that it seeks documents from others outside of Defendants' possession, custody, or control. For instance, Nelson Mitchell does not act on behalf of Defendants and is not under the control of Defendants. Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiting same, Defendants state that they do not believe there are any documents and communications between Defendants and Draycott Advisors regarding any alleged amounts allegedly due and owing from Defendants to a Starrex entity. If any do exist, which should encompass all communications between Defendants and Draycott regarding any subject matter, they would be available as follows: please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

Unofficial Copy Office of Marilyn Burgess District Clerk

**REQUEST FOR PRODUCTION NO. 36:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and EssentVentures, LLC concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida.

**RESPONSE: Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Defendants further object to this request to the extent that it seeks documents from others outside of Defendants' possession, custody, or control. For instance, Nelson Mitchell does not act on behalf of Defendants and is not under the control of Defendants. Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiting same, Defendants state that they are not aware of documents and communications between Defendants and EssentVentures regarding any loan or line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, and Magnolia Florida." allegedly due and owing from Defendants to a Starrex entity. If any do exist, they would be available as follows: please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**REQUEST FOR PRODUCTION NO. 37:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Agents National Title Insurance Company concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida.

**RESPONSE: Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Defendants further object to this request to the extent that it seeks documents from others outside of Defendants' possession, custody, or control. For instance, Nelson Mitchell does not act on behalf of Defendants and is not under the control of Defendants. Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to the foregoing objections and without waiving same, Defendants state that they are not aware of any documents and communications between Defendants and Agents National Title Insurance Company regarding any loan or line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, and Magnolia Florida." If there are any, they would be located as follows with the emails of John Magness and Britt Naponic: please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**REQUEST FOR PRODUCTION NO. 38:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Draycott Advisors concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida.

**RESPONSE: Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Defendants further object to this request to the extent that it seeks documents from others outside of Defendants' possession, custody, or control. For instance, Nelson Mitchell does not act on behalf of Defendants and is not under the control of Defendants. Defendants object to this request to the extent that the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession; none known to Defendants with Draycott Advisors "concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida." If there are any, they would be located as follows with the emails of John Magness and Britt Naponic: please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**REQUEST FOR PRODUCTION NO. 39:** All documents identifying or evidencing any payments Defendants made under the Promissory Notes and/or any loan from a Starrex entity to Defendants.

**RESPONSE: This request is overly broad in time and scope, vague, and ambiguous. This request does not with reasonable specificity provide the category or type of items sought. Subject to the foregoing objection(s), and without waiving same, none, no "Supplemental Loans" exist, whatever these may be. If Plaintiffs allege any such payments were made or documents exist, they should refer to their own documentation as they completely controlled all of Defendants' accounts and accounting and decided how to use the money and whether to make any advancements or fronts of money and if those were (allegedly made), how much, whether, and when to pay themselves back. If any, Plaintiffs generated any such documents that Plaintiffs seek.**

**REQUEST FOR PRODUCTION NO. 40:** All documents identifying or evidencing any payments Defendants made under the Supplemental Loans.

**RESPONSE: This request is overly broad in time and scope, vague, and ambiguous. This request does not with reasonable specificity provide the category or type of items sought. Subject to the foregoing objection(s), and without waiving same, none, no "Supplemental Loans" exist, whatever these may be. If Plaintiffs allege any such payments were made or documents exist, they should refer to their own documentation as they completely controlled all of Defendants' accounts and accounting and decided how to use the money and whether to make any advancements or fronts of money and if those were (allegedly made), how much, whether, and when to pay themselves back. If any, Plaintiffs generated any such documents that Plaintiffs seek.**

**REQUEST FOR PRODUCTION NO. 41:** All documents identifying or evidencing any payments Defendants made to a Starrex entity related to any line of credit extended to Defendants.

**RESPONSE: This request is overly broad in time and scope, vague, and ambiguous. This request does not with reasonable specificity provide the category or type of items sought. Subject to the foregoing objection(s), and without waiving same, none, no "Supplemental Loans" exist, whatever these may be. If Plaintiffs allege any such payments were made or documents exist, they should refer to their own documentation as they completely controlled all of Defendants' accounts and accounting and decided how to use the money and whether to make any advancements or fronts of money and if those were (allegedly made), how much, whether, and when to pay themselves back. If any, Plaintiffs generated any such documents that Plaintiffs seek because they had complete financial control and financial management of Defendants. For further response, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**REQUEST FOR PRODUCTION NO. 42:** All internal documents and/or communications by and/or between Defendants referencing, concerning and/or relating to any line of credit between a Starrex entity and Defendants.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it requires Defendants to guess or speculate as to what is being requested, and to the extent it fails to identify the documents with reasonable particularity, as required by the Rules.** *Loftin v. Martin*, **776 S.W.2d 145, 148 (Tex. 1989);** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024); TEX. R. CIV. P. 196.1(b). (For instance, what documents and communications might "relat[e] to" or "concern[]" or "reference[]" a "a line of credit between a Starrex entity and Defendants"). Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.** *See also* **TRCP 193.3. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Additionally, non-privileged, responsive documents will be produced in discovery at a mutually convenient time, which will include any additional responsive emails and any other responsive communications, and other documents that have been referenced in the exhibit to Defendants' Motion for Leave.**

**REQUEST FOR PRODUCTION NO. 43:** All documents and/or communications by and between any Members and John Magness concerning and/or relating to any line of credit or loans between a Starrex entity and Defendants.

**RESPONSE: Defendants object to this request as vague, ambiguous, and overbroad.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin***. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Accordingly, a withholding statement is made and a protective order is sought due to the privileges involved.** *See, e.g.***, TRCP 193.3 and TRCP 192.6.**

**Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**REQUEST FOR PRODUCTION NO. 44:** All documents and/or communications by and between any Members and Starrex concerning and/or relating to any line of credit or loans between a Starrex entity and Defendants.

**RESPONSE: Defendants object this request as overly broad and unduly burdensome, and because the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.  Defendants further object to this request to the extent that it seeks documents from others outside of Defendants' possession, custody, or control.  Defendant does not control its Members; rather, its Members control Defendant.  Defendant does not have control or authority to compel one of its Members to provide documents.  Subject to objections and without waiting same, Defendants state that they do not believe there are any documents and communications between Defendants and Draycott Advisors regarding any alleged amounts allegedly due and owing from Defendants to a Starrex entity.  If any do exist, which should encompass all communications between Defendants and Draycott regarding any subject matter, they would be available as follows: please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity** **– Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast** **– Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR** **– Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL** **– Magnolia Florida Arkansas, LLC**

**For further response, also see publicly available filings Starrex has filed on SEDAR+ and with the CSE in the form of Progress Reports, Quarterly Reports, Annual Reports, Management Discussion and Analysis Reports, and other related documents, as well as any supplemental communications which will be produced in discovery at a mutually convenient time.**

Unofficial Copyright © of Martin J. Europan Tscudod.com

**REQUEST FOR PRODUCTION NO. 45:** All documents and/or communications concerning and/or relating to the allegation in the Counterclaim that "there was an agreement whereby a Starrex entity was to obtain a line of credit on behalf of Counter-Plaintiffs" as alleged in Paragraph 29 of the Counterclaim.

**RESPONSE: Defendants object to this request to the extent that it attempts to force Defendants to marshal all their evidence. Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Accordingly, a withholding statement is made and a protective order is sought due to the privileges involved. *See, e.g.*, TRCP 193.3 and TRCP 192.6.**

**Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control. Additionally, please see documents produced by Plaintiffs on March 8, 2024 at 1:22PM by email from Eric D. Wade to Philip Racusin, including emails of Britt Naponic and John Magness, all of which are accessible at the following links:**

**https://starrexintl.sharepoint.com/sites/MagnoliaSolCity – Sol City Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaCoast – Coast to Coast Title, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaAR – Magnolia Title Arkansas, LLC**

**https://starrexintl.sharepoint.com/sites/MagnoliaFL – Magnolia Florida Arkansas, LLC**

**Also see publicly available filings Starrex has filed on SEDAR+ and with the CSE in the form of Progress Reports, Quarterly Reports, Annual Reports, Management Discussion and Analysis Reports, and other related documents, which are equally accessibly to Starrex as to Defendants; Defendants will also produce these in discovery at a mutually convenient time.**

## FIRST AMENDED OBJECTIONS AND RESPONSES TO
## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit that John Magness is the sole manager of Coast to Coast.

