**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, et al., | § | |
| | § | |
| Plaintiffs | § | Civil Action No. 4:24-cv-02767 |
| | § | |
| v. | § | |
| | § | |
| TYRRELL L. GARTH, et al., | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON'S**
**REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND**
**AMENDED COMPLAINT PURSUANT TO RULES 12(b)(6) AND 9(b)**

---

INTRODUCTION

Plaintiffs' Response to Defendants Garth and Clayton's Motion to Dismiss ("Motion") voluntarily dismisses nine of the thirteen claims Plaintiffs lodged against Garth and Clayton in their Second Amended Complaint ("Complaint"). The concession, while welcome, comes only after Plaintiffs forced Garth and Clayton to go to the time and expense of dismantling Plaintiffs' house of cards in the form of a 109-page Complaint that never should have been filed in the first place.

Moreover, Plaintiffs' response still fails to overcome Garth and Clayton's arguments on the Plaintiffs' remaining causes of action. Dkt. No. 78. Plaintiffs' Response misstates Defendants Garth and Clayton's own arguments in several places, while failing to address actual arguments Garth and Clayton raised in their Motion. Dkt. No. 78 at 14[1] (citing pages 8–9 of the Motion

---

[1] For the avoidance of confusion, Garth and Clayton's pin cites throughout this Reply refer to the page numbers provided in the filed versions at the top of each page.

claiming that Garth and Clayton argued Plaintiffs failed to allege damages); 15 (citing pages 9–10 of the Motion claiming that Garth and Clayton argued Plaintiffs' fraud claim is barred by the economic loss rule); 18 (citing page 12 of the Motion claiming Garth and Clayton argued breach of fiduciary duty claim is too contracted-related to give rise to tort liability and quoting a sentence that is not in Garth and Clayton's Motion at all, much less on page 12).

Plaintiffs also attempt to combat Garth and Clayton's request for the Court to dismiss the Complaint under Federal Rule of Civil Procedure 41(b) with citation to Wright and Miller's treatise on Federal Practice & Procedure. Dkt. No.78 at 5. While it is a well-respected treatise, Plaintiffs have failed to cite any case law to support their counterargument. That is in sharp contrast to Defendants Garth and Clayton's citation to *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015), wherein the Tenth Circuit upheld a district court's dismissal of a Complaint for failure to comply with Rule 8(a)'s pleading requirements. *Id.*; *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (upholding district court's refusal to "search through the several paragraphs of the plaintiffs' 'Introductory Allegations' and attempt to match the factual assertions with the elements of all subsections of the RICO statute to determine if the complaint states a claim for relief.").

Plaintiffs have also once again attempted to editorialize their allegations to make them seem more robust than they are. The Court should disregard any such attempts because not only is it improper to build upon the pleadings in a response, but also Plaintiffs have already had at least three full bites at the apple and are not entitled to a fourth attempt in their Response or otherwise.

**ARGUMENT**

I.      **Causes of Action Nos. 1 & 4. Plaintiffs Fail to State a Claim for Common Law Fraud and Fraudulent Inducement Against Garth or Clayton.**

Plaintiffs continue to tout how specific their allegations are related to the fraud causes of action, but saying something is specific does not make it so. In fact, Plaintiffs go so far as to specifically say that they have alleged each representation with the who, what, when, where, and how. Dkt. No. 78 at 13. But they fail entirely to address Garth and Clayton's main argument regarding Rule 9(b)—the failure to allege facts to explain why any of the misrepresentations were false when made. Dkt. No. 70 at 12–13. Plaintiffs' failure to address this argument constitutes abandonment or waiver of that issue. *See Kellam v. Services*, No. 3:12-CV-352-P, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Services*, 560 Fed. Appx. 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (quoting *Abraham v. Greater Birmingham Humane Soc. Inc.*, No 2:11-CV-4358-SLB, 2013 WL 1346534, at *4 (N.D. Ala. Mar. 28, 2013))).[2]

