

**Beck | Redden** LLP
The Trial and Appellate Law Firm

1221 McKinney Street, Suite 4500
Houston, Texas 77010
Phone: 713.951.3700   Fax: 713.951.3720
www.beckredden.com

Fields Alexander
+1 713.951.6220
falexander@beckredden.com

April 28, 2025

The Honorable Judge Lee H. Rosenthal                    *Via email:* Glenda_Hassan@txs.uscourts.gov
c/o Glenda Hassan
515 Rusk Street
Houston, TX 77002

Re:   *Coast to Coast Title, LLC et al. v. Tyrrell L. Garth et al.*; Case No. 4:24-cv-2767

Dear Judge Rosenthal:

    I write on behalf of my clients Defendants Tyrrell L. Garth and Philip H. Clayton to regrettably inform the Court that it is our belief that the Court no longer has subject matter jurisdiction over this case. The Court previously had subject matter jurisdiction over this case via federal question jurisdiction and supplemental jurisdiction over the state law claims. While the Second Amended Complaint maintains a cause of action for Federal Trademark Infringement under the Lanham Act against Defendants Laurie Cooper; Brian A. Brewer; Starrex Title Florida, LLC; Market Street Capital Partners AR, LLC; and Market Street Capital Partners, LLC, Plaintiffs in their Response to the Motion to Dismiss voluntarily dismissed that claim under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 78 at 8–9.

    When such a dismissal is sought prior to the filing of an answer or motion for summary judgment, it is "self-effectuating" and "no order or other action of the district court is required." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016). As a result, Plaintiffs' claim under the Lanham Act is no longer in the Second Amended Complaint as of Plaintiffs' voluntary dismissal.

    The United States Supreme Court recently held that where an amended complaint removes the federal-law claims giving rise to subject matter jurisdiction in a removed action, the court will lose jurisdiction over the state law claims as well.[1] *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."). Because there is no basis for diversity jurisdiction in this case,[2] the self-effectuating dismissal of the Lanham Act claim operates to deprive this Court of federal question jurisdiction, which

---

[1] Under Fifth Circuit law prior to the Supreme Court's holding in January 2025, this Court would have maintained jurisdiction over the case. *See Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015).

[2] Plaintiffs Coast to Coast Title, LLC; Sol City Title, LLC; The Peabody Bulldog, LLC; and John Magness and Defendants Tyrrell L. Garth, Phillipl H. Clayton, Brian A. Brewer, and Market Street Capital Partners, LLC are all citizens of the State of Texas. Dkt. No. 67 at 34.

April 28, 2025
The Honorable Judge Lee H. Rosenthal
Page 2



operates to remove any basis for the exercise of supplemental jurisdiction over the remaining state-law claims.³

    Because this Court no longer has subject matter jurisdiction over the remaining state-law claims, I believe this case must be remanded to state court. Out of respect for the Court's time and my duty of candor, I believe the hearing today on Garth and Clayton's Motion to Dismiss is no longer necessary.

    Importantly, however, Garth and Clayton have an additional Motion for Sanctions pending before the Court, over which the Court maintains jurisdiction. Dkt. No. 79. "It is well established that a federal court may consider collateral issues after an action is no longer pending," including "the imposition of costs, attorney's fees, and contempt sanctions, [and] the imposition of a Rule 11 sanction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (quoting *Bechuck*, 814 F.3d at 291–92 (5th Cir. 2016)) (cleaned up) (internal citations omitted); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (upholding a Rule 11 award following dismissal for lack of subject matter jurisdiction). As a result, the lack of subject matter jurisdiction over the remaining claims does not deprive the Court jurisdiction to rule on Garth and Clayton's Motion for Sanctions.

                                                 Very truly yours,

                                                 /s/ *Fields Alexander*

                                               Fields Alexander

cc: all counsel of record

---

³ While Royal Canin is relatively new case law, a federal district court in Minnesota has applied it under the same circumstances to require remand of the case to state court following the plaintiff's voluntary dismissal of the federal law claim pursuant to Rule 41(a)(1). *In re Dividend Solar Fin., LLC, & Fifth Third Bank Sales & Lending Pracs. Litig.*, No. MDL 24-3128 (KMM/DTS), 2025 WL 713360, at *2 (D. Minn. Mar. 5, 2025).

2846970