Case 4:24-cv-02767   Document 84   Filed on 04/29/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
April 29, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-24-2767 |
| TYRELL L. GARTH, *et al.*, | § § § | |
| Defendants. | § § | |

# ORDER

The plaintiffs filed this lawsuit in the 11th Judicial District Court of Harris County, Texas, and it was subsequently removed to federal court. (Docket Entry No. 1). This court had federal-question jurisdiction under 28 U.S.C. § 1331 over the plaintiffs' claims under the Lanham Act, Securities Exchange Act of 1934, and the Sarbanes-Oxley Act, and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the plaintiffs' state-law claims.

On April 16, 2025, the plaintiffs filed a notice under Federal Rule of Civil Procedure 41(a)(1)(A) that voluntarily dismissed all the claims arising under federal law. (Docket Entry No. 78 at 8–9). Because the defendants have not filed an answer or motion for summary judgment, the plaintiffs' notice of voluntary dismissal is "self-effectuating." *See Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting reference omitted); *see also* FED. R. CIV. P. 41(a)(1)(A)(i). The federal-law claims are no longer part of the operative complaint.

As the Supreme Court recently held, "[w]hen a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025). "[W]ith any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well," and "the federal court must remand the case to the state court where it started." *Id.* Because the plaintiffs voluntarily dismissed all their federal

claims, remand is required.  *See id.*; *see also In re Dividend Solar Fin., LLC, & Fifth Third Bank Sales & Lending Pracs. Litig.*, No. MDL 24-3128 (KMM/DTS), 2025 WL 713360, at *2 (D. Minn. Mar. 5, 2025) (applying *Royal Canin* when the plaintiffs "did not make a post-removal amendment of their complaint to remove the federal-law claims, but instead used voluntary dismissal").[1]

Two defendants raised the issue of subject-matter jurisdiction in a letter brief filed on April 28, 2025.  (Docket Entry No. 81).  At a hearing on April 29, 2025, the parties agreed that the plaintiffs' voluntary dismissal of the federal-law claims divested the court of subject-matter jurisdiction, and this case must be remanded.  The parties will submit supplemental briefing as to whether this court should, or must, retain jurisdiction over the pending motion for sanctions, (Docket Entry No. 79).  *Cf. Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992) (affirming an order imposing Rule 11 sanctions even though the court was later found to lack subject-matter jurisdiction).

This case—with the exception of the pending motion for sanctions, (Docket Entry No. 79)—is remanded to the 11th Judicial District Court of Harris County, Texas.  The court at this time retains jurisdiction over the motion for sanctions.

SIGNED on April 29, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] Even if remand was not required, the court declines to exercise supplemental jurisdiction over the remaining state-law claims in the interest of judicial economy, convenience, fairness, and comity.  *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 207 (5th Cir. 2018) (the determination of whether to exercise supplemental jurisdiction is guided by "judicial economy, convenience, fairness, and comity"); *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) ("[The] general rule [in the Fifth Circuit] is to dismiss state claims when the federal claims to which they are pendent are dismissed." (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992))).  This case is still in the early stages, the federal claims have been dismissed, and the only remaining state-law claims are well-suited for the Texas state courts.