IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COAST TO COAST TITLE, LLC, et al., | § § | |
| Plaintiffs | § § | Civil Action No. 4:24-cv-02767 |
| v. | § § | |
| TYRRELL L. GARTH, et al., | § § § | |
| Defendants. | § | |

### DEFENDANTS TYRRELL L. GARTH AND PHILLIP H. CLAYTON'S BRIEF IN SUPPORT OF COURT'S EXERCISE OF JURISDICTION OVER PENDING MOTION FOR SANCTIONS

As directed by the Court, Defendants Tyrrell L. Garth and Phillip H. Clayton file this Brief in Support of the Court's Exercise of Jurisdiction Over their Pending Motion for Sanctions and would respectfully show the Court the following:

#### INTRODUCTION

Defendants do not seek sanctions lightly, and understand that this Court, as with all courts, has no relish for entertaining such motions.[1] But the pending sanctions motion addresses why it is Defendants' position that the Plaintiffs have filed numerous knowingly false complaints and responses to Defendants Garth and Clayton's motions to dismiss in this Court. As a result, Garth and Clayton have spent the last six plus months defending (at considerable expense) against Plaintiffs' baseless assertions. Their filings have presented textbook sanctionable conduct, which Plaintiffs perpetrated on this Court (as well as Garth and Clayton) for over half a year. Respectfully, this Court is best positioned to address the conduct that is the subject of the motion

---

[1] The undersigned can only recall seeking sanctions one other time over a 30 plus year legal career.

2847605

and to fairly adjudicate these issues. Based on the collateral jurisdiction this Court has over the sanctions issue, Garth and Clayton respectfully request the Court address their Motion for Sanctions on its merits.

**ARGUMENTS & AUTHORITIES**

"[Collateral] jurisdiction permits a federal court to consider issues collateral to the merits even where it lacks subject matter jurisdiction." *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 699 (5th Cir. 2023). "If the law were otherwise, a court would be powerless to punish misconduct, however extreme, in a case filed in federal court despite a lack of subject matter jurisdiction." *Peterson v. Jones*, 857 F. App'x 179, 182 (5th Cir. 2021). Courts have chosen to exercise their discretion to consider sanctioning conduct that occurred prior to a remand due to subject matter jurisdiction. *See, e.g.*, *Ortiz v. Dot Foods Inc.*, No. 24-CV-6148 (VSB), 2024 WL 4512245, at *3 (S.D.N.Y. Oct. 17, 2024) (allowing plaintiffs to file a post-remand motion for sanctions based on conduct occurring in federal court).

This Court has firsthand knowledge of the conduct at issue and is in the best position to assess both whether sanctions are appropriate and, if so, what the appropriate sanction should be. *See, e.g., Religious Tech. Ctr. v. Liebreich*, 98 F. App'x 979, 983 (5th Cir. 2004). Plaintiffs filed three complaints and three responses to Garth and Clayton's three motions to dismiss "without taking the necessary care in their preparation[,which] is a separate abuse of the judicial system, subject to separate sanction." *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). "Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *Id.*

Here, Plaintiffs have burdened the Court (and Garth and Clayton) with 404 pages through three pleadings in this case. Dkt. Nos. 1-2, 27, 67. Garth and Clayton were forced to file three motions to dismiss these baseless pleadings with ever-growing lists of causes of action. Dkt. Nos.

2

17, 37, 70. Plaintiffs' responses to these dismissal motions resulted in even more pages of material containing what Defendants contend were an ever growing list of knowing misrepresentations. Dkt. Nos. 29, 41, 78. As Garth and Clayton outlined in their Motion for Sanctions and reiterate here, they have not moved for sanctions lightly. Dkt. No. 79 at 20. Rather, their request for sanctions is due to what appears to be Plaintiffs' intentional misrepresentation of facts in an attempt to manufacture a claim against Garth and Clayton. This Court held a hearing on Garth and Clayton's Motion to Dismiss the First Amended Complaint and has first-hand knowledge of the pleadings and motions filed in this case. No court is better suited to consider the pending sanctions motion.

The fact that Plaintiffs dismissed the cause of action giving rise to this Court's jurisdiction does not eliminate the Court's interest in enforcing the purposes of Rule 11. The Court's interest in protecting the integrity of federal courts does not end because Plaintiffs excised the cause of action that was the basis for this Court's exercise of subject matter jurisdiction. In recognition of that fact, cases have consistently held that courts retain collateral jurisdiction over such determinations. Garth and Clayton request the Court do so here as well.

## CONCLUSION

Defendants Garth and Clayton respectfully request the Court exercise its collateral jurisdiction to rule on their Motion for Sanctions.

Dated: May 5, 2025                                   Respectfully submitted,

                                                **BECK REDDEN LLP**

                                                By:   */s/ Fields Alexander*
                                                        Fields Alexander – *Attorney in Charge*
                                                        State Bar No. 00783528
                                                        Federal Bar No. 16427
                                                        falexander@beckredden.com
                                                        Amy Parker Beeson – *of Counsel*
                                                        State Bar No. 24051156

2847605

>Federal Bar No. 626178
>abeeson@beckredden.com
>Kaitie Sorenson – *of Counsel*
>State Bar No. 24128633
>Federal Bar No. 3859186
>ksorenson@beckredden.com
>1221 McKinney St., Suite 4500
>Houston, Texas 77010-2010
>Telephone No. (713) 951-3700
>Facsimile No. (713) 951-3720
>
>**ATTORNEYS FOR DEFENDANTS**
>**TYRRELL L. GARTH AND**
>**PHILLIP H. CLAYTON**

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I served the foregoing notice via the CM/ECF system, which will provide notice to all parties of record.

>By */s/ Fields Alexander*
>Fields Alexander