**RESPONSE: ADMIT**

**REQUEST FOR ADMISSION NO. 2:**   Admit that John Magness is the sole manager of Sol City.

**RESPONSE: ADMIT**

**REQUEST FOR ADMISSION NO. 3:**   Admit that John Magness the sole manager of Magnolia Arkansas.

**RESPONSE: ADMIT**

**REQUEST FOR ADMISSION NO. 4:**   Admit that John Magness is the sole manager of Magnolia Florida.

**RESPONSE: ADMIT**

**REQUEST FOR ADMISSION NO. 5:**   Admit that Coast to Coast received funds from a Starrex Entity.

**RESPONSE:   Insufficient information to admit or deny at this time because Debbie Merritt and Justin Ray represented to the Magnolias that they transferred monies from Starrex International, Ltd. to the bank accounts of the Magnolia entities.  Magnolias cannot acquire personal knowledge until or unless they are able to review the bank statements, if they can access them.  They are not able to access the Frost Bank Accounts at this juncture.  Any other accounts they can access were only opened sometime in December 2023 at Origin Bank.**

**REQUEST FOR ADMISSION NO. 6:**   Admit that Sol City received funds from a Starrex Entity.

**RESPONSE:   Insufficient information to admit or deny at this time because Debbie Merritt and Justin Ray represented to the Magnolias that they transferred monies from Starrex International, Ltd. to the bank accounts of the Magnolia entities.  Magnolias cannot acquire personal knowledge until or unless they are able to review the bank statements, if they can access them.  They are not able to access the Frost Bank Accounts at this juncture.  Any other accounts they can access were only opened sometime in December 2023 at Origin Bank.**

**REQUEST FOR ADMISSION NO. 7:**     Admit that Magnolia Arkansas received funds from a Starrex Entity.

**RESPONSE:   Insufficient information to admit or deny at this time because Debbie Merritt and Justin Ray represented to the Magnolias that they transferred monies from Starrex International, Ltd. to the bank accounts of the Magnolia entities.  Magnolias cannot acquire personal knowledge until or unless they are able to review the bank statements, if they can access them.  They are not able to access the Frost Bank Accounts at this juncture.  Any other accounts they can access were only opened sometime in December 2023 at Origin Bank.**

**REQUEST FOR ADMISSION NO. 8:**     Admit that Magnolia Florida received funds from a Starrex Entity.

**RESPONSE:   Insufficient information to admit or deny at this time because Debbie Merritt and Justin Ray represented to the Magnolias that they transferred monies from Starrex International, Ltd. to the bank accounts of the Magnolia entities.  Magnolias cannot acquire personal knowledge until or unless they are able to review the bank statements, if they can access them.  They are not able to access the Frost Bank Accounts at this juncture.  Any other accounts they can access were only opened sometime in December 2023 at Origin Bank.**

**REQUEST FOR ADMISSION NO. 9:**     Admit that Coast to Coast has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.**

**Subject to the foregoing objections and without waiving same, Defendants respond as follows: Insufficient information to admit or deny at this time because although Defendants understand that Starrex International, Ltd. is claiming that Defendants owe it money, they understood any alleged monetary transfers to be advances in anticipation of Starrex's merger/acquisition of Defendants, and that, as Debbie Merritt and Justin Ray were in complete control of the finances of Defendants during the relevant times, the answer cannot be known until an accounting is performed.  Defendants and their leadership have asked for accounting records but were never provided anything that would enable them to understand the true nature of the finances and had to rely completely on Debbie Merritt and Justin Ray. It is certainly true that an accounting is needed.**

**REQUEST FOR ADMISSION NO. 10:**    Admit that Sol City has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.**

**Subject to the foregoing objections and without waiving same, Defendants respond as follows: Insufficient information to admit or deny at this time because although Defendants understand that Starrex International, Ltd. is claiming that Defendants owe it money, they understood any alleged monetary transfers to be advances in anticipation of Starrex's merger/acquisition of Defendants, and that, as Debbie Merritt and Justin Ray were in complete control of the finances of Defendants during the relevant times, the answer cannot be known until an accounting is performed.  Defendants and their leadership have asked for accounting records but were never provided anything that would enable them to understand the true nature of the finances and had to rely completely on Debbie Merritt and Justin Ray. It is certainly true that an accounting is needed.**

**REQUEST FOR ADMISSION NO. 11:**    Admit that Magnolia Arkansas has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.**

**Subject to the foregoing objections and without waiving same, Defendants respond as follows: Insufficient information to admit or deny at this time because although Defendants understand that Starrex International, Ltd. is claiming that Defendants owe it money, they understood any alleged monetary transfers to be advances in anticipation of Starrex's merger/acquisition of Defendants, and that, as Debbie Merritt and Justin Ray were in complete control of the finances of Defendants during the relevant times, the answer cannot be known until an accounting is performed.  Defendants and their leadership have asked for accounting records but were never provided anything that would enable them to understand the true nature of the finances and had to rely completely on Debbie Merritt and Justin Ray. It is certainly true that an accounting is needed.**

**REQUEST FOR ADMISSION NO. 12:**    Admit that Magnolia Florida has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.**

**Subject to the foregoing objections and without waiving same, Defendants respond as follows: Insufficient information to admit or deny at this time because although Defendants understand that Starrex International, Ltd. is claiming that Defendants owe it money, they understood any alleged monetary transfers to be advances in anticipation of Starrex's merger/acquisition of Defendants, and that, as Debbie Merritt and Justin Ray were in complete control of the finances of Defendants during the relevant times, the answer cannot be known until an accounting is performed.  Defendants and their leadership have asked for accounting records but were never provided anything that would enable them to understand the true nature of the finances and had to rely completely on Debbie Merritt and Justin Ray. It is certainly true that an accounting is needed.**

**REQUEST FOR ADMISSION NO. 13:**    Admit that John Magness provided Debbie Merritt a copy of his signature in electronic form.

**RESPONSE:   DENY because Magness did not "provide" Debbie Merrit with an electronic copy of his signature to use.**

**REQUEST FOR ADMISSION NO. 14:**  Admit that John Magness gave Debbie Merritt authority to affix his electronic signature on the Promissory Notes via a text message sent on April 19, 2023.

**RESPONSE:  DENY**

**REQUEST FOR ADMISSION NO. 15:**   Admit that on April 19, 2023 at 12:50 p.m., John Magness texted Debbie Merritt "[g]o ahead and sign them[]" in response to Debbie Merritt's text message to John Magness that provides: "Morning! If you have questions on the promissory notes please let me know. If you'd rather me put your signature on them I can. Just let me know."

**RESPONSE:  Insufficient information to admit or deny because the answer will not be known until further discovery is conducted.**

**REQUEST FOR ADMISSION NO. 16:**  Admit that the screen shot attached to these discovery requests as Exhibit A is an accurate image of text messages exchanged between John Magness and Debbie Merritt on April 19, 2023.

**RESPONSE:   Insufficient information to admit or deny because the answer will not be known until further discovery is conducted.**

**REQUEST FOR ADMISSION NO. 17:**    Admit that on May 1, 2023, John Magness signed the Coast to Coast Security Agreement in person in Starrex's offices before Matthew D Hill.

**RESPONSE:  ADMIT only that they were signed; insufficient information to admit or deny the referenced date of May 1, 2023 because Defendants do not recall at this time.**

**REQUEST FOR ADMISSION NO. 18:**    Admit that on May 1, 2023, John Magness signed the Sol City Security Agreement in person in Starrex's offices before Matthew D. Hill.

**RESPONSE:  ADMIT only that they were signed; insufficient information to admit or deny the referenced date of May 1, 2023 because Defendants do not recall at this time.**

**REQUEST FOR ADMISSION NO. 19:**    Admit that on May 1, 2023, John Magness signed the Magnolia Arkansas Security Agreement in person in Starrex's offices before Matthew D. Hill.

**RESPONSE:  ADMIT only that they were signed; insufficient information to admit or deny the referenced date of May 1, 2023 because Defendants do not recall at this time.**

**REQUEST FOR ADMISSION NO. 20:**    Admit that on May 1, 2023, John Magness signed the Magnolia Florida Security Agreement in person in Starrex's offices before Matthew D. Hill.

**RESPONSE:  ADMIT only that they were signed; insufficient information to admit or deny the referenced date of May 1, 2023 because Defendants do not recall at this time.**

**REQUEST FOR ADMISSION NO. 21:**  Admit that on November 7, 2023, John Magness sent an email to Matthew D. Hill, terminating the Management Services Agreement effective December 7, 2023.

**RESPONSE: ADMIT**

**<u>REQUEST FOR ADMISSION NO. 22:</u>**    Admit that in the email attached to these discovery requests as Exhibit B includes a true and correct copy of an email sent by John Magness to Matt D. Hill on November 7, 2023.

**RESPONSE: ADMIT**

**CASE NO. 2023-85306**

| | | |
|---|---|---|
| STARREX INTERNATIONAL LTD., | § | IN THE DISTRICT COURT OF |
| STARREX INSURANCE HOLDINGS, INC., | § | |
| STARREX HOLDINGS, INC., AND | § | |
| STARREX INSURANCE SERVICES, INC. | § | |
| | § | |
|     PLAINTIFFS, | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| COAST TO COAST TITLE, LLC, SOL | § | |
| CITY TITLE, LLC, MAGNOLIA TITLE | § | |
| ARKANSAS, LTD., AND MAGNOLIA | § | |
| TITLE FLORIDA, LLC | § | 11TH JUDICIAL DISTRICT |
| | § | |
|     DEFENDANTS. | § | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS, AND INTERROGATORIES

    Defendants Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd.,

and Magnolia Title Florida, LLC (collectively "Defendants"), serve their objections and responses

to Plaintiffs' First Set of Requests for Production, Requests for Admissions, and Interrogatories

pursuant to the Texas Rules of Civil Procedure. Defendants reserve the right to amend and

supplement these responses throughout the course of the discovery period.