To the extent the Court credits the arguments made relating to puffery and opinion as disputing Plaintiffs' failure to plead the why, those arguments should be disregarded. As this Court noted in *PCS Software, Inc. v. Dispatch Services, Inc.*, the "why" a statement was fraudulent when made is a "critical Rule 9(b) ingredient." No. CV H-23-108, 2024 WL 3448009, at *3 (S.D. Tex. July 16, 2024). Plaintiffs have not come close to rehabilitating that aspect of their fraud claim. They claim that "Defendants made promises . . . with no intention of honoring them, as evidenced by their subsequent actions." Dkt. No. 78 at 14. But the alleged subsequent actions do not indicate

---

[2] *See also Mayo v. Halliburton Co.*, No. CIV.A. H-10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) ("The 'failure to brief an argument in the district court waives that argument.'" (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 & n.10 (S.D. Tex. 2003)); S.D. Tex. Local Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

3

that in the slightest, and Plaintiffs have not explained how or why they could support that inference. Dkt. No. 70 at 13 (citing SAC ¶¶ 174–75, 179).

In an attempt to rebut Defendants Garth and Clayton's argument that there can be no reasonable reliance as a matter of law, Plaintiffs claim—without citing any authority—that whether there was reasonable or justifiable reliance is a question of fact. Dkt. No. 78 at 13–14. That unsupported argument holds no water. The law in Texas is clear that an "oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties *is not justified as a matter of law*." *JP Morgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858–59 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (emphasis added)).

Plaintiffs also address the argument that the representations relating to actions that would only occur after Starrex acquired or merged with the Magnolia Companies were mere opinion, puffery, and conjecture.[3] They claim that the alleged misrepresentations cannot possibly be opinion or puffery. Again, this argument is in direct contrast to established Texas law, which provides that "predictions and conjectures relating to future events cannot serve as actionable fraud." *See Lake v. Cravens*, 488 S.W.3d 867, 894–95 (Tex. App.—Fort Worth 2016, no pet.). Plaintiffs' own Complaint has finally acknowledged that Starrex was never under any legally binding obligation to acquire or merge with the Magnolia Companies based on the Letter of Intent. *See* SAC ¶ 194 (referencing "[t]he non-binding LOI"). Plaintiffs' Response does nothing to show

---

[3] Plaintiffs lastly claim that Defendants Garth and Clayton made arguments relating to damages and the economic loss rule and cite where these arguments were supposedly located in their Motion, but not only do those arguments not appear on the pages cited, they are nowhere in the Motion. As a result, Defendants Garth and Clayton will not waste the Court's time by addressing them. *See* Dkt. No. 78 at 14–15.

that alleged promises relating to events that could happen only if Starrex acquired or merged with the Magnolia Companies can nevertheless serve as actionable fraud.

While Plaintiffs continue to mention the Starrex Promissory Notes, even referring to them as reflecting "fake debt" at one point, they later request "to remove all references, allegations, and claims (or portions thereof) that discuss or rely upon" the allegation that the Notes were for the audit only. Dkt. No. 78 at 13, 19, 26. As a result, it is unclear if Plaintiffs have dropped the portion of their fraud claim relating to the Starrex Promissory Notes and/or Security Agreements. To the extent that portion of their fraud claims remain, the arguments raised in Garth and Clayton's Motion all stand and require dismissal. *See* Dkt. No. 70 at 14–16.

Lastly, Plaintiffs purport to address Garth and Clayton's arguments relating to the fraud allegations in causes of action one and four, but they did not do so. Dkt. No. 78 at 10. They failed to address any of the particularity or substantive arguments Garth and Clayton raised as to the fourth cause of action. *Compare* Dkt. No. 78 at 10 – 15, *with* Dkt. No. 70 at 20–22. Because Plaintiffs failed to address even a single of Garth and Clayton's arguments relating to the fourth cause of action, they have represented that they are unopposed to the dismissal of that cause of action. *See* S.D. Tex. Local Rule 7.4 ("Failure to respond will be taken as a representation of no opposition."). The common law fraud claim in the fourth cause of action must be dismissed.

## II.    Cause of Action No. 6. Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty Against Garth or Clayton.

Plaintiffs attempt to repackage and add color to their allegations relating to their breach of fiduciary duty claim in their Response. For example, they finally clarify that their claim relies on the existence of both formal and informal fiduciary duties. Dkt. No. 78 at 17. They also specify from which company the alleged fiduciary duties arise—the Magnolia Companies. *Id.* The need for clarification as to these issues only emphasizes the lack of clarity in the Complaint.