EXHIBIT
**7**

Respectfully submitted,

**HENDERSHOT COWART P.C.**

*/s/ Philip D. Racusin*
Simon W. Hendershot
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
SBN: 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809

**Pursuant to TRCP 21 & 21a, all documents should be served through the electronic filing manager and must include the following email addresses: trey@hchlawyers.com; pracusin@hchlawyers.com; paralegals@hchlawyers.com; netdocs@hchlawyers.com**

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document was served on all parties through counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure on April 26, 2024.

*/s/ Philip D. Racusin*
Philip D. Racusin

# GENERAL OBJECTIONS

**Defendants** Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd., and Magnolia Title Florida, LLC **("Defendants" or "Magnolias")** respond to **Starrex International Ltd., Starrex Insurance Holdings, Inc., Starrex Holdings, Inc., and Starrex Insurance Services, Inc.'s (collectively, "Plaintiffs" or "Starrex") (Joint) First Requests for Production, Requests for Admission, and Interrogatories to Defendants Coast to Coast Title, LLC, Sol City Title, LLC, Magnolia Title Arkansas, Ltd. and Magnolia Title Florida, LLC, in** conformity with the Texas Rules of Civil Procedure and the Texas Rules of Evidence. Insofar as **Plaintiffs**' discovery requests exceed the requirements of these rules, **Defendants** object.

These responses are made on the basis of information presently available to **Defendants** upon reasonable investigation. As discovery is an on-going process, there may be further facts and/or documents affecting **Defendants**' responses, of which **Defendants** are presently unaware despite reasonable investigation and inquiry. **Defendants** reserve the right to modify and supplement these responses with such relevant information as may subsequently be discovered. **Defendants**' responses are made without prejudice to it using or relying at trial on subsequently discovered information omitted from these responses as a result of good faith oversight, error, or mistake.

**Defendants** object to these requests to the extent that they seek information, materials, or documents which are proprietary, confidential, and/or contain trade secrets, such as strategic information, internal policies, procedures and manuals, financial information, personal information, marketing information, or other. The disclosure of such information, materials, or documents to third parties could cause **Defendants** competitive harm. For this reason, **Defendants** reserve the right to withhold any such information which is responsive to any discovery request pending entry of a mutually agreeable protective order.

**Defendants** object to each of these Requests to the extent that the Requests seek documents protected by the attorney-client privilege, work product privilege, party-communications privilege, and the consulting-expert exemption, and asserts such privileges and exemptions as contemplated by the Texas Rules of Civil Procedure. Documents responsive to the Requests may be withheld on the basis of privilege. **Defendants** further object to these Requests to the extent that documents sought may be protected under any other Texas statutory or common law privilege.

**Defendants** do not, and do not intend to, waive the attorney-client privilege or the work- product doctrine in responding to discovery requests. Inadvertent disclosure, if any, of any information which is, or may be privileged, which constitutes attorney work-product and/or which is otherwise exempt from discovery shall not constitute a waiver of any privilege or applicable objection to the disclosure of such information or the subject matter thereof, or the information contained herein, or the right of **Defendants** to object to the use of any such information during subsequent proceedings in this matter.

**Defendants** object to these Requests to the extent that they seek to impose an obligation on **Defendants** to produce documents not subject to its possession, custody, or control under which these Requests were served.

**Defendants** object to these Requests to the extent that they seek documents and information protected by medical privacy under the Health Insurance Portability and Accountability Act ("HIPAA"), Texas Rule of Evidence 509, and section 74.052(c) of the Texas Civil Practice and Remedies Code. *In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009).

**Defendants** further object to these Requests to the extent that they purport to require discovery which falls outside the scope of permissible discovery under the Texas Rules of Civil Procedure and/or common law of the State of Texas, and to the extent that they purport to require the discovery of documents which are not reasonably calculated to lead to the discovery of admissible evidence or because they are unduly burdensome and/or requested documents may be found in public records or are otherwise equally accessible to **Plaintiffs** as to **Defendants**.

These responses are made without waiver of any objections **Defendants** may have with respect to any subsequent attempted use of these responses, and **Defendants** specifically reserve all objections as to the competency, privilege, materiality and admissibility of these requests and the responses herein, including, without limitation, the right to object to the use of these responses in any subsequent proceedings in this matter or any other lawsuit, and the right to object on any and all proper grounds, at any time, to other discovery procedures relating to these responses.

**Defendants** also objects to the **Plaintiffs**' instructions regarding the production of documents in certain specified electronic forms, which are unreasonable in terms of their specificity and demands, particularly given the expedited nature of this discovery.

**Defendants** respond to each Request expressly subject to and conditioned upon each of the foregoing objections and privileges.

**Defendants** object to the time, place, and manner of production and will make production in a reasonable manner in accordance with the Texas Rules at a mutually convenient time and place.

**Defendants** reserve the right to amend or supplement these responses in accordance with Rule 193.5 of the Texas Rules of Civil Procedure.

## RESPONSE AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and/or communications between Defendants and Starrex concerning or relating to the Management Services Agreement, including but not limited to the performance of or any obligation(s) under the Management Services Agreement.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the term "relating" to, "concerning", and the phrase "including but not limited to . . . ." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" the referenced subject matter. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent there are any other responsive, non-privileged documents available, if any, they will be produced in discovery at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 2:** All documents and/or communications by and between Defendants referencing, concerning and/or relating to the Management Services Agreement.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the Management Services Agreement." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent there are any other responsive, non-privileged documents available, if any, they will be produced in discovery at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Coast to Coast.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a loan from Starrex Insurance Services, Inc. to Coast to Coast." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Coast to Coast.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a line of credit from any Starrex entity to Coast to Coast."  *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased.  Plaintiff did the same with Defendants' employees' files.  Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness.  Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all.  Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.  Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Coast to Coast to any Starrex entity.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "<u>any</u> debt that remains owed by Coast to Coast to any Starrex entity" (underlined emphasis added). *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* __ S.W.3d __, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original)(concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Sol City.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a loan from Starrex Insurance Services, Inc. to Sol City." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Sol City.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a line of credit from any Starrex entity to Sol City." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

4887-1448-4407                                                                 Page 11 of 65

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Sol City to any Starrex entity.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "<u>any</u> debt that remains owed by Sol City to any Starrex entity" (underlined emphasis added). *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Magnolia Arkansas.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a loan from Starrex Insurance Services, Inc. to Magnolia Arkansas." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Magnolia Arkansas.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a line of credit from any Starrex entity to Magnolia Arkansas." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Magnolia Arkansas to any Starrex entity.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "<u>any</u> debt that remains owed by Magnolia Arkansas to any Starrex entity" (underlined emphasis added). *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* __ S.W.3d __, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications referencing, concerning and/or relating to a loan from Starrex Insurance Services, Inc. to Magnolia Florida.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a loan from Starrex Insurance Services, Inc. to Magnolia Florida." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin.* Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications referencing, concerning and/or relating to a line of credit from any Starrex entity to Magnolia Florida.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "a line of credit from any Starrex entity to Magnolia Florida." *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications referencing, concerning and/or relating to any debt that remains owed by Magnolia Florida to Starrex.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "any debt that remains owed by Magnolia Florida to Starrex" (underlined emphasis added). *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer*, _ S.W.3d _ 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications referencing, concerning and/or relating to the Sol City Security Agreement.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the Sol City Security Agreement" (underlined emphasis added). *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin.* Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications referencing, concerning and/or relating to the Magnolia Arkansas Security Agreement.

**RESPONSE:**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the Magnolia Arkansas Security Agreement" (underlined emphasis added).** *Loftin v. Martin*, **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin***. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications referencing, concerning and/or relating to the Magnolia Florida Security Agreement.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the Magnolia Florida Security Agreement" (underlined emphasis added). *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Coast to Coast Security

Agreement.

**RESPONSE:**

**Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid. Accordingly, no "collateral" exists.**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the disposition of collateral defined in the Coast to Coast Security Agreement" (underlined emphasis added).  *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants...[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules.").  As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. Additionally, the referenced security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " '*Collateral*' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing."  The ambiguity derives especially from these numerous capitalized terms, _all_ of which are not defined.  This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased.  Plaintiff did the same with Defendants' employees' files.  Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness.  Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all.  Additionally, the burden to locate these responsive emails and files is**

equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.  Subject to objections and without waiving same, none.

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Sol City Security Agreement.

**RESPONSE:**

Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid.  Accordingly, no "collateral" exists.

Defendants further object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the disposition of collateral defined in the Sol City Security Agreement" (underlined emphasis added).  *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer*, _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. Additionally, the referenced security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " '**Collateral**' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing."  The ambiguity derives especially from these numerous capitalized terms, **all** of which are not defined.   This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by

Plaintiffs as they pleased.  Plaintiff did the same with Defendants' employees' files.  Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness.  Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all.  Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.  Subject to objections and without waiving same, none.

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Magnolia Arkansas Security Agreement.