2844234

Moreover, the lack of clarity and specificity has not been an issue for just Garth and Clayton. Rather, Plaintiffs' new counsel who filed the Response mistook certain allegations as relating to the Magnolia Companies that actually relate to Starrex. That Plaintiffs' own counsel could not divine the meaning of the pleading shows just how deficient it is. For example, in support of the notion that Garth and Clayton exercised control over the Magnolia Companies, Plaintiffs cite paragraphs 72 and 73, among others. Paragraph 72 does not even specify what company over which Garth or Clayton supposedly maintained control. Dkt. No. 67 ¶ 72. Likewise, paragraph 73 provides in part that "[t]hey installed Clayton's son-in-law Matthew Hill as CEO and son Garrett Clayton as director, ensuring family control of the board," a quote which Plaintiffs specifically cite in their Response. Dkt. No. 78 at 16. But Matthew Hill and Garrett Clayton were the CEO and director, respectively, of Starrex, not the Magnolia Companies. Dkt. No. 67 ¶ 163. And again, Plaintiffs cite another "fact" attempting to establish that Garth exercised control over Starrex—that Merritt bypassed the CEO Matthew Hill to ask Garth a question—to support Garth or Clayton owing informal fiduciary duties. Dkt. No. 78 at 17. But Plaintiffs fail to explain or provide any authority supporting how control of a company in which Plaintiffs own no interests could give rise to any fiduciary duty being owed to them.

Plaintiffs cite *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) to support their argument that Garth or Clayton owe informal fiduciary duties to them. Dkt. No.78 at 17–18.[4] But that case actually stands for how difficult it is under Texas law to recognize an informal fiduciary duty: "Due to its extraordinary nature, the law does not recognize a fiduciary relationship lightly." *Id. Lundy* further shows that "[t]o impose an informal fiduciary duty, ***the relationship of trust and confidence must exist prior to, and apart from, the***

---

[4] Plaintiffs also cite to *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995) for this proposition, but page 796 as nothing to do with fiduciary duties. *Id.*

***agreement that is the basis of the suit***." *Id.* at 502 (emphasis added). Plaintiffs have not alleged any relationship of trust or confidence that existed prior to the creation of the Magnolia Companies, which is the relationship they allege is the basis for the alleged duty. Dkt. No. 78 at 17–18. This claim fails as a matter of law and must be dismissed.

Plaintiffs continue to address arguments relating to contract and operating agreements and breach that they purport Garth and Clayton's Motion made. But Garth and Clayton did not make those arguments and certainly did not make them as characterized by Plaintiffs. Dkt. No. 78 at 18–19. Plaintiffs mischaracterize one of Garth and Clayton's arguments as an assertion that the alleged breaches are "too contract-related to give rise to tort liability." *Id.* at 18. But Garth and Clayton did not argue that. *See* Dkt. No. 70 at 23–25. Plaintiffs similarly claim that Garth and Clayton argued that the operating agreements negate the existence of a fiduciary duty based on disclaimers or limitations of formal fiduciary obligations in those agreements. Dkt. No. 78 at 18–19. But Garth and Clayton did not argue that in their Motion either. Rather, Garth and Clayton invoked the Operating Agreements and HMH Contribution Agreements, which were referenced in and central to the Complaint, to show that there was no plausible basis to plead the existence of a formal fiduciary duty when neither Garth nor Clayton individually own interests in the Magnolia Companies. Dkt. No. 70 at 24.

It is unclear where Plaintiffs found such arguments or the quotes they attribute to Garth and Clayton, but what is clear is that Plaintiffs have entirely failed to defend their claim for breach of fiduciary duty. They cited no case law supporting Garth or Clayton owing Plaintiffs any formal or informal fiduciary duties. In fact, Plaintiffs did not even address the fact that Garth and Clayton's Motion demonstrated that neither of them could individually owe formal fiduciary duties

to any of the Plaintiffs, waiving any opposition thereto. Dkt. No. 70 at 24. The breach of fiduciary

duty claim must be dismissed with prejudice.