**RESPONSE:**

**Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid.  Accordingly, no "collateral" exists.**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the disposition of collateral defined in the Magnolia Arkansas Security Agreement"** (underlined emphasis added).  *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. Additionally, the referenced security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " ' Collateral' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing." The ambiguity derives especially from these numerous capitalized terms, all of which are not defined.   This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production**

of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased.  Plaintiff did the same with Defendants' employees' files.  Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness.  Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all.  Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.  Subject to objections and without waiving same, none.

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications referencing, concerning and/or relating the disposition of collateral defined in the Magnolia Florida Security Agreement.

**RESPONSE:**

Objection, the security agreement referenced is based on a forged promissory note; therefore, is it unenforceable and invalid.  Accordingly, no "collateral" exists.

Defendants further object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "the disposition of collateral defined in the Magnolia Florida Security Agreement" (underlined emphasis added).  *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. Additionally, the referenced security agreement contains an extremely broad and exceptionally vague and ambiguous definition of "Collateral," which would encompass every single item or any value or type owned, tangible and intangible, to wit: " '<u>Collateral</u>' means collectively, all of the Debtor's right, title and interest in the following assets: (i) all of the Debtor's Inventory, Accounts, Equipment, Fixtures, Investment Property, Deposit Accounts, General Intangibles, Documents, Instruments, Chattel Paper, Commercial Tort Claims, Letter-of-Credit Rights, Supporting Obligations, money and other personal property and (ii) all Products and Proceeds of the foregoing."  The ambiguity derives especially from these numerous capitalized terms, <u>all</u> of

which are not defined.    This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased.  Plaintiff did the same with Defendants' employees' files.  Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness.  Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all.   Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.  Subject to objections and without waiving same, none.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications referencing, concerning and/or relating to any loan(s) from any Starrex entity to Defendants or any money that Defendants have (or previously had) an obligation to repay.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing", "concerning", "and/or" "relating to" "any loan(s) from any Starrex entity to Defendants" or any memorialized debt obligation. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* __ S.W.3d __, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.

Subject to the foregoing objections and without waiving same, there was no memorialized loan Defendant was obligated to repay.

**REQUEST FOR PRODUCTION NO. 23:** All documents and/or communications between Defendants and any Starrex entity concerning or relating to the Promissory Notes, including but not limited to the performance of or any obligation(s) under the Promissory Notes.

**RESPONSE:**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "concerning", "or" "relating to" "the Promissory Notes" and "including but not limited to the performance of or any obligation(s) under the Promissory Notes," which is incredibly overly broad and vague.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin.* **Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 24:** All documents and/or communications by and between Coast to Coast, Sol City, Magnolia Arkansas, and/or Magnolia Florida referencing, concerning and/or relating to the Promissory Notes.

**RESPONSE:**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "concerning", "or" "relating to" "the Promissory Notes" and "including but not limited to the performance of or any obligation(s) under the Promissory Notes," which is incredibly overly broad and vague.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **\_ S.W.3d \_, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin***. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 25:** All documents and/or communications by and between Coast to Coast, Sol City, Magnolia Arkansas, and/or Magnolia Florida referencing, concerning and/or relating to the Security Agreements.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "concerning", "or" "relating to" "the Security Agreements" which is incredibly overly broad and vague. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 26:** All documents and/or communications between Defendants and Starrex concerning or relating to any request for credit, money, or loans from any Starrex entity, including but not limited to emails between Defendants and Justin Ray.

**RESPONSE:**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "concerning", "or" "relating to" "any request for credit, money, or loans from any Starrex entity" and "including but not limited to emails between Defendants and Justin Ray," which is incredibly overly broad and vague.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b)** *and* *Loftin.* **Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.**

**REQUEST FOR PRODUCTION NO. 27:** All documents and/or communications between Defendants and any of the Defendants' Members concerning or relating to any request for credit, money, or loans from any Starrex entity.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "concerning", "or" "relating to" "the Security Agreements" which is incredibly overly broad and vague. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs—although Plaintiffs are asking, in part, for communications between Defendants and their own members, those communications used official magnoliatitleteam.com email addresses, which Plaintiffs controlled and which emails Plaintiff retained and reviewed. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 28:** All documents and/or communications between Defendants and Starrex concerning or relating to the "line of credit to be used for [Defendants] benefit" as alleged in Paragraph 17 of the Counterclaim, including but not limited to the negotiation of the "line of credit," any performance related to the "line of credit," and any payments made under the "line of credit."

**RESPONSE:**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "concerning", "or" "relating to" the "line of credit" and "including but not limited to the negotiation of the 'line of credit'", as well as "any performance related to the 'line of credit' ", and "any payments made under the 'line of credit' ", which is incredibly overly broad and vague. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession.**

**REQUEST FOR PRODUCTION NO. 29:** All documents and communications referencing, concerning and/or relating to any capital and/or sum of money received by Defendants from any Starrex entity from January 1, 2022 to the present.

**RESPONSE:**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because of its use of the terms "referencing," "concerning", "and/or" "relating to" "any capital and/or sum of money received by Defendants from any Starrex entity from January 1, 2022 to the present," which is incredibly overly broad and vague, especially since numerous money transfers went between the parties for years. *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer*, _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession.**

**REQUEST FOR PRODUCTION NO. 30:** All documents identifying any money loaned by any Starrex entity to any Defendants from January 1, 2022 to the present, including but not limited to any amounts loaned to Defendants by a Starrex entity under a loan or any line of credit.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, and overbroad. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control; Defendants will not re-produce these back to Plaintiffs. To the extent any additional responsive, non-privileged documents exist, they will be produced in discovery at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 31:** All documents identifying or evidencing any amounts due and owing from Defendants to any Starrex entity, including but not limited to any financial statements, proformas, budgets, or other documents setting forth any amounts owed to Starrex by Defendants.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also, In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).

Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. To the extent that there are any responsive documents, a withholding statement is hereby interlineated on the basis of the aforementioned privileged and a protective order sought.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession. Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails

within Plaintiffs' possession; Defendants did not have access to any of the financial information, only Plaintiffs did.

**REQUEST FOR PRODUCTION NO. 32:** All documents and communications between Defendants and any third party, including but not limited to auditors, identifying, evidencing, and/or discussing any amounts due and owing from Defendants to any Starrex entity.

**RESPONSE: Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.** *In re Scherer,* _ S.W.3d _, **2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin***. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules.").  Defendants further object to the incredible overbreadth and fishing expedition that results from the unlimited time frame and the term "third party", which encompasses literally any person or entity that is not Defendants. Defendants further object to the extent that this request seeks materials and documents that are work-product privileged, common interest privileged, joint defenses privileged, and attorney-client privileged.   To the extent that there are any responsive documents, a withholding statement is hereby interlineated on the basis of the aforementioned privileged and a protective order sought.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased.  Plaintiff did the same with Defendants' employees' files.  Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness.  Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all.  Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months.  Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants.  Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession.  Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession; none with auditors that are known to Defendants other than what Plaintiffs may already have in their possession.**

**REQUEST FOR PRODUCTION NO. 33:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and EssentVentures, LLC, identifying, evidencing, and/or discussing any amounts due and owing from Defendants to a Starrex entity.

**RESPONSE:**

**Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.** *In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that **"regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin*. **Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). Defendants further object to this request as overbroad given the unlimited time frame involved.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession.**

**Plaintiffs have been reviewing Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.**

**Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the the documents and emails within Plaintiffs' possession; none known to Defendants with EssentVentures, LLC regarding any alleged amounts allegedly due and owing from Defendants to a Starrex entity.**

**REQUEST FOR PRODUCTION NO. 34:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Agents National Title Insurance Company, identifying, evidencing, and/or discussing any amounts due and owing from Defendants to a Starrex entity.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *In re Scherer*, _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). Defendants further object to this request as overbroad given the unlimited time frame involved.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession.

Plaintiffs have been reviewing Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.

Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the the documents and emails within Plaintiffs' possession; none known to Defendants with Agents National Title Insurance Company regarding any alleged amounts allegedly due and owing from Defendants to a Starrex entity.

**REQUEST FOR PRODUCTION NO. 35:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Draycott Advisors, identifying, evidencing, or discussing any amounts due and owing from Defendants to a Starrex entity.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *In re Scherer, _ S.W.3d _, 2024 WL 628528, *12* (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). Defendants further object to this request as overbroad given the unlimited time frame involved.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession.

Plaintiffs have been reviewing Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.

Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the the documents and emails within Plaintiffs' possession; none known to Defendants with Draycott Advisors regarding any alleged amounts allegedly due and owing from Defendants to a Starrex entity.

**REQUEST FOR PRODUCTION NO. 36:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and EssentVentures, LLC concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *In re Scherer,* _ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). Defendants further object to this request as overbroad given the unlimited time frame involved.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession.

Plaintiffs have been reviewing Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.

Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the the documents and emails within Plaintiffs' possession; none known to Defendants with EssentVentures, LLC regarding "relating to a [alleged] loan or a [alleged] line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida."

**REQUEST FOR PRODUCTION NO. 37:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Agents National Title Insurance Company concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *In re Scherer*, __ S.W.3d __, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). Defendants further object to this request as overbroad given the unlimited time frame involved.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession.

Plaintiffs have been reviewing Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.

Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession.