III.    **Cause of Action No. 21. Plaintiffs Fail to State a Claim for Civil Conspiracy Against Garth or Clayton.**

Plaintiffs' conspiracy claim is and remains wildly inadequate. Plaintiffs' Response only

goes to show how speculative and unsupported Plaintiffs' conspiracy claim is as it relates to Garth

and Clayton. To support their claim that Garth and Clayton participated in an alleged conspiracy

"to execute a coordinated raid of Magnolia's Florida and Arkansas businesses," Plaintiffs cite

paragraphs 2 and 160. Dkt. No. 78 at 19–21. They quote paragraph 2, which provides "Defendants

executed a coordinated takeover of Magnolia operations through a carefully sequenced series of

actions," but they fail to show any actions—unlawful or otherwise—that Garth or Clayton actually

participated in. *See* Dkt. Nos. 67 & 78.

Plaintiffs once again state the conclusion that "Garth and Clayton played a central role in

this conspiracy," but fail to allege any facts showing them playing any role much less a central

role. *See* Dkt. Nos. 67 & 78. Plaintiffs further claim Garth and Clayton "directed Starrex's internal

actors—including Debbie Merritt—to participate in the transfer and seizure of corporate assets."

Dkt. No. 78 at 21 (citing Dkt. No. 67 ¶ 160). Paragraph 160 does not support that proposition, nor

do any other paragraphs in the Complaint. *See generally* Dkt. No. 67. Plaintiffs' staunch insistence

that it has made these allegations with particularity as to Garth and Clayton simply do not suffice,

and their attempts to editorialize their allegations to say more than they do in the Complaint do not

save this claim either.

Moreover, Plaintiffs claim that their allegations for breach of fiduciary duty and fraud give

rise to this derivative conspiracy claim. But they fail to explain how any of the alleged conduct in

those causes of action relate in any way whatsoever to the allegation that Garth or Clayton

participated in a conspiracy to "execute a coordinated raid of Magnolia's Florida and Arkansas businesses," which is what their Response purports to be the conspiracy. That is because they cannot. None of the alleged acts took place during the time period of the alleged conspiracy. This flimsy claim has no factual support in the Complaint, and there is no basis argued in their Response that should save this frivolous claim from dismissal now. Not to mention that each of the fraud and breach of fiduciary duty claims fail for the reasons outlined above and in Garth and Clayton's Motion.

**IV.    Plaintiffs' Objections to Garth and Clayton's Motion and Evidence Are Meritless and Should Be Overruled.**

Plaintiffs further lodged two objections to the exhibits Garth and Clayton attached to their Motion, but neither has any merit. They should be overruled. First, Plaintiffs claim that Garth and Clayton's exhibits, which were referenced in and central to the claims asserted against them in the Complaint, should be forfeited because the legal standard and case cite is in a footnote.[5] Dkt. No. 78 at 24. While Courts can disregard points raised perfunctorily in footnotes, Plaintiffs have not cited authority requiring this Court to do so in this situation. First, the cases Plaintiffs cite refer to actual arguments that go to the merits of the analysis. Those arguments are made above-the-line in Defendants' Motion, including arguments relating to why the attached exhibits render multiple claims without legal basis and/or implausible. This purely technical argument does not apply to this situation and should be overruled.

Second, Plaintiffs claim that Defendants misstated the test and did not mention the requirement for centrality, but while that may be technically true for footnote 5 where the standard is originally noted, footnotes 10 (HMH Contribution Agreements) and 13 (LOI) do reference that

---

[5] Plaintiffs also claim that footnotes 9, 14, 18, 19, and 23 should be disregarded, but Defendants will not waste the Court's time arguing over unimportant footnotes, which primarily relate to claims Plaintiffs have now voluntarily dismissed.

9

those exhibits are central to the relevant claims. Further, footnote 5 cites *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004), which sets forth the test for considering attachments to motions to dismiss. *Id.* ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). The Court is under no obligation to disregard the exhibits, and the equities all support not disregarding them due to a procedural technicality, which in all likelihood exists to prevent a party from being sandbagged by a secret argument hidden in a footnote. There is no risk of that happening, as Garth and Clayton have filed three motions to dismiss in this case and each and every one has attached exhibits for consideration using the proper test. Plaintiffs also clearly noticed such footnotes, having spent more than two pages discussing them. Dkt. No. 78 at 23–25.