**REQUEST FOR PRODUCTION NO. 38:** All documents and communications between Defendants (including but not limited to John Magness and Nelson Mitchell) and Draycott Advisors concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida.

**RESPONSE:**

Defendants object to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *In re Scherer*, _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). Defendants further object to this request as overbroad given the unlimited time frame involved.

Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Likewise, all financial statements budgets and proformas were generated by Plaintiffs and Plaintiffs have superior possession.

Plaintiffs have been reviewing Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.

Subject to the foregoing objections and without waiving same, Defendants refer Plaintiffs to the documents and emails within Plaintiffs' possession; none known to Defendants with Draycott Advisors "concerning and/or relating to a loan or a line of credit from a Starrex entity to Coast to Coast, Sol City, Magnolia Arkansas, or Magnolia Florida."

**REQUEST FOR PRODUCTION NO. 39:** All documents identifying or evidencing any payments Defendants made under the Promissory Notes and/or any loan from a Starrex entity to Defendants.

**RESPONSE: This request is overly broad in time and scope, vague, and ambiguous.   This request does not with reasonable specificity provide the category or type of items sought.  Subject to the foregoing objection(s), and without waiving same, none, no "Supplemental Loans" exist, whatever these may be.  If Plaintiffs allege any such payments were made or documents exist, they should refer to their own documentation as they completely controlled all of Defendants' accounts and accounting and decided how to use the money and whether to make any advancements or fronts of money and if those were (allegedly made), how much, whether, and when to pay themselves back.  If any, Plaintiffs generated any such documents that Plaintiffs seek.**

**REQUEST FOR PRODUCTION NO. 40:** All  documents identifying or evidencing any payments Defendants made under the Supplemental Loans.

**RESPONSE: This request is overly broad in time and scope, vague, and ambiguous.   This request does not with reasonable specificity provide the category or type of items sought.  Subject to the foregoing objection(s), and without waiving same, none, no "Supplemental Loans" exist, whatever these may be.  If Plaintiffs allege any such payments were made or documents exist, they should refer to their own documentation as they completely controlled all of Defendants' accounts and accounting and decided how to use the money and whether to make any advancements or fronts of money and if those were (allegedly made), how much, whether, and when to pay themselves back.  If any, Plaintiffs generated any such documents that Plaintiffs seek.**

**REQUEST FOR PRODUCTION NO. 41:** All  documents identifying or evidencing any payments Defendants made to a Starrex entity related to any line of credit extended to Defendants.

**RESPONSE: This request is overly broad in time and scope, vague, and ambiguous.   This request does not with reasonable specificity provide the category or type of items sought.  Subject to the foregoing objection(s), and without waiving same, none, no "Supplemental Loans" exist, whatever these may be.  If Plaintiffs allege any such payments were made or documents exist, they should refer to their own documentation as they completely controlled all of Defendants' accounts and accounting and decided how to use the money and whether to make any advancements or fronts of money and if those were (allegedly made), how much, whether, and when to pay themselves back.  If any, Plaintiffs generated any such documents that Plaintiffs seek.**

**REQUEST FOR PRODUCTION NO. 42:** All internal documents and/or communications by and/or between Defendants referencing, concerning and/or relating to any line of credit between a Starrex entity and Defendants.

**RESPONSE: Defendants object to this request as vague, ambiguous, and overbroad.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **\_ S.W.3d \_, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin.* **Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Accordingly, a withholding statement is made and a protective order is sought due to the privileges involved.**

**Plaintiffs have been reviewed Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control (including voluminous emails from @magnolitatitleteam.com); Defendants will not re-produce these back to Plaintiffs.**

**REQUEST FOR PRODUCTION NO. 43:** All documents and/or communications by and between any Members and John Magness concerning and/or relating to any line of credit or loans between a Starrex entity and Defendants.

**RESPONSE: Defendants object to this request as vague, ambiguous, and overbroad. *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records."); *see also*, *In re Scherer*, _ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek *all* evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and *Loftin*. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Accordingly, a withholding statement is made and a protective order is sought due to the privileges involved.**

**Plaintiffs have been reviewed Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control (including voluminous emails from @magnolitatitleteam.com); Defendants will not re-produce these back to Plaintiffs. Also see publicly available filings Starrex has filed on SEDAR+ and with the CSE in the form of Progress Reports, Quarterly Reports, Annual Reports, Management Discussion and Analysis Reports, and other related documents, which are equally accessibly to Starrex as to Defendants.**

**REQUEST FOR PRODUCTION NO. 44:** All documents and/or communications by and between any Members and Starrex concerning and/or relating to any line of credit or loans between a Starrex entity and Defendants.

**RESPONSE: Defendants object to this request as vague, ambiguous, and overbroad.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, *12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin.* **Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Plaintiffs have been reviewed Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter.**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control (including voluminous emails from @magnolitatitleteam.com); Defendants will not re-produce these back to Plaintiffs. Also see publicly available filings Starrex has filed on SEDAR+ and with the CSE in the form of Progress Reports, Quarterly Reports, Annual Reports, Management Discussion and Analysis Reports, and other related documents, which are equally accessibly to Starrex as to Defendants.**

**REQUEST FOR PRODUCTION NO. 45:** All documents and/or communications concerning and/or relating to the allegation in the Counterclaim that "there was an agreement whereby a Starrex entity was to obtain a line of credit on behalf of Counter-Plaintiffs" as alleged in Paragraph 29 of the Counterclaim.

**RESPONSE: Defendants object to this request as vague, ambiguous, and overbroad.** *Loftin v. Martin,* **776 S.W.2d 145, 148 (Tex. 1989) (stating that "requests for production of documents must be specific, must establish materiality, and must recite precisely what it wants…[and] does not permit general inspection of the adversary's records.");** *see also, In re Scherer,* **_ S.W.3d _, 2024 WL 628528, \*12 (Tex. App. – Eastland, Feb. 15, 2024) (emphasis in original) (concluding that "regardless of whether they are global or particularized, requests for production that seek** *all* **evidence (or documents) that support an opposing party's allegations fail to describe the requested documents with 'reasonable particularity' as required by Rule 196.1(b) and** *Loftin***. Likewise, because such requests require a party to marshal its evidence, they exceed the permissible scope of discovery under the rules."). As written, this request would require Defendants to guess or speculate as to what might "relat[e] to" or what documents might "concern" or "reference" the subject matter stated. This request does not actually state what is being requested; rather, it improperly purports to impose on Defendants the obligation to divine what is being sought and to then produce it. Accordingly, this Request fails to identify the documents with reasonable particularity, as required by the Rules. TEX. R. CIV. P. 196.1(b).**

**Defendants also object to the extent that this request might be read to call for the production of documents that are protected from disclosure by the attorney client privilege, the attorney work product doctrine, or the work product privilege. Accordingly, a withholding statement is made and a protective order is sought due to the privileges involved.**

**Plaintiffs have been reviewed Defendants' emails for months while they crafted their litigation strategy, filed suit, and thereafter**

**Defendants further object because to the extent the Plaintiffs seek files and emails between the parties, thousands of emails belonging to John Magness, Britt Naponic, and many other employees and former employees of Defendants were stored by Plaintiffs and accessed by Plaintiffs as they pleased. Plaintiff did the same with Defendants' employees' files. Plaintiffs maintained full control over these emails and files and recently produced caches of Outlook emails and some files belonging to Britt Naponic and John Magness. Defendants will not and have no obligation to re-produce back to Plaintiffs emails and files to the extent they are responsive, if at all. Additionally, the burden to locate these responsive emails and files is equally accessible or easier for Plaintiffs to locate as they had exclusive possession and control of such files and emails for months. Further, all accounting books and records are only in Plaintiffs' possession and despite requests for an accounting, Plaintiffs have refused to provide these documents to Defendants. Subject to objections and without waiving same, Defendants refer Plaintiffs to Defendants' emails, communications, documents, and files in their own possession, custody and control (including voluminous emails from @magnolitatitleteam.com); Defendants will not re-produce these back to Plaintiffs. Also see publicly available filings Starrex has filed on SEDAR+ and with the CSE in the form of Progress Reports, Quarterly**

**Reports, Annual Reports, Management Discussion and Analysis Reports, and other related documents, which are equally accessibly to Starrex as to Defendants.**

## DEFENDANTS' OBJECTIONS AND ANSWERS TO STARREX INTERNATIONAL, LTD.'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify the person or persons who answered, provided information for, or assisted in answering or otherwise responding to these interrogatories, including their name, address, and their role, title, or position.

**ANSWER: OBJECTION. Defendants object to this interrogatory as overbroad, unduly burdensome and harassing to the extent it seeks information beyond identification of the individuals primarily responsible for answering the interrogatories. *See Alford Chevrolet-Geo*, 997 S.W.2d 173 at 180-81 (Tex. 1999). Defendants further object that the request for the address of each individual is unnecessary and invades the individuals' right to privacy. Subject to and without waiving these objections, the interrogatories were prepared with the assistance of counsel and leadership of Defendants.**

**INTERROGATORY NO. 2:**        If You deny any of the Requests for Admissions, identify and describe the factual basis for each denial.