Lastly, there is no basis for converting Garth and Clayton's Motion into one for summary judgment. Dkt. No. 78 at 24–25. Plaintiffs' argument on this point is circular and essentially asserts that because the documents referenced in and central to the Complaint "in many instances[] directly contradict . . . the Second Amended Complaint," they should be disregarded. *Id.* By this logic, no documents could ever be incorporated in the pleadings for purposes of a Rule 12(b)(6) motion, but that would fly in the face of established Fifth Circuit precedent permitting exactly that. *See Causey*, 394 F.3d at 288. Plaintiffs who make allegations directly contradicted by multiple documents in their possession should not be shielded from dismissal by not attaching those documents and misrepresenting those documents as Plaintiffs have repeatedly done here. Plaintiffs' pleading failure does not mean the Court cannot consider the documents properly incorporated in the pleadings when they meet the Fifth Circuit's test for such documents as the exhibits do here.

2844234

Notably, Plaintiffs have not made any argument suggesting that the exhibits are not central to the claims. They clearly are. Moreover, Plaintiffs have not disputed the authenticity of the exhibits. That Plaintiffs do not like the content of the authentic documents relevant to the parties' relationship is no reason to exclude them. However, even if the Court does disregard the exhibits, dismissal is still warranted for all of Plaintiffs' non-dismissed claims based on the other theories asserted in Garth and Clayton's Motion.

## V.    Plaintiffs' Request for Leave to Amend Should be Denied.

As the Court is well aware, it informed Plaintiffs that their Second Amended Complaint would be their last opportunity to amend. Plaintiffs failing to exercise good judgment in filing what they did does not support good cause for filing yet another amended pleading. Most importantly though, Plaintiffs cannot surpass the bar required for filing such an amended pleading—that it would not be futile. As Plaintiffs have demonstrated repeatedly, they cannot state a claim against Garth and Clayton. They have tried and failed to plead claims for fraud and civil conspiracy in every single pleading, and Garth and Clayton have pointed out the many deficiencies throughout three motions to dismiss. They have failed to resolve those many deficiencies, and there is no reason to believe they can suddenly do so on the fourth attempt. While Plaintiffs pleaded the breach of fiduciary duty claim for the first time in the Second Amended Complaint, Defendants Garth and Clayton have shown that no facts exist giving rise to Garth or Clayton owing fiduciary duties—formal or informal—to any of the Plaintiffs. No additional facts can change that reality, and leave to amend should be denied for that reason.

CONCLUSION

Plaintiffs have done nothing in their Response to dispute the arguments outlined in Garth and Clayton's Motion. They have essentially admitted that their Second Amended Complaint is inadequate through their additions and mischaracterizations of accusations that are not present in

11

the pleading and have also demonstrated that any opportunity to amend would be futile as their additional allegations still fail to pass muster. Defendants Garth and Clayton respectfully request the Court grant their Motion to Dismiss and dismiss Plaintiffs' claims against Garth and Clayton with prejudice.

Dated: April 23, 2025

Respectfully submitted,

**BECK REDDEN LLP**

By:  /s/ Fields Alexander
      Fields Alexander – *Attorney in Charge*
      State Bar No. 00783528
      Federal Bar No. 16427
      falexander@beckredden.com
      Amy Parker Beeson – *of Counsel*
      State Bar No. 24051156
      Federal Bar No. 626178
      abeeson@beckredden.com
      Kaitie Sorenson – *of Counsel*
      State Bar No. 24128633
      Federal Bar No. 3859186
      ksorenson@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone No. (713) 951-3700
Facsimile No. (713) 951-3720

**ATTORNEYS FOR DEFENDANTS
TYRRELL L. GARTH AND
PHILLIP H. CLAYTON**

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I served the foregoing notice via the CM/ECF system, which will provide notice to all parties of record.

By /s/ Fields Alexander
    Fields Alexander

2844234