**ANSWER: Defendants object to this interrogatory as premature and improper. Defendants will respond to properly served requests for admission in accordance with TEX. R. CIV. P. 198. Defendants further object that this interrogatory is an impermissible attempt to circumvent the procedures governing requests for admission under Rule 198. *See In re TIG Ins. Co.*, 172 S.W.3d 160, 167-68 (Tex. App.—Beaumont 2005, orig. proceeding). Further, this interrogatory would constitute numerous discrete, violative subparts. Objection is made to this interrogatory to the extent that the requesting party seeks by this request to limit evidence, which may be introduced and presented at trial. The answering party objects to being required to provide a narrative answer and information with regard to all material facts or to respond —in detail because to do so would be at their peril by inadvertently omitting a fact or detail. This interrogatory is overly broad and seeks to require Defendants to marshal their evidence in response. Tex. R. Civ. P. 192.3(j), 192 cmt. 5; TRCP 197 cmt. 1; Cf., TRCP 194.2(c).**

**INTERROGATORY NO. 3:**         Identify the amount of money that each Defendant received from any Starrex entity (including but not limited to receiving money in the form of a loan, note, or any line of credit) and identify the amount(s) that have been repaid. If no amounts have been repaid, explain in detail why such amounts have not been repaid.

**ANSWER**: **Defendants object to this interrogatory as overbroad and not properly limited in temporal scope, as it lacks any time period restriction. Defendants further object to the extent the interrogatory requires them to marshal all their evidence on this issue. See TEX. R. CIV. P. 197.1.**

**Subject to the foregoing objection(s), and without waiving same, responding party answers as follows: Defendants have made a demand for an accounting in this case and in the past, requested information on the use of funds but received no transparency and only received information regarding numerous poorly categorized expenses with varying descriptions as well as very large, round numbers of monies sent back and forth from Starrex International, Ltd.  Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from Starrex International Ltd. and used as they pleased.  Additionally, at times, Starrex represented that any monies provided were merely an advance that would be reconciled at the time of Starrex's acquisition of Defendants.  Further, as explained in Defendants' pleadings and elsewhere, the alleged promissory notes attached to Plaintiff's petition as Exhibits 1-4 were forged and not authentic or binding.  Therefore, until a full accounting is performed, it cannot be accurately determined as to whether Starrex International Ltd. and other Starrex entities owe money to Defendants or Defendants owe any money to Starrex International Ltd., if at all.**

**INTERROGATORY NO. 4:**          Identify the legal and factual bases for Defendants' Counterclaim for breach of the Management Services Agreement, including the specific provisions of the Management Services Agreement which Defendants alleged was breached.

**ANSWER:  Defendants object to this interrogatory as calling for a detailed legal analysis and expert opinion testimony. Defendants are not required to marshal all their evidence or brief legal issues in response to an interrogatory. See TEX. R. CIV. P. 197.1; *In re Rogers*, 200 S.W.3d 318, 324 (Tex. App.—Dallas 2006, orig. proceeding).  Further, Defendants object to this interrogatory to the extent that it seeks mental impressions and work product that are protected by the work-product privilege.  Defendants are only required to answer with their general factual basis.   Subject to and without waiving these objections, Defendants' counterclaim for breach of the Management Services Agreement is generally based on various acts and failure by Starrex, including but not limited to Starrex's failures to act in Defendants' best interests and improperly diverting funds, misappropriation, overcharging fees, disclosing confidential information, improper solicitation, failures to account, and defamation and disparagement in violation of Sections 3.3 and 3.4 of the MSA, as detailed in Defendants' Counterclaim. Defendants will provide the Bates numbers of documents on which their counterclaim is based pursuant to TEX. R. CIV. P. 197.2(c).**

**INTERROGATORY NO. 5:**          Describe in detail the factual and legal basis for your contention that Starrex was acting in a fiduciary capacity to Defendants.

**ANSWER: Defendants object to this interrogatory as calling for a legal conclusion. *See Hycarbex, Inc. v. Anglo-Suisse, Inc.*, 927 S.W.2d 103, 108 (Tex. App.—Houston [14th Dist.] 1996, no writ) (purely legal question regarding existence of fiduciary relationship was improper subject for interrogatory).  Further, Defendants object to this interrogatory to the extent that it seeks mental impressions and work product that are protected by the work-product privilege.  Defendants are only required to answer as to their general factual basis. Subject to and without waiving this objection, Defendants generally contend, *inter alia*, Starrex owed them fiduciary duties based on the language in Sections 3.3 and 3.4 of the MSA imposing obligations on Starrex to act in Defendants' best interests and not take actions detrimental to Defendants, as detailed in Defendants' Counterclaim. The existence of a fiduciary relationship is ultimately a question of law for the Court. *See Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 700 (Tex. 2007).  Defendants also incorporate by reference their answer to Interrogatory No. 4 and its live pleadings on file with the Court.**

**INTERROGATORY NO. 6:**    Describe in detail all fiduciary duties that Defendants contend a Starrex entity owed Defendants that were breached and how they were breached.

**ANSWER: Defendants object to this interrogatory as overbroad and unduly burdensome in requiring them to "describe in detail all fiduciary duties" allegedly owed and breached. Defendants further object that the interrogatory improperly calls for a legal conclusion. Further, Defendants object to this interrogatory to the extent that it seeks mental impressions and work product that are protected by the work-product privilege. Objection is made to this interrogatory to the extent that the requesting party seeks by this request to limit evidence, which may be introduced and presented at trial. The answering party objects to being required to provide a narrative answer and information with regard to all material facts or to respond —in detail because to do so would be at their peril by inadvertently omitting a fact or detail. This interrogatory is overly broad and seeks to require Defendants to marshal their evidence in response. Tex. R. Civ. P. 192.3(j), 192 cmt. 5; TRCP 197 cmt. 1; Cf., TRCP 194.2(c). Subject to and without waiving these objections, Defendants generally contend Starrex entities owed them fiduciary duties of loyalty, care, full disclosure, and to refrain from self-dealing based on the language of the MSA and the nature of the relationship as alleged in the Counterclaim. Starrex entities breached these duties by diverting funds, overcharging fees, disclosing confidential information, interfering with operations, and engaging in the other misconduct alleged in Defendants' Counterclaim.**

**INTERROGATORY NO. 7:**    Describe in detail the factual and legal basis supporting Defendants [sic] contention that Starrex International, Starrex Insurance Holdings, Inc., Starrex Insurance services, Inc. and Starrex Technical Services, LLC breached fiduciary duties owed to Defendants, including but not limited to (1) a description of the specific acts or omissions of a Starrex entity that form the basis for each assertion that a Starrex entity breached a fiduciary duty; (2) what fiduciary duties you contend a Starrex entity breached as a result of the act or omission described; (3) the date of each act or omission described; and (4) the identify of all person(s) involved in the alleged breach of fiduciary duties.

**ANSWER: Defendants object to this interrogatory as overbroad and unduly burdensome in seeking "in detail" information about "each and every" alleged breach. *See In re Alford Chevrolet-Geo*, 997 S.W.2d at 180 n.1; *In re Greyhound Lines, Inc.*, 138 S.W.3d 19, 22 (Tex. App.—San Antonio 2004, orig. proceeding). The level of detail sought is appropriate for deposition but not for an interrogatory. Defendants also object that the interrogatory calls for a legal conclusion. Further, Defendants object to this interrogatory to the extent that it seeks mental impressions and work product that are protected by the work-product privilege. This interrogatory is improper, as it is outside the scope of this method for discovery as defined by the TRCP. TRCP 197 cmt.1; TRCP 197.1. OBJECTION. This interrogatory calls for a narrative. TRCP 192.3(j); see also TRCP 192 cmt. 5; see also TRCP 197 cmt. 1. Objection is made to this interrogatory to the extent that the requesting party seeks by this request to limit evidence, which may be introduced and presented at trial. The answering party objects to being required to provide information with regard to all material facts or to respond —in detail because to do so would be at their peril by inadvertently omitting a fact or detail. This interrogatory is overly broad and seeks to require Defendants to marshal their evidence in response. Tex. R. Civ. P. 192.3(j), 192 cmt. 5; TRCP 197 cmt. 1; Cf., TRCP 194.2(c).  Defendants are only required to detail their general factual basis. Subject to and without waiving these objections, Defendants generally allege that Starrex entities and their management, committed various acts and omissions, including but not limited to, breaching fiduciary duties by engaging in the misconduct described in the Counterclaim, including creating forged promissory notes, misappropriating the $98,000, misappropriating other amounts, creating and making charges to a slush fund, making misrepresentations and disparaging statements, disclosing confidential information, soliciting employees, and interfering with business operations. These breaches occurred from approximately December 2022 through the present and involved owners, officers, directors, and members of the audit committee, of Starrex and others.**

**INTERROGATORY NO. 8:**    Identify and describe in detail the factual and legal basis for Defendants' contention that a Starrex entity alleged breach of fiduciary duty caused Defendants' injuries and/or damages as alleged in the Counterclaim.

**ANSWER: Defendants object to this interrogatory to the extent it calls for expert opinion testimony regarding causation and damages. Defendants are not required to marshal expert testimony in response to an interrogatory. Subject to and without waiving objections, Defendants generally contend Starrex entities' breaches of fiduciary duty described in response to Interrogatory 7 and in the Counterclaim proximately caused them to suffer lost profits, loss of business value, misappropriated funds, and other consequential damages in an amount to be determined at trial. But for Starrex's breaches, Defendants would have been able to continue operating their title businesses without interruption and would not have lost access to critical IT systems, funds, employees and business opportunities.**

**INTERROGATORY NO. 9:**    Identify all "misrepresentation and disparaging / defamatory statements" made by a Starrex entity (including but not limited to the date(s) the statements were made, the individuals involved, and the misrepresentations or disparaging/defamatory statements made) as alleged in Paragraphs 19 and 24 of the Counterclaim.

**ANSWER:**

**Defendants object to this interrogatory as overbroad and unduly burdensome to the extent it requires them to identify "all" alleged misrepresentation or disparaging statement, regardless of materiality. Defendants are not required to marshal all of their evidence nor provide a narrative response. Subject to objections and without waiving same, and Defendants generally identify material misrepresentations and defamatory statements made by Starrex and its agents, which include but are <u>not limited</u> to the following:**

- **From at least October 2023 to January 2024, Debbie Merritt, CFO of Starrex, made disparaging statements to customers and employees of Defendants, including underwriters like ANTIC and EssentVentures (and other third-parties) that Defendants were delinquent, broke, failing, that they owed Starrex millions on delinquent promissory notes (which were actually forged and of no binding effect) that Starrex was staying in the title business but losing Defendants and Mr. Magness, and that Defendants had made very questionable financial decisions (when in fact, they were all made and controlled by Debbie Merritt and Justin Ray).**

- **From October 2023 to February 2024, Starrex made misrepresentations to Defendants' employees, encouraging them to leave Defendants and join Starrex, and soliciting them in violation of the Management Services Agreement and the Letter of Intent which contains non-solicitation and confidentiality provisions that survived the termination of the Letter of Intent.**

- **In SEDAR+ filings with the CSA, the Alberta Securities Commission, and the CSE, as well as public statements, Starrex and its executives, including but not limited to Matthew Hill, Debbie Merritt, the board of directors, the audit committee, Scott Reeves, and offices of Starrex, made material misrepresentations regarding the existence of the forged promissory notes, Defendants' alleged debt to Starrex, and Starrex's purported interest income on the fraudulent debt obligation, as detailed in the filings and statements. They made other disparaging statements about Defendants in various ways. They also made disparaging statements regarding securities interests on all of Defendants' assets and collateral, which was completely false.**

Also see various documents within the possession of Plaintiffs.

**INTERROGATORY NO. 10:**     Identify the factual bases for Defendants' claim that a Starrex entity breached the Management Services Agreement by "trying to persuade [Defendants'] employees to either quit and/or work for Starrex" (including but not limited to the date(s), individuals involved, and communications made) as alleged in Paragraphs 19 and 24 of the Counterclaim.

**ANSWER: Defendants object to this interrogatory as vague to the extent it purports to quote Paragraphs 19 and 24 of the counterclaim, but the quoted language does not match the actual text of those paragraphs verbatim. OBJECTION. This interrogatory calls for a narrative. TRCP 192.3(j); see also TRCP 192 cmt. 5; see also TRCP 197 cmt. 1. Objection is made to this interrogatory to the extent that the requesting party seeks by this request to limit evidence, which may be introduced and presented at trial. The answering party objects to being required to provide information with regard to all material facts or to respond —in detail because to do so would be at their peril by inadvertently omitting a fact or detail. Further, Defendants are not required to marshal all their evidence. Subject to and without waiving objections, the general factual basis for the allegation that Starrex breached the Management Services Agreement by improperly soliciting Defendants' employees, generally speaking, includes but is not limited to Starrex's breach of the MSA by improperly soliciting Defendants' employees includes Debbie Merritt's and Starrex's communications from in 2023 and 2024 to Defendants' employees encouraging them to leave Defendants and join Starrex in part by disparaging Defendants, and offering them incentives and positions to do so, as alleged in the Counterclaim. Merritt's solicitations violated Section 3.3 of the MSA prohibiting Starrex from taking actions detrimental to Defendants.**

**INTERROGATORY NO. 11:**    Describe in detail the factual and legal bases supporting Defendants' civil conspiracy claim against a Starrex entity, including but not limited to the alleged members involved in the conspiracy, the conduct in which you allege a Starrex entity engaged, and the actions a Starrex entity took in furtherance of the alleged conspiracy.

**ANSWER:  Defendants object to this interrogatory as overbroad and unduly burdensome in seeking a detailed narrative of all facts and legal theories supporting the civil conspiracy counterclaim.** *See In re Greyhound Lines*, **138 S.W.3d at 22. Defendants will provide the general, material factual bases for their conspiracy claim. Defendants also object to the extent the interrogatory calls for a legal conclusion. Subject to and without waiving these objections, the alleged conspiracy involved Starrex International, its subsidiaries, Debbie Merritt, Matthew Hill, Phillip Clayton, Tyrell Garth, MarketStreet Capital Partners, Brian Brewer and Laurie Cooper, and others, who agreed to defraud Defendants and conspired to forge the promissory notes and illegally take over the Defendants' businesses. Steps taken in furtherance of the conspiracy include the creation of the forged notes in April 2023, the filing of fraudulent UCC statements, the misappropriation of funds, the formation of new entities, and the interference with Defendants' operations, as detailed in pleadings. Defendants reserve the right to supplement this response as discovery progresses and as they develop additional evidence supporting their conspiracy claim through discovery.**

**INTERROGATORY NO. 12:**    Describe in detail the factual and legal bases supporting Defendants' civil conspiracy claim against a Starrex entity, including the allegation that a Starrex entity "conspired to shut down Coast to Coast's Title and Sol City Title's operations" as set forth in Paragraph 31 of the Counterclaim.

**ANSWER:  Defendants object to this interrogatory as duplicative of Interrogatory 11. Defendants incorporate their objections and response to Interrogatory 11 as if fully set forth herein. Defendants further state that in general, the factual basis for Starrex's conspiracy to shut down Defendants' operations includes but is not limited to, not only the content of Interrogatory 11, but also the destruction of the business caused by cutting off access to critical IT systems and software, and the illegal takeover of Defendants through the misappropriation of assets, intellectual property and employees to continue operating under the Magnolia name, as detailed in pleadings.**

**INTERROGATORY NO. 13:**   Describe in detail the factual bases supporting Defendants demand for accounting, including but not limited to a description of the "agreement whereby a Starrex entity was to obtain a line of credit on behalf of [Defendants]" and the factual and legal bases for the allegation that a Starrex entity "mismanaged the funds obtained from the line of credit…and used that money to unjustly enrich themselves" as alleged in Paragraph 29 of the Counterclaim.

**ANSWER: Defendants object to this interrogatory as overbroad and unduly burdensome to the extent it seeks a detailed narrative regarding the bases for Defendants' entire claim for an accounting. Objection is made to this interrogatory to the extent that the requesting party seeks by this request to limit evidence, which may be introduced and presented at trial. The answering party objects to being required to provide a narrative answer and information with regard to all material facts or to respond —in detail because to do so would be at their peril by inadvertently omitting a fact or detail. This interrogatory is overly broad and seeks to require Defendants to marshal their evidence in response. Tex. R. Civ. P. 192.3(j), 192 cmt. 5; TRCP 197 cmt. 1; Cf., TRCP 194.2(c). Defendants are only required to answer with their general factual basis. Defendants also object to the extent the interrogatory requires them to marshal all evidence supporting their accounting claim or calls for a legal conclusion. Subject to and without waiving objections, the agreement referenced in the counterclaim was the MSA, pursuant to which Starrex was supposed to manage funds and operate the title businesses for the benefit of Defendants. The factual basis for alleging Starrex mismanaged and misused funds includes the misappropriation of the $98,000 in December 2022, misappropriation of other funds, the diversion of funds to Starrex's own accounts, the assignment of improper fees and expenses to Defendants, and the use of the alleged "Magnolia Line of Credit" to enrich Starrex and its officers rather than benefit Defendants, as detailed in the Counterclaim and pleadings.**

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  Admit that John Magness is the sole manager of Coast to Coast.

**RESPONSE:  ADMIT**


**REQUEST FOR ADMISSION NO. 2:**  Admit that John Magness is the sole manager of Sol City.

**RESPONSE:  ADMIT**


**REQUEST FOR ADMISSION NO. 3:**  Admit that John Magness the sole manager of Magnolia Arkansas.

**RESPONSE:  ADMIT**


**REQUEST FOR ADMISSION NO. 4:**  Admit that John Magness is the sole manager of Magnolia Florida.

**RESPONSE:  ADMIT**


**REQUEST FOR ADMISSION NO. 5:**  Admit that Coast to Coast received funds from a Starrex Entity.

**RESPONSE:  Objection.  "Starrex Entity" (both words capitalized) is undefined.  Further, the request is vague and ambiguous and therefore incapable of a direct response.**

**Subject to the foregoing objections and without waiving the same, Defendants answer as follows:**

**Insufficient information to admit or deny because Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from and between Starrex International Ltd. and Coast to Coast and directed such monies as they pleased, and they have never provided a detailed accounting or detailed transaction list.**

**REQUEST FOR ADMISSION NO. 6:**    Admit that Sol City received funds from a Starrex Entity.

**RESPONSE:  Objection.  "Starrex Entity" (both words capitalized) is undefined.  Further, the request is vague and ambiguous and therefore incapable of a direct response.**

**Subject to the foregoing objections and without waiving the same, Defendants answer as follows:**

**Insufficient information to admit or deny because Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from and between Starrex International Ltd. and Sol City and directed such monies as they pleased, and they have never provided a detailed accounting or detailed transaction list.**

**REQUEST FOR ADMISSION NO. 7:**    Admit that Magnolia Arkansas received funds from a Starrex Entity.

**RESPONSE:  Objection.  "Starrex Entity" (both words capitalized) is undefined.  Further, the request is vague and ambiguous and therefore incapable of a direct response.**

**Subject to the foregoing objections and without waiving the same, Defendants answer as follows:**

**Insufficient information to admit or deny because Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from and between Starrex International Ltd. and Magnolia Arkansas and directed such monies as they pleased, and they have never provided a detailed accounting or detailed transaction list.**

**REQUEST FOR ADMISSION NO. 8:**    Admit that Magnolia Florida received funds from a Starrex Entity.

**RESPONSE: Objection.  "Starrex Entity" (both words capitalized) is undefined.  Further, the request is vague and ambiguous and therefore incapable of a direct response.**

**Subject to the foregoing objections and without waiving the same, Defendants answer as follows:**

**Insufficient information to admit or deny because Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from and between Starrex International Ltd. and Magnolia Florida and directed such monies as they pleased, and they have never provided a detailed accounting or detailed transaction list.**

**REQUEST FOR ADMISSION NO. 9:**    Admit that Coast to Coast has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.  Coast to Coast never made a draw on any alleged credit line and has made a demand for an accounting and in the past, requested information on the use of funds but received no transparency and only received information regarding numerous poorly categorized expenses with varying descriptions as well as very large, round numbers of monies sent back and forth from Starrex International, Ltd.  Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from Starrex International Ltd. and used as they pleased.  Starrex also claimed it "fronted" money and would "pay themselves back" from Defendants' monies, and at the end of the day, anything provided was an advance that would be reconciled upon the acquisition.  Therefore, until a full accounting is performed, it cannot be accurately determined as to whether Starrex International Ltd. and other Starrex entities owe money to Coast to Coast or Coast to Coast owes money to Starrex International Ltd.**

**REQUEST FOR ADMISSION NO. 10:**      Admit that Sol City has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.  Sol City never made a draw on any alleged credit line and has made a demand for an accounting and in the past, requested information on the use of funds but received no transparency and only received information regarding numerous poorly categorized expenses with varying descriptions as well as very large, round numbers of monies sent back and forth from Starrex International, Ltd.  Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from Starrex International Ltd. and used as they pleased.  Starrex also claimed it "fronted" money and would "pay themselves back" from Defendants' monies, and at the end of the day, anything provided was an advance that would be reconciled upon the acquisition. Therefore, until a full accounting is performed, it cannot be accurately determined as to whether Starrex International Ltd. and other Starrex entities owe money to Sol City or Sol City owes money to Starrex International Ltd.**

**REQUEST FOR ADMISSION NO. 11:**      Admit that Magnolia Arkansas has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.  Magnolia Arkansas never made a draw on any alleged credit line and has made a demand for an accounting and in the past, requested information on the use of funds but received no transparency and only received information regarding numerous poorly categorized expenses with varying descriptions as well as very large, round numbers of monies sent back and forth from Starrex International, Ltd.  Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from Starrex International Ltd. and used as they pleased.  Starrex also claimed it "fronted" money and would "pay themselves back" from Defendants' monies, and at the end of the day, anything provided was an advance that would be reconciled upon the acquisition. Therefore, until a full accounting is performed, it cannot be accurately determined as to whether Starrex International Ltd. and other Starrex entities owe money to Magnolia Arkansas or Magnolia Arkansas owes money to Starrex International Ltd.**

**REQUEST FOR ADMISSION NO. 12:**    Admit that Magnolia Florida has not repaid all funds loaned by a Starrex entity.

**RESPONSE: Objection.  This request is vague and ambiguous and therefore incapable of a direct response; further, the answer cannot be known, if at all, until a full accounting is performed.  Magnolia Florida never made a draw on any alleged credit line and has made a demand for an accounting and in the past, requested information on the use of funds but received no transparency and only received information regarding numerous poorly categorized expenses with varying descriptions as well as very large, round numbers of monies sent back and forth from Starrex International, Ltd.  Debbie Merritt, CFO of Starrex International Ltd., who has also claimed to the Texas State Comptroller to be the CFO of Magnolia entities, and her subordinate, Controller Justin Ray of Starrex International Ltd., were at all times in control of the monies sent to and from Starrex International Ltd. and used as they pleased. Starrex also claimed it "fronted" money and would "pay themselves back" from Defendants' monies, and at the end of the day, anything provided was an advance that would be reconciled upon the acquisition. Therefore, until a full accounting is performed, it cannot be accurately determined as to whether Starrex International Ltd. and other Starrex entities owe money to Magnolia Florida or Magnolia Florida owes money to Starrex International Ltd.**

**REQUEST FOR ADMISSION NO. 13:**    Admit that John Magness provided Debbie Merritt a copy of his signature in electronic form.

**RESPONSE:  DENY that Magness created an electronic form of his signature that he sent to Debbie Merritt for her to use to sign important agreements like millions of dollars in promissory notes for the Magnolia entities.**

**REQUEST FOR ADMISSION NO. 14:**  Admit that John Magness gave Debbie Merritt authority to affix his electronic signature on the Promissory Notes via a text message sent on April 19, 2023.

**RESPONSE:  DENY**

**REQUEST FOR ADMISSION NO. 15:**  Admit that on April 19, 2023 at 12:50 p.m., John Magness texted Debbie Merritt "[g]o ahead and sign them[]" in response to Debbie Merritt's text message to John Magness that provides: "Morning! If you have questions on the promissory notes please let me know. If you'd rather me put your signature on them I can. Just let me know."

**RESPONSE:  Objection.  This request appears to refer to a document without providing the document for review.  Further, the request is compound, consists of multiple sentences, and contains an apparently altered quotation.**

**Without waiving same and because of the foregoing objections, Defendants must DENY this request.**

**REQUEST FOR ADMISSION NO. 16:**  Admit that the screen shot attached to these discovery requests as Exhibit A is an accurate image of text messages exchanged between John Magness and Debbie Merritt on April 19, 2023.

**RESPONSE:   Objection. The text message is unauthenticated and appears to be a snippet of a more substantial conversation.  Additionally, it may be fabricated.   Subject to objections and without waiving same:**

**DENY**


**REQUEST FOR ADMISSION NO. 17:**    Admit that on May 1, 2023, John Magness signed the Coast to Coast Security Agreement in person in Starrex's offices before Matthew D Hill.

**RESPONSE:  ADMIT only that it was signed; insufficient information to determine if it was signed on May 1, 2023; the balance is denied, including a denial that it is effective in any way, a denial that it is binding on Coast to Coast, and a denial that it supports the filing of any security interest.**


**REQUEST FOR ADMISSION NO. 18:**    Admit that on May 1, 2023, John Magness signed the Sol City Security Agreement in person in Starrex's offices before Matthew D. Hill.

**RESPONSE:  ADMIT only that it was signed; insufficient information to determine if it was signed on May 1, 2023; the balance is denied, including a denial that it is effective in any way, a denial that it is binding on Sol City, and a denial that it supports the filing of any security interest.**


**REQUEST FOR ADMISSION NO. 19:**    Admit that on May 1, 2023, John Magness signed the Magnolia Arkansas Security Agreement in person in Starrex's offices before Matthew D. Hill.

**RESPONSE:  ADMIT only that it was signed; insufficient information to determine if it was signed on May 1, 2023; the balance is denied, including a denial that it is effective in any way, a denial that it is binding on Magnolia Arkansas, and a denial that it supports the filing of any security interest.**

**REQUEST FOR ADMISSION NO. 20:**    Admit that on May 1, 2023, John Magness signed the Magnolia Florida Security Agreement in person in Starrex's offices before Matthew D. Hill.

**RESPONSE:  ADMIT only that it was signed; insufficient information to determine if it was signed on May 1, 2023; the balance is denied, including a denial that it is effective in any way, a denial that it is binding on Magnolia Florida, and a denial that it supports the filing of any security interest.**

**REQUEST FOR ADMISSION NO. 21:**   Admit that on November 7, 2023, John Magness sent an email to Matthew D. Hill, terminating the Management Services Agreement effective December 7, 2023.

**RESPONSE: ADMIT**

**REQUEST FOR ADMISSION NO. 22:**     Admit that in the email attached to these discovery requests as Exhibit B includes a true and correct copy of an email sent by John Magness to Matt D. Hill on November 7, 2023.

**RESPONSE: ADMIT**